```
                UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                      : NO. 04-249E
          Plaintiff,                :
                                    : JUDGE BAXTER
   v.                               :
                                    :
HEIM, L.P.                          :
          Defendant.                :
                                    :
```

**PLAINTIFF'S MOTION TO COMPEL**

Now comes the Plaintiff, by and through her undersigned counsel and files the within Motion to Compel against Defendant. In support thereof Plaintiff states and avers as follows:

1. The present cause of action arises out of an incident which occurred on or about September 25, 2002.

2. At the time of her injury, Plaintiff was in the course and scope of her employment working on a press brake machine.

3. As a result of this accident, Plaintiff had all fingers of both hands amputated except for her thumbs.

4. As a result of the subject incident, Plaintiff filed a lawsuit against Defendant alleging *inter alia* that the subject machine upon which Plaintiff was working and injured was inherently dangerous and unsafe, not properly designed, did not provide appropriate and adequate safety mechanisms and was otherwise defective in its design,

manufacture and/or distribution. Moreover, Plaintiff also sets forth allegations and claims of negligence and breach of warranty against Defendant.

5. On or about August 15, 2005, counsel for Plaintiff forwarded discovery requests to Defendant Heim, L.P. including Plaintiff's Interrogatories--Second Set and Request for Production of Documents--Second Request. (A copy of Plaintiff's Interrogatories--Second Set and Request for Production of Documents--Second Request are attached hereto as Exhibit "A").

6. On or about October 6, 2005, counsel for Defendant forwarded Answers to Plaintiff's Interrogatories-Second Set Request for Production of Documents-Second Request. (A copy of Defendant's Answers to Plaintiff's Interrogatories-Second Set, Request for Production of Documents-Second Request are attached hereto as Exhibit "B". For the sake of brevity, Plaintiff has not attached a copy of the parts manual provided by Defendant).

7. Defendant's responses and answers to Plaintiff's discovery are incomplete and inadequate at best.

8. Interrogatory Number 3 states as follows:

> 3. Produce any and all documents outlining the agreements between Heim, L.P. and/or distributors and/or franchisees utilized during the period from 1970 through 1980.

In response, Defendant provided the following answer:

> ANSWER: Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. This request would require yet another search of all sales files between 1970 and 1980 and the production of documents relating to the sale of our presses and press brakes. Without waiving these objections, Heim is not a franchisor and therefore has no franchisees. Heim has, throughout the time period requested, sold press brakes to distributors who have purchased press brakes for ultimate shipment to third parties, similar to the sale of the Model 70-6 press brake at issue which was sold to HB Machinery Co, L.P. and shipped to Avco Lycoming pursuant to the request of HB Machinery Co. Please see the deposition transcript of Tony Mase wherein this matter was inquired into at length by the Plaintiff.

9. Defendant does not deny that the information requested in Interrogatory 3 is available. On the contrary, Defendant simply fails or refuses to provide the information requested.

10. The foot pedal involved in Plaintiff's accident, attached to the subject press brake, has disappeared or was discarded following the accident in question. The Defendant contends that it lacks related records, such as specifications of the foot pedal supplied with the subject machine and the specifications for subsequent foot pedals

made available by Heim, L.P., (See answer to interrogatory number 4 below).

11. By providing information relating to the distributors of their products, Plaintiff may be able to discover information that Defendant is either unable or unwilling to provide. Therefore, this interrogatory is appropriate and is not unduly broad, vague or unduly burdensome.

12. Further, the deposition of Anthony Robert Mase, Jr., does not provide the requested information, which is discoverable and should be provided under Rule 33 b(1) of the Federal Rules of Civil Procedure.

13. Interrogatory number 4 states as follows:

> 4. Describe the specifications for the foot pedal that was supplied with the subject machine and the specifications for subsequent foot pedals made available by Heim, L.P. with the sale of press brakes.

In response, Defendant provided the following answer:

> ANSWER: Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Heim has searched its records to determine if any drawings or specifications exist with regard to the foot pedal that was supplied with the Model 70-6 press brake at issue. The attached drawing may be a drawing for the foot switch supplied with the press brake at issue, considering the date of the drawing, but Heim has no ability of verifying this.

14. Interrogatory number 5 states as follows:

> 5. Produce any and all specifications, drawings, sketches and/or diagrams of foot pedals made available by Heim, L.P. with its press brakes for the period from 1970 through 2000.

In response, Defendant provided the following answer:

> ANSWER: Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Please see answer to interrogatory number 6.

15. Interrogatory number 6 states as follows:

> 6. Produce Any and all specifications, drawings, sketches and/or diagrams relating to said foot pedals.

In response, Defendant provided the following answer:

> ANSWER: Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Please to the answer to interrogatory number 6.

16. Under the Federal Rules of Evidence, Relevant evidence includes evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, all relevant evidence is generally admissible. Fed. R. Evid. 402.

17.   Interrogatories 4, 5 and 6 all relate to the foot pedals Heim made available as a part of their press brake machines.

18.   Moreover, in his deposition, Anthony Mase testified that there were essentially two types of foot pedals. Plaintiff is merely requesting specimen drawings, designs, and/or prototypes of these two types of foot pedals.

19.   Further, information about subsequent foot pedals is relevant to help determine the specifications of the foot pedal that Plaintiff was using when she was injured, as Defendant is unable or unwilling to provide information on that specific foot pedal, and the foot pedal has disappeared.

20.   Also, Plaintiff's cause of action against Defendant alleges that the product as designed, manufactured and distributed lacks elements necessary to make it safe for use. Plaintiff is then entitled to discover information regarding other models which directly relate to similar hazards or dangers to users of the product. So too, Plaintiff is entitled to information regarding alternate designs, modifications or changes to the product or similar products which do not adversely affect the utility of the product itself.

21. Interrogatory number 7 states as follows:

> 7. In the event Defendant, Heim, L.P., did not manufacture said foot pedals, identify all vendors from whom Heim, L.P. purchased said foot pedals for brake presses for the period from 1970 through 2000.

In response, Defendant provided the following answer:

> ANSWER: Objection. The plaintiff is aware through the deposition of Heim's corporate designee, Tony Mase, that Heim did not manufacture the foot pedal which accompanied the Model 70-6 press brake at issue. The plaintiff's request for all vendors who have supplied foot pedals for press brakes from 1970 through 2000 is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the present supplier of foot pedals is LineMaster. Prior to purchasing foot pedals from LineMaster Switch Corp., Heim believes that foot pedals were purchased from Electro-Kenetics which was believed to be a dealer for LineMaster.

22. Defendant has not provided specific information on foot pedals used with, accompanying, made available or provided with its press brakes. Plaintiff's request for information on suppliers of foot pedals may lead to the discovery of more specific information on foot pedals in general, as well as that supplied with the subject press brake.

23. Interrogatory number 8 states as follows:

> 8. Identify any and all modifications to the foot pedal from 1978 through the present.

7

In response, Defendant provided the following answer:

> ANSWER: Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Heim does not have information available to detail any and all modifications to the foot pedal on the Model 70-6 press brake subsequent to its sale to HB machinery Co. in 1978. As the Plaintiff is aware, it is unknown if the foot pedal which accompanied the Model 70-6 press brake at the time of its sale. As Plaintiff also is aware, the foot pedal which accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury has been discarded without notice to Heim.
>
> Heim is aware from the deposition of Corry Manufacturing employees that the foot pedal which accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury had been designed and fabricated by Corry Manufacturing employees to permit the operation of the Model 70-6 press brake through use of either the foot pedal or the two-palm button switch which also accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury.

24. Modifications of the foot pedal are relevant because the foot pedal is part of the press brake which injured Plaintiff. Plaintiff is entitled to discover information regarding other models which directly relate to similar hazards or dangers to users of the product. So too, Plaintiff is entitled to information regarding alternate designs, modifications or changes to the product

or similar products which do not adversely affect the utility of the product itself.

25. Anthony Mase testified on behalf of Heim and stated that a kick place was added to foot pedals, subsequent to 1978. This device (kick plate) was to prevent the operator from accidentally stepping on the pedal and activating the machine. (See Deposition of Anthony Robert Mase, Jr., page 92, attached hereto as Exhibit "C".)

26. Defendant, therefore, has information on modifications that they have failed to provide.

27. Defendant stated in the answer to Interrogatory number 8 that the depositions of Corry Manufacturing employees indicated that Corry Manufacturing employees designed and fabricated the foot pedal on the machine that injured Plaintiff. This contention is not supported by the testimony.

28. Interrogatory number 9 states as follows:

> 9. In the event any modification of the foot pedal that was supplied with press brakes in the period of 1970 through 2000 has taken place, please state in detail, the reasons for such change, alteration or modification.

In response, Defendant provided the following answer:

>    ANSWER: Please see objections and answer to interrogatory number 8, which are incorporated by reference.

29. As stated in his deposition testimony, Anthony Mase has only testified as to <u>one</u> modification, the addition of a kick plate. Such a request by Plaintiff, on its face, is not burdensome or oppressive on Defendant.

30. Interrogatory number 10 states as follows:

>    10. Please identify all distributors of Heim, L.P. products for the period from 1970 through 1980.

In response, Defendant provided the following answer:

>    ANSWER: Objection. This request is overly broad, vague, and misleading through this use of the term "distributors of Heim, L.P." It furthermore is unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, as the plaintiff is aware through the corporate designee deposition of Tony Mase, Heim's business involves the sale of press brakes through distributors which are in the business of selling such press brakes and other components, including point of operation safety devices. As plaintiff is aware through the discovery taken to date, a company such as Avco Lycoming oftentimes will request a distributor of manufacturing equipment to provide it with the manufacturing equipment which that company desires to use in its operation. The distributor, in this case HB machinery co., then will supply its customer, in this case Avco Lycoming, with the equipment, and one means of obtaining that equipment is through purchasing it from manufacturers. The sales file for the Model 70-6 press brake at issue reveals that this typical sales scenario

10

>occurred with regard to the sale of the Model 70-6 press brake and that a distributor of manufacturing equipment, HB Machinery Co., appears to have contracted with Avco Lycoming to supply a press brake, and HB Machinery Co. then contracted with Heim to provide the press brake requested and which was shipped to Avco Lycoming.

31. Interrogatory number 11 states as follows:

>11. Identify and provide all sales brochures, manuals and advertising materials relating to press brakes for the period from 1970 through the present.

In response, Defendant provided the following answer:

>ANSWER: Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, please see the instructions and parts manual which plaintiff obtained from Hildebrand machinery which accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury, and please see the attached brochures.

32. Any written materials about the product which injured Plaintiff are relevant and discoverable. Such information may lead to information about the specifications of the press brake and foot pedals utilized with the press brake.

33. Further, the representations of Defendant in such materials are relevant to the specific claims alleged in the Complaint, including Strict Liability, Trespass, Negligence, and Breach of Warranty.

11

34. Interrogatory number 12 states as follows:

12. Identify the person or entity responsible for the content of the operator's manual for brake presses.

In response, Defendant provided the following answer:

ANSWER: Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, and with regard to the instructions and part manual supplied with the Model 70-6 press brake, Heim does not have information available to it to identify the persons responsible for the content of the Instructions and Parts Book for the Model 70-6 press brake sold in 1978 to HB Machinery Co. The Instructions and Parts Book for the particular press brake at issue indicates that it was compiled and written by Technical Graphics.

35. Interrogatory number 13 states as follows:

13. Identify where the operator's manuals were printed.

In response, Defendant provided the following answer:

ANSWER: Please see objections and answers to interrogatory no. 12 which are incorporated.

36. Interrogatory number 14 states as follows:

14. Identify the person at Heim, L.P. responsible for review of the manual for changes and updates.

In response, Defendant provided the following answer:

ANSWER: Please see objections and answers to interrogatory no. 12 which are incorporated.

12

37. Interrogatories 12, 13, and 14 all concern information about manuals. This information is relevant to determine or discover representations made by Defendant concerning the use, capabilities and/or functions of its product (press brake). Further, such materials are relevant to the specific claims alleged in the Complaint, including Strict Liability, Trespass, Negligence, and Breach of Warranty.

38. Also, with the lack of information available with regard to certain parts of the press brake (i.e. foot pedal), information contained within the manual may lead to the discovery of admissible evidence which has not been provided.

39. Interrogatory number 15 states as follows:

> 15. Provide an original of the operator's manual that is applicable to the Heim 70-6 brake press.

In response, Defendant provided the following answer:

> ANSWER: The original of the operator's manual that was supplied with the Model 70-6 press brake is not in the possession of Heim and, instead, left the possession and control of Heim at the time of the sale of the Model 70-6 press brake at issue. Plaintiff's counsel previously advised Heim's counsel that plaintiff's counsel obtained a copy of the operator's manual from Corry Manufacturing and, following the request of Heim's counsel, plaintiff's counsel provided Heim's counsel with a copy of that operator's manual. The operator's

> manual produced by plaintiff's counsel is a copy of the owner's manual for the Model 70-6 press brake.

40. Defendant's Corporate Designee Anthony Robert Mase, Jr. stated in his deposition that manuals for the 70-6 brake press were available from Heim (See Deposition of Anthony Robert Mase, Jr., page 59, attached hereto as Exhibit "C"). As such this is relevant and discoverable by Plaintiff, regardless of whether Plaintiff obtained another manual from Plaintiff's employer. It is completely proper for Plaintiff to request an original manual from the manufacturer of the product.

41. Interrogatory number 19 states as follows:

> 19. Produce for inspection a representative sample of each model of foot pedal made available by Heim, L.P. in conjunction with the sale of its press brakes for the period of 1970 through the present.

In response, Defendant provided the following answer:

> ANSWER: This request is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Heim does not possess representative samples of each foot pedal which accompanied the sale of its press brakes, including the foot pedal which accompanied the sale of the Model 70-6 press brake at issue.

14

42. Defendant's Corporate Designee Anthony Robert Mase, Jr., stated in his deposition that foot pedals such as the one that accompanied the machine Plaintiff was injured on would be available. (See Deposition of Anthony Robert Mase, Jr., page 93, attached hereto as Exhibit "C"). This is relevant to determining specifications for the foot pedal which was part of the press brake on which the Plaintiff was injured, as said foot pedal has since disappeared. Further, as stated earlier, it is relevant to potential alternate designs and other similar hazards that may exist or have existed.

43. More importantly, Mr. Mase testified as to two specific types or models of foot pedals – one with a kick plate and one without. Plaintiff is merely requesting a representative sample of each of these two foot pedals. Clearly, such a request cannot be deemed unduly burdensome on Defendant.

44. Finally, Plaintiff has requested that Defendant produce a witness and/or representative to testify as to the design of the press brake.

45. In response, counsel for Defendant has indicated that "the age of the press brake at issue in this litigation has rendered Heim unable to produce an additional representative to discuss the design of the

press brake". (See correspondence of September 22, 2005 from defense counsel attached hereto as Exhibit "D").

46. Based on the language of counsel's letter, Plaintiff is unclear as to whether Heim is simply unaware of any individual to testify presently or whether any such witness even exists.

47. Plaintiff requests that Defendant either produce a witness responsive to Plaintiff's request (i.e., to testify regarding the design of the press brake) or be precluded from introducing or providing such testimony or evidence from such a witness at a later date. That is, Defendant must either produce a witness or acknowledge that no such witness exists.

WHEREFORE, in light of the foregoing, counsel for Plaintiff respectfully requests this Honorable Court compel the following:

> (a) that Defendant provide complete and full answers to Plaintiff's discovery (as set forth herein and attached hereto) within 30 days of this Court's Order;
>
> (b) that Defendant provide Plaintiff with representative samples of the two types of foot pedals testified and referenced in Defendant's corporate designee deposition (Anthony Mase); and

      (c)  that Defendant indicate whether any witness exists that can testify regarding the design of the press brake and, if Defendant contends that no such witness exists, that Defendant be precluded from offering such testimony or evidence of such at a later date.

                                  Respectfully Submitted,

                                  DALLAS W. HARTMAN, P.C.

                                   /s/ Dallas W. Hartman
                                  Dallas W. Hartman, Esq.
                                  Attorney I.D. No. 41649

                                  Wayne P. Reid, Esq.
                                  Attorney I.D. No. 76251

                                  Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

 I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FACSIMILE AND FIRST CLASS MAIL:

      Paul R. Robinson, Esquire
   MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
      U.S. Steel Tower, Suite 4850
       Pittsburgh, PA  15219

       Attorney for DEFENDANT

             DALLAS W. HARTMAN, P.C.

DATE:  <u>10/28/05</u>

            <u>/s/ Dallas W. Hartman</u>
            Dallas W. Hartman, Esq.
            Attorney I.D. No. 41649

            Wayne P. Reid, Esq.
            Attorney I.D. No. 76251

            Attorney for Plaintiff

            2815 Wilmington Road
            New Castle, PA  16105
            (724) 652-4081