IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>    Plaintiff,<br><br>    vs.<br><br>HEIM, L.P.,<br><br>    Defendant. | Civil Action No:  04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN /<br>MAGISTRATE JUDGE SUSAN<br>PARADISE BAXTER**<br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br><br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600 |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL**

**I. PROCEDURAL HISTORY**

The plaintiff has filed a motion to compel more sufficient answers to plaintiff's second set of interrogatories and request for production of documents, a copy of which is attached as Exhibit "A".

Plaintiff previously filed a motion to compel relative to Heim's responses to plaintiff's first set of discovery which had requested for this case involving a 1978 press brake accident data relating to every mechanical press brake manufactured by the defendant

from 1960 through 2005 and all design changes and point of operation guards for every press brake available to Heim from 1960 through 2005.  This Honorable Court denied the discovery sought and established a reasonable time-frame through 1982 suggested by Heim.

Plaintiff's second set of interrogatories and motion to compel again requests information through this same irrelevant time frame, and the proposed order, without any corresponding request, contains an order which has no relationship to the second set of discovery, specifically requesting that Heim "indicate whether any witness exists that can testify regarding the design of the press brake and, if defendant contends that no such witness exist, that defendant be precluded from offering such testimony or evidence of such at a later date."

The plaintiff's motion ignores the fact that Heim has already produced a corporate designee, Mr. Anthony R. Mase, who was questioned for approximately six (6) hours by the plaintiff regarding all aspects of the design of the press brake.  A true and correct copy of the deposition transcript of Mr. Anthony Mase is attached as Exhibit "B".  The plaintiff's motion also requests that Heim produce every foot pedal ever sold with its press brakes from 1970 through 2005 even though such request is unreasonable, plaintiff knows that Heim did not design or manufacture the foot pedals, and has been informed that Heim does not stockpile historical foot pedals.

## II.  **FACTUAL BACKGROUND**

The plaintiff has filed this product liability lawsuit for injuries sustained through the undisputed misuse of a mechanical press brake which was sold by Heim to a company having no involvement in this lawsuit (H-B Machinery Co. in Hartford, Connecticut) in <u>April, 1978</u>.  The April, 1978 Assembly Order for the mechanical press brake at issue is attached as Exhibit "C".

The original purchaser, H-B Machinery Co., requested that the product meet various specifications, and one specification was for a foot pedal switch.  <u>See</u> Exhibit "C".  Many purchasers of mechanical press brakes request that the manufacturer provide a foot switch so that the operator of the mechanical press brake can use his or her hands to hold and maneuver material during the operation of the mechanical press brake, and always outside of the point of operation of the mechanical press brake as instructed both on the machine and throughout the Instructions and Parts Manual for the mechanical press brake at issue attached as Exhibit "D".

The mechanical press brake sold to H-B Machinery Co. was shipped to Avco Lycoming Division in Stratford, Connecticut and was used for <u>twenty-one (21) years</u> without any reported injury while Avco Lycoming put the mechanical press brake to its intended use for which it was purchased.

Discovery has revealed that the mechanical press brake was then sold by Avco Lycoming and, in February, 1999, a machine distributor (Gempel Machinery Corp. in Pittsburgh, Pennsylvania) purchased the press brake at an auction and shipped it to Corry Manufacturing in Corry, Pennsylvania. Shortly thereafter, Corry Manufacturing designed and fabricated its own two-palm button switch to be used for the operation of the mechanical press brake, and that two-palm button switch was fully connected and operable at the time of the plaintiff's accident.

The plaintiff inexplicably was not utilizing the two-palm button switch at the time of her injury. Instead, the plaintiff was <u>sitting in a chair</u> in front of the mechanical press brake with her foot apparently resting inside of the protective housing of the foot pedal while she <u>hand molded</u> a small metal product to the die located directly beneath the ram and <u>inside the point of operation</u> of the mechanical press brake. The accident occurred when the plaintiff activated the foot pedal on which her foot was resting while her hands remained in the die area, in violation of all warnings provided with the mechanical press brake both on the mechanical press brake itself and in the Instructions and Parts Manual.

The plaintiff is claiming that Heim is liable for her injuries under strict liability, negligence, and breach of warranty theories. Each of the plaintiff's theories requires the mechanical press brake to have been defective <u>at the time it left the control of Heim in 1978</u>. <u>Walters v. General Motors</u>, 209 F.Supp.2d 481 (W.D. Pa. 2002); <u>Diehl v. Blaw-Knox</u>, 360 F.3d 426 (3d Cir. 2004). Notwithstanding, and notwithstanding this Court's disposition of plaintiff's motion to compel relative to Heim's answers to plaintiff's first set

of discovery, the plaintiff's second set of interrogatories and request for documents demands information and documents concerning all foot pedals, modifications thereof, distributorship agreements, sales documents, and parts manuals from 1970 and through various dates, including the present. The plaintiff's discovery requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The proposed order also bears no relationship to the plaintiff's second set of discovery, and plaintiff's second motion to compel should be denied.

### III. LEGAL DISCUSSION

Plaintiff's second motion to compel is similar to her first in that it simply cites to plaintiff's discovery requests, ignores Heim's responses, and generally asks for more sufficient answers. Heim's responses to plaintiff's second set of discovery contained detailed answers following any objection, and plaintiff's motion all but ignores those responses.

For instance, paragraphs 8-12 of plaintiff's motion to compel transcribes Heim's answers to interrogatory number 3, but plaintiff misconstrues and ignores the substance of Heim's answer. Heim specifically responded that it had no franchisees and, in response to interrogatory number 2, specifically responded that it is unaware of any agreements concerning the relationship between Heim and the distributor involved in the purchase at issue, H-B Machinery, other than the agreement for the particular sale at issue which was contained, <u>and produced</u>, with the sales file for the Model 70-6 press brake at issue. Not only does Heim clearly state that it is not a franchisor, but it also goes on to explain that,

throughout the time period requested, it sold press brakes to distributors, similar to the sale of Model 70-6 to H-B Machinery, meaning that the only documents concerning these relationships (which have no relevance here) would be contained in the individual sales files for each product sold, as detailed in Heim's answers, and that it is unduly burdensome to require Heim to again research every sales file for information that has no bearing on any issue in this lawsuit.

Plaintiff claims in paragraph 10 of her motion to compel (which has no relationship to the cited interrogatory no. 3) that information relating to a company which sold Heim's products may reveal requested records pertaining to foot pedal specifications, but no such records are suggested or identified. Contrary to plaintiff's assertions in paragraph 12 that Mr. Anthony Mase's deposition does not provide the requested information regarding foot pedals, he testified at length regarding foot pedals. (Exhibit "B", p. 80). The record also reveals that Heim does not manufacture foot pedals and instead purchases them as commercially available items. (Exhibit "B", p. 93). Plaintiff again simply ignores all of the significant discovery and responses thereto which it has been provided.

Paragraphs 13-20 of plaintiff's motion to compel object to Heim's answers to interrogatories numbers 4-6 and are likewise groundless for these same reasons. Plaintiff is aware that Heim did not design or manufacture any foot pedals, and that Heim has searched its records to determine if any drawings or specifications exist with regard to the relevant subject matter, the Model 70-6 press brake at issue. Heim even <u>produced</u> to the plaintiff a pre-1978 drawing which is a drawing for a foot pedal previously supplied by Hiem

with its press brakes.  The time-frame of the document (1974) suggests that it relates to press brakes sold in 1978, but Heim cannot positively identify it as the foot pedal design for the foot pedal that accompanied the press brake at issue.  The plaintiff does not even reference this response while demanding more non-existent drawings for the foot pedal which the plaintiff allowed to be discarded.[1]

Furthermore, the plaintiff only generally objects to Heim's answers to interrogatory numbers 4-6 without identifying any particular insufficiency of Heim's answers and, in essence demands "information regarding other models which directly relate to similar hazards or dangers to users of the product," and "information regarding alternate designs, modifications or changes to the product or similar products which do not adversely affect the utility of the product itself."  See Frey v. Chrysler Corporation, 41 F.R.D. 174 (E.D. Pa. 1966) (The use of vague terminology leads to speculation and exploration rather than to revelation of truth and burdens not only the party being interrogated but the Court as well).

The plaintiff next cites to interrogatory number 7 wherein the plaintiff requested that Heim, in the event that it did not manufacture the foot pedals made available with its press brakes from 1970 to 2000 (which the plaintiff knows Heim did not), identify "all vendors from whom Heim, L.P. purchased said foot pedals for brake presses" for that 30-year period.  Again, the plaintiff ignores Heim's response and specific identification of the

---

[1] No one even knows if the foot pedal which accompanied the press brake at the time of the 2001 injury was the foot pedal which was originally supplied in 1978 as a result of the plaintiff's failure to preserve the foot pedal.

suppliers which it knows to have provided foot pedals for press brakes manufactured by Heim. This request furthermore is overly broad, unduly burdensome, and not reasonably calculated to led to the discovery of admissible evidence, and the same is true of plaintiff's request number 19 for a representative sample of <u>each model</u> of foot pedal made available by Heim in connection with its sale of press brakes from 1970 until 2005. Heim has even responded that it does not possess such representative samples, but plaintiff continues to demand them.

Notwithstanding the above, Heim specifically identified its present supplier of foot pedals, LineMaster Switch Corp., as well as its prior supplier, Electro-Kenetics. The plaintiff has every ability to request as much information regarding foot pedal design and specification, and as many representative samples, as she deems necessary from these suppliers or any other supplier. Heim has no responsibility, and nonetheless has no ability, to act as an expert or as a supplier of foot pedals for the plaintiff.

The plaintiff also cites to interrogatories numbers 8 and 9 which requested "any and all modifications to the foot pedal from 1978 through the present," and "the reasons for such...modification." Plaintiff ignores that the <u>controlling date for the claims being pursued by the plaintiff is the date on which the mechanical press brake left the control of Heim, i.e., 1978</u>. As such, the requests in numbers 8 and 9 are not only overly broad, vague, unduly burdensome, and harassing, but they also seek to obtain information that is completely irrelevant, and thus not at all calculated to lead to the discovery of admissible evidence. See <u>M.S.A. Construction Company, Inc. v. Crafts, Inc.</u>, 58 F.R.D. 215 (E.D. Wis. 1973)

(holding that information post-dating the manufacturer of the product is not relevant or discoverable).  See also, F.R.E. 407 and see Uitts v. General Motors Corp., 62 F.R.D. 560, 562 (E.D. Pa. 1974) ("It was only reports concerning those models which were identical for the purposes of the case which could be relevant and material.") (citing Prashker v. Beech Aircraft Corp., 258 F.2d 602 (3d Cir. 1958)).

Specifically, as plaintiff references in paragraph 29 of her motion to compel, Mr. Anthony Mase testified as to one modification, the addition of a kick plate which exists presently on the foot pedals.  It has no relevance to the foot pedal sold in 1978.  If the plaintiff intends to change her theory from an "absence of point of operation safety device" case (as she must considering the evidence and existence of the two-palm button switch and warning on the press brake at the time of the injury), the plaintiff can attempt to obtain her own experts on foot pedal design and history to suggest that a different type of foot pedal should have been purchased by Heim and supplied with its products.

With regard to interrogatory number 11, the plaintiff again fails to accept Heim's response and production of brochures located from the 1980s.  Heim did produce the Instructions and Parts Manual which accompanied the press brake at issue at the time of plaintiff's injury, as well as sales brochures, but plaintiff's motion acts as though no such production occurred.

Plaintiff then cites to interrogatories 12, 13, and 14, all of which concern information about the Parts and Instruction Manual.  The Court should know that the plaintiff

possesses the very manual which was with the press brake at the time of this injury, as plaintiff's counsel and investigators obtained the manual from the plaintiff's employer pre-suit.  Notwithstanding, Heim has since provided the plaintiff with two additional copies of it in this litigation.  Heim has answered that it does not have information available to identify all persons responsible for the content of the manual, but Heim did answer that the manual at issue notes on its very cover that it was compiled and written by Technical Graphics.  Heim does not know what issue plaintiff is raising with its response, and like most all interrogatories addressed in the motion, this contested interrogatory response does not have an order pertaining to it.

Plaintiff then misstates in paragraph 40 of her motion the testimony of Heim's corporate designee Mr. Anthony Mase in regards to plaintiff's request number 15 for an original operator's manual applicable to the 70-6 brake press.  In Heim's objection, it notes that plaintiff already obtained a copy of the manual from Corry Manufacturing.  At Mr. Anthony Mase's deposition, plaintiff's counsel actually showed Mr. Mase what counsel referred to as "a true and correct copy of the manual that would have accompanied the 70-6 brake press" involved in the accident.  (Exhibit "B", p. 56).

Nonetheless, plaintiff claims in paragraph 40 of her second motion to compel, that Mr. Anthony Mase stated in his deposition, page 59, that manuals for the 70-6 brake press were available from Heim.  However, plaintiff fails to reference the rest of Mase's testimony on that very same page, where he specifically clarifies, ("Let me explain a little further"), that he was "not quite sure" that the manual would be an "original," indicating that what a

customer would probably receive would be a copy. In addition, Mase's testimony, just two pages earlier, explicitly makes clear for plaintiff's counsel that all of the manuals were copies, not original documents. (See Exhibit "B", p. 57, wherein Mr. Mase states, "They're all copies. They're not original documents. I hope I'm explaining that correctly"). Notwithstanding plaintiff's now misleading argument, plaintiff already had a copy of the manual and Heim produced another copy of the manual with its response.

Plaintiff also misstates Mr. Anthony Mase's testimony in paragraph 42 of her motion to compel in arguing that Heim should simply give her one sample of every foot pedal ever used by Heim on any machine from 1970 through 2005. Plaintiff claims that Mr. Anthony Mase stated in his deposition, page 93, that foot pedals such as the one that accompanied the machine at issue would be available. However, what Mr. Mase actually stated on that page can be summarized as follows: (1) Heim does not manufacture the foot pedals, (2) foot pedals are commercially available items, and (3) there would be similar foot pedals available (meaning, in the context of the whole page, commercially available) of the style that accompanied the 1978 press brake. (Exhibit "B", p. 93). Nonetheless, when confronted with plaintiff's demand for these foot pedal samples, Heim responded that it does not possess such samples other than the ones in current use as testified to by Mr. Anthony Mase.

In paragraph 44 of her motion, plaintiff asserts that "Plaintiff has requested that Defendant produce a witness and/or representative to testify as to the design of the press brake". This assertion is accompanied by no such request, and nonetheless is fiction.

Please see Exhibit "E" which is the third notice of designated corporate official deposition served by the plaintiff three months ago, on August 16, 2005, concerning which the plaintiff currently complains.

Following service of this notice, counsel for the parties had numerous discussions concerning the vagueness and inappropriateness of this notice, and plaintiff's counsel stated he would not proceed with the deposition if he was advised in writing that Heim did not have someone additional "that was going to surprise him by appearing at trial." Now plaintiff acts as though Mr. Anthony Mase was never deposed.

In fact, Mr. Anthony Mase was produced in response to plaintiff's previous notice of designated corporate official deposition attached as Exhibit "F" to discuss many issues, including design issues, and Mr. Mase was questioned at length on most all design and many other issues. Plaintiff's suggestion that Heim is unable to produce a witness to address design issues is blatantly false and misleading. Plaintiff's request in her proposed order that Heim be precluded from offering any evidence concerning the design of the press brake only reveals the absence of any merit to this lawsuit, and her motion to compel.

The plaintiff's theory of liability is that the mechanical press brake sold by Heim in 1978 should have contained additional guarding features for the point of operation. This theory completely ignores that the mechanical press brake at issue was selected by a purchaser which requested the components it wanted for its intended use and that the

press brake was an incomplete product which was incapable of performing any function until the user installed tools and dies, and any applicable safety devices. Plaintiff's theory also ignores that the plaintiff's employer actually constructed a two-palm button switch for the mechanical press brake at issue in 1999, which the plaintiff chose not to use, and which would have undeniably prevented this accident from happening had it been used. In short, this accident could not have happened had the plaintiff followed the warnings which were affixed to the machine and which were contained throughout the instruction manual which instructed and warned the user to keep all hands and fingers out of the point of operation. See Davis v. Berwind, 547 Pa. 260, 690 A.2d 186 (1997) (finding no liability where a plaintiff ignores a clear warning).

The plaintiff is treating this product liability case as if it is something it is not. This product liability case does not involve a common product made available to the general public. This case instead involves an incomplete product which cannot function until the end user equips it with certain features (tooling and dies) and which features are decided solely by a customer for its specific intended use.

The plaintiff's second set of discovery requests, like her first set, and the plaintiff's second motion to compel, like her first motion, continues to ignore these realities and is an attempt to obtain more relief through a misleading discovery motion than she cannot obtain on the merits of this case. Plaintiff is well aware of the motion for summary judgment to be filed by Heim and her motion to compel, as well as th continuing discovery requests, appear calculated to prolong that motion and hide the real issues in this lawsuit.

## IV. **CONCLUSION**

Heim has gone to substantial lengths to provide full and complete responses to each discovery request made by the plaintiff, despite the specific, valid objections asserted. Heim has offered a corporate designee who provided a significant amount of testimony concerning all relevant issues in this matter, including the press brake, Heim, and the press brake industry. The plaintiff nonetheless continues with her demand for information that is not discoverable and which could not possibly lead to the discovery of admissible evidence, and has now added a manipulative attempt to mischaracterize Heim's corporate designee and misstate his clear testimony. The plaintiff's motion to compel, respectfully, should be denied, and a proposed order is attached.

    Respectfully submitted,

    MEYER, DARRAGH, BUCKLER,
    BEBENEK & ECK, P.L.L.C.


By: /s/ Paul R. Robinson, Esquire
    PAUL R. ROBINSON, ESQUIRE
    Attorney for Heim, L.P.
    PA I.D. No. 65581

    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA 15219
    (412) 261-6600

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties and the individuals and entities indicated below on the date and in the manner listed below::

|  |  |
|---|---|
| __X__ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |

at the following address:

> Dallas W. Hartman, Esquire
> Dallas W. Hartman P.C.
> 2815 Wilmington Road
> New Castle, PA 16105
> *(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: November 7, 2005

/s/ Paul R. Robinson
PAUL R. ROBINSON, ESQUIRE

P0756480.1