IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>    Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>    Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN /<br>MAGISTRATE JUDGE SUSAN<br>PARADISE BAXTER**<br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br><br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600 |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

AND NOW, comes the defendant, HEIM L.P., through its counsel, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., and files its motion for protective order relative to plaintiff's third notice of designated corporate official deposition, averring as follows:

1.    The plaintiff now has served a third notice of designated corporate official deposition upon Heim, L.P.  See Exhibit "A".

P0757976.1

2. Plaintiff previously filed two notices of designated corporate official deposition, the first one on June 20, 2005 and the second one on June 30, 2005. <u>See</u> Exhibits "B" and "C".

3. The only difference between plaintiff's first two notices was that the second one contained an additional paragraph requesting "Any and all information and documentation regarding the purchase/sale of the subject PRODUCT, including but not limited to negotiations, terms of purchase/sale, purchase/sale receipts, special uses and the ordering process." Exhibit "C", at ¶ 37.

4. In response to these previous notices, defendant produced a corporate designee, Mr. Anthony Mase, and plaintiff interrogated Heim, L.P.'s corporate designee for approximately six (6) hours regarding all aspects of the design of the press brake and many other issues. Plaintiff now acts as if Mr. Anthony Mase was never deposed.

5. Following service of plaintiff's third notice, counsel for the parties had numerous discussions concerning its vagueness and inappropriateness, and plaintiff's counsel stated he would not proceed with the deposition if he was advised in writing that Heim did not have someone additional "that was going to surprise him by appearing at trial."

6. Specifically, plaintiff's third notice requests that defendant designate a corporate official to testify regarding various issues related to "design engineering criteria"

and "design engineering knowledge" generally for press brakes. These requests are vague and undefined, unlimited in time, beyond the scope of the 1978 press brake at issue, and unduly burdensome. To the extent that the terminology can be defined, the requests seek information already provided by the defendant's production of corporate designee Mase, and thus should be stricken.

7.      ANSI and OSHA standards provide information regarding "design engineering criteria" for point of operation protection for press brakes, and plaintiff is aware that such point of operation protection is the responsibility of the owner of the press brake (employer), as every use of the press brake can change the applicability of a point of operation safety device. Furthermore, as plaintiff is well aware through defendant's responses to her numerous discovery requests, Heim, L.P. did not design the foot pedal or the two-palm switch, which was attached to the press brake at the time of this accident. The mechanical press brake at issue was selected by a third party purchaser which requested the components it wanted for its intended use and thus was an incomplete product which was incapable of performing any function until the user installed tools and dies, and any applicable safety devices. Plaintiff's employer actually constructed a two-palm button switch for the press brake at issue in 1999, which the plaintiff chose not to use, and which would have undeniably prevented this accident from happening had it been used.

8. By answering plaintiff's discovery, defendant has already identified the specific suppliers which it knows to have provided foot pedals for press brakes manufactured by Heim, L.P.

9. Therefore, any requests related to foot pedals, palm button switches, or any other safety devices are harassing, obdurate, burdensome and not reasonable calculated to lead to the discovery of admissible evidence.

10. Plaintiff's enumerated request number 3 asks for "Design engineering criteria utilized by Heim, L.P. with regard to review and analysis of the operator's manual made available with regard to Heim, L.P.'s press brakes for a period of 1970 through the present." Heim, L.P. can make no sense of this demand, and this demand further demonstrates how plaintiff continues to ignore the facts of this case and the information already provided through extensive discovery. Specifically, plaintiff has obtained a copy of the actual operator's manual, which accompanied the press brake at the time of this accident, and Heim, L.P. has twice provided plaintiff's counsel with a duplicate of the operator's manual.

11. In addition, the controlling date for the claims being pursued by the plaintiff is the date on which the mechanical press brake left the control of Heim, L.P., i.e., 1978. As such, the requests in numbers 3, 4, and 6 are not only overly broad, vague, unduly burdensome, and harassing, but they also seek to obtain information that is completely irrelevant, and thus not at all calculated to lead to the discovery of admissible evidence.

12. This Honorable Court already denied the discovery sought by plaintiff's first motion to compel and established a reasonable time-frame through 1982 suggested by Heim, L.P. Defendant is unable to produce information that it simply does not have.

13. Plaintiff's third notice of designated corporate official deposition should be stricken.

WHEREFORE, defendant Heim L.P. requests that plaintiff's notice of designated corporate official deposition be stricken.

    Respectfully submitted,

    MEYER, DARRAGH, BUCKLER,
    BEBENEK & ECK, P.L.L.C.


    By: /s/ Paul R. Robinson, Esquire
       PAUL R. ROBINSON, ESQUIRE
       Attorney for Heim, L.P.
       PA I.D. No. 65581

       U.S. Steel Tower, Suite 4850
       600 Grant Street
       Pittsburgh, PA 15219
       (412) 261-6600

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| __X__ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Electronic Filing |

at the following address:

> Dallas W. Hartman, Esquire
> Dallas W. Hartman P.C.
> 2815 Wilmington Road
> New Castle, PA 16105
> *(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: November 23, 2005                   /s/ Paul R. Robinson
                                          PAUL R. ROBINSON, ESQUIRE

P0757976.1