# EXHIBIT "A"

08/15/2005 10:48 FAX 724 652 8380       DALLAS HARTMAN PC                    ☒003

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST | : NO. 04-249E |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| HEIM, L.P. | : |
|     DEFENDANT. | : |

### NOTICE OF DESIGNATED CORPORATE OFFICIAL DEPOSITION

TO:  HEIM, L.P.
c/o  Paul R. Robinson, Esquire
     MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
     U.S. Steel Tower, Suite 4850
     Pittsburgh, PA  15219

Please take notice that commencing on **Wednesday, August 31, 2005 at 10:00 a.m.** at the law offices of **McKenna, Storer, Rowe, White & Farrug, 33 North LaSalle Street, Suite 1400, Chicago, Illinois 60602-2610**, the Plaintiff will take the deposition upon oral examination of the corporate Defendant, HEIM, L.P., pursuant to the Federal Rules of Civil Procedure before a notary public or duly authorized officer, authorized to administer oaths.

### DEFINITIONS

1. The term "PRODUCT" as used herein is defined as the subject press brake upon which Plaintiff was working at the time of her injury. Said press brake has been identified as the Model 70-6 Mechanical Press Brake containing Serial Number 2176

1

AUG 1 5 2005

as identified by Defendant in Defendant's Answers to Plaintiff's Interrogatories.

2. The term "SIMILAR PRODUCTS" as used herein shall include any predecessor or successor models to the press brake as referred to and governed by ANSI standard B11.3 that were designed, manufactured, assembled, marketed, distributed and/or sold by the Defendant.

3. The term "HAZARD" as used herein shall refer and relate to injury, dangers and/or risks relating to, arising out of, associated with and/or resulting from the "point of operation" as they relate to press brakes.

4. The term "SAFETY DEVICE" shall include, but not be limited to, any mechanism or safeguarding provision which can avoid the hazards associated with the "point of operation" during the PRODUCT'S cycle, including but not limited to one or more of the following means:

    a. A point of operation guard;

    b. A point of operation safeguard device;

    c. Safety distance/safeguarding;

    d. Barrier guards;

    e. Interlocked devices, both by themselves and used in conjunction with a barrier guard;

    f. Presence-sensing safeguarding devices;

    g. Pull-back safeguarding devices;

    h.   Two-hand control safeguarding devices;

    i.   Restraint safeguarding devices;

    j.   Single control safeguarding device;

    k.   Safe distance safeguarding; and

    l.   Auxiliary safety aides.

Pursuant to Rule 30, the corporate Defendant, HEIM, L.P., shall designate one or more officers, agents or other persons who can testify on its behalf, with respect to the matters set forth below:

    1.   Design engineering criteria for point of operation protection of press brakes, specifically, the two palm switch and the foot pedal.

    2.   Design engineering criteria for inclusion or exclusion of other point of operation protection such as light curtains or safety mats.

    3.   Design engineering criteria utilized by Heim, L.P. with regard to review and analysis of the operator's manual made available with regard to Heim, L.P.'s press brakes for a period of 1970 through the present.

    4.   Design engineering knowledge for changes made in the manual as it relates to Heim, L.P.'s press brakes sold for the period of 1970 through the present.

    5.   Design engineering knowledge as to the modifications to the two palm button switch since the date of sale of the subject product to the present.

6. Design engineering knowledge with regard to changes made to the foot pedal for the period of 1970 through the present.

7. Design engineering criteria and evaluation of the subject machine and subsequent press brakes, as it relates to inclusion or exclusion of point of operation protection mechanism and the feasibility of inclusion of point of operation protection mechanisms on machines and the effect such inclusion would have on the functionality of said machine.

8. Accumulation of data as to any claimed interference point of operation protection would have on the functionality of the machine.

DALLAS W. HARTMAN, P.C.

*/s/ Dallas W. Hartman*
Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA  16105
(724) 652-4081

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FACSIMILE AND FIRST CLASS MAIL:

Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. Steel Tower, Suite 4850
Pittsburgh, PA 15219

Attorney for DEFENDANT

DATE: 8/15/05

DALLAS W. HARTMAN, P.C.

Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA 16105
(724) 652-4081

5