# EXHIBIT "C"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                          : NO. 04-249E
                    Plaintiff,          :
                                        :
    v.                                  :
                                        :
HEIM, L.P.                              :
                    DEFENDANT.          :

## NOTICE OF DESIGNATED CORPORATE OFFICIAL DEPOSITION

TO:  HEIM, L.P.
c/o  Paul R. Robinson, Esquire
     MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
     U.S. Steel Tower, Suite 4850
     Pittsburgh, PA  15219

Please take notice that commencing on date to be selected from **July 27, 2005 at 10:00 a.m.** at the law offices of **McKenna, Storer, Rowe, White & Farrug, 33 North LaSalle Street, Suite 1400, Chicago, Illinois  60602-2610,** the Plaintiff will take the deposition upon oral examination of the corporate Defendant, HEIM, L.P., pursuant to the Federal Rules of Civil Procedure before a notary public or duly authorized officer, authorized to administer oaths.

### DEFINITIONS

1.    The term "PRODUCT" as used herein is defined as the subject press brake upon which Plaintiff was working at the time of her injury.   Said press brake has been identified as the Model 70-6 Mechanical Press Brake containing Serial Number 2176

1

as identified by Defendant in Defendant's Answers to Plaintiff's Interrogatories.

2.    The term "SIMILAR PRODUCTS" as used herein shall include any predecessor or successor models to the press brake as referred to and governed by ANSI standard B11.3 that were designed, manufactured, assembled, marketed, distributed and/or sold by the Defendant.

3.    The term "HAZARD" as used herein shall refer and relate to injury, dangers and/or risks relating to, arising out of, associated with and/or resulting from the "point of operation" as they relate to press brakes.

4.    The term "SAFETY DEVICE" shall include, but not be limited to, any mechanism or safeguarding provision which can avoid the hazards associated with the "point of operation" during the PRODUCT'S cycle, including but not limited to one or more of the following means:

        a.    A point of operation guard;

        b.    A point of operation safeguard device;

        c.    Safety distance/safeguarding;

        d.    Barrier guards;

        e.    Interlocked devices, both by themselves and used in conjunction with a barrier guard;

        f.    Presence-sensing safeguarding devices;

        g.    Pull-back safeguarding devices;

h.   Two-hand control safeguarding devices;

i.   Restraint safeguarding devices;

j.   Single control safeguarding device;

k.   Safe distance safeguarding; and

l.   Auxiliary safety aides.

Pursuant to Rule 30, the corporate Defendant, HEIM, L.P., shall designate one or more officers, agents or other persons who can testify on its behalf, with respect to the matters set forth below:

1.   The design, manufacture, assembly, sale (including the purpose that the PRODUCT was to be used and the foreseeable uses of the PRODUCT) and distribution of the PRODUCT or SIMILAR PRODUCT;

2.   Research, testing and development of the PRODUCT or SIMILAR PRODUCTS as it relates to "point of operation" protection;

3.   Research, testing and development of HAZARD avoidance and/or "point of operation" protection as it relates to the PRODUCT and/or SIMILAR PRODUCTS prior to and subsequent to the date of manufacture of the subject PRODUCT, specifically as such modifications, changes and alterations relate to "point of operation" protection.

4.   Modifications, changes and alterations to the subject PRODUCT and SIMILAR PRODUCTS subsequent to the date of manufacture of the subject PRODUCT, regarding "point of operation" protection;

5.   Recall campaigns or other activities with regard to the PRODUCT and SIMILAR PRODUCTS that relate to "point of operation" HAZARDS and SAFETY DEVICES;

6.   Actions or precautions including, but not limited to, operating manuals to avert or warn against

3

possible damage or injuries resulting from the use of the subject PRODUCT and SIMILAR PRODUCTS;

7.    Any research, testing and/or development regarding means to avoid or warn against possible damage, injuries and/or HAZARDS associated with the "point of operation" on the subject PRODUCT and SIMILAR PRODUCT.

8.    Product packaging, instructions, booklets, brochures, manuals, warnings and other printed materials distributed in conjunction with the sale or distribution of the subject PRODUCT and/or SIMILAR PRODUCTS;

9.    The production process of the PRODUCT and SIMILAR PRODUCTS manufactured by Defendant, HEIM, L.P., from mid 1960's to the present;

10.    Standards and tests which pertain to the design, production, and safety specifications of "point of operation" on the subject PRODUCT and SIMILAR PRODUCTS;

11.    Standards and tests which pertain to the design, production, and safety specifications of "point of operation" SAFETY DEVICES and/or "point of operation" protection mechanisms on the subject PRODUCT and SIMILAR PRODUCTS;

12.    Standards and tests which pertain to the design, production, and safety specifications of "point of operation", protection mechanisms and/or SAFETY DEVICES, governed by ANSI, as they relate to press brakes;

13.    Information, research and/or testing regarding identification of HAZARDS associated with the "point of operation" on press brakes;

14.    Development and testing of SAFETY DEVICES for the PRODUCT and/or SIMILAR PRODUCTS;

15.    Accident and injuries to persons utilizing any PRODUCT or SIMILAR PRODUCT manufactured by Defendant, HEIM, L.P., prior to and subsequent to the subject accident herein where individuals sustained

4

injuries, damages and/or amputations at the "point of operation" of press brakes;

16.    Standards that define SAFETY DEVICES utilized by, available for and intended for press brakes, including ANSI standards;

17.    The ANSI standard for press brakes (ANSI B11.3);

18.    Means for safeguarding, prevention and detection of HAZARDS, restraints and SAFETY DEVICES as set forth by ANSI, including ANSI B11.3;

19.    All standards relating to "point of operation" protection known by Defendant and/or followed by Defendant which govern power press brakes;

20.    HAZARDS and dangers associated with the "point of operation" of press brakes, including HAZARDS identified and/or known by Defendant, manufacturers, industry standards and those HAZARDS identified by ANSI standards;

21.    The applicability and availability of SAFETY DEVICES for press brakes under ANSI;

22.    Information regarding press brakes and "point of operation" HAZARDS/defects related thereto;

23.    Information regarding press brakes and injuries to individuals which occur at the "point of operation" as recognized under the ANSI standards;

24.    Documentation, materials and/or information relating to "point of operation" protection mechanisms sold or offered for sale (including those SAFETY DEVICES manufactured by others that were offered for sale in conjunction with the Defendant's PRODUCT and SIMILAR PRODUCT), known by Defendant or utilized by Defendant, as such materials relate to the subject PRODUCT and press brake at issue and/or for other press brakes (SIMILAR PRODUCTS);

25.    Actions by Defendant, modifications, alterations and/or subsequent design changes intended to avoid possible injury to individuals, consumers

5

and/or persons similarly situated such as Plaintiff at the "point of operation" in the PRODUCT and/or any SIMILAR PRODUCTS, including predecessor or successor models;

26.   HAZARDS and dangers of press brakes, including specific HAZARDS at the "point of operation";

27.   Safeguarding provisions and HAZARDS associated with the "point of operation", specifically as those terms are defined and set forth in the ANSI standard;

28.   The feasibility of various SAFETY DEVICES, as defined herein and as set forth under ANSI B11.3, in the PRODUCT and SIMILAR PRODUCTS;

29.   Information known by you or in your possession as to what SAFETY DEVICES have been installed on the PRODUCT and/or SIMILAR PRODUCTS, if any;

30.   Information, documentation, research, testing and/or development regarding "point of operation" protection mechanism offered for sale by Defendant either prior to or subsequent to the manufacture or sale of the PRODUCT;

31.   All information, research, testing and development, analysis or compellation of data regarding any risk--benefits analysis concerning the implementation, design, manufacture, production and/or availability of "point of operation" protection mechanism and/or SAFETY DEVICES on press brakes;

32.   Any and all literature, studies, materials and/or documentation pertaining to, regarding or referencing incorporating "point of operation" protection mechanisms, SAFETY DEVICES and/or safe guarding devices on press brakes either prior to or subsequent to the date of the manufacture and/or sale of the PRODUCT;

33.   Information regarding alternative SAFETY DEVICE design considerations for the PRODUCT or

6

SIMILAR PRODUCTS that would protect individuals from HAZARDS associated with the "point of operation";

34.    Information regarding alternative SAFETY DEVICE design considerations for the PRODUCT or SIMILAR PRODUCTS that would protect individuals at the "point of operation" by initiating an immediate stop command to the machine control system;

35.    The feasibility relating to the design and costs of SAFETY DEVICES on the PRODUCT or SIMILAR PRODUCTS manufactured by the Defendant, Heim, L.P. The scope of this paragraph shall include any modifications or alterations in the subject PRODUCT or SIMILAR PRODUCTS and whether such modifications, alterations, changes and SAFETY DEVICES were technologically feasible, economically feasible and/or adversely affected the utility or output of the press brake mechanism itself;

36.    The design, development, implementation, installation, utilization of, or option to not utilize, SAFETY DEVICES on the PRODUCT or SIMILAR PRODUCTS; and

37.    Any and all information and documentation regarding the purchase/sale of the subject PRODUCT, including but not limited to negotiations, terms of purchase/sale, purchase/sale receipts, special uses and the ordering process.

DALLAS W. HARTMAN, P.C.


Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA  16105
(724) 652-4081

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FACSIMILE AND FIRST CLASS MAIL:

Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. Steel Tower, Suite 4850
Pittsburgh, PA  15219

Attorney for DEFENDANT

DALLAS W. HARTMAN, P.C.

DATE: 6/28/05

Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA  16105
(724) 652-4081