# EXHIBIT "A"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA LINDQUIST | : | NO. 04-249E |
| Plaintiff, | : | |
| | : | MAGISTRATE JUDGE |
| v. | : | SUSAN PARADISE BAXTER |
| | : | |
| HEIM, L.P. | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION TO EXTEND CASE MANAGEMENT ORDER DEADLINES**

Now comes the Plaintiff, by and through her undersigned counsel and files the within Motion to Extend Case Management Order Deadlines. In support thereof Plaintiff states and avers as follows:

1. The present cause of action arises out of an incident which occurred on or about September 25, 2002.

2. At the time of her injury, Plaintiff was in the course and scope of her employment working on a press brake manufactured by Defendant.

3. As a result of this accident, Plaintiff had all fingers of both hands amputated except for her thumbs.

4. On or about August 10, 2005, this Honorable Court issued a Case Management Order setting forth deadlines for the pretrial proceedings.

1

...

5. On or about August 15, 2005, Plaintiff propounded Interrogatories – Second Set and Request for Production of Documents – Second Request upon Defendant.

6. On or about October 6, 2005, Defendant provided responses to Plaintiff's discovery requests.

7. Plaintiff contends that Defendant's answers and responses to discovery are inadequate and incomplete.

8. As a result, on or about October 28, 2005, Plaintiff electronically filed a Motion to Compel with this Court.

9. A telephone conference was scheduled to hear arguments on the Motion to Compel on November 9, 2005 at 1:30 p.m. However, counsel for Plaintiff requested a continuance due to a conflict in the Court of Common Pleas in Mercer County.

10. After discussion with the Court and opposing counsel, counsel for Plaintiff attempted to arrange a mutually convenient date and time for a hearing on Plaintiff's Motion to Compel and outstanding discovery issues.

11. The Court offered the following dates for the hearing to be held on this matter: Monday, November 14, 2005 (anytime but at 11:00 a.m. due to another commitment at that time), Tuesday, November 15, 2005 (afternoon only),

Wednesday, November 16, 2005 (all day), Tuesday, November 22, 2005 (all day), and anytime the week of November 28, 2005 through December 2, 2005.

12. Counsel for the Defendant has indicated that the first date that he would be available is December 1, 2005.

13. Therefore, the hearing on said Motion is scheduled for Thursday, December 1, 2005 at 10:30 a.m.

14. Pursuant to the Court's Case Management Order, fact discovery was to be completed by November 16, 2005.

15. Based on the pending Motion to Compel and discovery issues raised therein, counsel for Plaintiff respectfully requests that the deadlines set forth in the Court's Case Management Order of August 10, 2005, be extended by sixty (60) days to enable the resolution of the pending discovery disputes and issues.

16. Counsel's request is not for purpose of delay and will be neither burdensome nor onerous on either party.

17. Counsel for Defendant does not consent to Plaintiff's request for an extension of time herein.

3

WHEREFORE, Plaintiff requests this Honorable Court grant the Motion to Extend Case Management Order Deadlines by a period of sixty (60) days.

DALLAS W. HARTMAN, P.C.

/s/ Dallas W. Hartman
Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FIRST CLASS MAIL:

                  Paul R. Robinson, Esquire
        MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
                U.S. Steel Tower, Suite 4850
                  Pittsburgh, PA  15219

                    Attorney for DEFENDANT


                                      DALLAS W. HARTMAN, P.C.

DATE:   11/10/05

                                        /s/ Dallas W. Hartman
                                    Dallas W. Hartman, Esq.
                                    Attorney for Plaintiff
                                    Attorney I.D. No. 41649
                                    2815 Wilmington Road
                                    New Castle, PA  16105
                                    (724) 652-4081

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                            : NO. 04-249E
       Plaintiff,                    :
                                          : JUDGE BAXTER
v.                                        :
                                          :
HEIM, L.P.                                :
       Defendant.                    :

### ORDER

AND NOW, this ___ day of _____, 2005, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Extend Case Management Order deadlines for a period of sixty (60) days is GRANTED. The new deadlines are as follows:

    1. The parties shall complete fact discovery by <u>January 16, 2006</u>. All interrogatories, depositions, requests of admissions, and requests for production shall be served within sufficient time to allow responses to be completed within <u>30 days or February 16, 2006 after the close of fact discovery</u>.

    2. EXPERT REPORTS AND DISCOVERY
       (a) Plaintiff's expert reports shall be filed by <u>30 days or February 16, 2006 after the close of fact discovery</u>.

       (b) Defendant's expert reports shall be filed by <u>60 days or March 16, 2006 after the close of fact discovery</u>.

       (c) All expert depositions shall be completed by <u>90 days or April 16, 2006 after the close of fact discovery</u>.

1

3. Responses to motions to compel are due within 10 calendar days of the filing of the motion.

4. Motions for summary judgment with evidentiary material and accompanying briefs, if appropriate, shall be filed by <u>20 days or May 8, 2006 after the end of fact and expert discovery</u>. Responses to motions shall be filed within 14 days of filing of such motion. Brief supporting or opposing summary judgment motions shall not exceed 15 pages, excluding tables of authorities. Reply and surreply briefs shall not be filed unless approved/requested by the Court.

5. Plaintiff's pretrial narrative statement shall comply with Rule 16.1.4.A, and be filed by <u>40 days or May 28, 2006 after the end of fact and expert discovery</u>.

6. Defendant's pretrial narrative statement shall comply with Rule 16.1.4.B, and be filed by <u>70 days or June 27, 2006 after the end of fact and expert discovery</u>.

7. Material facts not identified in the pretrial narrative statements may be excluded upon objection or *sua sponte*. Witnesses or exhibits not identified in the pretrial narrative statements shall not be admissible at trial, except for an exhibit to be used solely for impeachment purposes. Plaintiff should use numbers with "P" prefix to designate exhibits (e.g., P1, P2,); Defendant should use numbers with a "D" prefix to designate exhibits (e.g., D1, D2).

8. The parties shall not amend or supplement their pretrial narrative without leave of court.

BY THE COURT,

_____,
J.

2