IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>    Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>    Defendant. | Civil Action No:  04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN /<br>MAGISTRATE JUDGE SUSAN<br>PARADISE BAXTER**<br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br><br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600 |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND
CASE MANAGEMENT ORDER DEADLINES**

AND NOW, comes the defendant, HEIM L.P., through its counsel, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., and files its response in opposition to plaintiff's motion to extend case management order deadlines, averring as follows:

1.    The plaintiff now has filed her second motion to extend case management order deadlines.  See Exhibit "A".

2. This Honorable Court entered the original case management order on January 24, 2005, which provided a 240-day discovery period. See Exhibit "B".

3. During the original 240-day discovery time period, plaintiff filed its first motion to compel relative to Heim's responses to plaintiff's first set of discovery which had requested for this case involving a 1978 press brake accident data relating to every mechanical press brake manufactured by the defendant from 1960 through 2005 and all design changes and point of operation guards for every press brake available to Heim from 1960 through 2005. This Honorable Court denied the discovery sought and established a reasonable time-frame through 1982.

4. Plaintiff then filed its first motion to extend case management order deadlines on August 10, 2005. See Exhibit "C". Heim, L.P. consented to plaintiff's first motion to extend case management order deadlines.

5. This Honorable Court granted the motion to extend case management order deadlines on August 10, 2005. Per the Court's second case management order, fact discovery was to be completed by November 16, 2005, and disclosure of expert witnesses by December 16, 2005 for the plaintiff and January 16, 2006 for the defendant. See Exhibit "D".

6. Plaintiff then propounded a second set of discovery requests, to which defendant responded thoroughly with detailed answers followed by any objection.

7. Plaintiff nonetheless file a second motion to compel again requesting information through the original irrelevant time frame. Plaintiff's second motion to compel is similar to her first in that it simply cites to plaintiff's discovery requests, ignores Heim's responses, and generally asks for more sufficient answers. It also ignores the fact that Heim has already produced a corporate designee, Mr. Anthony R. Mase, who was questioned for approximately six (6) hours by the plaintiff regarding all aspects of the design of the press brake. The plaintiff's motion also requests that Heim produce every foot pedal ever sold with its press brakes from 1970 through 2005 even though such request is unreasonable, plaintiff knows that Heim did not design or manufacture the foot pedals, and has been informed that Heim does not stockpile historical foot pedals.

8. In addition, plaintiff has since propounded a third set of discovery requests, including a third request for production of documents, a first request for medical admissions, a second request for admissions, and a third set of interrogatories.

9. Hearing on plaintiff's second motion to compel was scheduled for November 9, 2005, but on that date plaintiff requested and was granted a continuance. The hearing has been rescheduled for December 1, 2005.

10. Based on plaintiff's pending second motion to compel and discovery raised therein, plaintiff is seeking an extension of time. However, plaintiff's discovery requests have not raised any issues anew; rather, plaintiff is now engaging in objectionable duplication of issues, and her persistent requests have become onerous, as she is seeking

irrelevant information in an effort to prolong discovery and the defendant's motion for summary judgment.

WHEREFORE, defendant Heim, L.P. respectfully requests that this Honorable Court deny plaintiff's motion to extend case management order deadlines.

>Respectfully submitted,
>
>MEYER, DARRAGH, BUCKLER,
>BEBENEK & ECK, P.L.L.C.
>
>By: /s/ Paul R. Robinson, Esquire
>    PAUL R. ROBINSON, ESQUIRE
>    Attorney for Heim, L.P.
>    PA I.D. No. 65581
>
>    U.S. Steel Tower, Suite 4850
>    600 Grant Street
>    Pittsburgh, PA 15219
>    (412) 261-6600

# PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
| --- | --- |
| __X__ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| __X__ | Electronic Filing |

at the following address:

> Dallas W. Hartman, Esquire
> Dallas W. Hartman P.C.
> 2815 Wilmington Road
> New Castle, PA 16105
> *(Counsel for Plaintiff)*

                                                 MEYER, DARRAGH, BUCKLER,
                                               BEBENEK & ECK, P.L.L.C.

Date: November 23, 2005                     /s/ Paul R. Robinson
                                                 PAUL R. ROBINSON, ESQUIRE

P0757933.1