# EXHIBIT "C"

P0758277.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST : NO. 04-249E
       Plaintiff, :
: MAGISTRATE JUDGE
v. : SUSAN PARADISE BAXTER
:
HEIM, L.P. :
       Defendant. : **RECEIVED**

                              AUG - 9 2005

**PLAINTIFF'S MOTION TO EXTEND CASE MANAGEMENT ORDER DEADLINES**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Now comes the Plaintiff, by and through her undersigned counsel and files the within Motion to Extend Case Management Order Deadlines. In support thereof Plaintiff states and avers as follows:

1. The present cause of action arises out of an incident which occurred on or about September 25, 2002.

2. At the time of her injury, Plaintiff was in the course and scope of her employment working on a machine press/punch press.

3. As a result of this accident, Plaintiff had all fingers of both hands amputated except for her thumbs.

4. On or about January 20, 2005, this Honorable Court issued a Case Management Order setting forth deadlines for the pretrial proceedings. (See copy of Case Management Order attached as Exhibit "A").

1

AUG 10 2005

5. Said Order states that fact discovery shall be completed by 240 days from initial case management conference or September 16, 2005.

6. Plaintiff presented to this Honorable Court a Motion to Compel Full and Complete Answers to Discovery propounded to Defendant on or about June 8, 2005.

7. This Honorable Court held a telephone conference to hear the arguments on the Motion to Compel on June 27, 2005. This Honorable Court ruled that Defendant must produce all materials from 1972 through 1980 on the press brake.

8. Deposition of the Plaintiff took place on June 28, 2005 and numerous witness depositions took place on July 20 and 21, 2005. The deposition of the designated representative of the Defendant took place in Chicago on July 27, 2005.

9. As a result of the deposition testimony, Plaintiff needs to conduct additional written discovery.

10. Additional depositions will need to be taken and the parties have held August 25 - 26, 2005 and August 30 - 31, 2005 for those depositions.

11. As a follow up to the depositions, Plaintiff will need to forward additional interrogatories and request for production of documents to Defendants.

12. Plaintiff is unable to complete fact discovery by September 16, 2005 and is requesting that this Honorable Court extend all deadlines for a period of sixty (60) days.

13. A sixty (60) day extension of the discovery deadline will not cause undue prejudice to the Defendant.

14. Plaintiff's counsel placed a telephone call and left a message for defense counsel. No response was received. Plaintiff's counsel then contacted the defense attorney's secretary and advised of Plaintiff's intention of filing the Motion. Plaintiff's counsel advised that if no objections were received from defense counsel by Tuesday, August 9, 2005, Plaintiff would proceed with filing the Motion. No objection was received by Plaintiff's counsel.

WHEREFORE, Plaintiff requests this Honorable Court grant the Motion to Extend Case Management Order Deadlines by a period of sixty (60) days.

DALLAS W. HARTMAN, P.C.

_____
Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

3

# EXHIBIT "A"

Case 1:04-cv-00299-SSB Document 21-5 Filed 1/23/2005 Page 5 of 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST

        Plaintiff,  :  NO. 04-249E

v.

HEIM, L.P.

        DEFENDANT.

## CASE MANAGEMENT ORDER

AND NOW, this 20th day of January, 2005, IT IS ORDERED that this action is placed under Local Rule 16.1 of this Court for pretrial proceedings and all provisions of the Rule will be strictly enforced. This action is designated a Track I case under Local Rule 16.1.3.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status, or pretrial conferences to obtain authority to participate in settlement negotiations to be conducted by the Court. Counsel are encouraged to instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

IT IS FURTHER ORDERED that compliance with provisions of Rule 16.1 shall be completed as follows:

(1) The parties shall move to amend the pleadings or add new parties by March 21, 2005 (60 days after initial case management conference).

The parties shall complete fact discovery by <u>240 days from initial case management conference</u>. All interrogatories, depositions, requests of admissions, and requests for production shall be served within sufficient time to allow responses to be completed within <u>30 days after the close of fact discovery</u>.

(2) <u>EXPERT REPORTS AND DISCOVERY</u>:

   (a) Plaintiff's expert reports shall be filed by <u>30 days after the close of fact discovery</u>.

   (b) Defendant's expert reports shall be filed by <u>60 days after the close of fact discovery</u>.

   (c) All expert depositions shall be completed by <u>90 days after the close of fact discovery</u>.

(3) Responses to motions to compel are due within 10 calendar days of the filing of the motion.

(4) Motions for summary judgment with evidentiary material and accompanying briefs, if appropriate, shall be filed by <u>20 days after the end of fact and expert discovery</u>. Responses to motions shall be filed within 14 days of filing of such motion. Briefs supporting or opposing summary judgment motions shall not exceed 15 pages, excluding tables of authorities. Reply and surreply briefs shall not be filed unless approved/requested by the Court.

(5) Plaintiff's pretrial narrative statement shall comply with Rule 16.1.4.A, and be filed by <u>40 days after the end of fact and expert discovery</u>.

(6) Defendant's pretrial narrative statement shall comply with Rule 16.1.4.B, and be filed by <u>70 days after the end of fact and expert discovery</u>.

(7) Material facts not identified in the pretrial narrative statements may be excluded upon objection or *sua sponte*. Witnesses or exhibits not identified in the pretrial narrative statements shall not be admissible at trial, except for an exhibit to be used solely for impeachment purposes. Plaintiff should use numbers with "P" prefix to designate exhibits (e.g., P1, P2,…); Defendant should use numbers with a "D" prefix to designate exhibits (e.g., D1, D2,…).

(8) The parties shall not amend or supplement their pretrial narrative without leave of Court.

(9) All parties shall file an indication whether or not they are willing to proceed to trial in front of a Magistrate Judge <u>by thirty (30) days</u>.

BY THE COURT,

*Susan Paradise Baxter*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FIRST CLASS MAIL:

              Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
           U.S. Steel Tower, Suite 4850
              Pittsburgh, PA  15219

                Attorney for DEFENDANT

DATE: 8-9-05

DALLAS W. HARTMAN, P.C.

_____
Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA  16105
(724) 652-4081

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST : NO. 04-249E
      Plaintiff, :
: JUDGE BAXTER
 vi. :
:
HEIM, L.P. :
      Defendant. :

### ORDER

AND NOW, this ___ day of _____, 2005, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Extend Case Management Order deadlines for a period of sixty (60) days is GRANTED. The new deadlines are as follows:

    1. The parties shall complete fact discovery by <u>November 16, 2005</u>. All interrogatories, depositions, requests of admissions, and requests for production shall be served within sufficient time to allow responses to be completed within <u>30 days or December 16, 2005 after the close of fact discovery</u>.

    2. EXPERT REPORTS AND DISCOVERY
        (a) Plaintiff's expert reports shall be filed by <u>30 days or December 16, 2005 after the close of fact discovery</u>.

        (b) Defendant's expert reports shall be filed by <u>60 days or January 16, 2006 after the close of fact discovery</u>.

        (c) All expert depositions shall be completed by <u>90 days or February 16, 2006 after the close of fact discovery</u>.

3. Responses to motions to compel are due within 10 calendar days of the filing of the motion.

4. Motions for summary judgment with evidentiary material and accompanying briefs, if appropriate, shall be filed by <u>20 days or March 8, 2006 after the end of fact and expert discovery</u>. Responses to motions shall be filed within 14 days of filing of such motion. Brief supporting or opposing summary judgment motions shall not exceed 15 pages, excluding tables of authorities. Reply and surreply briefs shall not be filed unless approved/requested by the Court.

5. Plaintiff's pretrial narrative statement shall comply with Rule 16.1.4.A, and be filed by <u>40 days or March 28, 2006 after the end of fact and expert discovery</u>.

6. Defendant's pretrial narrative statement shall comply with Rule 16.1.4.B, and be filed by <u>70 days or April 27, 2006 after the end of fact and expert discovery</u>.

7. Material facts not identified in the pretrial narrative statements may be excluded upon objection or *sua sponte*. Witnesses or exhibits not identified in the pretrial narrative statements shall not be admissible at trial, except for an exhibit to be used solely for impeachment purposes. Plaintiff should use numbers with "P" prefix to designate exhibits (e.g., P1, P2,); Defendant should use numbers with a "D" prefix to designate exhibits (e.g., D1, D2).

8. The parties shall not amend or supplement their pretrial narrative without leave of court.

BY THE COURT,

_____,
J.