```
                  UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                      : NO. 04-249E
           Plaintiff,               :
                                    : MAGISTRATE JUDGE
    v.                              : SUSAN PARADISE BAXTER
                                    :
HEIM, L.P.                          :
           Defendant.               :
```

**PLAINTIFF'S REPLY TO MOTION TO COMPEL EXPERT DISCOVERY**

Now comes the Plaintiff, Tina Lindquist, by and through her undersigned counsel, and files the within Reply to Defendant's Motion to Compel Expert Discovery. Plaintiff states and responds as follows:

1. Defendant has filed a Motion to Compel Expert Discovery alleging the following:

> a. Counsel for Plaintiff has refused to provide the file materials of Plaintiff's expert witnesses; and
>
> b. Counsel for Plaintiff has refused to schedule a date for Plaintiff's expert deposition.

As set forth below, Defendant's claims are disingenuous at best.

2. First, as set forth in correspondence dated February 21, 2006, counsel for Defendant requested certain information from Plaintiff's expert. This information included a copy of the video tape of the human factors investigation performed by Plaintiff's expert, a listing of

1

the individuals who took part in this investigation, a complete copy of Plaintiff's experts' files, a rate schedule for Plaintiff's expert and a listing of cases in which Plaintiff's expert had testified. In his correspondence, counsel for Defendant acknowledged that Plaintiff had previously provided the curriculum vitae of Plaintiff's expert witness. (See correspondence attached hereto as Exhibit A).

3. Counsel for Defendant also then requested available dates for the discovery deposition of Plaintiff's expert witness. This request was set forth in correspondence dated February 24, 2006. (See correspondence attached hereto as Exhibit B).

4. In response, counsel for Plaintiff provided a listing of the depositions/trials in which Plaintiff's expert testified and was involved. Additionally, counsel for Plaintiff provided the rate and fee schedule for Plaintiff's expert witness pursuant to counsel's request. (See correspondence of March 7, 2006 attached hereto as Exhibit C).

5. In the same correspondence of March 7, 2006, counsel for Plaintiff also indicated that he was in the process of having the video tape of the "human factors investigation" copied and would provide to counsel upon

receipt of same. Additionally, counsel for Plaintiff indicated that at that time he would also provide a listing of the names and addresses of the individuals who took part in that video tape investigation, pursuant to counsel's request.

6. Subsequent thereto, on March 10, 2006, counsel for Plaintiff provided Defendant with a copy of the video tape requested as well as the names and identities of the individuals involved in the video-taped investigation. (See correspondence of March 10, 2006, attached hereto as Exhibit D).

7. As to the request for Plaintiff's expert discovery deposition, Plaintiff's counsel indicated a willingness to make the expert available for his discovery deposition. However, counsel for Plaintiff merely suggested that, while dates were being provided, counsel for Defendant also provide available dates for his expert's discovery deposition.

8. At no time did counsel for Plaintiff indicate that he would not make Plaintiff's expert available for his discovery deposition. In fact, at all times material hereto, counsel for Plaintiff has indicated a willingness to make his expert for a discovery deposition. Plaintiff's counsel has simply requested that Defendant do likewise and

also provide a date for Defendant's expert discovery deposition as well.

9. Moreover, in response to Defendant's request for the entire file and materials of Plaintiff's expert witness, counsel for Plaintiff simply requested that Defendant itemize the materials and information sought so that Plaintiff's counsel may determine what materials, if any, are attorney work product. Once again, at no time did Plaintiff's counsel indicate that he would not be willing to provide this information. Plaintiff's counsel has merely requested the opportunity to review the request for attorney work product, documents and materials. (Once again, see correspondence of March 7, 2006 attached hereto as Exhibit C).

10. In summary, counsel for Plaintiff has indicated a willingness to cooperate in the discovery process. As this Court is aware, the Court's Order indicates that expert discovery must take place by April 16, 2006. Counsel for Plaintiff has provided all materials to date as requested. Further, counsel has attempted to respond to Defendant's request for additional materials by having the requested video tape copied and provided to Defendant. Counsel for Plaintiff has merely suggested that, while providing available dates for Plaintiff's expert and both counsel's

schedules, it would be beneficial for both parties if both expert witnesses' discovery dates were scheduled.

11.  Defendant's expert's reports are due by March 16, 2006.  Therefore, it would not be burdensome or onerous for Defendant to provide available dates as well so that both sides' experts may be deposed.

12.  Counsel for Plaintiff has proposed to schedule the discovery depositions of both experts (experts for Plaintiff and Defendant) with available dates for counsel to accommodate the Court's April 16, 2006, deadline.

WHEREFORE, in light of the foregoing, Plaintiff respectfully request that this Honorable Court deny Defendant's Motion to Compel for the reasons set forth herein.

                                            DALLAS W. HARTMAN, P.C.

                                              /s/ Dallas W. Hartman
                                            Dallas W. Hartman, Esq.
                                            Attorney for Plaintiff
                                            Attorney I.D. No. 41649

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FIRST CLASS MAIL:

Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. Steel Tower, Suite 4850
Pittsburgh, PA 15219

Attorney for DEFENDANT


DALLAS W. HARTMAN, P.C.

DATE: 03/16/06

   /s/ Dallas W. Hartman
Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA 16105
(724) 652-4081