```
              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST               :      NO. 04-249E
           Plaintiff,        :
                             :      JUDGE BAXTER
v.                           :
                             :
HEIM, L.P.                   :
           Defendant.        :
```

**MOTION TO COMPEL**

AND NOW comes the Plaintiff, Tina Lindquist, by and through her counsel, DALLAS W. HARTMAN P.C., and files this Motion to Compel Discovery, averring as follows:

1. The present cause of action arises out of an incident that occurred on September 25, 2002.

2. At the time of the accident, Plaintiff was operating a press brake manufactured by the Defendant.

3. As a result of this accident, Plaintiff had the fingers of both hands amputated.

4. This case is currently at the end of discovery, with expert depositions scheduled to be completed by April 16, 2006.

5. At this time, all of the liability experts for both parties have been noticed for deposition between now and April 16, 2006, including Plaintiff's liability experts Ralph Barnett (April 6, 2006) and Matthew Ulmenstine (April 6, 2006).

6. Throughout the pendency of this matter, plaintiff has engaged in extensive written discovery, including three sets of

interrogatories, four sets of requests for production of documents, and two sets of requests for admission. The defendant's answers and responses to the same have not been attached due to their sheer volume, but copies of the same can be provided to the Court upon request.

7. Despite this ongoing and extensive discovery exchange, Defendant has apparently elected to improperly withhold discoverable information and documentation – specifically transcripts and documentation that defendant intends to utilize during the expert depositions of Plaintiff's experts, Barnett and Ulmenstine.

8. Plaintiff only learned of this suppression of discoverable material within the past two weeks, when defense counsel referred to such information and documentation during a telephone conversation concerning the scheduling of these depositions.

9. Upon learning of this fact, Plaintiff's counsel immediately requested the full and complete production of all such relevant and thus discoverable materials, pursuant to Plaintiff's prior discovery requests and so as to permit fair cross examination of plaintiff's experts at their upcoming depositions.

10. Defense counsel not only refused this request during the aforementioned conversation, but confirmed his defiance by

letter, thereby admitting the existence of relevant and thus discoverable material which, as of this time, has yet to be produced or identified in any privilege log. Please see letter of Paul Robinson, Esq., dated March 31, 2006, attached hereto as Exhibit A.

11. Based on the statements and correspondence of defense counsel, the relevant and thus discoverable information and documentation is not being produced due to the fact that it is impeachment material and is thus somehow outside the scope of the Federal Rules of Civil Procedure.

12. Plaintiff has in fact issued several interrogatories and requests for production of documents which encompass impeachment material, to which defendant has either engaged in evasion or placed improper objection without adequate legal support.

13. Within Plaintiff's First Set of Interrogatories, the following information was requested, to which Defendant responded as indicated:

> *21.   Identify each person(s) whom you expect to call or reserve the right to call as an expert witness at trial on matters relating to liability and damages. For each person set forth:*
>
> > *(a)   His/her name, address and telephone number;*
> >
> > *(b)   The subject matter on which the expert is expected to testify;*
> >
> > *(c)   The substance of the facts and opinions on which the expert is expected to testify;*
> >
> > *(d)   A summary of the grounds for each opinion;*

> *(e) Identify all treatises, text books, tables, professional journals and a list of publications that will be relied upon by your expert(s); and*
>
> *(f) Identify all reports prepared by your expert(s) that relate to this matter.*
>
> ***ANSWER: Expert disclosures will be made in accordance with all applicable rules and orders of the court.***
>
> *22. Describe each book, standard, magazine, photograph, plan, drawing, diagram, model or other document in detail as to author, publisher, and copyright date, that DEFENDANT intends to use at trial or reserves the right to use and the present custodian of each such document.*
>
> ***ANSWER: Unknown.***
>
> *23. Please describe fully each piece of demonstrative evidence DEFENDANT intends to use or reserves the right to use at trial, other than evidence listed previously in the afore mentioned answers to these interrogatories, and the custodian of such.*
>
> ***ANSWER: Unknown.***
>
> *24. Please make available the findings of any investigation(s) related to the "ACCIDENT", including the name and capacity of the person(s) that performed the investigation and any actions you took as a result of the findings.*
>
> ***ANSWER: Objection. This interrogatory requests information subject to the attorney-client privilege and work product doctrine of Rule 26(b)(3), and also is vague and ambiguous.***

14. Within Plaintiff's First Requests for Production of Documents, the following information and documentation was requested, to which Defendant responded as indicated:

> *21. All documents, as defined above, identified in DEFENDANT'S Answers to Plaintiff's Interrogatories – First Set;*
>
> ***RESPONSE: Please see Heim's answers to interrogatories which are incorporated by reference.***
>
> *23. All documents, photographs, slides, movies, videotapes, plans, drawings and/or diagrams taken and/or prepared in connection with this case.*

4

*RESPONSE: Objection. This request implicates documents protected by the attorney-client privilege and work product doctrine of Rule 26(b)(3).*

24. All documents which DEFENDANT intends to:

   a) Offer as evidence in the trial of this matter;

   b) Rely upon and present in testimony at the trial of this case; and

   c) Rely upon in cross examining witnesses offered by Plaintiff at trial.

   *RESPONSE: Unknown.*

25. All physical evidence that DEFENDANT intends to:

   a) Offer as evidence in the trial of this matter;

   b) Rely upon in presenting testimony at the trial; or

   c) Rely upon in cross examining any witness offered by Plaintiff at trial.

   *RESPONSE: Unknown.*

26. All statements, as defined by the Federal Rules of Civil Procedure, of any and all parties and any and all witnesses that relate in any manner to the matters at issue.

   *RESPONSE: Objection. This request implicates documents protected by the work product doctrine of Rule 26(b)(3). Without waiving this objection, Heim does not possess any statements from the plaintiff other than those statements contained in the medical records and documents produced by the plaintiff and the documents attached to these discovery responses.*

27. The entire content of any investigative file or any other documentary material in your possession that relates in whole or in part to the matter at issue, excluding references to mental impressions, conclusions or opinions respecting the value or merit of a claim, defense or respecting strategy or tactics and communications to and from counsel.

> *RESPONSE: Objection. This request implicates documents protected by the attorney-client privilege and work product doctrine of Rule 26(b)(3).*

15. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P 26(b)(1).

16. While information regarding evidence that a party may present at trial solely for purposes of impeachment is not within the scope of Rule 26(a) required disclosures, there is no provision within the Federal Rules of Civil Procedure which places such material outside the scope of discovery altogether.

17. To the contrary, Rule 26(a)(5) provides additional methods to discover any information within the scope of discovery as defined by Rule 26(b).

18. With respect to specific discovery of expert material, Rule 26(b)(4) fails to place impeachment material beyond the scope of permissible discovery.

19. Pursuant to Rule 26(b)(5), in the event requested discovery is withheld on the basis of privilege or work product, the withholding party must issue a privilege log which "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other

6

parties to assess the applicability of the privilege or protection."

20. Contrary to the assertions of defense counsel, specific discovery of impeachment materials is permitted. See Corrigan v. Methodist Hospital, 158 F.R.D. 54 (E.D.Pa. 1994).

21. Presumably, impeachment material must be relevant, otherwise questioning predicated on such material would be beyond the scope of discovery.

22. In this case, defense counsel has clearly indicated his intention to utilize such material at the depositions of Professors Barnett and Ulmenstine.

23. Insofar as Plaintiff's outstanding discovery requests encompass all materials intended for use in cross-examination and all materials shown to or reviewed by defendants' experts, Plaintiff has properly sought the production of all such impeachment materials.

24. Defendant has not objected to these requests, but has instead simply responded "unknown."

25. While that may have been true at the time of the filing of those answers and responses (over a year ago), Attorney Robinson's statements and correspondence clearly reflect existence, consideration, and knowledge of specific impeachment materials intended for use. As such, defendant has

a duty to supplement its discovery disclosures pursuant to Rule 26(e).

26. As defendant has not objected to the production of the same and lacks any legitimate basis for such objection now, such material must be produced prior to the depositions of Professors Barnett and Ulmenstine.

27. In the event defendant claims privilege as cause to withhold the requested discovery, defendant has not produced the required privilege log, and must be ordered to do the same so as to permit the plaintiff and this Court to ascertain whether any such "privileged" material requires closer scrutiny to determine the validity of such claim.

28. Furthermore, all information provided to a party's expert is discoverable upon request. See <u>Krisa v. Equitable Life Assurance Society</u>, 196 F.R.D. 254 (M.D. Pa. 2000).

29. In fact, the requirement to produce all documentation supplied to experts has recently been held to be mandatory pursuant to Rule 26(a)(2)(B). See <u>Synthes Spine Company v. Walden</u>, 232 F.R.D. 460 (E.D. Pa. 2005).

30. This requirement trumps all claims of privilege, "requiring disclosure of all information, whether privileged or not, that a testifying expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his

opinions, even if the testifying expert ultimately rejects the information. Id at 464.

   31. To date, defendant has filed the reports of three (3) liability experts – Gary M. Hutter, William G. Switalski, and Dennis R. Cloutier. Please see Defendant's expert reports filed electronically at Document Number 32 (Gary Hutter – Exhibit A, part 1 and 2; William Switalski – Exhibit B, part 1 and 2; and Dennis Cloutier – Exhibit C).

   32. Throughout their respective reports, all three experts make extensive reference to various writings, reports, and prior positions proffered by plaintiffs' experts, Barnett and Ulmenstine. Please see Defendant's expert reports filed electronically at Document Number 32 (Gary Hutter – Exhibit A, part 1 and 2; William Switalski – Exhibit B, part 1 and 2; and Dennis Cloutier – Exhibit C).

   33. In order for such specific references to be made, Mssrs. Hutter, Switalski, and Cloutier may have reviewed documentation pertaining to and/or previously generated by plaintiff's experts.

   34. Moreover, prior interpretations of Professor Barnett's writings, reports and testimony is relevant to Defendant's liability experts' reports, since said reports both cite and quote Professor Barnett's position as it relates to the issues before this Court.

35. Given the eleventh-hour revelation of impeachment material by defense counsel, coupled with reference to plaintiff's experts throughout the reports of defendant's experts, such documents maybe material evidence relating to the issue at hand.

36. Plaintiff's counsel believes such materials are discoverable both as substantive evidence and impeachment materials.

37. Pursuant to Rule 26 and its recent interpretation in <u>Synthes Spines</u>, all of that material is required to be disclosed, regardless of any privilege claimed.

38. Defense counsel, as indicated in his letter of March 31, 2006, refuses to do so, and thus this Court must Order such compliance and production.

39. Furthermore, it is anticipated that defense counsel will make reference to limited portions of these materials during the upcoming depositions of plaintiff's experts.

40. In order to permit a reasonable response to such inquiry, plaintiff's experts must be permitted – now or at their respective depositions – to review the entirety of such material.

41. Delaying production of such material until the time of the deposition will only confound the process and make

compliance with this Court's Rules concerning the length of depositions (one day of seven hours) impossible.

42. The Rules favor broad expert discovery and do not preclude the production of impeachment materials, whether exclusive or partially substantive.

43. In light of the imminent depositions of all experts, production must be ordered immediately.

WHEREFORE, the Plaintiff, Tina Lindquist, respectfully requests that this Honorable Court Order the immediate production of all documents intended for use in the depositions of plaintiff's experts, whether as direct evidence or for impeachment.

    Respectfully Submitted,

    DALLAS W. HARTMAN, P.C.

    <u>/s/ Dallas W. Hartman</u>
    Dallas W. Hartman, Esq.
    Attorney I.D. No. 41649

    Wayne P. Reid, Esq.
    Attorney I.D. No. 76251

    Jeffrey S. Tarker, Esq.
    Attorney I.D. No. 80114

    Attorneys for Plaintiff
    2815 Wilmington Road
    New Castle, PA 16105
    724.652.4081

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FIRST CLASS MAIL:

                      Paul R. Robinson, Esquire
        MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
                U.S. Steel Tower, Suite 4850
                  Pittsburgh, PA  15219

                        Attorney for DEFENDANT


                                        DALLAS W. HARTMAN, P.C.

DATE:  04/03/06

                                       /s/ Dallas W. Hartman
                                     Dallas W. Hartman, Esq.
                                     Attorney I.D. No. 41649

                                     Wayne P. Reid, Esq.
                                     Attorney I.D. No. 76251

                                     Jeffrey S. Tarker, Esq.
                                     Attorney I.D. No. 80114

                                     Attorneys for Plaintiff

                                     2815 Wilmington Road
                                     New Castle, PA 16105
                                     724.652.4081