```
                   UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                      : NO. 04-249E
          Plaintiff,                :
                                    : MAGISTRATE JUDGE
  v.                                : SUSAN PARADISE BAXTER
                                    :
HEIM, L.P.                          :
          Defendant.                :
```

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

AND NOW comes the Plaintiff by and through her undersigned counsel and files the within Reply to Defendant's Response to Plaintiff's Motion to Compel. In support therefore, Plaintiff states as follows:

1. Over one and a half years ago, counsel for Plaintiff requested all documents and/or physical evidence that Defendant intended to rely upon or use in cross-examining witnesses offered by Plaintiff.

2. Rather than specifically object to these requests, Defendant simply replied "unknown".

3. Recently, counsel for Plaintiff became aware that Defendant intended to utilize certain documents and/or materials in the cross-examination of Plaintiff's expert. As such, counsel again reiterated the request for the production of same. In the alternative, counsel requested that, if privilege was at issue, Defendant provide a

1

privilege log itemizing the materials alleged to be protected.

4. Despite this request, no response from Defendant has been forthcoming.

5. Most recently, in telephone conversations during the week of March 27 – 31, 2006, counsel for Plaintiff once again requested any "impeachment" materials from Defendant as well as other such transcripts, documentation and/or materials that Defendant intended to utilize during the discovery depositions of Plaintiff's experts. Further, counsel indicated that, if Defendant failed to comply with such request, counsel would be forced to file a Motion to Compel with the Court.

6. In response, counsel for Defendant refused to produce such information and materials requested and set forth his refusal in correspondence dated Friday, March 31, 2006, forwarded to Plaintiff's counsel's office by facsimile of same date.

7. Then, on Monday, April 3, 2006, Plaintiff filed the Motion to Compel referenced herein.

8. Despite Defendant's posturing and self-serving statements, the filing of Plaintiff's Motion to Compel was not to disadvantage counsel for Defendant. Rather, Plaintiff filed the Motion to Compel on the first business

day following Defendant's refusal to comply with Plaintiff's request to produce such information and material.

9. This Court has previously ruled that the expert discovery testimony shall be limited to one day (7 hours) of testimony.

10. In order to facilitate the timeliness of such testimony, counsel has requested that any materials that Defendant intends to question Plaintiff's experts regarding be provided in advance so that Plaintiff's experts may review said materials in full. It is anticipated that, while Plaintiff's experts may desire to review any materials produced at their deposition by defense counsel, time will not permit a thorough review of same to abide by the Court's prior edict.

11. As such, in order to abide by the time constraints in place, Plaintiff requested such information prior to the expert discovery depositions.

12. Plaintiff specifically requested the production and identity of such information over one and a half years ago in discovery requests. To date, Defendant has failed to identify or produce such materials and/or itemize such materials in any privilege log.

13. Moreover, to the extent any of these materials may have been reviewed and/or provided by Defendant's experts, Plaintiff has requested the production and identity of such materials generated.

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests this Honorable Court grant the Motion to Compel previously filed and deny the Motion for Sanctions filed on behalf of Defendant.

Respectfully submitted,

DALLAS W. HARTMAN, P.C.

__/s/ Dallas W. Hartman__
Dallas W. Hartman, Esq.
Attorney for Plaintiff
Attorney I.D. No. 41649

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FIRST CLASS MAIL:

                    Paul R. Robinson, Esquire
        MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
              U.S. Steel Tower, Suite 4850
                Pittsburgh, PA  15219

                      Attorney for DEFENDANT


                                  DALLAS W. HARTMAN, P.C.

DATE:  <u>04/04/06</u>

                                  <u>/s/ Dallas W. Hartman</u>
                                  Dallas W. Hartman, Esq.
                                  Attorney for Plaintiff
                                  Attorney I.D. No. 41649

                                  2815 Wilmington Road
                                  New Castle, PA  16105
                                  (724) 652-4081