IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST,

          Plaintiff,

     vs.

HEIM, L.P.,

          Defendant.

Civil Action No:  04-249E

JUDGE SEAN J. MCLAUGHLIN /
MAGISTRATE JUDGE SUSAN
PARADISE BAXTER

PAUL R. ROBINSON, ESQUIRE
PA I.D. No. 65581

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL AND COUNTER-MOTION FOR SANCTIONS**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its counsel, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response to plaintiff's motion to compel and its counter-motion for sanctions, averring as follows:

1.      The plaintiff's motion to compel seeks to have Heim's counsel provide the plaintiff with all materials, including prior deposition testimony, reports, publications, etc., which Heim's counsel researched, accumulated, and organized in preparation for the discovery deposition of the plaintiff's expert, Ralph Barnett.

2.      The only legal citations offered by the plaintiff to support this meritless request are to case law which hold that materials and documents reviewed by a party's own expert are required to be produced to the other side pursuant to Rule 26(b)(4) of the Federal Rules of Civil Procedure.  Heim does not dispute these holdings and, in fact, only

P0772217.1

recently was required to file a motion to compel against the plaintiff for refusing to produce the complete file materials of the plaintiff's expert, which resulted in this Court granting Heim's motion to compel the plaintiff to produce those file materials on March 21, 2006.

3.      Heim has produced, and has never refused to produce, the file materials of its experts, and the plaintiff is not contending that Heim has refused to produce such materials.

4.      The plaintiff's motion also cites to plaintiff's discovery requests which sought expert disclosures and information to be used at trial, to which Heim responded that expert disclosures and trial documents will be produced pursuant to the Court's scheduling order. Neither the production of expert disclosures, nor the production of trial exhibits, are an issue before this Court, despite the plaintiff's attempt to confuse these issues.

5.      The timeliness of plaintiff's motion is reprehensible. On <u>March 16, 2006</u>, while plaintiff's counsel, Dallas Hartman, Esquire, was present in the undersigned law firm for purposes of a collateral lawsuit, the undersigned advised plaintiff's counsel that plaintiff's counsel's request for trial preparation materials which had been accumulated by the defendant's counsel in preparation for a discovery deposition of the plaintiff's expert had no merit and no attorney has ever requested such documents. Despite the passage of seventeen (17) days, and knowing that the undersigned was scheduled to be in West Virginia for two (2) days of mediations on April 4 and 5, 2006, plaintiff's counsel chose to

file his motion on April 3, 2006 immediately before the undersigned's departure, and three (3) days prior to the April 6, 2006 deposition of plaintiff's expert, Ralph Barnett.

6.      Rule 37(a)(4)(B) authorizes the Court to award sanctions where a motion is not substantially justified.

7.      The plaintiff's motion has absolutely no legal support and would require a party's attorney to produce all of his work product which he researched, accumulated, and organized in preparation for a discovery deposition of a plaintiff's expert.

8.      The plaintiff's motion, and particularly the timing of such motion, is in bad faith and apparently an attempt to obtain a court order prior to the April 6, 2006 deposition of plaintiff's expert, Ralph Barnett, and while the defendant's counsel was in West Virginia conducting mediations on two (2) unrelated cases.

9.      This Court also should be aware that, within hours of this Court's March 21, 2006 order compelling the plaintiff to produce the files of plaintiff's experts and ordering the plaintiff to produce her experts for depositions prior to April 16, 2006, plaintiff's counsel sent via facsimile correspondence and notices of depositions which sought Heim to produce its experts for depositions prior to the depositions of the plaintiff's expert, apparently in an attempt to inconvenience the defendant as much as possible and in disregard of plaintiff's agreement and required practice for the plaintiff to produce his experts for depositions prior to that of the defendants.  (A true and correct copy of the

March 21, 2006 correspondence from plaintiff's counsel is attached and incorporated as Exhibit "A").

10.     Plaintiff's counsel is well-aware of the motion for summary judgment to be filed by the defendant on or before May 15, 2006 following the depositions of the experts. The plaintiff's course of conduct as this deadline approaches is increasingly egregious, and particularly the meritless motion to compel which now has been filed by the plaintiff on a matter in which plaintiff has known the position of Heim and presumably the applicable law which provides no basis for his request, since March 16, 2006.

WHEREFORE, it is respectfully requested that this Honorable Court deny plaintiff's motion to compel and enter an order of sanctions against plaintiff's counsel.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

By:     /s/ Paul R. Robinson
        PAUL R. ROBINSON, ESQUIRE
        Attorney for Heim, L.P.
        PA I.D. No. 65581

        U.S. Steel Tower, Suite 4850
        600 Grant Street
        Pittsburgh, PA 15219
        (412) 261-6600

**PROOF OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| X | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*


MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


Date: April 3, 2006                              /s/ Paul R. Robinson
                                                PAUL R. ROBINSON, ESQUIRE

P0772217.1