```
              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                    : NO. 04-249E
          Plaintiff,              :
                                  : JUDGE SEAN MCLAUGHLIN/
   v.                             : MAGISTRATE JUDGE SUSAN
                                  : PARADISE BAXTER
HEIM, L.P.                        :
          Defendant.              :
```

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, by and through her counsel and files the within Response to Defendant's Motion for Summary Judgment:

1. It is admitted that Plaintiff was injured on September 25, 2002, during the course and scope of her employment while operating the Heim press brake, Model 70-6. Plaintiff was injured by accidental activation of the foot switch while her hands were located in the die area of the press brake. At the time of the accident, the press brake had an ungated foot switch.

2. Plaintiff is without information sufficient to form a belief as to the truth or veracity of the allegations contained within paragraph 2. As such, strict proof at trial is demanded.

3. It is admitted that Plaintiff's employer purchased the subject press brake at auction in 1999. It is unknown as to when Plaintiff's employer installed a two-palm button. Further, testimony of record indicates that the press brake was purchased at auction with the foot switch attached.

4. Denied as stated. Plaintiff alleges that an ungated foot switch provided with Defendant's general purpose press brake

makes the press brake defective. The press brake was originally supplied with an ungated foot switch as the only means of activating the press brake. The failure of Defendant to provide a gated foot control and foot switch with its press brake caused injury to Plaintiff and rendered the press brake defective.

5. Denied as stated. It is admitted that the foot control used by Plaintiff at the time of her accident was discarded or lost sometime after an inspection of the press brake. It is denied that the foot control was lost or discarded prior to Defendant having the opportunity to inspect or examine the press brake as Plaintiff first provided notice of a potential claim to Defendant by certified mail on or about October 27, 2003.

6. Denied as stated. It is admitted that it is unknown whether the foot switch used by Plaintiff at the time of her accident was the **exact same** foot switch which accompanied the press brake at the time of its original sale. However, this same model and type of foot switch (an ungated Linemaster foot switch) was the same type and model of foot switch which was originally provided and supplied with the subject press brake at the time of its initial sale by Defendant. This is the same type and model of foot switch that was involved in Plaintiff's accident of September 25, 2002. Since Plaintiff has alleged a design defect, summary judgment in this instance is improper.

7. Denied. The accidental activation of the press brake by the foot pedal caused the accident. Plaintiff did not intend to activate the press brake. A foot switch with a safety gate would

have eliminated accidental activation and clearly would have prevented injury to the Plaintiff in this case. Once again, since Plaintiff is alleging a design defect claim, summary judgment herein is improper.

8. Denied. Plaintiff's use of the press brake was foreseeable. Additionally, it was foreseeable that Plaintiff's hands would be within the die area. It was foreseeable that a press brake would be operated without point of operation protection. Even with proper point of operation protection on a press brake individuals can be injured. The failure by the manufacturer of the press brake to provide a gated foot switch caused injury to Plaintiff and rendered the press brake defective.

9. Paragraph 9 contains conclusions of law to which no responsive pleading is required.

10. No response is required to this paragraph. In response to Defendant's Motion for Summary Judgment, Plaintiff herein incorporates and relies upon her Statement of Material Facts, Appendix of Exhibits and Memorandum of Law in Response to Defendant's Motion for Summary Judgment. A proposed Order is also filed and attached hereto.

11. Plaintiff denies any and all allegations not expressly admitted herein to be true.

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests this Honorable Court enter an Order denying summary judgment in this matter and allow the claims of Plaintiff to go forward as such.

                                 Respectfully submitted,

                                 DALLAS W. HARTMAN, P.C.

                                 /s/ Dallas W. Hartman
                                 Attorney I.D. No. 41649

                                 Raymond J. Conlon, Esq.
                                 Attorney I.D. No. 49495

                                 2815 Wilmington Road
                                 New Castle, PA  16105
                                 (724) 652-4081

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. Steel Tower, Suite 4850
Pittsburgh, PA  15219

Attorney for DEFENDANT

                                        DALLAS W. HARTMAN, P.C.

DATE:  <u>05/22/06</u>

                                         <u>/s/Dallas W. Hartman</u>
                                         Attorneys for Plaintiff

                                         Dallas W. Hartman, Esq.
                                         Attorney I.D. No. 41649

                                         Raymond J. Conlon, Esq.
                                         Attorney I.D. No. 49495

                                         2815 Wilmington Road
                                         New Castle, PA  16105
                                         (724) 652-4081