```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                          : NO. 04-249E
              Plaintiff,                :
                                        : JUDGE SEAN MCLAUGHLIN/
   v.                                   : MAGISTRATE JUDGE SUSAN
                                        : PARADISE BAXTER
HEIM, L.P.                              :
              Defendant.                :
```

**RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Admitted.

2. Admitted.

3. Denied. Plaintiff is without sufficient information and knowledge to ascertain the truth of these statements. Strict proof is required.

4. Admitted and Denied. It is admitted that the press brake was not sold with dies; however, it is denied as to any inference that there was a substantial alteration or modification of the machine by the affixing of dies to the machine. The machine will not function without a die. (Anthony Robert Mase Deposition, Appendix Exhibit I, p. 77, p. 230).

5. Admitted.

6. Denied. The machine at the time of its manufacture, sale and delivery to either HB Machinery or Avco Lycoming came standard with the foot control selected by the manufacturer (Heim Instructions and Parts Book, Appendix Exhibit Q, P. 19; Dennis Cloutier Deposition, Appendix Exhibit K, p. 81). Additionally, documents supplied by the Defendant and relied upon by Defendant's experts indicate that there was a Model 532-SWH and 511-B foot control supplied by the Defendant with all presses (Heim Document A-470-D, Appendix Exhibit O). This document has been denied by Defendant as being dispositive as to the foot control model types that accompanied its press brakes. (Answers to Plaintiff's Interrogatories-Second Set and Request for Production of Documents-Second Request, Appendix Exhibit X). Additionally, Plaintiff's expert has testified that the Heim press brake at issue in this case came standard with a Linemaster foot control with an anti-toe latch, which according to the catalog is a model 511-B. (Ralph Barnett Deposition, Appendix Exhibit B, pp.85-86).

7. Denied. Heim was the manufacturer of the press brake which is a multiple purpose machine (Garry Hutter Deposition, Appendix Exhibit J, p. 124). As the manufacturer, Heim is responsible to know the general types of uses which Avco Lycoming

and any other purchaser of said machine would utilize such machine (Ralph Barnett Deposition, Appendix Exhibit B, pp.120-121).

8.  Admitted in part and denied in part.  It is admitted that there are numerous uses of the press brake that require the use of the foot control activation.  The remainder of this paragraph is denied.  Specifically, it is well-known that the foot control activation device can be used in many different types of activities and operations of the press brake, including operations that would require the operator to have his or her hands in the die area. (William Switalski Deposition, Appendix Exhibit L, p. 138; Gary Hutter Deposition, Appendix Exhibit J, p 149)

9.  Admitted in part and denied in part.  It is admitted that Plaintiff is not aware of any injury which occurred through Avco Lycoming's use of the press brake.  It is unknown to the Plaintiff as to what information the Defendant has relating to any injury which may have occurred by Avco Lycoming's use of the press brake.  The records and documentation of this machine are not complete and there is no evidence as to any type of record keeping process supplied to the Plaintiff as it relates to the occurrence or nonoccurrence of injuries.  (Anthony Robert Mase Deposition, Appendix Exhibit I, pp. 214-215).

10.  Admitted.

11.  Admitted in part and denied in part.  It is admitted that Corry Manufacturing purchased the press brake and developed a two-palm button station for the press brake that requires both hands to be placed on the activation switch.  It is denied that any two-palm button switch is able to insure that the operator does not have either hand at the point of operation (Dennis Cloutier Deposition, Appendix Exhibit K, pp. 127-128; Ralph Barnett Deposition, Appendix Exhibit B p. 126).

12.  Denied as stated.  In order for the two-palm button switch to have prevented the accident from occurring, the two-palm button switch would have to be set up properly and would have to be protected from other individuals initiating the operation of the machine while the Plaintiff had her hand in said machine. (Ralph Barnett Deposition, Appendix Exhibit B, pp. 126-128; Gary Dietz Deposition, Appendix Exhibit M, p. 46; Dave Phillips Deposition, Appendix Exhibit G, p. 137).

13.  Denied.  The co-workers of Plaintiff specifically indicate that the two-palm button switch selection was to be made by a supervisor.  (Gary Merkel Deposition, Appendix Exhibit D, p. 111).  Moreover, Plaintiff was unaware of the fact that a pedestal containing a two-palm button switch existed for utilization with the machine.   (Tina Lindquist Deposition,

Appendix Exhibit H, p. 37). Experts in this matter specifically testified that the set-up person or supervisory person is the appropriate person to make the selection as to whether to utilize a foot control or a two-palm button switch. (William Switalski Deposition, Appendix Exhibit L, pp. 146-147).

14.   Denied. According to ANSI B11.3-1973, section 4.2.4.2.4, the foot control shall be protected so as to inhibit accidental activation by falling or moving objects, or by someone stepping on it. (ANSI B11.3-1973, section 4.2.4.2.4, Appendix Exhibit CC). At the time of the manufacture of the press brake, gated foot controls existed that would prevent or substantially inhibit the likelihood of inadvertent activation. (Dennis Cloutier Deposition, Appendix Exhibit K, p. 36). The inclusion of the gated foot control would have prevented this accident. (Affidavit of Ralph Barnett, Appendix Exhibit A). Moreover, compliance with the appropriate standards is not admissible evidence regarding a defect in a product liability case. Lewis v. Goffing Hoist Division, 528 A.2d 590 (Pa. 1987).

15.   Admitted.

16.   Admitted in part and denied in part. It is admitted that a HOOD (hands out of die) label was affixed to the front of the press brake facing the operator at the time of the accident. It is denied that such indication was a warning specifically designed for the operator.

17.   Admitted in part and denied in part. It is admitted that the Plaintiff is not claiming that the warnings and instructions were deficient. However, the Plaintiff does not contend that the warnings and instructions were appropriate. To the extent the Defendant is claiming that said warning on the machine is sufficient to ensure that the operator is utilizing HOOD, Plaintiff respectfully disputes such claim.

18.   Admitted in part and denied in part. It is admitted that the accident occurred when the Plaintiff's hands were under the ram within the die area. The insinuation that Plaintiff intentionally operated the machine while her hands were under the ram and within the die area is denied. The record in this case indicates that the operation of the machine was by inadvertent activation of the machine when the Plaintiff's foot accidentally activated the foot control. (Dennis Cloutier Deposition, Appendix Exhibit K, p. 154; Gary Hutter, Appendix Exhibit J, p.99).

19.   Admitted.

20.   Denied. Both the Defendant's and Plaintiff's experts have indicated that the press brake was activated through inadvertent activation of the press brake by utilization of foot

control. (Dennis Cloutier Deposition, Appendix Exhibit K, p. 154; Ralph Barnett Report, Appendix Exhibit P).

21. Admitted in part and denied in part. The Plaintiff does not recall her foot slipping into the foot control accidentally. (Tina Lindquist Deposition, Appendix Exhibit H, P. 152). However, Plaintiff has indicated that immediately prior to inadvertent operation of the machine, her foot was outside of the foot control. (Tina Lindquist Deposition, Appendix Exhibit H, p. 140). The undisputed evidence in this case is that the machine operated at that time through inadvertent activation of the foot control. (Dennis Cloutier Deposition, Appendix Exhibit K, p. 154; Ralph Barnett Report, Appendix Exhibit P).

22. Admitted in part and denied in part. It is admitted that the press brake did not malfunction. It is denied that the press brake was intended to perform through inadvertent activation by the foot control.

23. Admitted.

24. Admitted in part and denied in part. It is admitted that if Plaintiff's fingers had never been in the ram or die area, the injuries would not have occurred. It is denied that the instructions to never place any part of your body under the ram or within the die area were directed to Plaintiff as opposed to an indication to utilize the HOOD method of operator protection. Specifically, the record indicates that Heim was aware that its machine would be utilized in such a manner where operators would place their hands within the die area at various times. (Gary Hutter Deposition, Appendix Exhibit J, p. 149; William Switalski Deposition, Appendix Exhibit L, p. 138). Moreover, maintenance and set-up personnel were required to place their hands in the die area. (William Switalski Deposition, Appendix Exhibit L, pp. 137-138). The HOOD method of operator protection provides additional dangers that could cause injury. (Ralph Barnett Report, Appendix Exhibit P).

25. Denied. An accident still could have occurred, although Plaintiff would not have been injured in the same exact manner. (Dennis Cloutier Deposition, Appendix Exhibit K, pp. 127-128).

26. Admitted in part and denied in part. It is admitted the precise manner in which Plaintiff's accident occurred would not have occurred had Plaintiff's employer installed the appropriate point of operation safety device. However, it is denied that the appropriate point of operation safety device would prevent injury in all situations where there was inadvertent activation. The record clearly reflects that it is never safe and never good to have a press brake where there is a

capability of inadvertent activation of the press brake. (Dennis Cloutier, Appendix Exhibit K, p. 198).

27. Denied. The Plaintiff's placement of the foot control in conjunction with her use of the machine at the time of the accident was safe, and there was no fault on the part of the Plaintiff with regard to placement of the foot control at the time of operation of the machine. (William Switalski Deposition, Appendix Exhibit L, p. 140; Gary Hutter Deposition, appendix Exhibit J p.157).

28. It is admitted that Plaintiff's claim is that of a design defect in that the foot control supplied as standard equipment with the Heim press brake failed to include a gated foot control.

29. Admitted.

30. Admitted in part and denied in part. It is admitted that the foot control the Plaintiff was using at the time of her accident was discarded sometime after an inspection had taken place. It is denied that such foot control was lost or discarded prior to the Defendant Heim having the opportunity to examine the press brake as Plaintiff first provided notice of a potential claim via Certified Mail sent October 27, 2003. (October 27, 2003 Letter, Appendix Exhibit W).

31. Admitted.

32. Admitted.

33. Admitted in part and denied in part. It is admitted that no evidence exists that the foot control Plaintiff was using at time of accident was the exact same foot control originally sold by Heim with the press brake. However, the foot control utilized by the Plaintiff at the time of the accident was the same make and model of foot control provided by Heim with the press brake at the time of sale to HB Machinery in 1978. (Affidavit of Ralph Barnett, Appendix Exhibit A.)

34. Admitted in part and denied in part. It is admitted that Plaintiff does not have personal knowledge as to whether or not the foot control she was utilizing on the date of the accident was the exact same foot control that accompanied the press brake in 1978. However, the foot control that the Plaintiff was using at the time of the accident had the same design defect as the foot control sold by Heim with the original sale: the foot control did not have a gate. (Tina Lindquist Deposition, Appendix Exhibit H, p.89).

35. Denied. The only record Defendant is able to provide on this issue is the drawing referred to by Defendant in number 35

of its statement of facts. Defendant has indicated that the significance of this document has not been determined. (Answers to Plaintiff's Interrogatories-Second Set and Request for Production of Documents-Second Request, Appendix Exhibit X).

36. It is admitted that the model 532-SWH Linemaster foot control does not contain the anti-trip mechanism which is contained in the model 511-B Linemaster, nor does it contain the gated cover. (1977 Linemaster Catalog, Appendix Exhibit Y, p. 8; Ralph Barnett Deposition, Appendix Exhibit B, p. 92; William Switalski Expert Report, Appendix Exhibit Z; Heim Instructions and Parts Book, Appendix Exhibit Q).

37. Admitted.

38. Admitted and Denied. It is admitted that the expert report of Plaintiff's expert, Ralph Barnett, mistakenly indicated that the foot switch that accompanied the original sale was a Linemaster 532-SWH. However, the description of the foot control contained in the same report described a Linemaster 511-B. This issued was clarified during the discovery deposition. The model number placed in the report was not an accurate model number. (Ralph Barnett Deposition, Appendix Exhibit B, p. 81, pp. 86-89; Affidavit of Ralph Barnett, Appendix Exhibit A, Report of Ralph Barnett, Appendix Exhibit P).

39. Admitted in part and denied in part. It is admitted that the Plaintiff cannot provide any evidence that the exact model 511 foot control used by the Plaintiff at time of the accident was sold by Heim with the press brake in 1978. However, the model and type of foot control provided with the press brake at the time of the sale in 1978 was a Linemaster model 511. (Ralph Barnett Deposition, Appendix Exhibit B, pp. 73-74; Affidavit of Ralph Barnett, Appendix Exhibit A).

40. Denied. Please see number 39.

41. Admitted in part and denied in part. It is admitted that no evidence exists that the foot control sold in 1978 was the exact same unit when purchased at auction. However, the foot control utilized by Plaintiff at time of her accident was same make and model of foot control that was provided at the time of the original sale of the machine by Heim.

42. It is admitted that there have been various references to the foot control as being yellow and/or orange.

43. Admitted.

44. Admitted.

45. Denied. The foot switch was on the press brake when it arrived at Corry Manufacturing. (Kevin Messinger Deposition, Appendix Exhibit C., p. 25-26); (Jan Oviat Deposition, Appendix Exhibit N, p. 14).

46. Admitted in part and denied in part. It is admitted that Jan Oviatt believes what he testified to. The substance of his testimony is denied. Evidence exists showing that the press brake came to Corry with the original foot controls that Heim sold with the press brake in 1978. (Kevin Messinger Deposition, Appendix Exhibit C., p. 25-26).

47. Denied. Professor Barnett indicates that riding the pedal is the most prevalent cause of accidental activation of power presses, not press brakes. (Ralph Barnett Deposition, Appendix Exhibit B, p. 137).

48. Admitted. However, Plaintiff was not riding the pedal at the time of her injury. (Tina Lindquist Depo., Appendix Exhibit H, pp. 140, 142; Affidavit of Tina Lindquist, Appendix Exhibit S; Ralph Barnett Depo., Appendix Exhibit B, pp. 52, 180, 210, 235-236).

49. Admitted in part and denied in part. It is admitted that if you are riding the pedal that you have intentionally bypassed the gate. It is denied that a gate is irrelevant to the issue of riding the pedal as set forth in the preceding paragraph.

50. Admitted.

51. Denied. The evidence and Tina Lindquist's testimony indicate that immediately prior to the inadvertent activation of the foot control, her foot was outside of the foot control. (Tina Lindquist deposition, Appendix Exhibit H, p. 140; Ralph Barnett Deposition, Appendix Exhibit B, p. 210). Further, there is no dispute that the accident was caused by inadvertent activation of the foot control. (Dennis Cloutier Deposition, Appendix Exhibit K, p. 154; Gary Hutter Deposition, Appendix Exhibit J, p. 99). The basic design characteristics of the foot control utilized in the machine at the time of this accident require items (b) – (e) above to have occurred.

52. Denied. Please see number 51.

53. Denied. Please see number 51.

54. Denied. Please see number 51.

55. Denied. Plaintiff does not have a specific recollection of her foot accidentally entering the foot control. However, the evidence of this case clearly shows that immediately

prior to the accident, the Plaintiff's foot was outside of the foot control completely. (Tina Lindquist Deposition, Appendix H, p. 140; Ralph Barnett Deposition, Appendix Exhibit B, p. 210). The press was operated through inadvertent activation of the foot control the Plaintiff. (Dennis Cloutier Deposition, Appendix Exhibit K, p. 154; Gary Hutter Deposition, Appendix Exhibit J, p. 99).

56. Admitted in part, denied in part. It is admitted that Joel Nichols testified as stated. The inference that sitting at the time of the accident was improper or misuse is specifically countered by Defendant's expert testimony, which indicates that Plaintiff is not at fault due to sitting. (Dennis Cloutier Deposition. Appendix Exhibit K, p. 150-160).

57. Admitted.

58. Denied. Plaintiff's expert indicates that an unguarded foot pedal is never safe with a general purpose press brake. (Ralph Barnett Deposition, Appendix Exhibit B, p. 244)

59. Admitted in part and denied in part. It is admitted that press brakes use may include OSHA-required point of operation safety devices. The inference that the only intended use of a press brake is use with an OSHA point of operation safety devices is specifically denied. It is known and foreseeable that press brakes will be operated and maintained without the use of proper point of operation protection. (Affidavit of Ralph Barnett, Appendix Exhibit A).

60. Admitted in part and denied in part. It is admitted that an employer is to install appropriate point of operation devices. The remainder of the allegations of this paragraph are denied. It is the manufacturer's responsibility to provide and supply the appropriate foot switch control. (Ralph Barnett Depo. Appendix Exhibit B, pp. 119-120).

61. Admitted.

62. Admitted.

63. Denied as stated. Plaintiff's expert indicates that it is reasonably foreseeable to manufacturers of press brakes that press brakes may be used without point of operation protection. (Affidavit of Ralph Barnett, Appendix Exhibit A.)

64. Admitted in part and denied in part. It is admitted that the use of a press brake without point of operation protection constitutes a misuse. However, it is reasonably foreseeable to manufacturers of press brakes that press brakes will be operated and maintained without the use of proper point

of operation protection.  (Affidavit of Ralph Barnett, Appendix Exhibit A).

65.  Denied.  An unguarded foot pedal is never safe with a general purpose press brake.  (Ralph Barnett Deposition, Appendix Exhibit B, p. 244).  The failure by Heim to provide a gated foot switch rendered the press brake defective.  (Affidavit of Ralph Barnett, Appendix Exhibit A).

DALLAS W. HARTMAN, P.C.


/s/ Dallas W. Hartman
Attorneys for Plaintiff

Dallas W. Hartman, Esq.
Attorney I.D. No. 41649

Raymond J. Conlon, Esq.
Attorney I.D. No. 49495

2815 Wilmington Road
New Castle, PA  16105
(724) 652-4081

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. Steel Tower, Suite 4850
Pittsburgh, PA  15219

Attorney for DEFENDANT

                                            DALLAS W. HARTMAN, P.C.

DATE: <u>05/22/06</u>

                                        <u>/s/ Dallas W. Hartman</u>
                                        Attorneys for Plaintiff

                                        Dallas W. Hartman, Esq.
                                        Attorney I.D. No. 41649

                                        Raymond J. Conlon, Esq.
                                        Attorney I.D. No. 49495

                                        2815 Wilmington Road
                                        New Castle, PA  16105
                                        (724) 652-4081