# EXHIBIT "R"

PURCHASE ORDER

# THE H-B MACHINERY CO.

*Precision Machine Tools*

77 FISHERY STREET
P O BOX 445
HARTFORD, CONN. 06101
Area Code 203 249-7679

| PURCHASE ORDER NUMBER |
|---|
| No. L-_4 |
| The above order number must appear on all invoices, packages and correspondence. |

TO:

Heim Corporation
Frankfort, Illinois  60423

#2176

SHIP TO:  H-B   (unless otherwise specified below)

Avco Lycoming Division
550 South Main St.
Stratford, Conn.  06497

PO #A-657225

| March 31, 1978 | DELIVERY REQUIRED<br>As soon as possible | SHIP VIA<br>Spector Motor Freight | |
|---|---|---|---|
| QUANTITY | DESCRIPTION | | AMOUNT |
| 1 | Heim Model 70-6 Press Brake 70 ton 3" stroke wired 3/60/440 | | $12,230.00 |
| 1 | Front operated back gauge | | 935.00 |
| | Confirms phone agreement with F. Tower. | | |

Acknowledge promptly if you are unable to ship complete by date specified

BY Irving S. Blumenthal

# HEIM CORP.

**ACKNOWLEDGEMENT**

FRANKFORT, ILL. 60423          P. O. BOX R

815-469-2335

## ASSEMBLY ORDER FOR PRESS BRAKE 2176    week of:

Date Rec'd _4/21/73_ MODEL NO. _70-6_ SERIAL NO. _2178_ DUE DATE _9/18/73_

SOLD TO: _H-B MACHINERY CO._ P.O. NO. _9456_

SHIP TO: _AVCO LYCOMING DIVISION, 550 South Main St., Stratford, Conn. 06497_

### PRESS BRAKE TO INCLUDE:

| BASE PRICE | Specification | Price 12230 | | Specification | Price | | Specification | Price |
|---|---|---|---|---|---|---|---|---|
| STROKE | 3" | | RAM INDICATOR | YES | | COUNTER-BALANCE | NO | |
| SHUT HEIGHT | 12" | | RAM POWER | YES | | RAM MACHINE FOR ANGLES | NO | |
| MOTOR HP | 5 | | HORN EXT RIGHT | NO | | BED MACHINE FOR ANGLES | NO | |
| MOTOR RPM | 3600 | | LEFT | NO | | | | |
| | | | LUBRICATION: ONE SHOT | YES | | WELDED ANGLES | NO | |
| MOTOR FRAME | | | AUTOMATIC | NO | | PERMANENT FLANGED BED | NO | |
| V-BELTS | | | TRU-KON-TROL PRESS BRAKE | YES | | | | |
| V-PULLEY | | | TRU-KON-TROL PUNCH PRESS | NO | | PERMANENT FLANGED RAM | NO | |
| STARTER: STD. | YES | | PALM BUTTONS | NO | | CAST BRACKET | NO | |
| REV. | NO | | | | | BOLSTER PLATE | NO | |
| | | | FOOT SWITCH | YES | | | | |
| VOLTAGE | 440 V | | BACK GAUGE, FRONT OPER MANUAL | YES | 935 | DIE BLOCK | YES | |
| | | | POWER | NO | | PAINT | STD. | |

### OPTIONAL EQUIPMENT:
### THIS ORDER IS SUBJECT TO CANCELLATION CHARGES.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

REMARKS

This _____ r is accepted subject to the right of the purchaser to cancel the same at any time prior to shipment upon written notice to this company of such cancellation and payment of a cancellation charge of twenty per cent of the total amount of the order  If such notice is received within fifteen days from the date of the order, such cancellation charge will be waived

Date Completed _____ By _____ Date Shipped _____ By _____

Code:  MA=Machine for angles    H=Horn Press    PF=Permanent Flange



# HEIM CORP.


ACKNOWLEDGEMENT

FRANKFORT, ILL. 60423          P. O. BOX R

815-469-2335

## ASSEMBLY ORDER FOR PRESS BRAKE 2176 (w)m

Date Rec'd __4/21/73__    MODEL NO. __70-6__    SERIAL NO. __2175__    DUE DATE __5/18/73__    Week of:

SOLD TO: __H-B MACHINERY CO.__    P.O. NO. __9456__

SHIP TO: __AVCO LYCOMING DIVISION, 550 South Main St., Stratford, Conn. 06497__

### PRESS BRAKE TO INCLUDE:

| BASE PRICE | Specification | | Specification | | | Specification |
|---|---|---|---|---|---|---|
| STROKE | 3" | RAM INDICATOR | YES | COUNTER-BALANCE | NO |
| SHUT HEIGHT | 12" | RAM POWER | YES | RAM MACHINE FOR ANGLES | NO |
| MOTOR HP | 5 | HORN EXT. RIGHT | NO | BED MACHINE FOR ANGLES | NO |
| | | LEFT | NO | | |
| MOTOR RPM | 3600 | LUBRICATION: | | WELDED ANGLES | NO |
| | | ONE SHOT | YES | | |
| MOTOR FRAME | | AUTOMATIC | NO | PERMANENT FLANGED BED | NO |
| V-BELTS | | TRU-KON-TROL PRESS BRAKE | YES | PERMANENT FLANGED RAM | NO |
| JLLEY | | TRU-KON-TROL PUNCH PRESS | NO | CAST BRACKET | NO |
| STARTER: STD | YES | PALM BUTTONS | NO | BOLSTER PLATE | NO |
| REV. | NO | | | | |
| | | FOOT SWITCH | YES | DIE BLOCK | YES |
| VOLTAGE | 440 V | BACK GAUGE, FRONT OPER MANUAL | YES | | |
| | | POWER | NO | PAINT | STD. |

### OPTIONAL EQUIPMENT:

### THIS ORDER IS SUBJECT TO CANCELLATION CHARGES.

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

REMARKS

This order is accepted subject to the right of the purchaser to cancel the same at any time prior to shipment upon written notice to this company of such ca... tion and payment of a cancellation charge of twenty per cent of the total amount of the order If such notice is received within fifteen days from the dat... the order, such cancellation charge will be waived

Date Completed _____ By _____ Date Shipped _____ By _____

Code:  MA=Machine for angles    H=Horn Press    PF=Permanent Flange

PURCHASING/SHOP ORDER

POST-*kwik* PK100R-3    R EPLY MESSAGE

RECEIVED

SEP - 4 1979

**TO**

Heim Corp.
PO Box R
Frankfort, Illinois  60423

ATT: E. Tower

THE H-B MACHINERY COMPANY
P.O. BOX 445    77 FISHFRY STREET
HARTFORD, CONN  06101
PHONE: AREA CODE 203. 249-7679

SUBJECT: Heim Invoice #2896  of 2/27/79

DATE: August 31, 1979

Dear Forest:

At long last Avco Lycoming was ready for start up of the Heim 70-6 Press on the above invoice.  Joe Toffolon went in upon their call that they were ready.

It was discovered that you never shipped the Manual Front Operated Back Gauge although it appears on the invoice as if you had shipped and we paid you the invoice on time as we had promised when originally placing the order with you.

When Joe call Heim, he was told that while Avco was following up on delivery they had called Heim direct.  Someone at Heim said you could ship, but without the back gauge, and the story is that Avco said ok.  However, nothing is written or documented, you charged the gauge on the invoice as if it had been shipped, and if it is true that you have some record of this conversation, and you knew you did not ship the back gauge,

WHY have you waited all this time and never shipped it.

The bottom line is the customer is without a back gauge for which we paid you.
They should have checked the shipment, but assumed everything was there, and they are so far behind in installing new equipment, that it took until now to start the press.

Therefore, we trust you will proceed to ship the Manual Front Operated Back Gauge as follows:

**SHIP TO:**  Avco Lycoming Division
550 South Main St.
Stratford, Conn.  06497
PO #A-657225

Also, we trust you will send a man to install the back gauge.

Your prompt reply will be appreciated.

*Irv*
Irv Blumenthal

DATE:                    SIGNED:

DETACH YELLOW COPY — SEND WHITE AND PINK COPIES WITH CARBONS INTACT

FORM NO. PK100R-3
AVAILABLE FROM BUSINESS ENVELOPE MANUFACTURERS, INC • PEARL RIVER, N.Y. • BRONX, N.Y. • CLINTON, TENN. • ANAHEIM, CALIF

PRINTED IN U.S.A.
LOT 31542

THIS COPY FOR PERSON ADDRESSED

# HEIM CORP.

**FRANKFORT, ILL. 60423**

**P. O. BOX R**

815-469-2335

**INVOICE NO.**

2996

| SOLD TO | SHIP TO |
|---|---|
| H-B Machinery Co.<br>P.O. Box 445<br>Hartford, Conn.  06101 | Avco Lycoming Division<br>550 S. Main St.<br>Stratford, Conn.  06497<br><br>A - 657225 |

**F.O.B. FRANKFORT, ILL.**

**TERMS: NET 30 DAYS**

| DATE OF INVOICE | YOUR ORDER NO | DATE SHIPPED | SHIPPED VIA |
|---|---|---|---|
| 2-27-79 | 9456 | 2 27-79 | W.L. Murphy |

| QTY. | DESCRIPTION | EA. | TOTAL | DISC. | NET |
|---|---|---|---|---|---|
| 1 | HEIM SINGLE CRANK PRESS<br>Model #70-6    Serial #2176<br><br>OPTIONAL EQUIPMENT<br>Manual Front OPERATED Back Gauge | 935.00 | 12,230.00<br><br><br>935.00<br><br>13,165.00 | 15% | $ 11,190.25 |

Goods cannot be returned for credit or exchange without our permission
We are not responsible for damage of goods in transit. Our responsibility ceases when goods are delivered to carriers and receipted for in good order.
This is to certify the merchandise in this invoice has been produced in accordance with applicable Federal and State Labor Laws.
This order is accepted subject to the right of the purchaser to cancel the same at any time prior to shipment upon written notice to this company of such
cancellation and payment of a cancellation charge of twenty per cent of the total amount of the order If such notice is received within fifteen days from the
date of the order, such cancellation charge will be waived.

SERIAL NUMBER

# EXHIBIT "S"

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA LINDQUIST | : | NO. 04-249E |
| Plaintiff, | : | |
| | : | JUDGE BAXTER |
| v. | : | |
| | : | |
| HEIM, L.P. | : | |
| Defendant. | : | |

### AFFIDAVIT OF TINA LINDQUIST OSSA

I, Tina Lindquist Ossa hereby swear and affirm the following facts:

1. The machine depicted in photographs numbered three (3), twenty-nine (29), thirty-one (31), and thirty-two (32) are photos of the machine I was using at the time of the accident on September 25, 2002. However, the light curtain was not on the machine on at the time of the accident;

2. The foot pedal shown in photos three (3), twenty-nine (29), thirty-one (31), and thirty-two (32) are accurate photos of the foot pedal I was using at the time of my accident of September 25, 2002;

3. The photo attached to my deposition transcript as Exhibit C was the foot pedal I was using at the time of the accident on September 25, 2002; and

4. When performing the job I was doing on the date of my accident, I would completely remove my foot from the foot control after each cycle of the machine.

To these facts I attest.

Date: May 19, 2006

_Tina Lindquist - Ossa_
Tina Lindquist Ossa

On this 19th day of May, Two Thousand Six (2006) before me, personally appeared, **Tina Lindquist Ossa**, to me personally know and known to me to be the same person who executed the within Affidavit and she duly acknowledged to me that she executed the same.

_Notary Public_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
HEATHER A. MELHORN, Notary Public
Millcreek Township, Erie County
My Commission Expires Oct. 24, 2009

#3



#29



#31



#32









# EXHIBIT "T"





EXHIBIT

Burnett B
4-16-06   PW

# EXHIBIT "U"

# HEIM CORP.

FRANKFORT, ILL. 60423          P. O. BOX R.

815-469-2335

ACKNOWLEDGEMENT

## ASSEMBLY ORDER FOR PRESS BRAKE

| Date Recd. | MODEL NO. | SERIAL NO. | DUE DATE |
|---|---|---|---|

D TO: H & S MACHINE CO.                                    P.O. NO.

P TO: AYCO LYCOMING DIVISION   550 South Main St., Stratford, Conn.   06497

## PRESS BRAKE TO INCLUDE

| | Specification | | Specification | | Specification |
|---|---|---|---|---|---|
| ASE PRICE | | RAM INDICATOR | YES | COUNTER BALANCE | NO |
| TOKE | 3 | RAM POWER | YES | RAM MACHINE FOR ANGLES | NO |
| OF HEIGHT | 12 | | | | |
| OR HP | | HORIZ. EXT. RIGHT | | BED MACHINE FOR ANGLES | |
| | | LEFT | NO | | |
| MORISM | | LUBRICATION ONE SHOT | YES | WELDED ANGLES | |
| OR FRAME | | AUTOMATIC | | PERMANENT FLANGED BED | |
| | | RU-KONTROL PRESS BRAKE | YES | PERMANENT FLANGED RAM | NO |
| | | TRI-KONTROL PUNCH PRESS | NO | | |
| UTILITY | | | | CAST BRACKET | |
| ARTER STD | YES | PALM BUTTONS | NO | BOLSTER PLATE | |
| REV | NO | | | | |
| | | FOOT SWITCH | YES | DIE BLOCK | YES |
| TAGE | | BACK GAUGE FRONT | | | |
| | | OPER. MANUAL POWER | NO | PAINT | STD |

## OPTIONAL EQUIPMENT

THIS SHEET IS SUBJECT TO CANCELLATION CHARGES

MARKS

This order is accepted subject to the right of the purchaser to cancel the same at any time prior to shipment upon written notice to this company of such cancellation and payment of a cancellation charge of twenty per cent of the total amount of the order. If such notice is received within fifteen days from the date of the order such cancellation charge will be waived.

Completed _____ By _____ Date Shipped _____ By _____

ict: MA=Machine for angles    H=Horn Press    PF=Permanent Flange

## INSPECTION SHEET PRESS BRAKE

| Date | | Model No. 70-6 | | | Serial No. 2176 | | |
|------|---|---|---|---|---|---|---|
| Item | Check | Spec./Comment | OK By | Objection | Correction | OK | By |
| Stroke | Dim. inches | 3" | BT | | | | |
| Shut Height | Ram to bed strk dn-adj. up | 12" | BT | | | | |
| Strokes/minute | Actual count | 25 strokes | BT | | | | |
| Flywheel | Exact dia. and thickness | 24" ±3½" | BT | ✓ | OK by Wally + B Ramsey | | |
| Flywheel Rotation | Clockwise/counterclockwise | c.c.w. | BT | | | | |
| V-Belts | Section size and length | B-85 | BT | | | | |
| V-Pulley | O.D. and bore | 4460-80 | BT | | | | |
| Ram Adj. Up | Actual ram indicator reading | #.0180 | CAB | ✓ | | | |
| Ram Adj. Down | Actual ram indicator reading | 6.500" | BT | ✓ | | | |
| Ram and Bed Alignment | Clamp bar on each end bring ram down and measure | L.5, 5⅟16  R.5⅟16, 5⅟16 | CAB | | | | |
| Lubricator | Make and size | Bijur one shot | BT | | | | |
| Lube Type | Kind of oil or grease used | Lubricant H | BT | | | | |
| Oil Meters (Ram Guides) | Actual size | #1 | BT | | | | |
| Oil Meters (Conn. Rods) | Actual size | #3 | BT | | | | |
| Meters (Main Brngs) | Actual size | #2 | BT | | | | |
| Oil Lines | Purged and fittings tight | ok | BT | | | | |
| C'bal Cylinders | Bore and stroke | NA | BT | | | | |
| C'bal Cyl. Bar | Size and length | NA | BT | | | | |
| C'bal Cyl. P.S.I. | Press. req'd to take up ram | NA | BT | | | | |
| C'bal Pressure Sw. | P.S.I. set @ | NA | | | | | |
| Main Pressure Sw. | P.S.I. set @ | 72 PSI | | | | | |
| Clutch Hub | Bore & thickness | 2⅛ ±3" | BT | | | | |
| Clutch Hub Lock | Type and tightness | Nut & Lock Ring | BT | | | | |
| Clutch Plates | Quantity and size | 3 plate | BT | | | | |
| Clutch Shims | Quantity and thickness | 2 per pin | BT | | | | |
| Clutch Operation | Friction and heat | OK | BT | ✓ | | | |
| Brake Hub | Shape, bore and thickness | 3" x 2⅛" | BT | | | | |
| Brake Disc | Bolts, runout and concentricity | 3 bolts | BT | | | | |
| Brake Caliper(s) | Quantity bolts and run out | one | BT | | | | |
| ...ber Mtg. Bolts | Dia. length and head clearnce | 1"x9; ½ clearnce | BT | | | | |
| Die Block | Position in groove and size | standard | BT | | | | |
| Horn Extension(s) | Length and R and/or L | No | BT | | | | |

| Item | Check | Spec./Comment | OK | By | Objection | Correction | OK | By |
|------|-------|---------------|----|----|-----------|------------|----|----|
| Operat. Back Ga. | Type required | | | | Back Ordered | | | |
| Machine For Angles | Bed and/or ram | N c | | | | | | |
| Motor H.P. and RPM | From nameplate | 5HP; 3495 | | | | | | |
| Motor Volt and Frequency | From nameplate | 220-440 | | | | | | |
| Motor Starter | Make size and type | | | | | | | |
| Heater Relays | Size Number | 6737 | | | | | | |
| Circuit Breaker | Make, amps and volt rating | 15A 600V | | | | | | |
| Press Controls | Quantity and type of oper. stations | 1 dupla | | | | | | |
| Press Control Specs | Location and type of con-nection | Floor | | | | | | |
| Motor Wiring | Wire size | #14 | | | | | | |
| Motor Start-Up | Time req'd for full flywheel rpm | 7 seconds | | | | | | |
| Elect. Dwg. Used | Dwg. number and date | D-7607 | | | | | | |
| Cams | Setting all modes and rotation | | | | | | | |
| Lube Cycle | Actual time and oil amount | 0.50 | | | | | | |
| in Bearings Clearance | Jack up ram with knuckle tight (loosen it after check) | .015 | | | | | | |
| Knuckle Clearance | Use feeler gauge & lock upper nut | .003 | | | | | | |

**Special Features and Notes**

**Left**

**Right**

Bottom  .000
Up  .000
Down  .000

.000
+.005
-.005

# EXHIBIT "V"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST,

        Plaintiff,

    vs.

HEIM, L.P.,

        Defendant.

Civil Action No.  04-249E

**JUDGE SEAN J. MCLAUGHLIN /
MAGISTRATE JUDGE SUSAN
PARADISE BAXTER**

PAUL R. ROBINSON, ESQUIRE
PA I.D. No. 65581

Meyer, Darragh, Buckler, Bebenek &
Eck, P.L.L.C.
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
(412) 261-6600

**ANSWERS TO PLAINTIFF'S INTERROGATORIES - SECOND SET AND
REQUEST FOR PRODUCTION OF DOCUMENTS - SECOND REQUEST**

AND NOW, comes the defendant, HEIM, L.P., through its attorneys, MEYER,
DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., serving their answers to plaintiff's
interrogatories - second set and request for production of documents - second request, as
follows:

    1.    Describe the relationship between HB Machinery Company and Heim, L.P.
and outline the criteria of the method of selection of HB Machinery Company as a
distributor including, but not limited to the following:

        (a)    date relationship began;

(b)    date relationship ended;

(c)    number of press brakes sold;

(d)    contact person at HB Machinery Company that communicated with Heim, L.P. with regard to sales of machinery;

(e)    the person at Heim, L.P. that was responsible for maintaining HP Machinery Company as a distributor.

**ANSWER:**    *Objection. This interrogatory is vague and ambiguous. Heim did not select HB Machinery as a distributor. The sales file for the Model 70-6 press brake reveals that HB Machinery Co. was a company with whom Avco Lycoming contracted a particular machine, and that HB Machinery contracted with Heim to purchase the Model 70-6 press brake at issue which HB Machinery requested Heim to ship to Avco Lycoming.*

2.    Produce any and all documents evidencing the relationship between HB Machinery Company and Heim, L.P.

**ANSWER:**    *Heim is unaware of any agreements or documents concerning the relationship between Heim and HB Machinery Company at the time of the 1978 sale at issue other than the sales file for the Model 70-6 press brake at issue which has been produced, which file contains documents evidencing the purchase and sale relationship which existed between HB Machinery Company and Heim for this particular press brake.*

3.    Produce any and all documents outlining the agreements between Heim, L.P. and/or distributors and/or franchises utilized during the period from 1970 through 1980.

**ANSWER:**    *Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. This request would require yet another search of all sales files between 1970 and 1980 and the production of documents relating to the sale of our presses and press brakes. Without waiving these objections, Heim is not a franchisor and therefore has no franchisees. Heim has, throughout the time period requested, sold press brakes to distributors who have purchased press brakes for ultimate shipment to third parties, similar to the sale of the Model 70-6 press brake at issue which was sold to HB Machinery Co., L.P. and shipped to Avco Lycoming pursuant to the*

P0748453 1

*request of HB Machinery Co. Please see the deposition transcript of Tony Mase wherein this matter was inquired into at length by the plaintiff.*

4. Describe the specifications for the foot pedal that was supplied with the subject machine and the specifications for subsequent foot pedals made available by Heim, L.P. with the sale of press brakes.

**ANSWER:** *Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Heim has searched its records to determine if any drawings or specifications exist with regard to the foot pedal that was supplied with the Model 70-6 press brake at issue. The attached drawing may be a drawing for the foot switch supplied with the press brake at issue, considering the date of the drawing, but Heim has no ability of verifying this.*

5. Produce any and all specifications, drawings, sketches and/or diagrams of foot pedals made available by Heim, L.P. with its press brakes for the period from 1970 through 2000.

**ANSWER:** *Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Please see answer to interrogatory number 6.*

6. Produce any and all specifications, drawings, sketches and/or diagrams relating to said foot pedals.

**ANSWER:** *Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Please see answer to interrogatory number 6.*

7. In the event defendant, Heim, L.P., did not manufacture said foot pedals, identify all vendors from whom Heim, L.P. purchased said foot pedals for brake presses for he period from 1970 through 2000.

**ANSWER:** *Objection. The plaintiff is aware through the deposition of Heim's corporate designee, Tony Mase, that Heim did not manufacture the foot pedal which accompanied the Model 70-6 press brake at issue. The plaintiff's request for all vendors who have supplied foot pedals for press brakes from 1970 through 2000 is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence*

P0748453 1

*Without waiving these objections, the present supplier of foot pedals is LineMaster. Prior to purchasing foot pedals from LineMaster Switch Corp., Heim believes that foot pedals were purchased from Electro-Kenetics which was believed to be a dealer for LineMaster*

8.    Identify any and all modifications to the foot pedal from 1978 through the present.

**ANSWER:**    *Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Heim does not have information available to detail any and all modifications to the foot pedal on the Model 70-6 press brake subsequent to its sale to HB Machinery Co. in 1978. As the plaintiff is aware, it is unknown if the foot pedal which accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury was the foot pedal which accompanied the Model 70-6 press brake at the time of its sale. As plaintiff also is aware, the foot pedal which accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury has been discarded without notice to Heim.*

*Heim is aware from the depositions of Corry Manufacturing employees that the foot pedal which accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury had been designed and fabricated by Corry Manufacturing employees to permit the operation of the Model 70-6 press brake through use of either the foot pedal or the two-palm button switch which also accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury.*

9.    In the event any modification of the foot pedal that was supplied with press brakes in the period of 1970 through 2000 has taken place, please state in detail, the reasons for such change, alteration or modification.

**ANSWER:**    *Please see objections and answer to interrogatory number 8, which are incorporated by reference.*

10.    Please identify all distributors of Heim, L.P. products for the period from 1970 through 1980.

**ANSWER:**    *Objection. This request is overly broad, vague, and misleading through this use of the term "distributors of Heim, L.P." It furthermore is unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, as the*

P0748453 1

*plaintiff is aware through the corporate designee deposition of Tony Mase, Heim's business involves the sale of press brakes through distributors which are in the business of selling such press brakes and other components, including point of operation safety devices. As plaintiff is aware through the discovery taken to date, a company such as Avco Lycoming oftentimes will request a distributor of manufacturing equipment to provide it with the manufacturing equipment which that company desires to use in its operation. The distributor, in this case HB Machinery Co., then will supply its customer, in this case Avco Lycoming, with the equipment, and one means of obtaining that equipment is through purchasing it from manufacturers. The sales file for the Model 70-6 press brake at issue reveals that this typical sales scenario occurred with regard to the sale of the Model 70-6 press brake and that a distributor of manufacturing equipment, HB Machinery Co., appears to have contracted with Avco Lycoming to supply a press brake, and HB Machinery Co. then contracted with Heim to provide the press brake requested and which was shipped to Avco Lycoming.*

11.    Identify and provide all sales brochures, manuals and advertising materials relating to press brakes for the period from 1970 through the present.

**ANSWER:**    *Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, please see the instructions and parts manual which plaintiff obtained from Hildebrand Machinery which accompanied the Model 70-6 press brake at the time of Tina Lindquist's injury, and please see the attached brochures.*

12.    Identify the person or entity responsible for the content of the operator's manual for brake presses.

**ANSWER:**    *Objection. This request is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, and with regard to the instructions and parts manual supplied with the Model 70-6 press brake, Heim does not have information available to it to identify the persons responsible for the content of the Instructions and Parts Book for the Model 70-6 press brake sold in 1978 to HB Machinery Co. The Instructions and Parts Book for the particular press brake at issue indicates that it was compiled and written by Technical Graphics.*

13.    Identify where the operator's manuals were printed.

**ANSWER:**    *Please see objections and answers to interrogatory no. 12 which are incorporated.*

14.    Identify the person at Heim, L.P. responsible for review of the manual for changes and updates.

**ANSWER:**    *Please see objections and answers to interrogatory no. 12 which are incorporated.*

15.    Provide an original of the operator's manual that is applicable to the Heim 70-6 brake press.

**ANSWER:**    *The original of the operator's manual that was supplied with the Model 70-6 press brake is not in the possession of Heim and, instead, left the possession and control of Heim at the time of the sale of the Model 70-6 press brake at issue. Plaintiff's counsel previously advised Heim's counsel that plaintiff's counsel obtained a copy of the operator's manual from Corry Manufacturing and, following the request of Heim's counsel, plaintiff's counsel provided Heim's counsel with a copy of that operator's manual. The operator's manual produced by plaintiff's counsel is a copy of the owner's manual for the Model 70-6 press brake.*

16.    Please identify if any subsequent modification that has taken place to the manual included with press brakes. To the extent such alteration or change has taken place with regard to said manual, please provide a copy of the manual and identify the changes or modifications.

**ANSWER:**    *Objection. This interrogatory is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, please see a copy of the Instructions and Parts Book which is attached.*

17.    Identify the person(s) responsible for the design of the POINT OF OPERATION protection such as the foot pedal and/or the two palm button switch utilized by Heim, L.P. or made available in conjunction with the sale of Heim, L.P press brakes for the period of 1970 through 2000.

**ANSWER:**    *Objection. This interrogatory is overly broad, vague, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Heim did not design or manufacture the foot pedals which accompanied its press brakes, and a*

*two-palm button switch was not requested, and therefore not supplied, for the Model 70-6 press brake sold to HB Machinery Co.*

18. Provide any design engineering criteria utilized by the design engineers relating to the design and manufacture of press brakes as it relates to POINT OF OPERATION protection such as foot pedals or two palm button activation mechanism.

**ANSWER:** *Please see objection and answer to interrogatory number 17 which are incorporated by reference.*

19. Produce for inspection a representative sample of each model of foot pedal made available by Heim, L.P. in conjunction with the sale of its press brakes for the period of 1970 through the present.

**ANSWER:** *This request is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Heim does not possess representative samples of each foot pedal which accompanied the sale of its press brakes, including the foot pedal which accompanied the sale of the Model 70-6 press brake at issue.*

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

By:_____
PAUL R. ROBINSON, ESQUIRE
Attorney for Heim, L.P.
PA I.D. No. 65581

U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
(412) 261-6600

P0748453 1

**PROOF OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| ___X___ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |

at the following address:

> Dallas W. Hartman, Esquire
> Dallas W. Hartman P.C.
> 2815 Wilmington Road
> New Castle, PA 16105
> *(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date:___16 - 6___, 2005

PAUL R. ROBINSON, ESQUIRE

P0748453 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST,

        Plaintiff,

    vs.

HEIM, L.P.,

        Defendant.

Civil Action No:  04-249E

**JUDGE SEAN J. MCLAUGHLIN /
MAGISTRATE JUDGE SUSAN
PARADISE BAXTER**

PAUL R. ROBINSON, ESQUIRE
PA I.D. No. 65581

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
(412) 261-6600

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS - SECOND SET AND INTERROGATORIES - THIRD SET AND REQUEST FOR PRODUCTION OF DOCUMENTS - FOURTH REQUEST

AND NOW, comes the defendant, HEIM, L.P., by its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., serving it response to plaintiff's request for admissions - second set, interrogatories - third set, and request for production of documents - fourth request, as follows:

    1.    Defendant, Heim, L.P., manufactured the Product, the subject press brake involved in Plaintiff's accident.

\_\_\_\_\_X\_\_\_\_\_ ADMITTED        _____ DENIED

,

If request for Admission No. 1 is denied, identify the manufacturer of the subject press brake.

**ANSWER:**

2.    The press brake, manufactured by Defendant, reached Plaintiff without substantial change or alteration as when it left possession and control of the Defendant.

_____ ADMITTED                    _____ DENIED

If Defendant's response to request for Admission No. 2 is denied:

(a)    specifically identify each change or alteration.

(b)    specifically identify who or what made each change or alteration

(c)    was the change or alteration made with the knowledge of Defendant.

(d)    was the change or alteration made with the permission of Defendant.

(e)    did the change or alteration cause or contribute to the Accident described in Plaintiff's Complaint and if so, describe in detail how such change or alteration caused or contributed to the Accident.

**ANSWER:**    *Objection. This request is overly broad, vague, and unduly burdensome. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waving these objections, denied. Numerous alterations and changes to the press brake have been identified in discovery and are known by plaintiff's counsel to have been made to the press brake, including the addition of tooling and dies to make the press brake a usable completed product, the addition of a two-palm switch, changes relative to the wiring and connection of a foot pedal, etc. Please see the deposition transcripts of the employees of Corry Manufacturing, and the deposition transcript of Anthony R. Mase. Heim L.P. did not have knowledge of these changes or any other changes that may have occurred to the press brake while it was being used by Avco Lycoming and Corry Manufacturing for the twenty-four (24) years after it was sold and prior to this incident.*

3.    Operating the subject press brake with the operator in a seated position was foreseeable.

_____ ADMITTED            _____ DENIED

If Defendant denies request for Admission No. 3, state the following:

(a)    why it was not foreseeable that the press brake would be operated from a seated position; and

(b)    identify all research, survey, testing and/or customer information utilized by the defendant to determine foreseeable means of use, operation or operator positioning while operating the subject press brake.

**ANSWER:**    *Objection. This request is overly broad and vague, does not set forth adequate facts upon which such a hypothetical question can be answered, is argumentative and calls for speculation. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.*

4.    On September 25, 2002, Plaintiff used the press brake at the Corry Manufacturing facility for purposes for which it was intended when it was manufactured, sold and/or distributed by Defendant.

_____ ADMITTED            _____ DENIED

If Defendant denies request for Admission No. 4, identify the following:

(a)    the purpose for which the press brake was intended,

(b)    the reason why the use of the press brake by Plaintiff was not intended; and

(c)    identify all communications provided to purchasers of the press brake identifying the purpose for which the press brake is intended and Hazards associated with the use of the press brake in a manner not intended.

**ANSWER:**    *Objection. This interrogatory exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving this objection, denied. The plaintiff placed her hands inside the die area of the press brake which was an unintended use of the press brake. The plaintiff also disregarded the warnings and instructions contained on the press brake itself and in the Instructions and Parts Manual which was an unintended use of the press brake. Deposition testimony also has been obtained concerning*

*the plaintiff being warned shortly before this incident against sitting down in a chair while operating the press brake with a foot pedal. Please see the Instructions and Parts Manual, the deposition of Anthony R. Mase, the Corry Manufacturing employee depositions, and the warnings affixed to the press brake. By way of further response, this interrogatory requests expert information which is subject to and will be provided pursuant to the court's scheduling order.*

5.    Defendant has no knowledge, documents and/or information regarding the design, manufacture, testing and/or engineering analysis or criteria with regard to changes, modifications and/or alterations to the foot pedal and/or foot pedal controls for operation with press brakes

_____ ADMITTED        _____ DENIED

If Defendant denies request for Admission No. 5, please set forth what design engineering knowledge, testing, analysis and/or manufacturing documents are in possession of Defendant for the period of 1970 through the present regarding the above requests. Pursuant to this request, please attach a copy of same hereto.

**ANSWER:**    *Objection. This request is overly broad, vague, unduly burdensome, is argumentative, and requests information not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see the deposition testimony of Anthony R. Mase. Please also see the Instructions and Parts Manual, Heim, L.P.'s response to plaintiff's second set of discovery and request for production of documents, and the deposition transcript of the employees of Corry Manufacturing. By way of further response, discovery is continuing and this interrogatory requests expert information which is subject to and will be provided pursuant to the court's scheduling order.*

6.    Defendant has not undertaken any studies, tests or analysis with regard to the design, manufacture, development or utilization of the foot pedal as it relates to the operation of press brakes.

_____ ADMITTED        _____ DENIED

If Defendant denies request for Admission No. 6, please set forth and identify with specificity what testing, analysis and/or studies have been undertaken by Defendant regarding same.

**ANSWER:** *Objection. This request is overly broad and vague, and requests information not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, after reasonable investigation, Heim, L.P. does not have information within its possession to admit or deny this request relative to studies or tests regarding the design or manufacture of the foot pedal. The foot pedal which accompanied the sale of the press brake in 1978 was allowed to be discarded and the foot pedal was not designed or manufactured by Heim, L.P.*

     7    Defendant did not undertake any testing, studies, or research and development regarding the design and manufacture, sale or distribution of press brakes as it relates to the implementation of foot pedals in the use and operation of Defendant's press brake.

_____ ADMITTED                  _____ DENIED

     If Defendant denies request for Admission No 7, please set forth what design engineering criteria was utilized in the design and manufacture of press brakes as it relates to the implementation of foot pedals to and with Defendant's press brake

**ANSWER:** *Objection. This request is overly broad and vague, and requests information not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, after reasonable investigation, Heim, L.P. does not have information within its possession to admit or deny this request relative to studies or tests regarding the design or manufacture of the foot pedal at issue. The foot pedal which accompanied the sale of the press brake in 1978 was allowed to be discarded and the foot pedal was not designed or manufactured by Heim, L.P.*

     8.    Defendant did not undertake any research, testing and/or development regarding means to avoid or warn against possible damage, injuries and/or hazards associated with the operation of Defendant's press brakes as it relates to the implementation or use of foot pedals.

_____ ADMITTED                  _____ DENIED

     If Defendant denies request for Admission No 8, please set forth any and all research, testing and/or development regarding means to avoid or warn against possible

damage, injuries and/or hazards associated with the operation of the press brake in conjunction with the implementation and/or use of foot pedal

**ANSWER:**   *Objection.   This request is overly broad and vague.   The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see the Instructions and Parts Manual which was supplied with the press brake and which was affixed to the press brake at the time of this incident. Please also see the warnings affixed to the press brake itself.*

     9.     Defendant is unable to identify the supplier, manufacturer and/or distributor of the foot pedal used in conjunction with the press brake at the time of Plaintiff's accident

_____ ADMITTED         _____ DENIED

     If Defendant denies request for Admission No. 9, please provide any and all information, documents, or materials which identify the supplier, manufacturer and/or distributor of the foot pedal used with the subject press brake at the time of Plaintiff's accident.

**ANSWER:**   *Objection.   This request is argumentative   The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, the foot pedal which plaintiff was using at the time of this incident was allowed to be discarded.  Heim, L.P. has not at this time identified the manufacturer or distributor of the foot pedal which was attached to the press brake and two-palm button switch manufactured by Corry Manufacturing prior to this incident.  Please see the deposition transcripts of the Corry Manufacturing employees deposed by Heim, L.P.  Other entities, including Corry Manufacturing, Avco Lycoming, HB Machinery, or the auction company which sold the press brake to Corry Manufacturing may have information responsive to this request*

     10.     Defendant is unable to identify the supplier, manufacturer and/or distributor of the foot pedal which originally accompanied and/or was provided with the subject press brake at the time of its sale and/or distribution.

_____ ADMITTED         _____ DENIED

     If Defendant denies request for Admission No. 10, please provide any and all information, documents, or materials which identify the supplier, manufacturer and/or distributor of the foot pedal which accompanied the subject press brake at the time of its sale and/or distribution.

**ANSWER:** *Objection. This request is argumentative. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, Heim, L.P. cannot with certainty identify the manufacturer or distributor of the foot pedal which was sold with the press brake in 1978 to H.B. Machinery for Avco Lycoming's use. Heim, L.P. has provided the plaintiff with a Heim drawing of a foot pedal which would have been used by Heim in its business but Heim, L.P. has no ability to verify that the foot pedal identified in the drawing accompanied the sale of this press brake in 1978, considering the age of the product and the unavailability of the foot pedal. Heim, L.P. also has identified in its answers to plaintiff's second set of discovery the present and previous suppliers of foot pedals as LineMaster and Electro-Kenetics. Discovery is continuing on this issue.*

       11    The Defendant has no knowledge, documents and/or information regarding the manufacturer, distributor and/or suppliers of foot pedals which accompanied or were provided with press brakes manufactured, sold and/or distributed by Defendant from the period of 1970 through the present.

_____ ADMITTED          _____ DENIED

       If Defendant denies request for Admission No. 11, please set forth any and all information, materials and/or documentation which sets forth, identifies and/or pertains to the suppliers of foot pedals which accompanied or were provided with Defendant's press brakes from the period of 1970 through the present.

**ANSWER:** *Objection. This request is overly broad, vague, unduly burdensome, argumentative, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see Heim, L.P.'s response to request no. 7 to plaintiff's second set of interrogatories, and please see the deposition testimony of Anthony R. Mase. There furthermore are numerous employees of Heim, L.P. who have information pertaining to press brake foot pedals. Please also see the Heim discovery previously produced and the attached Material Purchases record.*

       12.    Defendant is unable to identify the foot pedal that accompanied the subject press brake at the time of its initial sale and/or distribution by Defendant.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 12, please provide any and all information, materials and documents which identify, set forth or provide information pertaining to the foot pedal which accompanied and/or was provided with the subject press brake at the time of its initial sale and/or distribution.

**ANSWER:**    *Please see the response to request no. 10 which is incorporated.*

13.    Defendant is unable to identify and has no information pertaining to the type and/or specifications of the foot pedal which accompanied and/or was provided with the subject press brake at the time of its original sale and/or distribution.

_____ ADMITTED             _____ DENIED

If Defendant denies request for Admission No. 13, please provide any and all information, documents and/or materials which identify the type and specifications of the foot pedal which accompanied the subject press brake at the time of its original sale and/or distribution.

**ANSWER:**    *Please see the response to request no. 10 which is incorporated.*

14.    Defendant is unable to identify or provide information, diagrams, drawings and/or specifications of the foot pedal which was used in conjunction with the subject press brake at the time of Plaintiff's accident.

_____ ADMITTED             _____ DENIED

If Defendant denies request for Admission No. 14, please provide any and all information, drawings, diagrams and/or specifications pertaining to the foot pedal used in conjunction with the subject press brake at the time of Plaintiff's accident.

**ANSWER:**    *Please see the response to request no. 9 which is incorporated.*

15.    Defendant has no knowledge of, and is unable to produce for deposition testimony, any individual that could provide information, drawings, diagrams and/or identify the foot pedal that was used in conjunction with Defendant's press brake at the time of Plaintiff's accident.

_____ ADMITTED             _____ DENIED

If Defendant denies request for Admission No. 15, please provide the identity of any such individual that can provide information regarding the make, type, manufacturer,

supplier and/or distributor of the foot pedal used at the time of Plaintiff's accident which accompanied the subject press brake. In addition, please provide any and all drawings, diagrams and/or specifications of the foot pedal referenced herein.

ANSWER:    *Objection. This request is argumentative. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Heim, L.P. produced a representative, Anthony R. Mase, who was questioned by plaintiff's counsel and provided information on this issue. By way of further response, numerous depositions of Corry Manufacturing employees were taken concerning this issue, as well as the deposition of Tina Lindquist. Other entities, including Corry Manufacturing, Avco Lycoming, HB Machinery, or the auction company which sold the press brake to Corry Manufacturing may have additional information on this request.*

16.    Defendant has no knowledge of, and is unable to produce for deposition testimony, any individual that could provide information, drawings and/or identify the foot pedal that accompanied and/or was provided with the subject press brake at the time of its original sale and/or distribution.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 16, please provide the identity of any such individual that can provide information regarding the make, type, manufacturer, supplier and/or distributor of the foot pedal that accompanied and/or was provided with the subject press brake at the time of its original sale and/or distribution.

In addition, please provide any and all drawings, diagrams and/or specifications of the foot pedal referenced herein.

ANSWER:    *Objection. This request is argumentative. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Heim, L.P. produced a representative, Anthony R. Mase, who was questioned by plaintiff's counsel and provided information on this issue. By way of further response, numerous depositions of Corry Manufacturing employees were taken concerning this issue. Other entities, Avco Lycoming, HB Machinery, or the auction company which sold the press brake to Corry Manufacturing may have information on this issue. Please also see the response to request no. 10 which is incorporated.*

17.    Defendant has no knowledge, documents, materials and/or information regarding the method, means and/or analysis utilized in selecting foot pedals to

accompany press brakes manufactured by Defendant from the period of 1970 through the present.

_____ ADMITTED                    _____ DENIED

If defendant denies request for admission no. 17, please set forth what knowledge, documents, materials and/or information are in possession or known by defendants regarding the selection of foot pedals to accompany press brakes for period of 1970 to the present.

Pursuant to this request, please attach a copy of the same hereto

**ANSWER:**    *Objection.   This request is overly broad, vague, unduly burdensome, argumentative, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see Heim, L.P.'s response to request no. 7 to plaintiff's second set of interrogatories, and please see the deposition testimony of Anthony R. Mase. There furthermore are numerous employees of Heim, L.P. who have information pertaining to press brake foot pedals, but not going back to the 1978 sale at issue.*

18.    Defendant has no knowledge, documents, materials and/or information regarding the analysis, process or means of selecting foot pedals to accompany punch presses manufactured by Defendant for the period of 1970 to the present.

_____ ADMITTED                    _____ DENIED

If Defendant denies request for Admission No. 18, please set forth what knowledge, documents, materials and/or information are in possession or known by Defendants regarding the selection of foot pedals to accompany punch presses for the period of 1970 to present.

Pursuant to this request, please attach a copy of the same hereto.

**ANSWER:**    *Objection    This request is overly broad, vague, unduly burdensome, argumentative, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.*

19.    Defendant has no information, materials, diagrams, drawings and/or documentation which describe or set forth the specifications of the foot pedal that was

supplied with the subject press brake manufactured by Heim, L.P. at the time of its original sale and/or distribution.

_____ ADMITTED                    _____ DENIED

If Defendant denies request for Admission No. 19, please set forth what materials, information, drawings, diagrams and/or documents are in possession of or known by the Defendant pertaining to this request.

Please attach a copy of same hereto.

**ANSWER:**    *Objection. This request is overly broad, vague, and argumentative. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see Heim, L.P.'s response to request no. 10 which is incorporated.*

20.    Defendant cannot and/or is unable to produce any specifications, drawings, sketches and/or diagrams of foot pedals made available by Heim, L.P. for its press brakes for the period from 1970 through the present.

_____ ADMITTED                    _____ DENIED

If Defendant denies request for Admission No. 20, please provide any and all specifications, drawings, sketches and/or diagrams in possession of or known by Defendant for the period of 1970 to the present regarding the above request.

Pursuant to this request, please attach a copy of same hereto.

**ANSWER:**    *Objection. This request is overly broad, vague, argumentative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see Heim, L.P.'s response to request nos. 10 and 11 which are incorporated.*

21.    For the period of 1970 to the present, there were two types or models of foot pedals that were supplied or provided with press brakes manufactured by Defendant. These two specific types and/or models of foot pedals were models with a kick plate and models without a kick plate.

_____ ADMITTED                    _____ DENIED

P0757094 1                              11

        If Defendant denies request for Admission No. 21, set forth any and all information relied upon in Defendant's denial. If Defendant is aware of any other specific types or models of foot pedals other than the two referenced above, please set forth what information and/or materials are in possession of or known by Defendant.

        Please attach a copy of same to this request.

**ANSWER.**    *Objection. This request is overly broad, vague, argumentative, unduly burdensome, misleading, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.*

    22.    Defendant has no knowledge, documents, and/or information regarding consumers' and/or customers' means, method and/or criteria for selecting point of operation protection on press brakes manufactured, sold, supplied and/or distributed by Defendant for the period of 1970 to present.

_____ ADMITTED        _____ DENIED

        If Defendant denies request for Admission No. 22, please set forth what knowledge, documents and/or information are in possession of or known by Defendant regarding the above request.

        Pursuant to this request, please attach a copy of same hereto.

**ANSWER:**    *Objection. This request is overly broad, vague, argumentative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see the deposition of Anthony R. Mase where this issue was addressed at length. Please also see the applicable ANSI and OSHA codes. Please also see warnings and instructions affixed to the press brake and the Instructions and Parts Manual. This request further requests expert information which is the subject of and will be produced pursuant to the court's scheduling order.*

    23.    Defendant has no knowledge, documents and/or information regarding the criteria for the selection of foot pedals to accompany press brakes sold and/or manufactured by Defendant.

_____ ADMITTED        _____ DENIED

If Defendant denies request for Admission No. 23, please set forth what knowledge, documents and/or information are in possession of or known by the Defendant regarding the above request

Pursuant to this request, please attach a copy of same hereto.

**ANSWER:** *Objection. This request is overly broad, vague, argumentative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Foot pedals are requested by and presently used by manufacturers who purchase press brakes and power presses. Please also see the applicable ANSI and OSHA codes. Please also see the deposition transcript of Anthony R. Mase, warnings and instructions affixed to the press brake, and the Instructions and Parts Manual. This request furthermore requests expert information which is the subject of and will be produced pursuant to this Court's scheduling order.*

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P L L.C.

By:_____
PAUL R. ROBINSON, ESQUIRE
Attorney for Heim, L.P.
PA I.D. No. 65581

U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
(412) 261-6600

"Cash Card"

## MATERIAL PURCHASES

MAIN SUPPLIER
1. INDUSTROMAST SP #7748
2. ELECTRO-KING E TES #62910

SECONDARY SUPPLIER
PROG 474-1600 - Payment Bank
595-6700  DRIVE GUESMANN

PART NO. #470-6
DESCRIPTION: 5/11- RP- 1/2- 6/SC

1-19 PCS 10 1/2 OSC
20 PCS 10 1/2 OSC

800 774-3066 XARA

| DATE ORDERED | PIECES ORDERED | DWG REV ORDERED | SUPPL | P.O. | DATE RECQD | DATE RECD | PC. RECD | TOTAL WEIGHT LBS. | UNIT WEIGHT LBS. | INVOICE AMOUNT | UNIT COST | FREIGHT | UNIT COST INCL. FREIGHT | W.O. NO. | TOTAL UNIT LABOR COST | OVER-HEAD UNIT COST % | TOTAL UNIT COST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-14-89 | 2.5 | | | 05685 | AGAP | | | | | | 75.56 | | | | | | |
| | 2.5 | | | | 9-1-89 | | | | | | | | | | | | |
| | 2.5 | | | | 10-1-89 | | | | | | | | | | | | |
| | 2.5 | | | | 4-1-90 | | | | | | | | | | | | |
| 1/3/91 | 10 | 5W | 2 | 800778 | 2/1/91 | | | | | | 92.84 | | | | | | |
| 5/10/91 | 2.5 | | 1 | 800946 | 6/1/91 | | | | | | 92.84 | | | | | | |
| 9-18-91 | 20 | | 1 | 800946-26 | 10-1-91 | | | | | | 92.40 | | 721.75 | Kara-1 | | | |
| 9-21-92 | | | | | | | | | | | | | | | | | |
| 6-12-92 | 20 | | 1 | 000581 | 7-1-92 | | | | | | 97.40 | | | Kara-1 | | | |
| 1993 | | | | | | | | | | | | | | | | | |
| 3-31-93 | 20 | | 1 | 00285-4 | 4-11-93 | | | | | | 101.47 | | | Kara-1 | | | |
| 10-5-93 | 20 | | 1 | 003618 | 10-11-93 | | | | | | 1025.56 | 86 | | Kara-1 | | | |
| 1-9-94 | | | | | | | | | | | | | | | | | |
| 3-20-94 | 50 | | 1 | 004530 | 4-4-94 | | | | | | 98.96 | | | Kara-2 | | | |
| 1995 | | | | | | | | | | | | | | | | | |
| 2-14 | 300 | | 1 | 006799 | (Fluctuations) | | | | | | 111.08 | | | Mara | | | |
| | 45 | | 1 | " | 2-21-95 | | | | | | | | | | | | |
| | 45 | | 1 | " | 3-21-95 | | | | | | | | | | | | |
| | 45 | | 1 | " | 4-21-95 | | | | | | | | | | | | |
| | 45 | | 1 | " | 5-21-95 | | | | | | | | | | | | |
| 4-25-95 | 30 | | 1 | 00962K | 11-22-95 | | | | | | 111.88 | | 20.0/oscd | | 1.39.84 OSC | | | |
| 1/9/96 | | | | | | | | | | | | 111.88 | | Mara | | | |
| 3-14-96 | 45 | | 1 | 12554 | 4-11-56 | | | | | | 137.25 | -20% | | | | | |
| 7-14-96 | 30 | | 1 | 5380 | 7-30-97 | | | | | | 138.87 | 20% | 118.81 | | | | |
| 3-31-96 | 20 | | 1 | 17845 | 4-10-97 | | | | | | 145.47 | 20% | 116.14 | | | | |
| 11-29-98 | 20 | | 1 | 2304 | 11-13-98 | | | | | | 149.50 | 20% | 119.80 | | | | |
| 8-28-99 | 10 | | 1 | 13245 | 2-4-00 | | | | | | 149.50 | 20% | 119.80 | | | | |
| 12-01-01 | 10 | | 1 | 19043 | | | | | | | 159.69 | | | | | | |

12/06/2005  16:09    7084967428                    HEIM                                    PAGE  02/03
    Dec  6.  2005  2:49PM                                              No 0266    P  2

## VERIFICATION

I, *ANTHONY R. MASE*, am the *NATIONAL SALES MANAGER* of *HEIM, L.P.*, and
state that the averments of fact set forth in the foregoing *RESPONSE TO PLAINTIFF'S
REQUEST FOR ADMISSIONS - SECOND SET AND INTERROGATORIES - THIRD SET*
are true and correct to the best of my knowledge, information, and belief.

I understand that the statements herein are made subject to the penalties of 18
Pa.C.S.A. § 4904 relating to unsworn falsification to authorities, which provides that if I
make knowingly false averments I may be subject to criminal penalties.

Date: _12/6/05_ _____                    _____
                                         ANTHONY R. MASE

File No: ALFA-107530/PRR

P0759089 1

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| __X__ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |

at the following address:

Dallas W. Hartman, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C

Date:  12 13-05

PAUL R. ROBINSON, ESQUIRE

P0757094 1

② A-470

ANTI-TRIP FOOT CONTROL
CAT. #511-B2 (LINEMASTER)
STAGE: SINGLE - DPDT
RATING: 20 AMP , 125-250 VAC

A-470-D

ANTI-TRIP FOOT CONTROL
CAT. NO. 532-SWH   511-B4
STAGE: SINGLE - DPDT-DB
RATING: 20AMP  125-250 U.A.C. - 15 AMP
WOODSTOCK CONNETICUT

DEALER:   LINEMASTER SWITCH CORP.
          WOODSTOCK, CONN.  06281

| 2 | 12-9-74 | P.J. | ADD PART A-470 | 00039 |
|---|---------|------|----------------|-------|
| 1 | 11-9-72 | RB   | 511-B4 WAS 532-SWH, ADD DB | 00037 |

# HEIM CORP.

## P. O. BOX R
## FRANKFORT, ILL. 60423

| DRAWN BY | DATE | CHECKED BY | DATE | SCALE |
|----------|------|-----------|------|-------|
| BH | 7-9-74 | | | |

**DESCRIPTION**
ELECTRIC FOOT CONTROL

**USED ON**
ALL PRESSES

**PART NO.**
A-470-D