# EXHIBIT "AA"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST, | Civil Action No: 04-249E |
| Plaintiff, | |
| vs. | **JUDGE SEAN J. MCLAUGHLIN / MAGISTRATE JUDGE SUSAN PARADISE BAXTER** |
| HEIM, L.P., | |
| Defendant. | PAUL R. ROBINSON, ESQUIRE PA I.D. No 65581 |

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
(412) 261-6600

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

AND NOW, comes the defendant, HEIM, L.P., by its attorneys, MEYER, DARRAGH,

BUCKLER, BEBENEK & ECK, P.L.L.C., serving it response to plaintiff's first request for

admissions as follows:

1.      (a)      Plaintiff Tina Lindquist received treatment from Emergency Div. Of TSES as set forth in page Nos 020002-04 of Tina Lindquist's medical records previously provided.

ADMITTED ____X_____          DENIED _____

(b)      The treatment of the Plaintiff Tina Lindquist by Emergency Div. Of TSES as set forth in page Nos. 020002-04 of Tina Lindquist's medical records previously

provided was reasonable and necessary treatment for the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

        (c)    The treatment of the Plaintiff Tina Lindquist by Emergency Div. Of TSES as set forth in page Nos. 020002-04 of Tina Lindquist's medical records previously provided was a direct result of his injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

        (d)    The photocopies of medical records of Emergency Div. Of TSES as set forth in pages Nos. 020002-04 of Tina Lindquist's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____

    2.    (a)    Plaintiff Tina Lindquist received treatment from Hamot Medical Center as set forth in page Nos. 030002-391 of Tina Lindquist's medical records previously provided.

ADMITTED _____X_____          DENIED _____

        (b)    The treatment of the Plaintiff Tina Lindquist by Hamot Medical Center as set forth in page Nos. 030002-391 of Tina Lindquist's medical records previously provided was reasonable and necessary treatment for the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The treatment of the Plaintiff Tina Lindquist by Hamot Medical Center as set forth in page Nos. 030002-391 of Tina Lindquist's medical records previously provided was a direct result of his injuries suffered in the accident which gives rise to this action.

ADMITTED _____                   DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical records of Hamot Medical Center as set forth in page Nos. 030002-391 of Tina Lindquist's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist

ADMITTED _____X_____                   DENIED _____

3    (a)    Plaintiff Tina Lindquist received treatment from John Hood, M.D. as set forth in page No. 060002-182 of Plaintiff's medical records previously produced.
ADMITTED _____X_____                   DENIED _____

(b)    The treatment of the Plaintiff Tina Lindquist by John Hood, M.D. as set forth in page No. 060002-182 of Plaintiff's medical records previously produced was reasonable and necessary treatment fo the medical conditions from which she suffered.

ADMITTED _____                   DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The treatment of the Plaintiff Tina Lindquist by John Hood, M.D. as set forth in page Nos. 060002-182 of Plaintiff's medical records previously produced was a direct result of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____                   DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical records of John Hood, M.D. as set forth in page Nos. 060002-182 of Plaintiff's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist.

ADMITTED ____X_____        DENIED _____


4.    (a)    Plaintiff Tina Lindquist received treatment from Counseling Services Center, Inc. As set forth in page Nos. 090002-03 of Tina Lindquist's medical records previously provided.

ADMITTED ____X_____        DENIED _____

(b)    The treatment of the Plaintiff Tina Lindquist by Counseling Services Center, Inc. As set forth in page Nos. 090002-03 of Tina Lindquist's medical records previously provided was reasonable and necessary treatment for the medical conditions from which she suffered.

ADMITTED _____        DENIED _____

*Objection. Argumentative  Without waiving this objection, denied  Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*


(c)    The treatment of the Plaintiff Tina Lindquist by Counseling Services Center, Inc. as set forth in page Nos. 090002-03 of Tina Lindquist's medical records previously provided was a direct result of his injuries suffered in the accident which gives rise to this action.

ADMITTED _____        DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*


(d)    The photocopies of medical records of Counseling Services Center, Inc. As set forth in page Nos. 090002-03 of Tina Lindquist's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist.

ADMITTED ____X_____        DENIED _____

5.     (a)     Plaintiff Tina Lindquist received treatment from Hamot Surgery Center as set forth in page Nos. 100002-52 of Tina Lindquist's medical records previously provided.

ADMITTED _____X_____          DENIED _____


(b)     The treatment of the Plaintiff Tina Lindquist by Hamot Surgery Center as set forth in page Nos. 100002-52 of Tina Lindquist's medical records previously provided was reasonable and necessary treatment for the medical conditions from which    . she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*


(c)     The treatment of the Plaintiff Tina Lindquist by Hamot Surgery Center as set forth in page Nos. 100002-52 of Tina Lindquist's medical records previously provided was a direct result of his injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*


(d)     The photocopies of medical records of Hamot Surgery Center as set forth in page Nos. 100002-52 of Tina Lindquist's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____


6.     (a)     Plaintiff Tina Lindquist received treatment from Great Lakes Home Healthcare as set forth in page Nos. 110002-196 of Tina Lindquist's medical records previously provided.

ADMITTED _____X_____          DENIED _____

(b)    The treatment of the Plaintiff Tina Lindquist by Great Lakes Home Healthcare as set forth in page Nos. 110002-196 of Tina Lindquist's medical records previously provided was reasonable and necessary treatment for the medical conditions from which she suffered.

ADMITTED _____    DENIED _____

*Objection   Argumentative   Without waiving this objection, denied   Plaintiff is only entitled to introduce the amount of the bills that were actually paid under <u>Moorhead v. Crozer Chester Medical Center</u>, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The treatment of the Plaintiff Tina Lindquist by Great Lakes Home Healthcare as set forth in page Nos. 110002-196 of Tina Lindquist's medical records previously provided was a direct result of his injuries suffered in the accident which gives rise to this action

ADMITTED _____    DENIED _____

*Objection   Argumentative.   It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical records of Great Lakes Home Healthcare as set forth in page Nos. 110002-196 of Tina Lindquist's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist

ADMITTED ____X_____    DENIED _____

7.    (a)    Plaintiff Tina Lindquist received treatment from West-Ten Podiatry Centre, Inc. as set forth in page Nos. 120002-11 of Tina Lindquist's medical records previously provided.

ADMITTED ____X_____    DENIED _____

(b) The    treatment of the Plaintiff Tina Lindquist by West-Ten Podiatry Centre, Inc. as set forth in page Nos. 120002-11 of Tina Lindquist's medical records previously provided was reasonable and necessary treatment for the medical conditions from which she suffered.

ADMITTED _____    DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

      (c).    The treatment of the Plaintiff Tina Lindquist by West-Ten Podiatry Centre, Inc. as set forth in page Nos. 120002-11 of Tina Lindquist's medical records previously provided was a direct result of his injuries suffered in the accident which gives rise to this action.

ADMITTED _____         DENIED _____

*Objection. Argumentative.  It is admitted the identified treatment was a result of the incident in question.*

      (d). The    photocopies of medical records of West-Ten Podiatry Centre, Inc. as set forth in page Nos. 120002-11 of Tina Lindquist's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist.

ADMITTED _____X_____         DENIED _____

    8    (a)    Plaintiff Tina Lindquist received treatment from Hand and Arthritis Rehabilitation as set forth in page Nos. 130002-06 of Tina Lindquist's medical records previously provided.

ADMITTED _____X_____         DENIED _____

      (b)    The treatment of the Plaintiff Tina Lindquist by Hand and Arthritis Rehabilitation as set forth in page Nos. 120002-06 of Tina Lindquist's medical records previously provided was reasonable and necessary treatment for the medical conditions from which she suffered.

ADMITTED _____         DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

      (c)    The treatment of the Plaintiff Tina Lindquist by Hand and Arthritis Rehabilitation as set forth in page Nos. 130002-06 of Tina Lindquist's medical records

previously provided was a direct result of his injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

      (d)    The photocopies of medical records of Hand and Arthritis Rehabilitation as set forth in page Nos. 130001-06 of Tina Lindquist's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist.

ADMITTED ____X_____          DENIED _____

    9.    (a)    Plaintiff Tina Lindquist received treatment from Mariano Loveranes, M.D. as set forth in page Nos. 160002-04 of Plaintiff's medical records previously produced.

ADMITTED ____X_____          DENIED _____

      (b)    The treatment of the Plaintiff Tina Lindquist by Mariano Loveranes, M.D. as set forth in page Nos. 1600002-04 of Plaintiff's medical records previously produced was reasonable and necessary treatment for the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under* Moorhead v. Crozer Chester Medical Center, *564 Pa. 156, 765 A.2d 786 (2001).*

      (c)    The treatment of the Plaintiff Tina Lindquist by Mariano Loveranes, M.D. as set forth in page Nos. 160002-04 of Plaintiff's medical records previously produced was a direct result of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical records of Mariano Loveranes, M.D. as set forth in page Nos. 160002-04 of Plaintiff's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist.

ADMITTED ____X_____        DENIED _____

10.    (a)    Plaintiff Tina Lindquist received treatment from Susan Kaufman, D.O. as set forth in page Nos. 170002-05 of Plaintiff's medical records previously produced.

ADMITTED ____X_____        DENIED _____

(b)    The treatment of the Plaintiff Tina Lindquist by Susan Kaufman, D.O. as set forth in page No. 170002-05 of Plaintiff's medical records previously produced was reasonable and necessary treatment for the medical conditions from which she suffered.

ADMITTED _____        DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The treatment of the Plaintiff Tina Lindquist by Susan Kaufman, D.O. as set forth in page Nos. 170002-05 of Plaintiff's medical records previously produced was a direct result of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____        DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical records of Susan Kaufman, D.O. as set forth in page Nos. 170002-05 of Plaintiff's medical records previously produced are true and correct photocopies of the actual medical records of Plaintiff Tina Lindquist

ADMITTED ____X_____        DENIED _____

11.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Corry Ambulance Service Inc. as set forth in page No. 001002 of Tina Lindquist's medical bills previously provided

ADMITTED _____X_____          DENIED _____

       (b)    The expenses incurred from Corry Ambulance Service Inc. For treatment of Plaintiff Tina Lindquist as set forth in page No. 001002 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001)*

       (c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Corry Ambulance Service Inc. as set forth in page No. 001002 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

       (d)    The photocopies of medical expenses of Corry Ambulance Service Inc. as set forth in page No. 001002 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____

      12.   (a)    Plaintiff Tina Lindquist incurred medical expenses from Emergency Div of TSES as set forth in page Nos. 002002-05 of Tina Lindquist's medical bill previously provided.

ADMITTED _____X_____          DENIED _____

       (b)    The expenses incurred from Emergency Div of TSES for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 002002-05 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Emergency Div of TSES as set forth in page Nos. 002002-05 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative   It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of Emergency Div of TSES as set forth in page Nos. 002002-05 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED ____X_____          DENIED _____

13.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Hamot Medical Center as set forth in page Nos. 003002-27 of Tina Lindquists's medical bills previously provided.

ADMITTED ____X_____          DENIED _____

(b)    The expenses incurred from Hamot Medical Center for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 003002-27 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)     The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Hamot Medical Center as set forth in page Nos. 003002-27 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection.  Argumentative.  It is admitted the identified treatment was a result of the incident in question.*

(d)     The photocopies of medical expenses of Hamot Medical Center as set forth in page Nos. 003002-27 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____

14.  (a)     Plaintiff Tina Lindquist incurred medical expenses from Regional Health Management Services, Inc. as set forth in page Nos. 004002-05 of Tina Lindquist's medical bills previously provided.

ADMITTED _____X_____          DENIED _____

(b)     The expenses incurred from Regional Health Management Services, Inc. For treatment of Plaintiff Tina Lindquist as set forth in page Nos. 004002-05 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under <u>Moorhead v. Crozer Chester Medical Center</u>, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)     The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Regional Health Management Services, Inc. as set forth in page Nos. 004002-05 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of Regional Health Management Services, Inc. As set forth in page Nos. 004002-05 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____        DENIED _____

15.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Anesthesiologist of Erie as set forth in page Nos. 005002-09 of Tina Lindquist's medical bills previously provided

ADMITTED _____X_____        DENIED _____

(b)    The expenses incurred from Anesthesiologist of Erie for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 005002-09 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____        DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A 2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Anesthesiologist of Erie as set forth in page Nos. 005002-09 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action

ADMITTED _____        DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question*

(d)    The photocopies of medical expenses of Anesthesiologist of Erie as set forth in page Nos. 005002-09 of Tina Lindquist's medical bills previously provided are

true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____


    16.    (a)    Plaintiff Tina Lindquist incurred medical expenses from John Hood, M.D. as set forth in page Nos 006002-07 of Tina Lindquist's medical bills previously provided

ADMITTED _____X_____          DENIED _____


    (b)    The expenses incurred from John Hood, M.D. for treatment of Plaintiff Tina Lindquist, as set forth in page Nos 006002-07 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa 156, 765 A.2d 786 (2001)*


    (c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by John Hood, M.D. as set forth in page Nos. 006002-07 of Tina Lindquist's medical bills previously provided were a direct result of treatment of his injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative It is admitted the identified treatment was a result of the incident in question*


    (d)    The photocopies of medical expenses of John Hood, M.D. as set forth in page Nos. 006002-07 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist

ADMITTED _____X_____          DENIED _____


    17.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Erie Pathology as set forth in page Nos. 007002-06 of Tina Lindquist's medical bills previously provided

ADMITTED _____X_____          DENIED _____

      (b)   The expenses incurred from Erie Pathology for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 007002-06 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

      (c)   The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Erie Pathology as set forth in page Nos. 007002-05 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

      (d)   The photocopies of medical expenses of Erie Pathology as set forth in page Nos. 007002-05 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____

    18.  (a)   Plaintiff Tina Lindquist incurred medical expenses from Helpmates Inc. as set forth in page Nos. 008002-35 of Tina Lindquist's medical bills previously provided.

ADMITTED _____X_____          DENIED _____

      (b)   The expenses incurred from Helpmates Inc. For treatment of Plaintiff Tina Lindquist as set forth in page Nos. 008002-35 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under* <u>*Moorhead v. Crozer Chester Medical Center,*</u> *564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Helpmates Inc. As set forth in page Nos. 008002-35 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative.  It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of Helpmates Inc. As set forth in page Nos. 008002-35 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED ____X_____          DENIED _____

19.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Counseling Services Center as set forth in page No. 009002 of Tina Lindquist's medical bills previously provided.

ADMITTED ____X_____          DENIED _____

(b)    The expense incurred from Counseling Service Center for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 009002 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions form which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under* <u>*Moorhead v. Crozer Chester Medical Center,*</u> *564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Counseling Service Center as set forth in page No. 009002 of Tina Lindquist's

medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____            DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of Counseling Service Center as set forth in page No. 009002 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____            DENIED _____

20.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Hamot Surgery Center as set forth in page Nos. 010002-04 of Tina Lindquist's medical bills previously provided.

ADMITTED _____X_____            DENIED _____

(b)    The expenses incurred from Hamot Surgery Center for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 010002-04 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____            DENIED _____

*Objection. Argumentative  Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa  156, 765 A.2d 786 (2001)*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Hamot Surgery Center as set forth in page Nos. 010002-04 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____            DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of Hamot Surgery Center as set forth in page Nos. 010002-04 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist

ADMITTED ____X_____          DENIED _____

21.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Great Lakes Home Healthcare as set forth in page Nos. 011002-09 of Tina Lindquist's medical bill previously provided.

ADMITTED ____X_____          DENIED _____

(b)    The expenses incurred from Great Lakes Home Healthcare for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 011002-09 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied  Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Great Lakes Home Healthcare as set forth in page Nos. 011002-09 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection  Argumentative  It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of Great Lakes Home Healthcare as set forth in page Nos. 011002-09 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED ____X_____          DENIED _____

22.    (a)    Plaintiff Tin Lindquist incurred medical expenses from West-Ten Podiatry Centre, Inc. As set forth in page Nos. 012002-05 of Tina Lindquist's medical bills previously provided.

ADMITTED _____X_____          DENIED _____

(b)    The expenses incurred from West-Ten Podiatry Centre, Inc for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 012002-05 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by West-Ten Podiatry Centre, Inc. as set forth in page Nos. 012002-05 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of West-Ten Podiatry Centre, Inc. as set forth in page Nos. 012002-05 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____

23.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Hand and Arthritis Rehabilitation as set forth in page Nos. 013002-03 of Tina Lindquist's medical bills previously provided.

ADMITTED _____X_____          DENIED _____

(b)     The expenses incurred from Hand and Arthritis Rehabilitation for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 013002-03 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)     The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Hand and Arthritis Rehabilitation as set forth in page Nos. 013002-03 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)     The photocopies of medical expenses of Hand and Arthritis Rehabilitation as set forth in page Nos. 013002-03 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED ____X_____          DENIED _____

24.     (a)     Plaintiff Tina Lindquist incurred medical expenses from Exogen as set forth in page No. 014002 of Tina Lindquist's medical bills previously provided.

ADMITTED ____X_____          DENIED _____

(b)     The expenses incurred from Exogen for treatment of Plaintiff Tina Lindquist as set forth in page No. 014002 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under* <u>Moorhead v. Crozer Chester Medical Center</u>, *564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Exogen as set forth in page No. 014002 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question*

(d)    The photocopies of medical expenses of Exogen as set forth in page No. 014002 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED ____X_____          DENIED _____

25.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Rite Aid as set forth in page Nos. 015002-03 of Tina Lindquist's medical bills previously provided

ADMITTED ____X_____          DENIED _____

(b)    The expenses incurred from Rite Aid for treatment of Plaintiff Tina Lindquist as set forth in page Nos. 015002-03 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under* <u>Moorhead v. Crozer Chester Medical Center</u>, *564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Rite Aid as set forth in page Nos. 015002-03 of Tina Lindquist's medical bills previously provided were a direct result of treatment of her injuries suffered in the accident which gives rise to this action

ADMITTED _____          DENIED _____

*Objection. Argumentative   It is admitted the identified treatment was a result of the incident in question.*


       (d)    The photocopies of medical expenses of Rite Aid as set forth in page Nos. 015002-03 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist

ADMITTED ____X_____          DENIED _____


   26    (a)    Plaintiff Tina Lindquist incurred medical expenses from Mariano Loveranes, M.D. as set forth in page Nos. 016002 of Tina Lindquist's medical bills previously provided.

ADMITTED ____X_____          DENIED _____


       (b)    The expenses incurred from Mariano Loveranes, M.D. for treatment of Plaintiff Tina Lindquist, as set forth in page Nos. 016002 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions from which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*


       (c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Mariano Loveranes, M.D. as set forth in page No. 016002 of Tina Lindquist's medical bills previously provided were a direct result of treatment of his injuries suffered in the accident which gives rise to this action

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of Mariano Loveranes, M.D. as set forth in page No. 016002 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____

27.    (a)    Plaintiff Tina Lindquist incurred medical expenses from Susan Kaufman, D.O. as set forth in page No. 017002 of Tina Lindquist's medical bills previously provided.

ADMITTED _____X_____          DENIED _____

(b)    The expenses incurred from Susan Kaufman, D.O. for treatment of Plaintiff Tina Lindquist, as set forth in page No 017002 of Tina Lindquist's medical bills previously provided were reasonable and necessary expenses for treatment of the medical conditions form which she suffered.

ADMITTED _____          DENIED _____

*Objection. Argumentative. Without waiving this objection, denied. Plaintiff is only entitled to introduce the amount of the bills that were actually paid under Moorhead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).*

(c)    The expenses incurred from the treatment of the Plaintiff Tina Lindquist by Susan Kaufman, D.O. as set forth in page No. 017002 of Tina Lindquist's medical bills previously provided were a direct result of treatment of his injuries suffered in the accident which gives rise to this action.

ADMITTED _____          DENIED _____

*Objection. Argumentative. It is admitted the identified treatment was a result of the incident in question.*

(d)    The photocopies of medical expenses of Susan Kaufman, D.O. as set forth in page No. 017002 of Tina Lindquist's medical bills previously provided are true and correct photocopies of the actual medical expense records of Plaintiff Tina Lindquist.

ADMITTED _____X_____          DENIED _____

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C

By:_____
PAUL R. ROBINSON, ESQUIRE
Attorney for Heim, L.P
PA I.D. No. 65581

U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
(412) 261-6600

24

## VERIFICATION

I, *ANTHONY R. MASE*, am the *NATIONAL SALES MANAGER* of *HEIM, L.P.*, and state that the averments of fact set forth in the foregoing *RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS* are true and correct to the best of my knowledge, information, and belief.

I understand that the statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false averments I may be subject to criminal penalties.

Date: _12/6/05_____          _____
                                          *ANTHONY R. MASE*

File No: ALFA-107530/PRR

P0756069 1

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

    X           First Class Mail, Postage Prepaid

                    Certified Mail - Return Receipt Requested

                    Hand Delivery

                    Facsimile Transmission

at the following address:

> Dallas W Hartman, Esquire
> Dallas W. Hartman P C.
> 2815 Wilmington Road
> New Castle, PA 16105
> *(Counsel for Plaintiff)*

> MEYER, DARRAGH, BUCKLER,
> BEBENEK & ECK, P.L.L.C.

Date: 12-13-05

> PAUL R. ROBINSON, ESQUIRE

# EXHIBIT "BB"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST,

          Plaintiff,

     vs.

HEIM, L.P.,

          Defendant.

Civil Action No:  04-249E

**JUDGE SEAN J. MCLAUGHLIN /
MAGISTRATE JUDGE SUSAN
PARADISE BAXTER**

PAUL R. ROBINSON, ESQUIRE
PA I.D. No. 65581

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
(412) 261-6600

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR
ADMISSIONS - SECOND SET AND INTERROGATORIES - THIRD SET
AND REQUEST FOR PRODUCTION OF DOCUMENTS - FOURTH REQUEST**

AND NOW, comes the defendant, HEIM, L.P., by its attorneys, MEYER, DARRAGH,

BUCKLER, BEBENEK & ECK, P.L.L.C., serving it response to plaintiff's request for

admissions - second set, interrogatories - third set, and request for production of

documents - fourth request, as follows:


      1     Defendant, Heim, L.P., manufactured the Product, the subject press brake
involved in Plaintiff's accident.

_____X\_\_\_\_\_ ADMITTED          _____ DENIED

If request for Admission No. 1 is denied, identify the manufacturer of the subject press brake.

**ANSWER:**

2.    The press brake, manufactured by Defendant, reached Plaintiff without substantial change or alteration as when it left possession and control of the Defendant.

_____ ADMITTED                    _____ DENIED

If Defendant's response to request for Admission No. 2 is denied:

(a)    specifically identify each change or alteration.

(b)    specifically identify who or what made each change or alteration

(c)    was the change or alteration made with the knowledge of Defendant.

(d)    was the change or alteration made with the permission of Defendant.

(e)    did the change or alteration cause or contribute to the Accident described in Plaintiff's Complaint and if so, describe in detail how such change or alteration caused or contributed to the Accident.

**ANSWER:**    *Objection.  This request is overly broad, vague, and unduly burdensome. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure   Without waving these objections, denied.  Numerous alterations and changes to the press brake have been identified in discovery and are known by plaintiff's counsel to have been made to the press brake, including the addition of tooling and dies to make the press brake a usable completed product, the addition of a two-palm switch, changes relative to the wiring and connection of a foot pedal, etc.  Please see the deposition transcripts of the employees of Corry Manufacturing, and the deposition transcript of Anthony R. Mase.  Heim L.P. did not have knowledge of these changes or any other changes that may have occurred to the press brake while it was being used by Avco Lycoming and Corry Manufacturing for the twenty-four (24) years after it was sold and prior to this incident.*

3.    Operating the subject press brake with the operator in a seated position was foreseeable.

_____ ADMITTED            _____ DENIED

If Defendant denies request for Admission No. 3, state the following:

(a)    why it was not foreseeable that the press brake would be operated from a seated position; and

(b)    identify all research, survey, testing and/or customer information utilized by the defendant to determine foreseeable means of use, operation or operator positioning while operating the subject press brake.

ANSWER:    *Objection. This request is overly broad and vague, does not set forth adequate facts upon which such a hypothetical question can be answered, is argumentative and calls for speculation. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.*

4.    On September 25, 2002, Plaintiff used the press brake at the Corry Manufacturing facility for purposes for which it was intended when it was manufactured, sold and/or distributed by Defendant.

_____ ADMITTED            _____ DENIED

If Defendant denies request for Admission No. 4, identify the following:

(a)    the purpose for which the press brake was intended,

(b)    the reason why the use of the press brake by Plaintiff was not intended; and

(c)    identify all communications provided to purchasers of the press brake identifying the purpose for which the press brake is intended and Hazards associated with the use of the press brake in a manner not intended.

ANSWER:    *Objection. This interrogatory exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving this objection, denied. The plaintiff placed her hands inside the die area of the press brake which was an unintended use of the press brake. The plaintiff also disregarded the warnings and instructions contained on the press brake itself and in the Instructions and Parts Manual which was an unintended use of the press brake. Deposition testimony also has been obtained concerning*

3

*the plaintiff being warned shortly before this incident against sitting down in a chair while operating the press brake with a foot pedal. Please see the Instructions and Parts Manual, the deposition of Anthony R. Mase, the Corry Manufacturing employee depositions, and the warnings affixed to the press brake. By way of further response, this interrogatory requests expert information which is subject to and will be provided pursuant to the court's scheduling order.*

5.    Defendant has no knowledge, documents and/or information regarding the design, manufacture, testing and/or engineering analysis or criteria with regard to changes, modifications and/or alterations to the foot pedal and/or foot pedal controls for operation with press brakes

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 5, please set forth what design engineering knowledge, testing, analysis and/or manufacturing documents are in possession of Defendant for the period of 1970 through the present regarding the above requests. Pursuant to this request, please attach a copy of same hereto.

**ANSWER:**    *Objection. This request is overly broad, vague, unduly burdensome, is argumentative, and requests information not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see the deposition testimony of Anthony R. Mase. Please also see the Instructions and Parts Manual, Heim, L.P.'s response to plaintiff's second set of discovery and request for production of documents, and the deposition transcript of the employees of Corry Manufacturing. By way of further response, discovery is continuing and this interrogatory requests expert information which is subject to and will be provided pursuant to the court's scheduling order.*

6.    Defendant has not undertaken any studies, tests or analysis with regard to the design, manufacture, development or utilization of the foot pedal as it relates to the operation of press brakes.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 6, please set forth and identify with specificity what testing, analysis and/or studies have been undertaken by Defendant regarding same.

**ANSWER.**    *Objection   This request is overly broad and vague, and requests information not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Without waiving these objections, after reasonable investigation, Heim, L.P. does not have information within its possession to admit or deny this request relative to studies or tests regarding the design or manufacture of the foot pedal.  The foot pedal which accompanied the sale of the press brake in 1978 was allowed to be discarded and the foot pedal was not designed or manufactured by Heim, L.P.*

7.    Defendant did not undertake any testing, studies, or research and development regarding the design and manufacture, sale or distribution of press brakes as it relates to the implementation of foot pedals in the use and operation of Defendant's press brake.

_____ ADMITTED                    _____ DENIED

If Defendant denies request for Admission No  7, please set forth what design engineering criteria was utilized in the design and manufacture of press brakes as it relates to the implementation of foot pedals to and with Defendant's press brake

**ANSWER:**    *Objection.  This request is overly broad and vague, and requests information not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Without waiving these objections, after reasonable investigation, Heim, L.P. does not have information within its possession to admit or deny this request relative to studies or tests regarding the design or manufacture of the foot pedal at issue.  The foot pedal which accompanied the sale of the press brake in 1978 was allowed to be discarded and the foot pedal was not designed or manufactured by Heim, L.P.*

8.    Defendant did not undertake any research, testing and/or development regarding means to avoid or warn against possible damage, injuries and/or hazards associated with the operation of Defendant's press brakes as it relates to the implementation or use of foot pedals

_____ ADMITTED                    _____ DENIED

If Defendant denies request for Admission No  8, please set forth any and all research, testing and/or development regarding means to avoid or warn against possible

damage, injuries and/or hazards associated with the operation of the press brake in conjunction with the implementation and/or use of foot pedal

**ANSWER:**   *Objection.  This request is overly broad and vague.   The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Without waiving these objections, denied.  Please see the Instructions and Parts Manual which was supplied with the press brake and which was affixed to the press brake at the time of this incident. Please also see the warnings affixed to the press brake itself.*

9.    Defendant is unable to identify the supplier, manufacturer and/or distributor of the foot pedal used in conjunction with the press brake at the time of Plaintiff's accident

_____ ADMITTED                    _____ DENIED

If Defendant denies request for Admission No. 9, please provide any and all information, documents, or materials which identify the supplier, manufacturer and/or distributor of the foot pedal used with the subject press brake at the time of Plaintiff's accident.

**ANSWER:**   *Objection.  This request is argumentative   The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Without waiving these objections, the foot pedal which plaintiff was using at the time of this incident was allowed to be discarded.  Heim, L.P. has not at this time identified the manufacturer or distributor of the foot pedal which was attached to the press brake and two-palm button switch manufactured by Corry Manufacturing prior to this incident.  Please see the deposition transcripts of the Corry Manufacturing employees deposed by Heim, L.P.  Other entities, including Corry Manufacturing, Avco Lycoming, HB Machinery, or the auction company which sold the press brake to Corry Manufacturing may have information responsive to this request*

10.    Defendant is unable to identify the supplier, manufacturer and/or distributor of the foot pedal which originally accompanied and/or was provided with the subject press brake at the time of its sale and/or distribution.

_____ ADMITTED                    _____ DENIED

If Defendant denies request for Admission No. 10, please provide any and all information, documents, or materials which identify the supplier, manufacturer and/or distributor of the foot pedal which accompanied the subject press brake at the time of its sale and/or distribution.

**ANSWER:**   *Objection   This request is argumentative.  The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure   Without waiving these objections, Heim, L.P. cannot with certainty identify the manufacturer or distributor of the foot pedal which was sold with the press brake in 1978 to H.B. Machinery for Avco Lycoming's use   Heim, L.P. has provided the plaintiff with a Heim drawing of a foot pedal which would have been used by Heim in its business but Heim, L.P. has no ability to verify that the foot pedal identified in the drawing accompanied the sale of this press brake in 1978, considering the age of the product and the unavailability of the foot pedal   Heim, L.P. also has identified in its answers to plaintiff's second set of discovery the present and previous suppliers of foot pedals as LineMaster and Electro-Kenetics   Discovery is continuing on this issue.*

11.   The Defendant has no knowledge, documents and/or information regarding the manufacturer, distributor and/or suppliers of foot pedals which accompanied or were provided with press brakes manufactured, sold and/or distributed by Defendant from the period of 1970 through the present.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No  11, please set forth any and all information, materials and/or documentation which sets forth, identifies and/or pertains to the suppliers of foot pedals which accompanied or were provided with Defendant's press brakes from the period of 1970 through the present

**ANSWER:**   *Objection.   This request is overly broad, vague, unduly burdensome, argumentative, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied   Please see Heim, L.P.'s response to request no. 7 to plaintiff's second set of interrogatories, and please see the deposition testimony of Anthony R. Mase   There furthermore are numerous employees of Heim, L.P. who have information pertaining to press brake foot pedals.  Please also see the Heim discovery previously produced and the attached Material Purchases record*

12.   Defendant is unable to identify the foot pedal that accompanied the subject press brake at the time of its initial sale and/or distribution by Defendant.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 12, please provide any and all information, materials and documents which identify, set forth or provide information pertaining to the foot pedal which accompanied and/or was provided with the subject press brake at the time of its initial sale and/or distribution

**ANSWER:**   *Please see the response to request no. 10 which is incorporated.*

13.   Defendant is unable to identify and has no information pertaining to the type and/or specifications of the foot pedal which accompanied and/or was provided with the subject press brake at the time of its original sale and/or distribution

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 13, please provide any and all information, documents and/or materials which identify the type and specifications of the foot pedal which accompanied the subject press brake at the time of its original sale and/or distribution.

**ANSWER:**   *Please see the response to request no. 10 which is incorporated.*

14.   Defendant is unable to identify or provide information, diagrams, drawings and/or specifications of the foot pedal which was used in conjunction with the subject press brake at the time of Plaintiff's accident.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 14, please provide any and all information, drawings, diagrams and/or specifications pertaining to the foot pedal used in conjunction with the subject press brake at the time of Plaintiff's accident.

**ANSWER:**   *Please see the response to request no. 9 which is incorporated.*

15.   Defendant has no knowledge of, and is unable to produce for deposition testimony, any individual that could provide information, drawings, diagrams and/or identify the foot pedal that was used in conjunction with Defendant's press brake at the time of Plaintiff's accident.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 15, please provide the identity of any such individual that can provide information regarding the make, type, manufacturer,

supplier and/or distributor of the foot pedal used at the time of Plaintiff's accident which accompanied the subject press brake. In addition, please provide any and all drawings, diagrams and/or specifications of the foot pedal referenced herein.

**ANSWER:**    *Objection. This request is argumentative. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Heim, L.P. produced a representative, Anthony R. Mase, who was questioned by plaintiff's counsel and provided information on this issue. By way of further response, numerous depositions of Corry Manufacturing employees were taken concerning this issue, as well as the deposition of Tina Lindquist. Other entities, including Corry Manufacturing, Avco Lycoming, HB Machinery, or the auction company which sold the press brake to Corry Manufacturing may have additional information on this request.*

16.    Defendant has no knowledge of, and is unable to produce for deposition testimony, any individual that could provide information, drawings and/or identify the foot pedal that accompanied and/or was provided with the subject press brake at the time of its original sale and/or distribution.

_____ ADMITTED            _____ DENIED

If Defendant denies request for Admission No. 16, please provide the identity of any such individual that can provide information regarding the make, type, manufacturer, supplier and/or distributor of the foot pedal that accompanied and/or was provided with the subject press brake at the time of its original sale and/or distribution.

In addition, please provide any and all drawings, diagrams and/or specifications of the foot pedal referenced herein

**ANSWER:**    *Objection. This request is argumentative. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Heim, L.P. produced a representative, Anthony R. Mase, who was questioned by plaintiff's counsel and provided information on this issue. By way of further response, numerous depositions of Corry Manufacturing employees were taken concerning this issue. Other entities, Avco Lycoming, HB Machinery, or the auction company which sold the press brake to Corry Manufacturing may have information on this issue. Please also see the response to request no. 10 which is incorporated.*

17.    Defendant has no knowledge, documents, materials and/or information regarding the method, means and/or analysis utilized in selecting foot pedals to

accompany press brakes manufactured by Defendant from the period of 1970 through the present.

_____ ADMITTED                    _____ DENIED

If defendant denies request for admission no. 17, please set forth what knowledge, documents, materials and/or information are in possession or known by defendants regarding the selection of foot pedals to accompany press brakes for period of 1970 to the present.

Pursuant to this request, please attach a copy of the same hereto

**ANSWER:**    *Objection    This request is overly broad, vague, unduly burdensome, argumentative, harassing, and not reasonably calculated to lead to the discovery of admissible evidence  The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see Heim, L P.'s response to request no. 7 to plaintiff's second set of interrogatories, and please see the deposition testimony of Anthony R Mase  There furthermore are numerous employees of Heim, L P. who have information pertaining to press brake foot pedals, but not going back to the 1978 sale at issue.*

18.    Defendant has no knowledge, documents, materials and/or information regarding the analysis, process or means of selecting foot pedals to accompany punch presses manufactured by Defendant for the period of 1970 to the present

_____ ADMITTED                    _____ DENIED

If Defendant denies request for Admission No. 18, please set forth what knowledge, documents, materials and/or information are in possession or known by Defendants regarding the selection of foot pedals to accompany punch presses for the period of 1970 to present.

Pursuant to this request, please attach a copy of the same hereto.

**ANSWER:**    *Objection    This request is overly broad, vague, unduly burdensome, argumentative, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.*

19.    Defendant has no information, materials, diagrams, drawings and/or documentation which describe or set forth the specifications of the foot pedal that was

supplied with the subject press brake manufactured by Heim, L.P. at the time of its original sale and/or distribution.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 19, please set forth what materials, information, drawings, diagrams and/or documents are in possession of or known by the Defendant pertaining to this request

Please attach a copy of same hereto.

**ANSWER:**  *Objection.  This request is overly broad, vague, and argumentative.  The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Without waiving these objections, denied.  Please see Heim, L.P.'s response to request no. 10 which is incorporated.*

20.    Defendant cannot and/or is unable to produce any specifications, drawings, sketches and/or diagrams of foot pedals made available by Heim, L.P. for its press brakes for the period from 1970 through the present.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 20, please provide any and all specifications, drawings, sketches and/or diagrams in possession of or known by Defendant for the period of 1970 to the present regarding the above request

Pursuant to this request, please attach a copy of same hereto.

**ANSWER:**  *Objection.  This request is overly broad, vague, argumentative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.  Without waiving these objections, denied.  Please see Heim, L.P.'s response to request nos. 10 and 11 which are incorporated.*

21    For the period of 1970 to the present, there were two types or models of foot pedals that were supplied or provided with press brakes manufactured by Defendant. These two specific types and/or models of foot pedals were models with a kick plate and models without a kick plate.

_____ ADMITTED          _____ DENIED

If Defendant denies request for Admission No. 21, set forth any and all information relied upon in Defendant's denial. If Defendant is aware of any other specific types or models of foot pedals other than the two referenced above, please set forth what information and/or materials are in possession of or known by Defendant.

Please attach a copy of same to this request.

**ANSWER.**    *Objection. This request is overly broad, vague, argumentative, unduly burdensome, misleading, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure.*

22.    Defendant has no knowledge, documents, and/or information regarding consumers' and/or customers' means, method and/or criteria for selecting point of operation protection on press brakes manufactured, sold, supplied and/or distributed by Defendant for the period of 1970 to present.

_____ ADMITTED            _____ DENIED

If Defendant denies request for Admission No. 22, please set forth what knowledge, documents and/or information are in possession of or known by Defendant regarding the above request.

Pursuant to this request, please attach a copy of same hereto.

**ANSWER:**    *Objection. This request is overly broad, vague, argumentative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Please see the deposition of Anthony R. Mase where this issue was addressed at length. Please also see the applicable ANSI and OSHA codes. Please also see warnings and instructions affixed to the press brake and the Instructions and Parts Manual. This request further requests expert information which is the subject of and will be produced pursuant to the court's scheduling order.*

23.    Defendant has no knowledge, documents and/or information regarding the criteria for the selection of foot pedals to accompany press brakes sold and/or manufactured by Defendant.

_____ ADMITTED            _____ DENIED

If Defendant denies request for Admission No. 23, please set forth what knowledge, documents and/or information are in possession of or known by the Defendant regarding the above request

Pursuant to this request, please attach a copy of same hereto.

**ANSWER:**     *Objection. This request is overly broad, vague, argumentative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The interrogatory furthermore exceeds the number of interrogatories permitted by the Federal Rules of Civil Procedure. Without waiving these objections, denied. Foot pedals are requested by and presently used by manufacturers who purchase press brakes and power presses. Please also see the applicable ANSI and OSHA codes. Please also see the deposition transcript of Anthony R. Mase, warnings and instructions affixed to the press brake, and the Instructions and Parts Manual. This request furthermore requests expert information which is the subject of and will be produced pursuant to this Court's scheduling order.*

Respectfully submitted,

MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C

By: _____

PAUL R. ROBINSON, ESQUIRE
Attorney for Heim, L.P.
PA I.D. No. 65581

U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA 15219
(412) 261-6600

P0757094 1                                    13

"Cost Card"

## MATERIAL PURCHASES

**PART NO.** A1-170 C
**DESCRIPTION** V-11-5000 ...

**MAIN SUPPLIER**
LANCASTER #748
ELECTRON-KINETICS #6290

**SECONDARY SUPPLIER**
260-474-1000 Peragon Perts
355-474-1000
595-6700   Drive Questron...

1-19 pcs 10 % disc
20 pcs 10 % disc

800 774-3668 Kaba

| DATE ORDERED | PIECES ORDERED | DWG REV | SUPPL | P.O. | DATE REC'D | DATE REC'D | PC. REC'D | TOTAL WEIGHT LBS. | UNIT WEIGHT LBS. | INVOICE AMOUNT | UNIT COST | FREIGHT | UNIT COST INCL. FREIGHT | W.O. NO. | TOTAL UNIT LABOR COST | OVER-HEAD % | TOTAL UNIT COST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7-14-90 | 25 | | | 705285 | AUG P | | | | | | 75.56 | | | | | | |
| | 25 | | | | 9-1-29 | | | | | | | | | | | | |
| | 25 | | | | 10-1-90 | | | | | | | | | | | | |
| | 25 | | | | 4-1-90 | | | | | | | | | | | | |
| 1/3/91 | 10 | | TW | 2 80578 | 2/1/91 | | | | | | 92.84 | | 2 | | | | |
| 5/17/91 | 20 | | 1 | 800916 | 6/1/91 | | | | | | 92-84 | | 7 | | | | |
| 9-18-91 | 20 | | 1 | 800426 | 10-1-91 | | | | | | 92.40 | | 721.25 Gave rai | | | | |
| 2-2-92 | | | | | | | | | | | | | | | | | |
| 6-20-92 | 20 | | 1 | 001531 | 7-1-92 | | | | | | 97.40 | | Massor | | | | |
| 1993 | | | | | | | | | | | | | | | | | |
| 3-31-93 | 20 | | 1 | 001856 | 4-11-93 | | | | | | 101.40 | | | | | | |
| 10-5-93 | 20 | | 1 | 003618 | 10-11-93 | | | | | | 105.56 | | Varai. | | | | |
| 1-9-94 | | | | | | | | | | | | | | | | | |
| 3-30-94 | 50 | | 1 | 004570 | 4-4-94 | | | | | | 99.96 | | Bruno | | | | |
| 1995 | | | | | | (Bruno...) | | | | | | | | | | | |
| 2-14 | 200 | | 1 | 006797 | | | | | | | 111.08 | | MAPL | | | | |
| | 50 | | 1 | | 2-21-95 | | | | | | | | | | | | |
| | 50 | | 1 | | 3-4-95 | | | | | | | | | | | | |
| | 50 | | 1 | | 4-24-95 | | | | | | | | | | | | |
| | 50 | | 1 | | 5-21-95 | | | | | | | | | | | | |
| 4-25-95 | 30 | | 1 | 009625 | 4-28-95 | | | | | | 111.88 | 20%disc | 139.84 1001 | | 139.84 | | |
| 1996 | | | | | | | | | | | | | | | | | |
| 6-26-96 | 30 | | 1 | 12554 | 6-11-96 | | | | | | 111.88 | 20% | Mal | | | | |
| 2-4-97 | 20 | | 1 | 5380 | 23877 | | | | | | 138.85-20% | 118.88 | 111.86 | | | | |
| 2-31-97 | 20 | | 1 | 7805 | 4-03-97 | | | | | | 138.87-20% | 118.89 | | | | | |
| 4-24-98 | 20 | | 1 | 9304 | 4-13-98 | | | | | | 145.14-20% | 116.14 | | | | | |
| 8-28-99 | 20 | | 1 | 12545 | 9400 | | | | | | 149.50-20% | 119.80 | | | | | |
| 12-09-04 | 10 | | 1 | 12043 | | | | | | | 159.64 | | | | | | |

## VERIFICATION

I, *ANTHONY R. MASE*, am the *NATIONAL SALES MANAGER* of *HEIM, L.P.*, and state that the averments of fact set forth in the foregoing *RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS - SECOND SET AND INTERROGATORIES - THIRD SET* are true and correct to the best of my knowledge, information, and belief.

I understand that the statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false averments I may be subject to criminal penalties.

Date: 12/6/05                          _____
                                        ANTHONY R. MASE

File No: ALFA-107530/PRR

P0759089 1

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below.

| | |
|---|---|
|    X     | First Class Mail, Postage Prepaid |
| _____ | Certified Mail – Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |

at the following address:

Dallas W. Hartman, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: 12 13-05

PAUL R. ROBINSON, ESQUIRE

P0757094 1