```
              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                    : NO. 04-249E
         Plaintiff,               :
                                  : JUDGE SEAN MCLAUGHLIN/
   v.                             : MAGISTRATE JUDGE SUSAN
                                  : PARADISE BAXTER
HEIM, L.P.                        :
         Defendant.               :
```

**PLAINTIFF'S PRETRIAL STATEMENT**

Now comes the Plaintiff, by and through her undersigned counsel and sets forth the within Pretrial Statement in conformity with the Federal Rules of Civil Procedure, as follows:

I. NARRATIVE STATEMENT OF FACTS:

On or about September 25, 2002, Plaintiff Tina Lindquist was working on a press brake machine as part of her duties as a component technician at Corry Manufacturing in Erie, Pennsylvania. The machine was designed, manufactured, distributed, sold, maintained, and/or delivered by Defendant Heim, L.P. The press brake was originally supplied by Defendant with an ungated foot switch and foot control. Plaintiff was in the process of attempting to manually place material into the press brake machine with both hands when it closed, causing severe and permanent injuries to Plaintiff's hands and arms.

For further reference, Plaintiff herein incorporates her Statement of Material Facts herein.

II. SPECIAL DAMAGES:

Currently, Plaintiff has incurred the following special damages:

A. MEDICAL EXPENSES

Medical expenses to date total $240,363.72. Plaintiff continues to receive medical treatment. (See itemization of medical expenses attached hereto as Exhibit "A").

B. WORKERS' COMPENSATION LIEN

Plaintiff has a workers' compensation lien in the amount of $249,886.27 to date. Said lien will continue to increase as Plaintiff still receives ongoing weekly indemnity benefits as well as medical treatment. (See lien statement attached hereto as Exhibit "B".)

C. WAGE LOSS

Plaintiff has incurred past wage loss and future lost earnings capacity in the range of $904,660 to $1,031.922. (See calculations provided by Plaintiff's expert, Donal F. Kirwan, SPHR, in his report dated November 11, 2005 attached hereto as Exhibit "C").

FUTURE MEDICAL EXPENSES

Plaintiff may need future surgeries which is estimated to cost approximately $120,000.00. (See report of John Hood, M.D. dated December 12, 2005 and supplemental report attached hereto as Exhibit "D").

III. WITNESSES:

Plaintiff reserves the right to call any or all witnesses identified by the Defendant in any pretrial statements and any and all persons named or referred to in any form of discovery.

    A. DAMAGES

1. Plaintiffs will present the following witnesses regarding Plaintiff's claim at trial:

    a. Tina (Lindquist) Ossa
       723 N. Center Street
       Corry, PA 16407

    b. Jamie Ossa
       723 N. Center Street
       Corry, PA 16407

    c. John Hood, M.D.
       300 State Street, Suite 205
       Erie, PA 16507

Plaintiff will present the video deposition of John Hood, M.D. for use at trial.

    d. Donal Kirwan, SPHR
       413 Sylvania Drive
       Pittsburgh, PA 15229

    e.    Andrew C. Verzilli, MBA
         Andrew G. Verzilli, Ph.D.
         Verzilli & Verzilli and Consultants
         411 N. Broad Street
         Lansdale, PA  19446

2.   Plaintiffs reserves the right to call the following witnesses regarding Plaintiff's claim at trial:

    a.    Tabatha Avilla
         202 Franklin Street
         Corry, PA  16407

    b.    Helen Lindquist
         410 South Second Avenue
         Corry, PA  16407

    c.    Representatives and/or Custodian of Records for Plaintiff's former employer, Corry Manufacturing
         519 W. Main Street
         Corry, PA 16407

    d.    Representatives and/or Custodian of Records for the workers' compensation insurance carrier, PMA Insurance Group
         2545 W. 26th Street
         Erie, PA 16506

    e.    Representatives and/or custodian of records for Corry Ambulance Service
         1701 Sassafras Street
         Erie, PA 16502

    f.    Representatives and/or custodian of records for Emergency Division of TSES
         1701 Sassafras Street
         Erie, PA 16502

    g.    Doctors and custodian of records for Hamot Medical Center
         201 State Street
         Erie, PA 116550

h.  Doctors and custodian of records for Regional Health
    Management Services, Inc.
    717 State Street, Suite 16, LL
    Erie, PA 16501

i.  Doctors and custodian of records for Anesthesiologist
    of Erie
    P.O. Box 6490
    Erie, PA 16512-6490

j.  Doctors and custodian of records for Erie Pathology
    7 Parkway Center
    Suite 375
    P.O. Box 49
    Pittsburgh, PA 15230

k.  Doctors, representatives, and/or custodian of records
    for Helpmates, Inc.
    225 South Street
    Ridgway, PA 15853

l.  Doctors, representatives, and/or custodian of records
    for Counseling Services Center, Inc.
    45 E. Washington Street
    Corry, PA 16407

m.  Doctors and custodian of records for Hamot Surgery
    Center
    200 State Street
    Erie, PA 16507-1420

n.  Doctors and custodian of records for Great Lakes Home
    Healthcare
    1527 Sassafras Street
    Erie, PA 16502

o.  Doctors and custodian of records for West-Ten Podiatry
    Centre, Inc. (Chris Nelson DPM)
    343 West Tenth Street
    Erie, PA 16502

p.  Doctors and custodian of records for Hand and Arthritis
    Rehabilitation Center, Inc.
    300 State Street
    Suite 206
    Erie, PA 16507

    q.    Doctors and custodian of records for the office of
Mariano Loveranes, M.D.
706 Worth Street
Corry, PA 16407

    r.    Doctors and custodian of records for the office of
Susan Kaufman, D.O.
300 York Street
Corry, PA 16507

    s.    Doctors and custodian of records for the office of
Ching Wu Hou, M.D.
210 North Center Street
Corry, PA 16407

    t.    Doctors and custodian of records for the office of Erie
Women's Health Partners
225 West 25th Street
Erie, PA 16502

    u.    Doctors and custodian of records for the office of
Corry Memorial Hospital
612 West Smith Street
Corry, PA 16407

    v.    Doctors and custodian of records for the office of Rite
Aid
525 South McCaslin Blvd.
Louisville, CO 80027-9420

    w.    Doctors and custodian of records for the office of
Exogen and/or Smith & Nephew, Inc.
1450 Brooks Road
Memphis, TN 38116

    x.    Doctors and custodian of records for the office of Paul
E. Shield, D.O.
3010 West Lake Road
Erie, PA 16505

Refer to the Impairment Evaluation Report prepared by Dr. Shields attached hereto as Exhibit "K".

B.  <u>LIABILITY</u>

1.  Plaintiffs will present the following witnesses regarding Plaintiff's claim at trial:

- a.  Tina (Lindquist) Ossa
  723 N. Center Street
  Corry, PA 16407

- b.  Jamie Ossa
  723 N. Center Street
  Corry, PA  16407

- c.  Ralph L. Barnett
  Triodyne
  666 Dundee Road
  Suite 103
  Northbrook, IL  60062

2.  Plaintiff reserves the right to call the following witnesses regarding Plaintiff's claim at trial:

- a.  Robert Rooney
  48 West Pleasant Street
  Corry, PA  16407

- b.  Gary Dietz
  c/o Corry Manufacturing
  519 West Main Street
  Corry, PA  16407

- c.  Gary Merkle
  c/o Corry Manufacturing
  519 West Main Street
  Corry, PA  16407

- d.  Kevin Messinger
  c/o Corry Manufacturing
  519 West Main Street
  Corry, PA  16407

  e. Joel Nichols
    c/o Corry Manufacturing
    519 West Main Street
    Corry, PA  16407

  f. Jan Oviatt
    c/o Corry Manufacturing
    519 West Main Street
    Corry, PA  16407

  g. Dave Phillips
    c/o Corry Manufacturing
    519 West Main Street
    Corry, PA  16407

  h. Anthony Robert Mase, Jr.
    8616 Butterfield Lane
    Orland Park, IL  60462

  i. Zygmund Zajdel
    c/o Heim, L.P.

  j. Matthew Ulmenstine
    c/o Triodyne
    666 Dundee Road
    Suite 103
    Northbrook, IL  60062

  k. Gary Hutter
    4228 Commercial Way
    Glenview, IL  60025

  l. William Switalski
    4228 Commercial Way
    Glenview, IL  60025

  m. Dennis Cloutier
    6624 Parkland Avenue
    Cincinnati, OH

To the extent that Defendant disputes or denies the reasonableness and necessity of the medical treatment and the cost of said treatment provided to the Plaintiff, the

authenticity of documents, and the causal connection of treatment to said incident, Plaintiff reserves the right to present testimony from the appropriate providers or corporate designees.

Plaintiff reserves the right to call the following:
All those persons mentioned in the pretrial statement as liability, condition, damage, or expert witnesses and all those persons named in the pretrial statements of Plaintiff and Defendants or in depositions, interrogatories, or any form of discovery, including documents produced by any party or in any hospital's records or physicians' reports concerning the care or treatment of plaintiff; and

Friends, neighbors, relatives, employers and/or former employers, fellow employees and/or former fellow employees.

All individuals will furnish a foundation of testimony contained in any report or supplemental report.  Witnesses however, will enlarge, define, explain, provide foundation or background testimony, make comparisons and give prognosis with references to matters set forth in any reports provided. Plaintiff reserves the right to supplement and amend his list of medical witnesses, medical reports and damage witnesses.

IV.  EXHIBITS:

Plaintiff expects to use the following exhibits at trial:

Discovery responses:

1. Plaintiff's Answers and Objections to Defendant's Interrogatories and Request for Production of Documents;

2. Defendant's Answers and Objections to Plaintiff's Interrogatories;

3. Defendant's Responses and Objections to Plaintiff's Request for Production of Documents;

4. Answers and Objections to Second Set of Interrogatories and Request for Production of Documents Directed to Plaintiff;

5. Defendant Heim's Answers to Plaintiff's Interrogatories – Second Set and Request for Production of Documents – Second Request;

6. Defendant Heim's Response to Plaintiff's Request for Production of Documents – Third Request;

7. Defendant Heim's Response to Plaintiff's First Request for Admissions;

8. Defendant Heim's Response to Plaintiff's Request for Admissions –Second Set and Interrogatories – Third Set and Request for Production of Documents – Fourth Request;

9. Defendant Heim's Supplemental Answers to Plaintiff's Interrogatories – Second Set and Request for Production of Documents – Second Request;

Transcripts, exhibits and references from the following depositions:

10. Tina Lindquist deposition transcript dated June 28, 2005;

11. Jamie Ossa deposition transcript dated September 8, 2005;

12. Anthony Robert Mase, Jr. deposition transcript dated July 27, 2005;

13. Gary Dietz deposition transcript dated July 21, 2005;

14. Robert Rooney deposition transcript dated September 8, 2005;

15. Gary Merkle deposition transcript dated July 21, 2005;

16. Kevin Messenger deposition transcript dated July 21, 2005;

17. Joel Nichols deposition transcript dated July 22, 2005;

18. Jan Oviatt deposition transcript dated July 22, 2005;

19. Dave Phillips deposition transcript dated July 22, 2005;

20. Ralph Barnett deposition transcript dated April 6, 2006;

21. Matthew Ulmenstine deposition transcript dated April 6, 2006;

22. William Switalski deposition transcript dated April 7, 2006.

23. Gary Hutter deposition transcript dated April 12, 2006;

24. Dennis Cloutier deposition transcript dated April 11, 2006.

Further, Plaintiff reserves the right to present excerpts of deposition testimony and present exhibits referenced to as outlined and set forth in Plaintiff's Statement of Material Facts, previously filed with this Court (Electronically filed as Statement of Facts, Document #48).

25. Defendant's Expert Disclosure Statement.

26. Plaintiff's Expert Disclosure Statement.

27. Heim Drawing A-470-D.

28. Heim Instructions and Parts Book.

29. Original purchase documents.

30. Assembly Order and Instruction Sheet.

31. 1977 Linemaster Catalog.

32. Medical records, pre-existing medical records and charts of Plaintiff, including medical bills received as a result of the subject incident.

33. Anatomical models, charts, x-ray films, medical diagrams, and other visual aids depicting Plaintiff's medical problems.

34. Photographs, video recordings, animated versions and DVD's of the subject machine, similar machine and component parts and foot controls, as well as sales and promotional literature used in conjunction with the sale of press brakes.

35. Various foot controls manufactured by Allen Bradley and Linemaster.

36. Models, diagrams, drawings, sales literature, promotional materials, press brakes and foot controls of various press brakes/foot controls manufactured, sold and/or distributed during the periods of time that Defendant, Heim, manufactured, sold and/or delivered press brakes.

37. Photographs taken of Plaintiff.

38. Photographs, documents exchanged, provided during discovery.

39. DVD/Videos of studies/research performed by Ralph Barnett.

40. Work Instruction Sheet (identified as Exhibit Corry G in Plaintiff's deposition) describing Plaintiff's job duty pertaining to the part involved in Plaintiff's injury and accident.

Plaintiff reserves the right to utilize the following exhibits and any exhibits identified by Defendant:

- Subpoenaed information:

      a. Documents received in response to a subpoena issued to PA/OSHA

      b. Records received in response to a subpoena issued to Erie Insurance Exchange

      c. Document subpoenaed from Corry manufacturing Company

      d. Documents subpoenaed from PMA Insurance

- ANSI B11.3-1973 standard.

- Hearing transcript from June 27, 2005 hearing.

- Documents or excerpts of documents previously produced or referred to in the course of discovery in this matter.

- True and accurate copies of Plaintiff's federal income tax returns.

- Copies of wage documents, pay stubs, employment files, workers' compensation documents, lien statements, and personnel files from previous employers.

- Copies of all documents provided by Defendants in response to Plaintiff's discovery requests.

- Copies of all documents provided by Plaintiffs in response to Defendant's discovery requests.

- Workers' compensation file including any documents and/or lien statements provided by the workers' compensation insurance carriers.

- Copies of all documents and/or entire file from Office of Vocational Rehabilitation.

Plaintiff will make all exhibits available with reasonable notice to Defendant at the office of Plaintiff's attorney, located at 2815 Wilmington Road, New Castle, PA 16105.

V. UNUSUAL LEGAL ISSUES:

The Court has yet to rule on the outstanding Motion for Summary Judgment.  Furthermore, Plaintiff anticipates various Motions in Limine that will be presented regarding the following issues:

1. ANSI/OSHA Standards, their admissibility and the utilization of testimony and the reliance by Defendant's expert witnesses on ANSI and OSHA Standards.

2. The Defendant's presentation of evidence that the ungated foot control utilized by the Defendant was different than the ungated foot control originally provided by Defendant as standard equipment with its press brake.

3. The Defendant's argument that it was unforeseeable that the Plaintiff would utilize the machine in a manner that she had used at the time she was injured.

VI. EXPERT DISCLOSURES:

Plaintiff's expert reports:

       1.   Ralph L. Barnett
          Report:  February 13, 2006
          Corrected Report:  May, 2006
          (Attached hereto as Exhibit "E").

       2.   Donal Kirwan
          Report:  November 11, 2005
          (Attached hereto as Exhibit "C").

       3.   Verzilli & Verzilli Consultants
          Report:  February 7, 2006
          (Attached hereto as Exhibit "F").

       4.   John Hood, M.D.
          Report:  December 12, 2005
          Supplemental Report:  February 21, 2006
          (Attached hereto as Exhibit "D").

Defendant's expert reports:

       1.   Gary Hutter
          Report: March 8, 2006
          (Attached hereto as Exhibit "G").

       2.   William Switalski
          Report:  March 13, 2006
          (Attached hereto as Exhibit "H").

       3.   Dennis Cloutier
          Report:  March 15, 2006
          (Attached hereto as Exhibit "I").

       4.   David Zak
          Report:  March 13, 2006
          (Attached hereto as Exhibit "J").

VII.   <u>PHYSICIAN REPORTS</u>:

       1.  John Hood, M.D.
          Report:  December 12, 2005
          Supplemental Report:  February 21, 2006
          (Attached hereto as Exhibit "D").

Plaintiff reserves right to supplement with additional medical reports since Plaintiff continues to receive medical treatment.

VIII. TRIAL TIME:

Plaintiff anticipates that the trial of this matter will last 5-8 days.

Plaintiff reserves the right to supplement this pretrial statement until the time of trial.

                                      Respectfully Submitted,

                                      DALLAS W. HARTMAN, P.C.

                                      /s/ Dallas W. Hartman
                                      Dallas W. Hartman, Esq.
                                      Attorney I.D. No. 41649

                                      Raymond J. Conlon, Esq.
                                      Attorney I.D. No. 49495

                                      Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA FACSIMILE AND FIRST CLASS MAIL:

                    Paul R. Robinson, Esquire
        MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
              U.S. Steel Tower, Suite 4850
                Pittsburgh, PA  15219

                      Attorney for DEFENDANT


                                         DALLAS W. HARTMAN, P.C.

DATE: <u>05/26/06</u>

                                        <u>/s/ Dallas W. Hartman</u>
                                        Dallas W. Hartman, Esq.
                                        Attorney I.D. No. 41649

                                        Raymond J. Conlon, Esq.
                                        Attorney I.D. No. 49495

                                        Attorney for Plaintiff

                                        2815 Wilmington Road
                                        New Castle, PA  16105
                                        (724) 652-4081