IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST, | Civil Action No:  04-249E |
| Plaintiff, | **JUDGE SEAN J. MCLAUGHLIN /** |
| vs. | **MAGISTRATE JUDGE SUSAN** |
| | **PARADISE BAXTER** |
| HEIM, L.P., | |
| Defendant. | PAUL R. ROBINSON, ESQUIRE |
| | PA I.D. No. 65581 |
| | Meyer, Darragh, Buckler, Bebenek & |
| | Eck, P.L.L.C. |
| | U.S. Steel Tower, Suite 4850 |
| | 600 Grant Street |
| | Pittsburgh, PA 15219 |
| | (412) 261-6600 |
| | FAX: (412) 471-2754 |

**DEFENDANT'S PRETRIAL STATEMENT**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its

attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its pretrial

statement pursuant to Local Rule 16.1.4.B and this Honorable Court's November 29, 2005

amended scheduling order, averring as follows:

**I.  STATEMENT OF MATERIAL FACTS AND DEFENSES**

The plaintiff, Tina Lindquist, filed this lawsuit after a September 25, 2002 accident

in which she was injured while using a mechanical press brake at her place of employment,

Corry Manufacturing, located in Corry, PA.  At the time of her injury, the plaintiff was using

a Heim Model 70-6 mechanical press brake which Heim originally sold in April, 1978 to a Connecticut machinery distribution company, HB Machinery ("the press brake"), which had sold the press brake to a manufacturing company, Avco Lycoming, located in Hartford, Connecticut.

The plaintiff does not know how the press brake activated, but her liability expert assumes she accidentally depressed the foot control which the plaintiff's employer had wired onto the press brake with an additional operation device known as a two-palm button control.  The press brake could be operated by either the foot control or the two palm button control at the time of the plaintiff's operation of the press brake, and the use of the two palm button control would have prevented this accident from occurring as it required the use of both hands of the user to press two buttons to activate the press brake.

The press brake also was being used by the plaintiff without a required point of operation safety device which plaintiff's expert acknowledges would have prevented the accident from occurring and which he also conceded  was required by ANSI and OSHA to have been installed on the press brake by the plaintiff's employer.  However, after the plaintiff's accident, a point of operation safety device, specifically a light curtain, was installed on the press brake by the plaintiff's employer.

Despite operating the press brake through the use of a foot control and  without any point of operation safety device, the plaintiff intentionally placed her hands inside the point

of operation of the press brake which rams the metal product into the shape of the dies manufactured and installed onto the press brake by the plaintiff's employer. Warnings and instructions existed on both the press brake and in the Instructions and Parts Book which was contained in a bin fastened to the press brake at the time of plaintiff's accident, which instructed the plaintiff to never place her hands inside the die area of the press brake.

The sole theory of defect now being alleged by the plaintiff to support her product liability causes of action is that the top- and side-shielded, anti-trip foot control which she was using to activate the press brake should have contained a hinged gate over the opening of the foot control where she inserted her foot to first activate an anti-trip mechanism located at the rear of the foot control's interior and then depress the foot control pedal. Plaintiff's expert speculates that a gate would have prevented the plaintiff's foot from accidentally entering the opening of the foot control if the plaintiff's foot was located outside of the foot control and not resting on the pedal in a situation known as "riding the pedal." Plaintiff's expert concedes that if the plaintiff's foot was "riding the pedal" before she accidentally activated the foot control, the suggested gate would not have prevented the plaintiff's accident.

The foot control being used by the plaintiff at the time of her accident was discarded, but only after the plaintiff's representatives inspected and photographed the press brake, and no evidence exists that the plaintiff was using the foot control purchased by HB Machinery from Heim in 1978. To the contrary, the evidence establishes that the foot

control which the plaintiff was using at the time of her accident was not the same foot control which HB Machinery purchased 24 years previously. Plaintiff's expert even conceded in his expert report by that a Linemaster Model 532-SWH foot control was purchased by HB Machinery in 1978 and that the plaintiff was using a Linemaster Model 511-B foot control which had different characteristics than the foot control purchased by HB Machinery. The Corry Manufacturing employee who installed the foot control on the press brake when Corry Manufacturing purchased the press brake at an auction in 1999 even testified the foot control Tina Lindquist was using at the time of her accident did not appear to be the foot control which was sold with the press brake in 1978. No evidence exists to even establish that the foot control originally sold to HB Machinery in 1978 still existed or was sold with and at the time of the sale of the press brake to Corry Manufacturing in 1999. Notwithstanding, plaintiff's expert concedes that the ungated foot control which Tina Lindquist was using at the time of her accident was not defective at the time it was sold and only became defective when it was used on a press brake on which the employer did not install the required point of operation safety device.

There furthermore are no witnesses to the plaintiff's accident, and the plaintiff has unequivocally testified that she does not know how the press brake activated at the time she was injured. Plaintiff's liability expert concedes that his gated foot control theory requires numerous events to have occurred and that he has no evidence of such events. Specifically, plaintiff's expert concedes that, in order for a gate to have any chance of preventing an accidental activation of the foot control, each of the following events must

have occurred: (1) the plaintiff's foot must have been outside of the foot control and not "riding the pedal"; (2) the plaintiff's foot must have involuntarily targeted and entered the opening of the foot control; (3) the plaintiff's foot must have involuntarily entered the foot control at a height which would avoid striking the pedal of the foot control; (4) the plaintiff's foot must have involuntarily moved forward horizontally the entire distance of the foot control with such force to activate the anti-trip mechanism located at the rear of the foot control's interior which must have been activated before the foot control pedal could be depressed; and (5) the plaintiff's foot must then have involuntarily moved downward vertically to depress the foot control pedal for a length of time to move the ram of the press brake onto her hands which were located inside the die area of the press brake contrary to the numerous warnings and instructions provided with the press brake. No evidence exists to establish that these events took place, and plaintiff's expert concedes he performed no testing to suggest that these events would or could have taken place. Instead, plaintiff's expert concedes that the number one reason for accidental activation of a foot control is when the user misuses the foot control by "riding the pedal" between applications. Plaintiff's expert also concedes he has written articles which conclude that the addition of a gate on a foot control increases the likelihood of a user "riding the pedal" because a gate makes a foot control more cumbersome and tiring to use.

Heim has filed a motion for summary judgment which remains pending before this Honorable Court, and which is incorporated by reference. Accompanying Heim's motion was a statement of undisputed material facts, which also is incorporated by reference. The

plaintiff's claims fail for each of the reasons set forth in Heim's motion, as well as others, including: (1) the allegedly defective foot control being used by the plaintiff was not sold by Heim; (2) the plaintiff cannot meet her burden of product identification; (3) the press brake and foot control were safe for their intended use and not defective when they left the control of Heim; (4) the press brake and foot control were being misused; (5) the press brake and foot control underwent a substantial change after leaving the control of Heim; (6) the plaintiff's claims are speculative as a result of the plaintiff not being able to describe how the press brake activated; and (7) no condition of the press brake or foot control caused the plaintiff's injuries.

In addition to the above defenses, the plaintiff's negligence claims also are barred by the plaintiff's comparative negligence and assumption of a known risk.  In addition, the plaintiff's warranty claims are barred by the four-year statute of limitations which expired four years after the 1978 sale of the press brake.

## II.  DAMAGES

Heim does not dispute the serious nature of the injuries sustained by Tina Lindquist. The plaintiff, however, continues to attempt to introduce medical bills which the Supreme Court of Pennsylvania has held are not admissible.  Pursuant to Moorhead v. Crozer Chester Medical Center, 557 Pa. 630, 732 A.2d 616 (1998), only those medical bills which actually have been paid are admissible, not those written off after payment by the plaintiff's

workers' compensation carrier.  Notwithstanding this clear rule of law, the plaintiff continues

to list all medical expenses charged to her.

## III.  WITNESSES

A.    LIABILITY

    1.    Heim expects to call the following witnesses at the time of trial:

        a.    Tina Lindquist-Ossa
           723 N. Center Street
           Corry, PA 16407

        b.    Ralph L. Barnett
           Triodyne
           666 Dundee Road, Suite 103
           Northbrook, IL 60062

        c.    Matthew Ulmenstine
           Triodyne
           666 Dundee Road, Suite 103
           Northbrook, IL 60062

        d.    Robert A. Rooney
           48 W. Pleasant Street
           Corry, PA 16407

        e.    Gary Dietz
           Corry Manufacturing
           519 W. Main Street
           Corry, PA 16407

        f.    Gary Merkle
           Corry Manufacturing
           519 W. Main Street
           Corry, PA 16407

        g.    Kevin Messinger
           Corry Manufacturing
           519 W. Main Street
           Corry, PA 16407

h.    Joel Nichols
      Corry Manufacturing
      519 W. Main Street
      Corry, PA 16407

i.    Jan Oviatt
      Corry Manufacturing
      519 W. Main Street
      Corry, PA 16407

j.    Dave Phillips
      Corry Manufacturing
      519 W. Main Street
      Corry, PA 16407

k.    Anthony Robert Mase, Jr.
      Heim, L.P.
      6360 West 73rd Street
      Chicago, IL 60638

l.    Katie Heim
      Heim, L.P.
      6360 West 73rd Street
      Chicago, IL 60638

m.    Gary Hutter, Ph.D., P.E., C.S.P.
      Meridian Engineering & Technology, Inc.
      P.O. Box 598
      4228 Commercial Way
      Glenview, IL  60025

n.    William Switalski, P.E.
      Switalski Engineering, Inc.
      4228 Commercial Way
      Glenview, IL 60025

o.    Dennis R. Cloutier, C.S.P.
      Cloutier Consultanting Services
      6624 Parkland Avenue
      Cincinnati, OH 45233

2.    Heim may call the following witness at the time of trial:

a.    All persons listed by the plaintiff as liability, damage, or expert witnesses in her pretrial statement and any supplemental pretrial statements.

b.    Michael J. Britvich
Keystone Investigations
Box 68, 184 Morneweck Road
Hadley, PA 16130

c.    Zygmund Zajdel
Heim, L.P.
6360 West 73rd Street
Chicago, IL 60638

d.    Representative of HB Machinery
77 Fishfry Street
P.O. Box 445
Hartford, CT 06101

e.    Representative of Avco Lycoming
550 S. Main Street
Stratford, CT 06497

f.    Representative of Linemaster Switch Corporation
P.O. Box 238
Woodstock, CT 06281

g.    Representative of Allen-Bradley
c/o Rocwell Automation, Inc.
1201 S. Second Street
Milwaukee, WI 53204

h.    Representative of Corry Manufacturing
519 W. Main Street
Corry, PA 16407

i.    Representative of OSHA
200 Constitution Avenue, N.W.
Washington, D.C.  20210

B.    DAMAGES

1.    Heim expects to call the following witnesses at the time of trial:

a.    Tina Lindquist-Ossa
723 N. Center Street
Corry, PA 16407

b.    Jamie Ossa
723 N. Center Street
Corry, PA 16407

c.    John M. Hood, M.D.
300 State Street, Suite 205
Erie, PA 16507

d.    David A. Zak, M.Ed., CRC, LCP, CLCP
PO Box 88
Turtle Creek, PA 15145-0088

2.    Heim may call the following witnesses at the time of trial:

a.    Donal F. Kirwan, SPHR
Forensic Human Resources
413 Sylvania Drive
Pittsburgh, PA 15229

b.    Andrew C. Verzilli, MBA
Verzilli & Verzilli and Consultants, Inc.
411 N. Broad Street
Lansdale, PA 19446

c.    Andrew G. Verzilli, Ph. D.
Verzilli & Verzilli and Consultants, Inc.
411 N. Broad Street
Lansdale, PA 19446

d.    Tabatha Avilla
202 Franklin Street
Corry, PA 16047

e.        Helen Lindquist
410 South Second Avenue
Corry, PA 16407

f.        Representatives and/or Records Custodian of Corry Manufacturing
519 W. Main Street
Corry, PA 16047

g.        Representatives and/or Records Custodian of PMA Insurance Group
2545 W. 26th Street
Erie, PA 16506

h.        Representatives and/or Records Custodian of Corry Ambulance Service
1701 Sassafras Street
Erie, PA 15602

i.        Representatives and/or Records Custodian of Emergency Division of TSES
1701 Sassafras Street
Erie, PA 16502

j.        Representatives and/or Records Custodian of Hamot Medical Center
201 State Street
Erie, PA 16550

k.        Representatives and/or Records Custodian of Regional Health Management Services, Inc.
717 State Street
Erie, PA 16501

l.        Representatives and/or Records Custodian of Anesthesiologists of Erie
P. O. Box 6490
Erie, PA 16512

m.        Representatives and/or Records Custodian of Erie Pathology
7 Parkway Center, Suite 375
P. O. Box 49
Pittsburgh, PA 15230

n.        Representatives and/or Records Custodian of Helpmates, Inc.
225 South Street
Ridgway, PA 15853

o.     Representatives and/or Records Custodian of Counseling Services Center, Inc.
45 E. Washington Street
Corry, PA 16407

p.     Representatives and/or Records Custodian of Hamot Surgery Center
200 State Street
Erie, PA 16507-1420

q.     Representatives and/or Records Custodian of Great Lakes Home Healthcare
1527 Sassafras Street
Erie, PA 16502

r.     Representatives and/or Records Custodian of West-Penn Podiatry Centre, Inc. (Chris Nelson DPM)
343 W. Tenth Street
Erie, PA 16502

s.     Representatives and/or Records Custodian of Hand and Arthritis Rehabilitation Center, Inc.
300 State Street, Suite 206
Erie, PA 16507

t.     Representatives and/or Records Custodian of the office of Mariano Loveranes, M.D.
706 Worth Street
Corry, PA 16407

u.     Representatives and/or Records Custodian of the office of Susan Kaufman, D. O.
300 York Street
Corry, PA 16507

v.     Representatives and/or Records Custodian of the office of Ching Wu Hou, M.D.
210 N. Center Street
Corry, PA 16407

w.     Representatives and/or Records Custodian of the office of Erie Women's Health Partners
225 W. 25th Street
Erie, PA 16502

x.    Representatives and/or Records Custodian of Corry Memorial Hospital
612 W. Smith Street
Corry, PA 16407

y.    Representatives and/or Records Custodian of Rite Aid Pharmacy
525 South McCaslin Blvd.
Louisville, CO 80027-9420

z.    Representatives and/or Records Custodian of Exogen and/or Smith Nephew, Inc.
1450 Brooks Road
Memphis, TN 38116

aa.    Representatives and/or Records Custodian of the office of Paul E. Shield, D. O.
3010 W. Lake Road
Erie, PA 16505

bb.    All persons listed by the plaintiff as liability, damage, or expert witnesses in her pretrial statement and any supplement.

## IV.  DESIGNATION OF WITNESSES VIA DEPOSITION

Not applicable at this time.

## V.  EXHIBITS

Defendant expects to utilize the following exhibits at the time of trial:

1.    Heim's sale file.

2.    Heim's Instructions and Parts Book.

3.    Deposition transcript of Tina Lindquist and all exhibits.

4.    September 8, 2005 deposition transcript of Jamie Ossa and all exhibits.

5.    July 27, 2005 deposition transcript of Anthony Robert Mase, Jr. and all exhibits.

6.      July 21, 2005 deposition transcript of Gary Dietz and all exhibits.

7.      September 8, 2005 deposition transcript of Robert Rooney and all exhibits.

8.      July 21, 2005 deposition transcript of Gary Merkle and all exhibits.

9.      July 21, 2005 deposition transcript of Kevin Messinger and all exhibits.

10.     July 22, 2005 deposition transcript of Joel Nichols and all exhibits.

11.     July 22, 2005 deposition transcript of Jan Oviatt and all exhibits.

12.     July 22, 2005 deposition transcript of Dave Phillips and all exhibits.

13.     January 23, 2006 deposition transcript of Zygmund Zajdel and all exhibits.

14.     April 6, 2006 deposition transcript of Ralph Barnett and all exhibits.

15.     April 6, 2006 deposition transcript of Matthew Ulmenstine and all exhibits.

16.     May 11, 2006 deposition transcript of Donal F. Kirwan, SPHR and all exhibits.

17.     May 15, 2006 deposition transcript of Andrew G. Verzilli, Ph.D. and all exhibits.

18.     May 15, 2006 deposition transcript of Andrew C. Verzilli, MBA and all exhibits.

19.     All initial disclosures, and any supplements thereto, made by both parties in this action.

20.     All expert disclosures, and any supplements thereto, made by both parties in this action.

21.     Heim Drawing A-470-D.

22.     All file materials of Ralph L. Barnett.

23.     All file materials of Heim's expert Gary Hutter, Ph.D., P.E., CSP.

24.     All file materials of Dennis Cloutier, C.S.P.

25.     All file materials of William Switalski, P.E.

26.    All file materials of David Zak, M.Ed., CRC, LCP, CLCP.

27.    All file materials of Andrew G. Verzilli, Ph.D..

28.    All file materials of Andrew C. Verzilli, MBA.

29.    All file materials of Donal F. Kirwan, SPHR.

30.    All records regarding plaintiff's employment at Corry Manufacturing received via subpoena.

31.    All records regarding plaintiff received from PMA Insurance Group via subpoena and through discovery.

32.    All documents received from OSHA relative to this accident.

33.    All records received from Erie Insurance Exchange via subpoena.

34.    All records from PA-OSHA Consultation Program received via subpoena.

35.    All medical records regarding plaintiff's treatment by Corry Ambulance Service.

36.    All medical records regarding plaintiff's treatment with Emergency Division of TSES.

37.    All medical records regarding plaintiff's treatment at Hamot Medical Center.

38.    All medical records regarding plaintiff's treatment with Regional Health Management Services, Inc.

39.    All medical records regarding plaintiff's treatment with Anesthesiologists of Erie.

40.    All medical records regarding plaintiff's treatment with Erie Pathology.

41.    All medical records regarding plaintiff's treatment with Helpmates, Inc.

42.    All medical records regarding plaintiff's treatment with Counseling Services Center, Inc.

43.    All medical records regarding plaintiff's treatment with Hamot Surgery Center.

44.    All medical records regarding plaintiff's treatment with Great Lakes Home Healthcare.

45.    All medical records regarding plaintiff's treatment with West-Penn Podiatry Centre, Inc. and/or Chris Nelson, DPM.

46.    All medical records regarding plaintiff's treatment with Hand and Arthritis Rehabilitation Center, Inc.

47.    All medical records regarding plaintiff's treatment with Mariano Loveranes, M.D.

48.    All medical records regarding plaintiff's treatment with Susan Kaufman, D.O.

49.    All medical records regarding plaintiff's treatment with Ching Wu Hou.

50.    All medical records regarding plaintiff's treatment with Erie Women's Health Partners.

51.    All medical records regarding plaintiff's treatment at Corry Memorial Hospital.

52.    All prescription records from Rite Aid Pharmacy.

53.    All medical records regarding plaintiff's treatment with Exogen and/or Smith and Nephew, Inc.

54.    All medical records regarding plaintiff's treatment with Paul E. Shield, D.O.

55.    All patient billing records regarding plaintiff's treatment by Corry Ambulance Service.

56.    All patient billing records regarding plaintiff's treatment with Emergency Division of TSES.

57.    All patient billing records regarding plaintiff's treatment at Hamot Medical Center.

58.    All patient billing records regarding plaintiff's treatment with Regional Health Management Services, Inc.

59.    All patient billing records regarding plaintiff's treatment with Anesthesiologists of Erie.

60.    All patient billing records regarding plaintiff's treatment with Erie Pathology.

61.    All patient billing records regarding plaintiff's treatment with Helpmates, Inc.

62.    All patient billing records regarding plaintiff's treatment with Counseling Services Center, Inc.

63.    All patient billing records regarding plaintiff's treatment with Hamot Surgery Center.

64.    All patient billing records regarding plaintiff's treatment with Great Lakes Home Healthcare.

65.    All patient billing records regarding plaintiff's treatment with West-Penn Podiatry Centre, Inc. and/or Chris Nelson, DPM.

66.    All patient billing records regarding plaintiff's treatment with Hand and Arthritis Rehabilitation Center, Inc.

67.    All patient billing records regarding plaintiff's treatment with Mariano Loveranes, M.D.

68.    All patient billing records regarding plaintiff's treatment with Susan Kaufman, D.O.

69.    All patient billing records regarding plaintiff's treatment with Ching Wu Hou.

70.    All patient billing records regarding plaintiff's treatment with Erie Women's Health Partners.

71.    All patient billing records regarding plaintiff's treatment at Corry Memorial Hospital.

72.    All billing records from Rite Aid Pharmacy.

73.    All patient billing records regarding plaintiff's treatment with Exogen and/or Smith and Nephew, Inc.

74.    All patient billing records regarding plaintiff's treatment with Paul E. Shield, D.O.

75.    All versions of ANSI B11.1, Safety Requirements for Mechanical Power Presses.

76.    All versions of Occupational Safety & Health Administration Standard 29 CFR 1910.217, Mechanical Power Presses, including all appendices.

77.   All versions of Occupational Safety and Health Administration Standard 29 CFR 1910, 212, General Requirements for all Machines, as applied to power press brakes, including all appendices.

78.   All versions of ANSI B11.3, Safety Requirements for Power Press Brakes.

79.   OSHA Publication 3170 (2001), Safeguarding Equipment and Protecting Workers from Amputations.

80.   Photographs of the Heim press brake produced by plaintiff.

81.   Photographs of the Heim press brake taken by Gary Hutter, Ph.D., P.E., CSP.

82.   Photographs produced by plaintiff.

83.   Photographs of the foot control.

84.   Video of the Heim press brake taken by Gary Hutter Ph.D., P.E., CSP.

85.   Video of the Heim press brake taken by Ralph Barnett.

86.   Video of study/research performed by Ralph Barnett produced.

87.   Exemplar foot controls manufactured by Linemaster and Allen Bradley.

88.   All sales and promotional literature regarding foot controls.

89.   Work instruction sheet describing plaintiff's job duty pertaining to the part involved in plaintiff's injury and accident.

90.   Plaintiff's tax returns.

91.   Expert report and deposition of Gary Hutter, Ph.D., P.E., including all exhibits.

92.   Expert report and deposition of William Switalski, P.E., including all exhibits.

93.   Expert report and deposition of Dennis R. Cloutier, C.S.P., including all exhibits.

94.   Expert report and deposition of David A. Zak, M.Ed., CR, LPC, CLCP, including all exhibits.

95.   1977 Linemaster Catalog.

96.   Heim's answers and objections to plaintiff's interrogatories.

97.   Heim's response and objection to plaintiff's request for production of documents.

98.   Heim's answers to plaintiff's interrogatories - second set and request for production of documents - second request.

99.   Heim's supplemental answers to plaintiff's interrogatories - second set and request for production of documents - second set.

100.  Heim's response to plaintiff's request for production of documents - third request.

101.  Heim's response to plaintiff's first request for admissions.

102.  Heim's response to plaintiff's request for admissions - second set and interrogatories - third set and request for production of documents - fourth set.

103.  Heim's "Cost Card" produced in its supplemental answers to plaintiff's interrogatories - second set and request for production of documents - second set.

104.  All of plaintiff's answers, responses and objections to any and all interrogatories, request for production of documents or request for admissions served upon the plaintiff by Heim, and any and all documents or tangible things produced by the plaintiff in response thereto.

105.  Triodyne publications.

106.  All documents which accompanied the press brake at the time of its inspection by Gary Hutter, Ph.D., P.E., C.S.P.

107.  All photographs taken by Gary Hutter, Ph.D., P.E., C.S.P.

108.  Products Liability Litigation: The Expert Witness, by M.A. Cain.

109.  The Trial Court, by Ralph L. Barnett, May 10, 1977, including audio of speech.

110.  Photographs of foot control 1-1 through 1-8.

111.    Photographs of foot control 253 through 303.

112.    Triodyne Safety Brief Vol. 12, No. 4.

113.    Triodyne Safety Brief Vol. 1, No. 4 Reprint.

114.    Triodyne Safety Brief Vol. 5, No. 1.

115.    Triodyne Safety Brief Vol. 11, No. 2.

116.    Triodyne "Old Heim File."

117.    Triodyne September 14, 1994 and May 31, 1995 expert reports in <u>Ojea v. Allen-Bradley</u>.

118.    Triodyne Punch Press Poster Book.

119.    All photographs of the press brake.

120.    All photographs of the plaintiff.

121.    Written statement of Robert A. Rooney dated July 26, 2005.


## VI. LEGAL ISSUES WHICH SHOULD BE ADDRESSED


1.    <u>Daubert</u> issues relative to plaintiff's liability expert.

2.    Bifurcation.

3.    Medical bills admissibility.


## VII.  EXPERT DISCLOSURES


Heim incorporates its expert disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2) and which is attached hereto as Exhibit "E".  These experts are as follows:

1.    Gary Hutter, Ph.D., P.E., CSP
      Meridian Engineer & Technology, Inc.
      P.O. Box 598
      4228 Commercial Way
      Glenview, IL 60025

      (Dr. Hutter's March 8, 2006 expert report is attached as Exhibit A to
      defendant's expert disclosures, and is attached hereto as Exhibit "A" – Part
      1 and Part 2).

2.    William Switalski, P.E.
      Switalski Engineering, Inc.
      4228 Commercial Way
      Glenview, IL 60025

      (Mr. Switalski's March 13, 2006 expert report is attached as Exhibit B to
      defendant's expert disclosures, and is attached hereto as Exhibit "B" – Part
      1 and Part 2).

3.    Dennis R. Cloutier, C.S.P.
      Cloutier Consulting Services
      6625 Parkland Avenue
      Cincinnati, OH 45233

      (Mr. Cloutier's March 13, 2006 expert report is attached as Exhibit C to
      defendant's expert disclosures, and is attached hereto as Exhibit "C").

4.    David A. Zak, M.Ed., CR, LPC, CLCP
      P.O. Box 88
      Turtle Creek, PA 15145-0088

      (Mr. Zak's March 13, 2006 expert report is attached as Exhibit D to
      defendant's expert disclosures, and is attached hereto as Exhibit "D").


## VIII.  PHYSICIAN REPORTS


Not applicable to Heim.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By: /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    Counsel for defendant, Heim, L.P.

**PROOF OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| \_\_\_\_X\_\_\_\_ | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire
Raymond J. Conlon, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Dated: June 27, 2006          /s/ Paul R. Robinson_____
                              PAUL R. ROBINSON, ESQUIRE

P0780376.1