UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST | : NO. 04-249E |
|         Plaintiff, | : |
| | : THE HONORABLE |
| v. | : SEAN J. MCLAUGHLIN |
| | : |
| HEIM, L.P. | : |
|         Defendant. | : |

**PLAINTIFF'S RESPONSE AND REPLY TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now comes the Plaintiff, Tina Lindquist, by and through her undersigned counsel, and files the within Reply and Response to Defendant's Objections to the Magistrate Judge's Report and Recommendation and avers as follows:

1. It is admitted that on May 15, 2006, Defendant filed its Motion for Summary Judgment and supporting Memorandum in this matter. Further, the accident, injuries and claim for which Plaintiff brought suit arise out of an incident that occurred on or about September 25, 2002 not August 31, 2004 as set forth in paragraph 1.

2. It is admitted that the Magistrate Judge issued a Report and Recommendation that Defendant's Motion for Summary Judgment be denied. Said Report and Recommendation was issued by the Magistrate Judge on December 11, 2006.

3. No responsive pleading is required in response to paragraph 3. To the extent a response is required, the

allegations and averments set forth therein are denied. By means of further response, Plaintiff incorporates her Statement of Material Fact, Memorandum of Law, and Response to Defendant's Statement of Material Fact previously filed with this Court.

    4.    Admitted in part and denied in part. It is admitted that the Magistrate Judge determined that, as an initial matter, Plaintiff must be able to show that her injuries were caused by a product manufactured by Defendant. Further, after reviewing the Material Facts and pertinent deposition transcripts provided, the Magistrate Judge determined that the question of whether the foot control switch involved in Plaintiff's accident was the same type or switch that was originally attached to the subject press brake machine at the time of its sale and/or delivery by Defendant is a question of material fact for the jury to determine. The remainder of the allegations and averments of paragraph 4 are denied.

    5-8.    Denied. To the contrary, Plaintiff and Plaintiff's expert presented sufficient evidence and testimony to determine that the foot switch involved in Plaintiff's accident of September 25, 2002, was the same type and model of foot switch that originally accompanied the press brake at the time of its original sale and

distribution in 1978. Among other things, Plaintiff established the following:

    a. Defendant supplied a foot control switch with the press brake involved in Plaintiff's accident.

    b. Defendant's manual also indicates that a foot control switch was supplied as standard equipment with the subject press brake.

    c. A foot switch was provided with the subject press brake in 1978.

    d. The Linemaster ungated foot switch originally accompanied and/or was provided with the subject press brake at the time of the initial sale and/or distribution by Defendant.

    e. A Linemaster ungated foot switch was the same type and model of foot switch that was involved in Plaintiff's accident of September 25, 2002.

    f. Photographs taken after Plaintiff's accident of September 25, 2002 are consistent and illustrate a Linemaster foot switch which is not constructed with a safety gate.

    g. An ungated Linemaster foot switch was the same type and model of foot switch shipped by Defendant (at the time of the press brake's initial sale and/or distribution) and used by the Plaintiff at the time of her accident of September 25, 2002.

    h. Defendant's corporate designee also conceded that the accident foot pedal (involved in Plaintiff's accident of September 25, 2002) appeared to be the general type of foot pedal supplied with the subject foot brake.

(See Plaintiff's Statement of Material Facts, numbers 3, 4, 6, 21, 22, 26, 37 and 40).

Moreover, Plaintiff's claim is a design defect claim. Whether or not the foot switch involved in Plaintiff's accident was the specific foot switch that was sold and/or accompanied the subject press brake at the time of its original sale and/or distribution does not affect Plaintiff's design defect claim.  Without a gate on the foot pedal, whether the original foot pedal or a replacement/component part, the press brake was unsafe and was therefore defective.  The incorporation of a component part or replacement part is not a substantial change. <u>Greco v. Bucciconi Engineering Co.</u>, 283 F.Supp. 978, 984 (W.D. Pa. 1967).  (See Plaintiff's Memorandum of Law pages 5-8).

    9.   Paragraph 9 contains conclusions of law to which no responsive pleading is required.  To the extent a response is required, paragraph 9 is denied.  As set forth herein, as well as Plaintiffs' Memorandum of Law and Statement of Material Facts, Plaintiff has set forth sufficient facts and evidence to meet her burden.  The Defendant manufactured the subject press brake.  The foot switch utilized by Plaintiff at the time of her injury was the same type and model which was originally supplied with

4

the subject press brake. As such, Summary Judgment must be denied.

11. Denied. In fact, the Magistrate Judge indicated that Defendant's own expert conceded and acknowledged that he had investigated accidents in which no point of operation protections were provided. (See Report and Recommendation page 7). Viewing evidence in a light most favorable to the non-moving party (here, Plaintiff), the Magistrate Judge determined that this was a factual dispute to be resolved by the jury.

12. Paragraph 12 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, the Magistrate Judge's decision clearly indicates a factual dispute as to whether the use of the subject product by Plaintiff was an intended or non-intended use, leaving the issue to be decided by the trier of fact in this case. Moreover, as established by Plaintiff's expert, Plaintiff was using the subject press brake at the time of her accident of September 25, 2002 in an intended and foreseeable fashion. (See Plaintiff's

Statement of Material Fact, number 89). Additionally, Plaintiff's expert and Defendant's own expert agree and confirm that press brakes are operated without using point of operation protection.

    13-15.  Denied. To the contrary, Plaintiff produced the following evidence, *inter alia,* regarding the defect in the product:

>a. An ungated foot switch provided with a general purpose press brake makes the press brake defective.
>
>b. On a general purpose press brake, it is never safe to have an ungated foot pedal associated with or accompanying the press brake.
>
>c. A foot pedal and a foot control attached to a press brake must be protected from inadvertent activation.
>
>d. Regardless of the press brake's set up, it is defective without a gate on the foot switch.
>
>e. An ungated foot control in use with a press brake is always defective.
>
>f. An ungated foot control is defective when utilized on any general purpose press brake.
>
>g. Defendant knew that the subject press brake was a general purpose machine.
>
>h. The subject press brake failed to have any gated foot controls/foot switch at the time of its original sale or distribution by Defendant.

(See Plaintiff's Statement of Material Facts numbers 49, 50, 52, 55, 56, 71, 72 and 80).

In light of the information and evidence produced by Plaintiff, Plaintiff has sufficiently met her burden to prove a defect in the subject product. Therefore, Summary Judgment must be denied.

16. Denied. In the Report and Recommendation, the Magistrate Judge determined that, based on the evidence and testimony presented, proximate causation was a jury determination in this matter. As such, Summary Judgment should be denied.

17-19. Denied. To the contrary, Plaintiff and her expert presented sufficient evidence to meet her burden that a gated foot control would have prevented the subject accident of September 25, 2002. Among other things, Plaintiff elicited the following evidence and testimony:

> a. The activation of the press brake by the foot pedal caused the subject accident.
>
> b. The only way the press brake would have cycled (operated) is by activation of the foot switch.
>
> c. This was an inadvertent activation of the foot switch.
>
> d. Without a gate on the foot switch, an inadvertent activation of the press brake can occur.

      e. A gate is intended to prevent unintended activation of a foot control.

      f. The failure of Defendant to provide a gated foot control and foot switch caused injury to Plaintiff and rendered the press brake defective.

      g. The intended function of a gate on a foot control is to minimize inadvertent activation.

      h. A foot switch with a safety gate would eliminate accidental activation and clearly would have prevented injury to the Plaintiff in this case.

(See Plaintiff's Statement of Material Fact numbers 129, 130, 134, 135, 136, 137, 140 and 146).

    20-23. Denied. Defendant once again attempts to argue that Plaintiff was "riding the pedal", absent any evidence to substantiate this contention. In fact, the evidence produced of record is directly to the contrary. The evidence and testimony indicates, in part, as follows:

      a. Prior to the accident, Plaintiff did not have her foot inside the foot switch. She had moved it away from the foot switch after completing the previous part.

      b. Plaintiff's foot was not resting on the pedal, it was away from it.

      c. Plaintiff was not riding the pedal at the time of her accident.

      d. Prior to her injury, Plaintiff was not riding the pedal. She had taken her foot out of the foot control.

> e. Plaintiff's foot was not in the pedal at all prior to the inadvertent activation of the press brake.
>
> f. Plaintiff's foot moved forward to inadvertently activate the press brake. Prior to that, her foot was located outside of the unit.
>
> g. If Plaintiff's foot was outside the foot control before she began forming the part on the press brake and her foot inadvertently activated the foot control, there would be no indication that Plaintiff was riding the pedal prior to activation.
>
> h. Defendant's expert conceded that if Plaintiff's foot was outside of the foot pedal prior to the accident and inadvertently went into the foot pedal and activated the press brake, she would not have been riding the foot pedal.

(See Plaintiff's Statement of Material Facts numbers 120, 121, 123, 124, 125, 126, 127, 128).

24. Denied. Plaintiff has presented sufficient evidence to determine that the product failed to have an element necessary to make it safe. A gated foot switch would have prevented the accidental activation and would have prevented Plaintiff's injuries. The failure of Defendant to provide and/or supply a gated foot switch with this product renders it defective. As a result of this defect, Plaintiff was injured. As a result, and viewing the record in the light most favorable to Plaintiff, Summary Judgment must be denied.

25-28. Denied. The Magistrate Judge's Report and Recommendation indicates that Defendant requested Summary Judgment based on the allegation and contention that Plaintiff had failed to show that the press brake was defective. Reviewing the totality of the evidence and testimony presented, the Magistrate Judge determined that sufficient evidence was presented to meet Plaintiff's burden. As such, the Magistrate Judge determined that Summary Judgment must be denied.

WHEREFORE, in light of the foregoing, Plaintiff respectfully request that this Honorable Court approve and adopt the Report and Recommendation of the United States Magistrate Judge Susan Paradise Baxter and deny Defendant's Motion for Summary Judgment. Plaintiff has set forth sufficient facts to enable a jury to determine that the Defendant is liable for its defective product. Viewing the

record in the light most favorable to Plaintiff, there are genuine issues of material facts present which preclude a determination of Summary Judgment.  As such, Summary Judgment must be denied.

>Respectfully submitted,
>
>DALLAS W. HARTMAN, P.C.
>
>__/s/ Dallas W. Hartman
>Attorneys for Plaintiff
>
>Dallas W. Hartman, Esq.
>Attorney I.D. No. 41649
>
>Raymond J. Conlon, Esq.
>Attorney I.D. No. 49495
>
>2815 Wilmington Road
>New Castle, PA  16105
>(724) 652-4081

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING & FIRST CLASS MAIL:

           Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
         U.S. Steel Tower, Suite 4850
            Pittsburgh, PA  15219

               Attorney for DEFENDANT

                                            DALLAS W. HARTMAN, P.C.

DATE:  <u>01/03/07</u>

                                      <u>/s/ Dallas W. Hartman</u>
                                        Attorneys for Plaintiff

                                        Dallas W. Hartman, Esq.
                                        Attorney I.D. No. 41649

                                        Raymond J. Conlon, Esq.
                                        Attorney I.D. No. 49495

                                        2815 Wilmington Road
                                        New Castle, PA  16105
                                        (724) 652-4081