IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST, | Civil Action No:  04-249E |
| Plaintiff, | **JUDGE SEAN J. MCLAUGHLIN / MAGISTRATE JUDGE SUSAN PARADISE BAXTER** |
| vs. | |
| HEIM, L.P., | |
| Defendant. | PAUL R. ROBINSON, ESQUIRE PA I.D. No. 65581 Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. U.S. Steel Tower, Suite 4850 600 Grant Street Pittsburgh, PA 15219 (412) 261-6600 FAX: (412) 471-2754 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response in opposition to plaintiff's motion to strike defendant's objections to Magistrate Judge's report and recommendation, averring as follows:

1.    Plaintiff's motion to strike defendant's objections to Magistrate Judge's report and recommendation is frivolous and should be denied.

P0799107.1

2.     The plaintiff's motion disregards the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Pennsylvania, and the Magistrate Judge's specific text order which ordered Heim to file its objections to the report and recommendation by December 28, 2006.  (A true and correct copy of the December 11, 2006 text order is attached as Exhibit "A").  The plaintiff's motion to strike also contains no analysis of the timing issue it raises.

3.     Specifically, the Magistrate Judge's report and recommendation was filed on December 11, 2006, and the docket order provided by the Magistrate Judge specifically indicated:  "Objections to R&R due by 12/28/2006."  (See Exhibit "A").  The plaintiff cannot claim ignorance of this docket order, as the undersigned counsel specifically addressed this issue with plaintiff's counsel, Raymond Conlon, Esquire, on December 27, 2006 through a telephone conversation wherein the undersigned counsel advised plaintiff's counsel of the text order.

4.     Notwithstanding the Magistrate Judge's text order, if plaintiff had applied the otherwise controlling Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Western District of Pennsylvania, the plaintiff would have concluded that Heim's objections to the Magistrate Judge's report and recommendation were not due to be filed until December 29, 2006.

5.     Rule 6 of the Federal Rules of Civil Procedure provides in relevant part:

In computing any period of time prescribed or allowed . . . by order of court . . . , the day of the act from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . . When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

As used in this rule . . . , "legal holiday" includes . . . Christmas Day . . . .

Fed.R.Civ.P. 6(a).   This Federal Rule of Civil Procedure furthermore provides that, whenever a party must act within a prescribed period after service and service is made under Rule 5(b)(2)(D) (which provides for service by electronic means), "3 days are added after the prescribed period would otherwise expire under subdivision (a)." Fed.R.Civ.P. 6(e).

6.     Utilizing the Federal Rules of Civil Procedure would result in the exclusion of Saturday the 16th, Sunday the 17th, Saturday the 23rd, Sunday the 24th, and Christmas Day on Monday the 25th, resulting in the ten-day period falling on Tuesday, December 26th. Adding the required 3 days to the 26th results in Heim's objections to the Magistrate Judge's report and recommendation being due on or before December 29, 2006.

7.     In addition, the Local Rules of the United States District Court for the Western District of Pennsylvania specifically provide:

In accordance with Rule 6(e) of the Federal Rules of Civil Procedure . . . , service by electronic means is treated the

> same as service by mail for the purpose of adding three (3)
> days to the prescribed period to respond.

W.D. PA. LR MISC. 05-186(4). Utilizing the Local Rules for the United States District Court for the Western District of Pennsylvania results in Heim's objections to the Magistrate Judge's report and recommendation being due on or before December 29, 2006.

8.     The plaintiff disregarded the controlling order of court, the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court of the Western District of Pennsylvania in filing her motion to strike defendant's objections to the Magistrate Judge's report and recommendation, needlessly causing Heim to incur the time and expenses involved with responding to her frivolous motion and needlessly requiring this Honorable Court to address the motion.

WHEREFORE, it is respectfully requested that this Honorable Court deny plaintiff's motion to strike the defendant's objections to the Magistrate Judge's report and recommendation and grant the defendant all relief deemed appropriate by this Honorable Court. A proposed order is attached.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By:      /s/ Paul R. Robinson
      PAUL R. ROBINSON, ESQUIRE
      PA I.D. No. 65581
      Attorney for defendant, Heim, L.P.

      U.S. Steel Tower, Suite 4850
      600 Grant Street
      Pittsburgh, PA 15219
      (412) 261-6600

# PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| X | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire
Raymond Conlon, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date:  January 8, 2007

_____/s/ Paul R. Robinson_____
PAUL R. ROBINSON, ESQUIRE

P0799107.1