IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>        Plaintiff,<br><br>    vs.<br><br>HEIM, L.P.,<br><br>        Defendant. | Civil Action No:  04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**MOTION FOR AZZARELLO HEARING**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its motion for Azzarello hearing, requesting that this Honorable Court schedule an Azzarello hearing pursuant to the requirement set forth in Moyer v. United Dominion Industries, Inc., 473 F.3d 532 (3d Cir. 2006), averring as follows:

    1.    The plaintiff, Tina Lindquist, was injured on September 25, 2002 during the course of her employment while operating a Heim mechanical press brake, Model 70-6 (the "Press Brake").  The plaintiff claims she was injured when she activated the foot

control switch while her hands were located between the table and moving ram of the Press Brake.

2.	The Press Brake was sold by Heim in April, 1978 to a Connecticut machine distribution company, HB Machinery Co., which requested that the Press Brake be shipped directly to a Connecticut manufacturer, Avco Lycoming.  The plaintiff's employer, Corry Manufacturing, purchased the Press Brake at a machinery auction in 1999, connected a foot control and two-palm button switch to the Press Brake, and utilized the Press Brake during its operations through and after the date of the plaintiff's accident.

3.	The plaintiff has asserted claims against Heim for negligence, breach of implied warranties, and strict liability pursuant to Restatement (Second) of Torts § 402A; however, as conceded by plaintiff's designated expert, Ralph L. Barnett, each of the claims is based upon the sole premise that the foot control Tina Lindquist was using at the time of her accident was defective because it did not contain a gate at the opening for the operator's foot.

4.	The trial of this case is scheduled for May 14, 2007.

5.	Heim requests that this Honorable Court schedule an <u>Azzarello</u> hearing to determine the threshold decision of whether or not the foot control was "unreasonably dangerous" - prior to submitting the issue of product defect (lacking any element necessary

to render the foot control safe for its intended use) - pursuant to the recent mandates of Moyer v. United Dominion Industries, Inc., 473 F.3d 532 (3d Cir. 2006). It is respectfully suggested that the Azzarello hearing be scheduled for May 14, 2007, to allow for the efficient travel of the Illinois resident witnesses that would be expected to testify.

6.  In Azzarello v. Black Bros. Co., 480 Pa. 547, 391 A.2d 1020, 1026 (1978), the Supreme Court of Pennsylvania determined that the threshold question of whether a product is "unreasonably dangerous" for purposes of strict liability law under the Restatement (Second) of Torts § 402A is a question of law to be determined by the court prior to the submission of any other issues to the jury, including whether or not the product was in a defective condition.

7.  In making the threshold determination of whether or not the foot control was "unreasonably dangerous," the court is to "engage in a risk-utility analysis, weighing a product's harms against its social utility." Moyer v. United Dominion Industries, Inc., 473 F.3d at 538 (quoting Surace v. Caterpillar, Inc., 111 F.3d 1039, 1044 (3d Cir. 1997)).

8.  The court must perform this risk-utility analysis prior to the trial and submission of the issue of whether or not the product is defective, i.e., lacking an element necessary to make the product safe for its intended use, to the jury. Moyer, 473 F.3d at 538 ("the judge makes the pre-trial determination as a matter of law").

9. Some of the relevant factors to be considered by the court when performing its risk-utility analysis include:

    a. The usefulness and desirability of the product - its utility to the user and to the public as a whole;

    b. The safety aspects of a product - the likelihood that it will cause injury, and the probable seriousness of the injury;

    c. The availability of a substitute product which would meet the same need and not be as unsafe;

    d. The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility;

    e. The user's ability to avoid danger by the exercise of care in the use of the product;

    f. The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instruction; and

    g. The feasibility, on the part of the manufacturer, of spreading the loss [and] setting the price of the product or carrying liability insurance.

Moyer, 473 F.3d at 538 (quoting Surace, 111 F.3d at 1046).

10. If the court determines that the product is not "unreasonably dangerous," the case is not submitted to the jury and the strict liability claim must be dismissed. See Azzarello, supra; Moyer, 473 F.3d at 538.

WHEREFORE, Heim, L.P. respectfully requests that this Honorable Court grant this motion and schedule an <u>Azzarello</u> hearing prior to the trial of this case. A proposed order is being filed contemporaneously with Heim's motion and brief.

>Respectfully submitted,
>
>MEYER, DARRAGH, BUCKLER,
>BEBENEK & ECK, P.L.L.C.
>
>By: /s/ Paul R. Robinson
>    PAUL R. ROBINSON, ESQUIRE
>    PA I.D. No. 65581
>    Counsel for defendant, Heim, L.P.

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| ___X___ | Electronic Transmission |

at the following address:

>Dallas W. Hartman, Esquire
>Dallas W. Hartman P.C.
>2815 Wilmington Road
>New Castle, PA 16105
>*(Counsel for Plaintiff)*

>MEYER, DARRAGH, BUCKLER,
>BEBENEK & ECK, P.L.L.C.

Date: April 9, 2007         /s/ Paul R. Robinson
                             PAUL R. ROBINSON, ESQUIRE

P0805645.1