```
                UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                        : NO. 04-249E
          Plaintiff,                  :
                                      : THE HONORABLE
   v.                                 : SEAN J. MCLAUGHLIN
                                      :
HEIM, L.P.                            :
          Defendant.                  :
```

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF RALPH L. BARNETT, OR ALTERNATIVELY, MOTION FOR A DAUBERT HEARING

Now comes the Plaintiff, Tina Lindquist, by and through her undersigned counsel, and files the within Reply and Response to Defendant's Motion in Limine stating as follows:

1. It is admitted that Plaintiff was injured on September 25, 2002, during the course and scope of her employment while operating a Heim mechanical press brake, Model 70-6.

2. Admitted.

3. Admitted in part and denied in part. It is admitted that Plaintiff's employer purchased the subject press brake at auction and subsequently utilized the press brake during operations its facility. The remainder of the allegations within paragraph 3 are denied as stated. It is unknown as to when Plaintiff's employer installed a two palm button. Further, testimony of record indicate that

1

the press brake was purchased at auction with the foot switch attached.

  4. Admitted in part and denied in part.  It is admitted that Plaintiff presented claims against Defendant for negligence, breach of warranty and strict liability. The remainder of the allegations are denied as stated.  For further response, please see Plaintiff's Statement of Material Facts and Affidavit of Ralph L. Barnett, Document No. 48, Appendix Exhibit A, previously provided.

  5. Admitted.

  6. No responsive pleading is required.  However, as set forth in the attached Brief and Memorandum, it is denied that <u>Daubert</u> should preclude the testimony of Professor Barnett.

  7. No responsive pleading is required in response to paragraph 7.

  8. No responsive pleading is required in response to paragraph 8.  In the event a response is deemed necessary, Plaintiff herein incorporates her Memorandum of Law in response herein.

  9. – 18. Paragraphs 9-18 contain conclusions of law to which no responsive pleading is required.  Moreover, as set forth in the evidence of record, as well as the Memorandum of Law filed contemporaneously herein, Professor

Barnett's expertise in analyzing the safety aspects of foot controls is undisputed.

    19.    Denied.    In fact, Defendant's own experts testified as follows:

> a.  If a foot pedal is attached to a press brake, the mandate is that it shall be protected against inadvertent activation. (Document No. 48, Appendix Exhibit L, Page 84).
>
> b.  A foot pedal and a foot control attached to a press brake must be protected from inadvertent activation. (Document No. 48, Appendix Exhibit L, Page 85).
>
> c.  Industry standards were to prevent accidental activation on the foot pedal. (Document No. 48, Appendix Exhibit L, Pages 95-97).
>
> d.  Other manufacturers (of press brakes) provided gated foot controls with their press brakes. (Document No. 48, Appendix Exhibit K, Page 35).
>
> e.  Other manufactures of press brakes provided gated foot controls with their press brakes between 1971 and 1982. (Document No. 48, Appendix Exhibit K, Page 36).
>
> f.  Manufacturers such as Cincinnati, Inc. and Chicago provided gated foot controls with their press brakes between 1971 and 1982. (Document No. 48, Appendix Exhibit K, Page 36).
>
> g.  Manufacturers such as Pacific and Cincinnati both still include gated foot controls with their press brakes today. (Document No. 48, Appendix Exhibit K, Page 37).

Finally, Plaintiff's expert has testified and stated, at length, that an ungated foot switch provided with a general purpose press brake makes the press brake defective. (See Document No. 48, Appendix Exhibit A).

20.-21.  Denied.  In fact, Professor Barnett has indicated that he did not address this particular issue as present herein nor was he presented with this issue previously.  Further, Professor Barnett testified that his writings and opinions were regarding power presses, not press brakes as in the matter presently before the Court.  Further, as acknowledged by Defendant's experts and Plaintiff's expert himself, Professor Barnett is the most authoritative person in this field of study.

22.  Denied as stated.  The testimony of Matthew Ulmenstine speaks for itself.  Moreover, to the extent defense seeks to imply or infer that Professor Barnett's opinions are somehow inconsistent with prior statements or written opinions, said allegation is denied.  Professor Barnett himself has refuted such notions in his testimony, at length.

23.  Denied as stated. Moreover, to the extent that the defense is claiming that the OSHA, ANSI and/or National

Safety Council Standards or publications are admissible, these allegations are denied.

24.-25. Denied. Moreover, Pennsylvania courts have long held that it is improper, in a product liability action, for a defendant to introduce evidence of industry standards relating to the design of the product or evidence of its widespread use in the industry. See <u>Lewis v. Coffing Hoist Division Duff-Nort Co., Inc.</u>, 515 Pa. 334, 528 A.2d 590, 594 (1987). Further, Pennsylvania Courts have extended the inadmissibility of industry standards and customs to preclude the introduction of ANSI and OSHA standards and regulations. See <u>Majdic v. Cincinnati Machine Company</u>, 370 Pa. Super. 611, 537 A.2d 334, 339 (1988); <u>Sheehan v. Cincinnati Shaper Co.</u>, 382 Pa. Super. 579, 555 A.2d 1352 (1989).

26. Denied as stated. Moreover, Defendant's argument addresses and goes to the weight and/or credibility of Plaintiff's expert testimony. It does not address the scientific means or method in achieving Plaintiff's expert opinion. Defendant attempts to attack the credibility and/or weight of Professor Barnett's findings and/or opinion regarding the subject foot pedal and defective condition. Such is not proper for a <u>Daubert</u> hearing or motion.

27. Denied. Once again, Defendant attempts to argue the credibility and/or weight of Plaintiff's expert's opinion regarding the failure to have a gated foot switch in preventing accidental activation. Such is not proper for a <u>Daubert</u> motion or request. Further, Defendant's own expert, William Switalski, specifically testified that a foot pedal and foot control attached to a press brake must be protected from inadvertent activation. (Document No. 48, Appendix Exhibit L, Page 85). Finally, there has been no evidence to establish that Plaintiff was "riding the pedal" at the time of her injury. In fact, the evidence produced of record indicate that Plaintiff was not riding the pedal. (Document No. 48, Appendix Exhibit H, Pages 140, 142; Appendix Exhibit S; Appendix Exhibit B, Pages 52, 180, 210, 234-236; Appendix Exhibit K, Pages 167, 173).

28. Denied. Defendant's expert addressed the issue of "riding the pedal" as it relates to punch presses, which are completely different and distinct from press brakes.

29. Denied as stated. Once again, Defendant is attacking the credibility or weight of Plaintiff's expert's opinion. Such is not proper for a <u>Daubert</u> hearing. Such material may be fodder for cross-examination, but does not affect the presentation of Plaintiff's expert opinion.

30. Denied as stated. Once again Defendant attempts to argue the credibility and/or weight of Plaintiff's expert opinion as opposed to standards under Daubert. Moreover, there is no evidence of record that Plaintiff was "riding the pedal" at the time of her injury. (See Plaintiff's Statement of Material Facts filed at Docket Number 48).

31.-34. Paragraphs 31-34 contain statements and/or allegations to which no response is required. To the extent a response is required, these allegations are denied. Moreover, Defendant's statement merely ask the Court to reject Professor Barnett's opinions and conclusions and, instead, accept as fact the Defendant's experts' conclusions and opinions which are contrary to those of Professor Barnett. Such is not proper argument for a Daubert motion.

35.-37. Paragraphs 35-37 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations set forth therein are denied. In fact, Professor Barnett has testified, unequivocally, that an ungated foot switch provided with a general purpose press brake makes the press brake itself defective. (Document No. 48, Appendix Exhibit A,; also, Appendix Exhibit B, Page 147). Moreover, Defendant's

7

experts have testified that other manufacturers, both at the time of the manufacture of the Heim press brake (the subject press brake involved herein) and current manufactures of press brakes, include and incorporate gated foot controls with their press brakes. (Document No. 48, Appendix Exhibit K, Pages 35, 36, 37, 38, 42).

38. Denied as stated. It is admitted that the foot control used by Plaintiff at the time of her accident was discarded or lost sometime after the inspection of the subject press brake. It is denied that the foot control was lost or discarded prior to Defendant having the opportunity to inspect or examine the press brake. Plaintiff first provided notice of a potential claim to Defendant by certified by on or about October 27, 2003.

39.-40. Denied. In fact, there is testimony of record which indicates that the press brake was purchased at auction with a foot switch attached. Further, Defendant cannot state definitively what foot switch was provided with the subject press brake at the time of its initial sale, distribution and/or manufacturer. The only thing that the Defendant can indicate is that the a foot control was originally supplied with the press brake involved in Plaintiff's accident, as the press brake was originally supplied and/or distributed in 1978. Additionally,

Professor Barnett has opined, at length, that the foot switch attached the press brake at the time of Plaintiff's accident was the same time and model of foot switch which originally accompanied the press brake as manufactured by Heim. (Document No. 48, Appendix Exhibit B, Pages 73-74, 77, 84-85). Further, Defendant seeks merely to rehash herein Defendant's argument regarding the identity of the product which was previously dealt with in this Court's ruling on Defendant's Motion for Summary Judgment.

    41.-42. Denied. In fact, the Affidavit of Ralph Barnett, previously provided and of record, establishes that a Linemaster ungated foot switch originally accompanied and/or was provided with the subject press brake at the time of its initial sale and/or distribution by Defendant, as the only means of activating the press brake. Further, this same model of foot switch was the same type and model of foot switch that was involved in Plaintiff's accident. By means of Affidavit, as well as an amended report, Professor Barnett identified the model of foot switch and further confirmed that it was the same type and model of foot switch shipped by Defendant at the time of the press brake's initial sale and/or distribution. Additionally, Defendant has acknowledged that it is unable to determine what foot switch originally accompanied the

subject press brake. Heim is unable to produce any documentation or written record of what foot switch originally accompanied the subject press brake to dispute Plaintiff's expert's testimony.

43. Admitted.

44.-49. Denied as stated. Once again, Defendant attempts to attack the credibility and/or weight of Plaintiff's expert's testimony and opinion. Defendant seeks to reopen the issues raised in summary judgment, which this Court has already ruled on and held extensive oral argument as it relates to the subject press brake and accompanying foot switch. Defendant, itself, is unable to determine what foot switch originally accompanied the subject press brake. Further, the Defendant is unable to produce any documentation of what foot switch originally accompanied the press brake to dispute any of Plaintiff's expert's testimony and opinion. Rather, Defendant seeks to discredit Plaintiff's expert's opinion by providing differing opinions, whether by lay witnesses or Defendant's own experts which are contrary to the opinions of Professor Barnett. Once again, such is not proper for a <u>Daubert</u> hearing and motion.

50.-51. Denied. In fact, Plaintiff has testified that prior to the accident her foot was not inside the foot

switch. She had moved it from the foot switch after completing the previous parts. (Document No. 48, Appendix Exhibit H, Page 140). Further, Plaintiff testified that her foot was not resting on the pedal that it was away from it. (Document No. 48, Appendix Exhibit H, Page 142). Additionally, Plaintiff's Affidavit indicates that while she was performing her job on the date of the accident, she would completely remove her foot from the foot control after each cycle of the machine. (Document No. 48, Appendix, Exhibit S). Further, there has been no evidence produced of record to indicate that Plaintiff was "riding the pedal" at the time of her accident and injury.

    52.-53. Denied as stated. Professor Barnett has testified that the most prevalent cause of accidental activation of a power press is "riding the pedal". Further, he testified at length that "riding the pedal" is not a hazard particular in the press brake. It is a significant hazard for the punch press, which is different than the press brake. (Document No. 48, Appendix Exhibit B, Pages 137, 204).

    54.-56. Denied. In fact, Defendant's own expert agrees that, if Plaintiff's foot was outside the foot pedal prior to the accident and inadvertently went into the foot pedal and activated the press brake, she could not have

11

been riding the foot control. (Document No. 48, Appendix Exhibit K, Page 168). Further, Defendant's expert testified that if Plaintiff's foot was outside the foot control before she began forming the part on the press brake, and her foot inadvertently activated the foot control, there would be no indication that Plaintiff was "riding the pedal" prior to activation. (Document No. 48, Appendix Exhibit K, Page 173). There has been no evidence produced of record to indicate that Plaintiff was riding the pedal. In fact, all evidence produced to date indicates that Plaintiff was not riding the pedal and had taken her foot out of the foot control prior to the accident.

57.-58. Denied. There has been no evidence produced of record to indicate that Plaintiff was riding the foot pedal at the time of her accident. Plaintiff has specifically testified that she had moved her foot away from the foot switch after completing the previous part. (Document No. 48, Appendix Exhibit H, Page 140). Further as set forth previously, Defendant's own expert has agreed that, if Plaintiff's foot was outside of the foot pedal prior to the accident and inadvertently went into the foot pedal, thereby activating the press brake, she could not have been riding the foot control. (Document No. 48,

Appendix Exhibit K, Page 167, 168). As a result, Plaintiff's foot moved forward to inadvertently activate the foot brake. Prior to that, her foot was located outside of the unit. (Document No. 48, Appendix Exhibit B, Pages 235-236).

59. No responsive pleading is required in response to paragraph 59. To the extent a response is required, Plaintiff requests the opportunity to present additional testimony and evidence to allow the District Court to rule upon Defendant's Motion in Limine.

WHEREFORE, in light of the foregoing, Plaintiff respectfully request this Honorable Court deny Defendant's Motion and allow the case to go forward with the presentation of Plaintiff's expert's testimony to the jury.

                                      Respectfully submitted,

                                      DALLAS W. HARTMAN, P.C.

                                      __/s/ Dallas W. Hartman
                                      Attorneys for Plaintiff

                                      Dallas W. Hartman, Esq.
                                      Attorney I.D. No. 41649

                                      2815 Wilmington Road
                                      New Castle, PA  16105
                                      (724) 652-4081

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING:

Paul R. Robinson, Esquire<br>
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC<br>
U.S. Steel Tower, Suite 4850<br>
Pittsburgh, PA  15219<br>
<br>
Attorney for DEFENDANT

DALLAS W. HARTMAN, P.C.

DATE: <u>04/27/07</u>

<u>   /s/ Dallas W. Hartman</u>
Attorneys for Plaintiff

Dallas W. Hartman, Esq.
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA  16105
(724) 652-4081