```
                  UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                        : NO. 04-249E
         Plaintiff,                   :
                                      : JUDGE SEAN MCLAUGHLIN
    v.                                :
                                      :
HEIM, L.P.                            :
         Defendant.                   :
```

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION**
**FOR AN AZZARELLO HEARING**

I.  RESPONSE TO MOTION FOR AZZARELLO HEARING:

   1.   Admitted that Plaintiff Tina Lindquist was injured on September 25, 2002 during the course of her employment, while operating a Heim mechanical press brake, Model 70-6 (hereinafter "Press Brake").  The remainder of the paragraph is denied as stated.  Plaintiff alleges that she was injured when she inadvertently activated the Press Brake while her hands were located between the table and moving ram. The Press Brake was defectively designed, manufactured, and sold, in that the design of the Press Brake failed to incorporate a gated foot pedal. (Exhibits "A", "C" and "D" attached to Defendant's Appendix to Daubert Motion).

   2.   It is admitted that Plaintiff's employer purchased the subject Press Brake at auction in 1999.  It is unknown as to when Plaintiff's employer installed the two-palm button switch. It is undisputed that when originally manufactured and sold the Press Brake was designed for, and sold with, a foot switch

attached. Furthermore, testimony of record indicates that the Press Brake contained a foot switch at the time of purchase at auction.

3. Admitted that Plaintiff has asserted claims against Defendant Heim based on theories of negligence, breach of warranty and strict product liability. It is further admitted that Plaintiff's expert has opined that the Press Brake contains a design defect in that it was designed, manufactured, and sold without incorporating a gated foot pedal. (Exhibits "A", "C" and "D" attached to Defendant's Appendix to Daubert Motion).

4. Admitted that trial in this matter is scheduled for trial on May 14, 2007.

5. Admitted that Defendant Heim has requested an Azzarello hearing. It is denied that the recent case of Moyer v. United Dominion Indus., Inc., 473 F.3d 532 (2007) mandates an Azzarello hearing.

6. Paragraph 6 contains statements of law and defense counsel's conclusions of law to which no responsive pleading is required.

7. Paragraph 7 contains statements of law and defense counsel's conclusions of law to which no responsive pleading is required.

8.  Paragraph 8 of contains statements of law and defense counsel's conclusions of law to which no responsive pleading is required.

9.  Paragraph 9 of contains statements of law and defense counsel's conclusions of law to which no responsive pleading is required.

10. Paragraph 10 of contains statements of law and defense counsel's conclusions of law to which no responsive pleading is required.

II. PLAINTIFF'S COUNTERSTATEMENT OF FACTS:

1.  Defendant, Heim, L.P. manufactured the subject press brake involved in Plaintiff's accident of September 25, 2002. (Exhibits "A", "C" and "D" attached to Defendant's Appendix to Daubert Motion).

2.  Defendant, Heim, L.P. admits to manufacturing the subject press brake involved in Plaintiff's accident of September 25, 2002.  (Defendant's Response to Plaintiff's Request for Admissions-Second Set, Request Number 1, attached as Exhibit "AA" to Plaintiff's prior Appendix to Motion for Summary Judgment).

3.  Heim, L.P. supplied a foot control with the press brake involved in Plaintiff's accident. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ T79).

4.  The press brake failed to have a gated foot controls/foot switch at the time of its original sale or

distribution by Defendant. (Heim drawing A-470-D, attached as Exhibit "O" to Plaintiff's prior Appendix to Motion for Summary Judgment).

5. The goal of manufacturers of press brakes is to minimize accidental activation. (Exhibit "A" attached to Defendant's Appendix to Daubert Motion @ T108, T159-160, T245).

6. Unintended actuation of the foot control and foot switch is a recognized hazard. (Exhibit "H" attached to Defendant's Appendix to Daubert Motion @ T134-135).

7. If a foot pedal is attached to a press brake, the mandate is that it shall be protected against inadvertent activation. (Exhibit "H" attached to Defendant's Appendix to Daubert Motion @ T84-85, T95-97).

8. A foot switch with a safety gate would eliminate accidental activation and clearly would have prevented injury to the Plaintiff in this case. (Exhibit "C" attached to Defendant's Appendix to Daubert Motion).

9. The intended function of a gate on a foot control is to minimize inadvertent activation. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ T202).

10. A gate is intended to prevent unintended activation of a foot control. (Exhibit "H" attached to Defendant's Appendix to Daubert Motion @ T176.)

11. Without a gate on the foot switch, an inadvertent activation of the press brake can occur. (Exhibit "A" attached to Defendant's Appendix to Daubert Motion @ T244-245).

12. Plaintiff inadvertently activated the foot switch and foot brake. She did not intend to activate the press brake. It was involuntary, not voluntary. (Exhibit "A" attached to Defendant's Appendix to Daubert Motion @ T205-209).

13. A foot switch with a front gate was available in 1973. (Exhibit "H" attached to Defendant's Appendix to Daubert Motion @ T98-99).

14. A gated foot control complies with ANSI B11.3. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ T29-T33; Exhibit "H" attached to Defendant's Appendix to Daubert Motion @ T66-67, T99-100).

15. Other manufacturers of Press Brakes provided gated foot controls with their press brakes. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ T35-37).

16. Cincinnati began the era of gated foot controls in their press brakes in 1973. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ 42).

17. The proper selection of a foot switch depends on the type and purpose of the machine. (Exhibit "A" attached to Defendant's Appendix to Daubert Motion @ T38-41).

18. It is the responsibility of the machine manufacturer (ie. press brake manufacturer) to select from a menu of foot

switches, foot controls, foot pedals or foot treadles which make sense to utilize on their machines. (Exhibit "A" attached to Defendant's Appendix to Daubert Motion @ T38).

19. As the manufacturer of a general purpose machine, Heim is responsible for sending and providing the appropriate foot switch control. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ T119-120).

20. An ungated foot control provided with a general purpose press brake makes the press brake defective. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ T176-177).

21. The foot control used by the Plaintiff at the time of her injury was defective because it did not have a gate on the front of the foot control. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ T19).

22. It is reasonably foreseeable to manufacturers of press brakes that loading and unloading of work pieces on a general purpose press brake (such as the press brake involved in Plaintiff's accident), will be done by hand. (Exhibit "C" attached to Defendant's Appendix to Daubert Motion).

23. The press brake industry understands that operators will work with their hands in the die area of press brakes. (Exhibit "J" attached to Defendant's Appendix to Daubert Motion @ T69-70).

24. Point of operation injuries occur most typically on press brakes when a body part is placed in the die area.

(Exhibit "J" attached to Defendant's Appendix to <u>Daubert</u> Motion @ T222-223).

25. Industry-wide it is known that operators of press brakes will have injuries to their hands and fingers at the point of operation while operating press brakes. (Exhibit "J" attached to Defendant's Appendix to <u>Daubert</u> Motion @ T75).

26. The final forming of the piece on the mandrel, having the press interface with the piece to make a complete cylinder, is something that Defendant's expert would expect a press brake to be utilized in doing. (Exhibit "J" attached to Defendant's Appendix to <u>Daubert</u> Motion @ T147).

27. It was necessary for the Plaintiff to put her hands in between the upper and lower die to fit the part around the mandrel. (Exhibit "J" attached to Defendant's Appendix to <u>Daubert</u> Motion @ T148).

28. The failure of Heim to provide a gated foot control and foot switch caused injury to Plaintiff and rendered the press brake defective. (Exhibit "C" attached to Defendant's Appendix to <u>Daubert</u> Motion).

          Respectfully submitted,

          DALLAS W. HARTMAN, P.C.

          <u>  /s/ Dallas W. Hartman</u>
          Attorneys for Plaintiff

          Dallas W. Hartman, Esq.
          Attorney I.D. No. 41649

          2815 Wilmington Road
          New Castle, PA  16105

(724) 652-4081

Case 1:04-cv-00249-SJM    Document 72    Filed 04/27/2007    Page 8 of 9

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING:

Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. Steel Tower, Suite 4850
Pittsburgh, PA  15219

Attorney for DEFENDANT

DALLAS W. HARTMAN, P.C.

DATE: <u>04/27/07</u>

  <u>/s/ Dallas W. Hartman</u>
Attorneys for Plaintiff

Dallas W. Hartman, Esq.
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA  16105
(724) 652-4081