```
              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST,                      : NO. 04-249E
          Plaintiff,                 :
                                     : JUDGE SEAN MCLAUGHLIN
   v.                                :
                                     :
HEIM, L.P.,                          :
          Defendant.                 :
```

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR DEFENDANT HEIM FROM INTRODUCING AT THE TIME OF TRIAL ANY EVIDENCE OF INDUSTRY CUSTOM, INDUSTRY STANDARDS (ANSI), AND/OR FEDERAL SAFETY STANDARDS (OSHA) RELATING TO THE DESIGN OF THE PRESS BRAKE**

NOW COMES the Plaintiff, by and through her undersigned counsel and files the within Motion *In Limine*. In support thereof, Plaintiff states as follows:

I.  BACKGROUND:

Through discovery and language found in Defendant's liability expert reports and depositions, Plaintiff has reason to believe that Defendant will attempt to offer evidence and/or testimony of industry customs, industry standards (ANSI), and/or federal safety standards (OSHA), to demonstrate both; 1) that the ungated foot control utilized in the design of the Press Brake met those standards; and 2) that the Plaintiff's employer was responsible for Plaintiff's injuries because of its failure to install a point of operation device.

II. STATEMENT OF FACTS:

1

1.   The present cause of action arises from an incident which occurred on or about September 25, 2002.

2.   At the time of her injury, Plaintiff was in the course and scope of her employment with Corry Manufacturing working on a Press Brake designed, manufactured, and distributed by Defendant HEIM.

3.   All three (3) of Defendant HEIM's experts have opined that the foot control utilized in the design of the HEIM Press Brake, which did not have a gate, met the industry custom and applicable ANSI standard and that it was Plaintiff's employer's responsibility to install a point of operation device prior to Plaintiff using the Press Brake. (Document No. 48, Appendix Exhibits Z, DD and EE).

III.  QUESTION PRESENTED:

    **A.   CAN DEFENDANT OFFER EVIDENCE AT TRIAL TO DEMONSTRATE THAT THE PRESS BRAKE DESIGN WITH AN UNGATED FOOT CONTROL COMPLIED WITH INDUSTRY CUSTOM, INDUSTRY STANDARDS, AND/OR FEDERAL SAFETY STANDARDS?**

    **ANSWER: NO**

    **B.   CAN DEFENDANT OFFER EVIDENCE AT TRIAL OF INDUSTRY CUSTOM, INDUSTRY STANDARDS, AND/OR FEDERAL SAFETY STANDARDS TO SHOW THAT PLAINTIFF'S EMPLOYER SHOULD HAVE INSTALLED A POINT OF OPERATION SAFEGUARD?**

    **ANSWER: NO**

IV.  LEGAL ARGUMENT:

    <u>**IN A PRODUCT LIABILITY CASE THE DEFENDANT MUST BE PRECLUDED FROM OFFERING EVIDENCE OF INDUSTRY CUSTOM, INDUSTRY**</u>

**STANDARDS (ANSI) AND/OR FEDERAL SAFETY STANDARDS (OSHA) RELATING TO THE DESIGN OF THE PRESS BRAKE**

Evidence of industry standards relating to the design of a product are irrelevant and must be excluded as inadmissible because such evidence goes to the reasonableness of the Defendant's conduct in making its design choice, and as such improperly introduces concepts of negligence into a strict liability case. Lewis v. Coffing Hoist Division, Duff-Norton Co., Inc., 515 *Pa*. 334, 343, 528 *A.2d* 590, 594 (1987); Forrest v. Beloit Corp., 424 *F.3d* 344 (3rd Cir. 2005).

**A.   THE UNGATED FOOT CONTROL**

It is anticipated that Defendant HEIM will attempt to introduce evidence that the ungated foot control provided with the HEIM Press Brake met the industry custom, industry standards (ANSI), and/or federal safety standards (OSHA) at the time the machine was manufactured. The purpose of this evidence is to suggest to the jury that by meeting those minimum standards the Press Brake should not be considered to have been in a defective condition, unreasonably dangerous to the consumer. Defendant HEIM must, however, be precluded from offering any such evidence as this type of evidence has been deemed inadmissible in a product liability action.

In *Lewis v. Coffing Hoist Division, Duff-Norton Co., Inc.*, 515 *Pa*. 334, 528 *A.2d* 590 (1987), the Plaintiff was injured during the course of his employment by an overhead electric chain-hoist lift. Plaintiff was attempting to correct a jam when he stumbled and fell. In doing so his thumb inadvertently struck the "down" button on the control box which in turn caused the chain-hoist to swing forward and strike Plaintiff causing him severe injury. 515 *Pa*. at 336, 528 *A.2d* at 591. Plaintiff alleged in his suit that the control box for the hoist was defectively designed in that there was no guard or other protective feature over the buttons to prevent accidental activation. 515 *Pa*. at 337, 528 *A.2d* at 591.

Plaintiff moved *in limine* to bar the Defendant from putting into evidence a publication of the American Society of Mechanical Engineers ("ASME") which set forth standards respecting the manufacture of electric hoists and other industrial lifting equipment. 515 *Pa*. at 337, 528 *A.2d* at 591. Plaintiff also sought to preclude Defendant's expert witness from testifying that 90% of the control boxes for hoists made in the country were similar to the type made by the Defendant in that case. 515 *Pa*. at 337, 528 *A.2d* at 591. The Pennsylvania Supreme Court, in upholding the trial court's decision to bar the Defendant's proffered evidence, observed that it is improper in a products liability action for the Defendant to introduce

4

"evidence of industry standards relating to the design of the [product]" or evidence of its widespread use in the industry. 515 *Pa.* at 344, 528 *A.2d* at 594. The introduction of industry standards in a strict product liability case would impermissibly introduce the reasonableness of the manufacturer's conduct into an action which focuses, for public policy reasons, upon the existence of a defect. 515 *Pa.* at 344, 528 *A.2d* at 594.

In so ruling, the Pennsylvania Supreme Court cited approvingly the Third Circuit Court of Appeals ruling in Holloway v. J.B. Systems, Ltd, 609 *F.2d* 1069 (3d Cir. 1979), which had previously reached the same conclusion in anticipating how the Pennsylvania courts would rule when faced with the issue of industry standards and practices.

In the matter presently before the court, all three (3) defense experts, Gary Hutter, William Switalski and Dennis Cloutier, contend that the ungated foot control met the applicable American National Standards Institute ("ANSI") standard, ANSI B11.3, and therefore, the Press Brake as designed, manufactured, and distributed by HEIM without a gated foot control is not a defective product. Thus, Defendant HEIM's liability experts are attempting to do exactly what the expert attempted, and was prevent from doing, in Lewis. In view of the Pennsylvania Supreme Court's ruling in Lewis, any such testimony

5

concerning industry custom and/or industry standards (ANSI) must be precluded.

### B.   POINT OF OPERATION GUARDING

It is likewise anticipated that Defendant HEIM will attempt to argue that the Press Brake was an incomplete product and that it was the responsibility of Plaintiff's employer to provide a point of operation safeguard. According to the defense, the fact that Plaintiff's employer did not provide a point of operation safeguard does not render the Press Brake defective when it left the control of HEIM. Defendant HEIM will likely seek to convince the District Court that evidence of industry custom, industry standards (ANSI), and federal safety standards (OSHA), offered to show that the responsibility for installing a point of operation safety device rested with someone else, goes to the issue of causation and is not precluded by the Pennsylvania Supreme Court's holding in Lewis.[1]

---

[1] This is the argument that was made by the Defendant in Hoffman v. Niagra Machine and Tool Works Co., 683 *F.Supp*. 489 (E.D.Pa. 1988). The Hoffman Court, relying on the Third Circuit's decision in Verge v. Ford Motor Co., 581 *F.2d* 384 (3d Cir. 1978)[1], drew a distinction between the types of issues involved in a design defect case: "(1) was there a defect?; (2) if so, who is responsible for it?" Hoffman, 683 *F.Supp*. at 491.  Although Verge is a Third Circuit case, it arose out of a product liability case in the Virgin Islands and as such it did not implicate application of Pennsylvania's strict liability laws.  The ruling in Hoffman, which is contrary to the Third Circuit's decision in Holloway v. J.B. Systems, Ltd, 609 *F.2d* 1069 (3d Cir. 1979) which also arose out of the Eastern District of Pennsylvania, is not binding precedent on the Courts in the Western District of Pennsylvania and sets forth a distinction without a difference, ignoring the Pennsylvania Supreme Court's holding in Lewis.  No Pennsylvania State Court case has been found that recognizes or draws the distinction made by the Hoffman Court.

A product manufacturer is Pennsylvania has a **non-delegable duty** to provide a safe product. Walton v. Avco Corp., 530 *Pa*. 568, 610 *A.2d* 454 (1992); Forrest v. Beloit Corp., 424 *F.3d* 344 (3rd Cir. 2005). The cases decided after Lewis dispel any notion that evidence of trade custom, industry standards (ANSI), and/or federal safety standards OSHA are admissible for any purpose in a product liability action.

In Majdic v. Cincinnati Machine Co., 370 *Pa.Super*. 611, 620, 537 *A.2d* 334, 339 (1988), the Superior Court extended the Supreme Court's holding in Lewis. In Majdic the Plaintiff was injured by a power press. 370 *Pa.Super*. at 615, 537 *A.2d* at 336. The press was not equipped with a guard to prevent the operator's hands from entering the point of operation. 370 *Pa.Super*. at 615, 537 *A.2d* at 336. Plaintiff claimed that the press was defectively designed because it did not contain a guard to prevent the operator's hands from entering the point of operation. 370 *Pa.Super*. at 616, 537 *A.2d* at 337. Defendant maintained that the press brake was a general purpose machine which had no point of operation when sold. 370 *Pa.Super*. at 616, 537 *A.2d* at 337. As such, only Plaintiff's employer, which incorporated the press brake into its manufacturing system, could determine and install the guards and warnings necessary for the particular function assigned to the press. 370 *Pa.Super*. at 616, 537 *A.2d* at 337.

Over Plaintiff's objection, Defendant's expert testified regarding the custom in the industry for the employer implementing the press to provide the necessary safety devices. 370 *Pa.Super.* at 618, 537 *A.2d* at 338.  Defendant's expert was further allowed to testify regarding the American National Standards Institute ("ANSI") standards, which were the same as the industries' trade custom.  370 *Pa.Super*. at 618, 537 *A.2d* at 338.

Relying on the Pennsylvania Supreme Court's decision in <u>Lewis</u>, the Superior Court reversed the trial court's ruling which had allowed the Defendant's expert's testimony concerning industry standards and the ANSI standards. 370 *Pa.Super*. at 620, 537 *A.2d* at 339.  The Appellate Court agreed that to allow this type of evidence, which focuses on the manufacturer's due care, would improperly bring into the case concepts of negligence law, which the Pennsylvania courts have repeatedly rejected. 370 *Pa.Super*. at 619-620, 537 *A.2d* at 338-339.

Likewise, the Superior Court in <u>Sheehan v. Cincinnati Shaper Co.</u>, 382 *Pa.Super*. 579, 555 *A.2d* 1352 (1989), again expanded the holding in <u>Lewis</u> to further preclude the introduction of OSHA regulations that place the responsibility for placing safety guards on the employer.  In so ruling, the court reiterated that "a manufacturer has a non-delegable duty to insure that his product is safe as of the time the product

8

leaves its control." 382 *Pa.Super.* at 585, 555 *A.2d* at 1355[*citing* Azzarello v. Black Brothers Co., 489 *Pa.* 547, 559 n. 12, 391 *A.2d* 1020, 1027 n. 12 (1978)].

More recently, in Jara v. Rexworks, Inc., 718 *A.2d* 788 (Pa.Super. 1998), *appeal denied*, 558 *Pa.* 620, 737 *A.2d* 743 (1999), the Superior Court once again reiterated that "evidence of industry standards are inadmissible in strict products liability actions." 718 *A.2d* at 796 [*citing* Lewis].

The Pennsylvania State Court rulings on this issue have been cited approvingly and followed by both the Third Circuit Court of Appeals as well as the United States District Court for the Western District of Pennsylvania.² In Colegrove v. Cameron Machine Co., 172 F.Supp.2d 611 (W.D.Pa. 2001), the Defendant's expert authored a report alleging that the injured Plaintiff's employer was in violation of an OSHA regulation prohibiting unguarded foot pedals around mechanical power presses. Not only did the District Court rule that such evidence was inadmissible but precluded the Defendant's expert report from trial. *Id*. at 617-618.

---

² In Fisher v. Walsh Parts & Service Co., Inc., 296 *F.Supp.2d* 551 (E.D.Pa. 2003), a District Magistrate Judge in the Eastern District of Pennsylvania ruled, without discussion, that a Defendant manufacturer could not be held strictly liable for failing to provide point of operation guards in view of OSHA regulations that place that duty on the employer that purchases the press. 296 *F.Supp*. at 566. Not only is the holding in Fisher contrary to the Pennsylvania State Courts' explicit holdings in Lewis, Majdic, Sheehan, and Jara, but it also ignores the Third Circuit's ruling in Holloway v. J.B. Systems, Ltd, 609 *F.2d* 1069 (3d Cir. 1979).

9

Similarly, in the more recent Third Circuit case of <u>Forrest v. Beloit Corp.</u>, 424 *F.3d* 344 (3rd Cir. 2005), the Defendant sought to invoke industry and OSHA standards to argue that the injured Plaintiff's employer, rather than the manufacturer, had the responsibility to make the product safe for its intended use. *Id*. at 352. The Court of Appeals upheld the District Court's ruling that refused to admit any evidence of OSHA and industry standards. *Id*. In <u>Forrest</u>, the first reference to OSHA occurred in a question directed to Plaintiff's expert on cross-examination. *Id*. at 353. At that point, the District Judge directed defense counsel to refrain from referencing any citations to Plaintiff's employer for OSHA violations and struck from the record any reference to OSHA. *Id*.

In view of the abundance of controlling case law, there is no basis for allowing Defendant HEIM to offer any evidence of industry custom, industry standards (ANSI), and/or federal safety standards OSHA which would suggest that Plaintiff's employer was responsible for providing point of operation safeguards. Likewise, defense counsel must be precluded from questioning any witness, whether expert or lay, or in any other way mentioning, about the OSHA investigation into this accident, the OSHA report generated by that investigation, the findings in the OSHA report or information concerning any citations issued to Plaintiff's employer as a result of their investigation.

10

Accordingly, Defendant HEIM is barred as a matter of law from introducing any evidence of industry custom, industry standards (ANSI) and/or federal safety standards (OSHA), nor may Defendant HEIM argue that the responsibility to provide a point of operation safety device, which might have cured any defect in the Press Brake, was the responsibility of Plaintiff's employer.

V.   CONCLUSION:

For the foregoing reasons, Defendant HEIM should be precluded from introducing, at the time of trial, any evidence of industry custom, industry standards (ANSI), and/or federal safety standards (OSHA). Defendant must likewise be precluded from eliciting any testimony from any witness, whether expert or lay, or in any other way mentioning, about the OSHA investigation into this accident, the OSHA report generated by that investigation, the findings in the OSHA report or information concerning any citations issued to Plaintiff's employer as a result of their investigation.

                                        DALLAS W. HARTMAN, P.C.

                                        /s/ Dallas W. Hartman
                                        Attorneys for Plaintiff

                                        Dallas W. Hartman, Esq.
                                        Attorney I.D. No. 41649

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONICALLY:

> Paul R. Robinson, Esquire
> MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
> U.S. Steel Tower, Suite 4850
> Pittsburgh, PA  15219
>
> Attorney for DEFENDANT

                                              DALLAS W. HARTMAN, P.C.

DATE: 05/04/07

                                              /s/ Dallas W. Hartman
                                              Attorneys for Plaintiff

                                              Dallas W. Hartman, Esq.
                                              Attorney I.D. No. 41649

                                              2815 Wilmington Road
                                              New Castle, PA  16105
                                              (724) 652-4081