```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                        : NO. 04-249E
            Plaintiff,                :
                                      : THE HONORABLE
   v.                                 : SEAN J. MCLAUGHLIN
                                      :
HEIM, L.P.                            :
            Defendant.                :
```

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE, TESTIMONY AND/OR REFERENCE TO ANY TWO-PALM MECHANISM AND/OR SWITCHES AVAILABLE FOR OPERATION OF THE SUBJECT PRESS BRAKE AT TIME OF PLAINTIFF'S ACCIDENT OF SEPTEMBER 25, 2002**

NOW COMES the Plaintiff, by and through her undersigned counsel and files the within Motion in Limine. In support thereof, Plaintiff states as follows:

I.   BACKGROUND:

Through discovery, depositions and expert reports to date, Plaintiff has reason to believe that the defense will attempt to offer evidence, testimony and/or opinion from witnesses, whether lay or expert, that a two-palm button mechanism and/or switch was available to Plaintiff to operate the subject press brake at the time of her accident. For reasons set forth herein, such evidence is not admissible.

II.  STATEMENT OF FACTS:

1.   The present cause of action arises from an incident which occurred on or about September 25, 2002.

2. At the time of her injury, Plaintiff was in the course and scope of her employment working on a press brake designed, manufactured and/or distributed by Defendant.

3. The subject press brake on which Plaintiff was performing work had a supervisor switch which, when set, determined whether the press brake would be operated via a foot control or via a two-palm button setup.

4. Plaintiff did not have the authority, option or control to select the method by which the press brake would be operated or activated.

5. Further, Plaintiff was unaware that the subject press brake had the ability to be operated by means other than the attached foot switch. Plaintiff was unaware that the press brake could also be operated using a two-palm button control mechanism.

6. On the date of this accident, Plaintiff's employer selected and determined that the subject press brake would be operated and activated using the attached foot control.

7. Plaintiff was performing her job in accordance with work instructions provided to her by her employer.

8. Plaintiff was subsequently injured on Defendant's press brake having the fingers of both hands amputated, except for her thumbs. The cause of Plaintiff's injury and amputations was that the press brake, as manufactured, designed, sold and/or distributed by Defendant, failed to have a gated foot control to inhibit accidental activation.

9. The press brake was originally sold, designed, manufactured and/or distributed by Defendant with an ungated foot control provided with the press brake.

10. Plaintiff's expert has opined, unequivocally, that the failure of Heim to provide a gated foot control with the subject press brake caused injury to Plaintiff and rendered the press brake defective.

III. QUESTIONS PRESENTED:

    **Q. SHOULD DEFENDANT BE PRECLUDED FROM REFERENCING, ELICITNG AND/OR SEEKING EVIDENCE AND/OR TESTIMONY REGARDING THE ABILITY TO OPERATE THE SUBJECT PRESS BRAKE VIA A TWO-PALM BUTTON MECHANISM?**

    **A. YES.**

IV. LEGAL ARGUMENT:

**IN THE MATTER PRESENTLY BEFORE THE COURT, PLAINTIFF HAS CLAIMED DEFECTIVE DESIGN IN DEFENDANT'S PRODUCT. EVIDENCE OF AN ALTERNATE MEANS TO ACTIVATE THE PRODUCT (IE., TWO-PALM BUTTON MECHANISM) WHICH WAS NEITHER AVAILABLE TO PLAINTIFF NOR WAS PLAINTIFF AWARE, IS NOT RELEVANT TO THE COURT'S DETERMINATION OF DESIGN DEFECT.**

A threshold factor in determining the admissibility of evidence at trial is whether such evidence is relevant to the fact sought to be proved. Federal Rule of Evidence, Rule 402, provides that "[a]ll relevant evidence is admissible"; however, the rule goes on to state that "[e]vidence which is not relevant is not admissible". F.R.E. 402. In order to be relevant, evidence must "seek to raise an inference which bears upon 'a matter at issue' in the case". <u>Lewis v. Coffing Hoist Div.</u>, 528 A.2d 590, 592 (Pa. 1987). Further, the "matter at issue" in a lawsuit is determined by the pleadings and the applicable

3

substantive law.  Id. at 592.  Additionally, the Federal Rules of Evidence indicate that evidence and/or testimony may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . .".  F.R.E. 403.

In the present case, the "matter at issue" is whether the Defendant's design was defective.

To succeed on a product liability cause of action, a plaintiff must show that his/her injuries were caused by a product of a particular manufacturer or supplier.  Wilson v. A.P. Green Industries, Inc., 807 A.2d 922, 924 (Pa.Super. 2002).  It is well-established that the manufacturer or seller of a product is responsible for injury caused by the defective product. Berkebile v. Brantly Helicopter Corp., 337 A.2d 893, 898 (Pa. 1975).  If the product lacked **any element** necessary to make it safe for use or contained any condition that made it unsafe for use at the time the product left the defendant's control, the product is defective; defendant is liable for all harm caused by such defect.  Id.

Defendant has admitted that it manufactured the subject press brake involved in Plaintiff's accident of September 25, 2002.  (Document No. 48, Appendix Exhibit AA).  At the time of its original sale and/or distribution by Defendant, the press brake had and was supplied with an ungated foot switch. (Document No. 48, Appendix Exhibit O).  The press brake was originally sold with a foot switch provided.  (Document No. 48, Appendix Exhibit U).

Professor Barnett has opined that the Defendant should have provided a gated foot control with the subject press brake. (Document No. 48, Appendix Exhibit B, Pages 233-234, 159-160, 168-169). Further, Professor Barnett has opined that the Defendant's failure to provide a gated foot control made the press brake defective. (Document No. 48, Appendix Exhibit B, Page 19; see also, Appendix Exhibit A).

Plaintiff's expert has opined that the cause of Plaintiff's accident and injury was the failure by Defendant to provide a gated foot control and foot switch with the subject press brake. (Document No. 48, Appendix Exhibit A). Professor Barnett has opined that, without a gate on the foot switch, inadvertent activation of the press brake can occur. (Document No. 48, Appendix Exhibit B, Pages 244-245).

Plaintiff did not intend to activate the press brake. (Document No. 48, Appendix Exhibit L, Page 175). Plaintiff inadvertently activated the foot switch and foot brake. (Document No. 48, Appendix Exhibit B, Pages 205-209). The activation of the press brake **by the foot pedal** caused the accident. (Document No. 48, Appendix Exhibit L, Page 179). Further, the only way the press brake would have cycled is by activation of the foot switch. (Document No. 48, Appendix Exhibit K, Page 115). The cause of Plaintiff's accident was the activation of the press brake by the foot control.

Causation involves two separate and distinct concepts: cause in fact and legal or proximate cause. <u>Summers v. Giant Foot</u>

5

Stores, Inc., 743 A.2d 498 (Pa. Super 1999), (supporting citations omitted).

Proximate cause exists where a defendant's conduct is a substantial factor in bringing about plaintiff's harm. Commonwealth of Pennsylvania, Dept. of General Services v. U.S. Mineral Product Co., 809 A.2d 1000 (Pa.Cmwlth. 2002); citing, Gutteridge v. A.P. Green Services, Inc., 804 A.2d 643 (Pa. Super. 2002).

The evidence of record indicates that the cause of Plaintiff's accident was an ungated foot switch as provided and supplied with Defendant's press brake. As a result Plaintiff has set forth claims of defect (ie., design defect) in Defendant's product. Further, Plaintiff's expert has opined, unequivocally, that a foot switch with a safety gate would have eliminated any accidental activation on the press brake and clearly would have prevented injury to the Plaintiff in this case. (Document No. 48, Appendix Exhibit A). Further, the record reflects that Plaintiff was unaware that the subject press brake had the ability to be operated by any means other than the attached foot switch and foot control. On the date of her accident, Plaintiff's employer had selected and determined that the subject press brake was to be operated using the foot control. (Document No. 48, Appendix Exhibit B, Pages 164-165). Plaintiff did not have the authority or ability to select or choose the method by which the press brake would be operated or activated.

Plaintiff's design defect claim alleges that a gated foot switch would have prevented the accidental activation of the

press brake and prevented injury to the Plaintiff. The evidence establishes that the activation of the press brake, by means of the attached foot pedal, caused the accident. (Document No. 48, Appendix Exhibit L, Page 179). The only way the foot switch would have cycled is by activation of the foot switch. (Document No. 48, Appendix Exhibit K, Page 115). The accident itself was caused by an inadvertent activation of the foot switch. (Document No. 48, Appendix Exhibit K, Page 154). As a result, the focus of Plaintiff's claim and design defect is the failure to provide a gated foot switch with Defendant's subject press brake. Any evidence, testimony and/or reference of an alternate means of operating the press brake (ie., two-palm button mechanism) is not germane to the matter at issue herein: to wit, whether the press brake as provided, supplied and/or sold by Defendant with an ungated foot switch was defective. As such, any reference to the two-palm button mechanism must be precluded.

V. CONCLUSIONS:

For the reasons set forth herein, Defendant must be precluded from offering or soliciting, at trial, any evidence, testimony, and/or reference from witnesses, whether lay or expert, regarding the two-palm button switch and/or mechanism as

an alternate means of operating the subject press brake at the time of Plaintiff's accident and injury.

                        Respectfully submitted,

                        DALLAS W. HARTMAN, P.C.

                        __/s/ Dallas W. Hartman__
                        Attorneys for Plaintiff

                        Dallas W. Hartman, Esq.
                        Attorney I.D. No. 41649

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING:

        Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
      U.S. Steel Tower, Suite 4850
        Pittsburgh, PA  15219

        Attorney for DEFENDANT


                                DALLAS W. HARTMAN, P.C.

DATE:  <u>05/04/07</u>

                             <u>/s/ Dallas W. Hartman</u>
                             Attorneys for Plaintiff

                             Dallas W. Hartman, Esq.
                             Attorney I.D. No. 41649

                             2815 Wilmington Road
                             New Castle, PA  16105
                             (724) 652-4081