```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                      : NO. 04-249E
          Plaintiff,                :
                                    : THE HONORABLE
  v.                                : SEAN J. MCLAUGHLIN
                                    :
HEIM, L.P.                          :
          Defendant.                :
```

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY AND/OR REFERENCE TO PUNCH PRESS STANDARDS AND/OR DESIGN HEREIN**

NOW COMES the Plaintiff, by and through her undersigned counsel and files the within Motion in Limine. In support thereof, Plaintiff states as follows:

I. BACKGROUND:

Through discovery and language found in Defendant's liability expert reports and depositions, Plaintiff has reason to believe that Defendant will attempt to offer evidence, testimony and/or reference to punch presses, whether in their use, operation, mechanics and/or design, as a defense against liability in this case.

II. STATEMENT OF FACTS:

1. The present cause of action arises from an incident which occurred on or about September 25, 2002.

2. At the time of her injury, Plaintiff was in the course and scope of her employment working on a press brake.

1

3. Defendant Heim has admitted to manufacturing the subject press brake involved in Plaintiff's accident of September 25, 2002.

4. As a result of the subject accident, Plaintiff had all fingers of both hands amputated except for her thumbs.

5. As a result of the subject accident, Plaintiff filed a lawsuit against Defendant alleging that Defendant's press brake was defective, inherently dangerous and unsafe, not properly designed, did not provide appropriate and adequate safety mechanisms and/or was otherwise defective in its design, manufacture and/or distribution.

6. Plaintiff was injured on Defendant's press brake. The cause of Plaintiff's amputations was that the press brake, as manufactured, designed and/or distributed by Defendant, failed to have a gated foot control to inhibit accidental activation.

7. In Plaintiff's initial pleadings and/or discovery, Plaintiff referred to the subject product and machine as a mechanical press brake, punch press and, in general, press machine. After significant discussion with defense counsel and the Court, Defendant advised and indicated that the subject machine involved in Plaintiff's accident was a "press brake". Therefore, Plaintiff limited her discovery requests to the press brake as manufactured by Defendant.

8. Defendant went to great lengths to distinguish, both to counsel and to the Court, the differences between a punch press, not involved in Plaintiff's accident, and a press brake, the subject machine involved in Plaintiff's accident. (See Document

2

40, transcript of conference hearing held on June 27, 2005 before the Honorable Susan Paradise Baxter).

9. After discussion with counsel for Defendant, Plaintiff agreed to limit discovery and request for information to press brakes, excluding any and all reference to punch presses. (See Document 40, Pages 4-6).

10. Further, Defendant agreed to produce the requested discovery information if Plaintiff would "limit it to press brakes", as opposed to requesting discovery on all power presses and punch presses. (See Document 40, Pages 22-23).

11. Accordingly, the Court agreed to limit the discovery and information allowed only to "press brakes". (See Document 40, Page 24).

12. Defendant has gone to significant measures to exclude any and all reference and/or information to punch presses in the exchange of discovery in this matter. Defendant has petitioned the Court, and the Court has agreed previously, to limit Plaintiff's discovery and requests to material specifically regarding press brakes, excluding reference and/or materials pertaining to punch presses.

III. QUESTIONS PRESENTED:

**Q. SHOULD DEFENDANT BE PRECLUDED FROM REFERENCING AND/OR REFERRING TO STANDARDS, MATERIALS AND/OR PRINCIPALS REGARDING PUNCH PRESSES IN CROSS-EXAMINATION OF PLAINTIFF'S WITNESSES AND/OR IN THE DEFENSE OF PLAINTIFF'S CLAIM FOR DEFECT REGARDING THE SUBJECT PRESS BRAKE AS MANUFACTURED, SOLD AND/OR DISTRIBUTED BY DEFENDANT?**

**A. YES.**

IV. LEGAL ARGUMENT:

**IN PLAINTIFF'S PRODUCT LIABILITY CLAIM AGAINST DEFENDANT ALLEGING DEFECT IN DEFENDANT'S PRESS BRAKE MACHINE, DEFENDANT MUST BE PRECLUDED FROM CROSS-EXAMINATION OF PLAINTIFF'S WITNESSES AND/OR IN OFFERING EVIDENCE, TESTIMONY AND/OR REFERENCE TO THE DESIGN, WORKINGS, MECHANISMS AND/OR STANDARDS PERTAINING TO PUNCH PRESSES.**

Federal Rule of Evidence, Rule 402, provides that "[a]ll relevant evidence is admissible"; however, evidence which is not relevant is not admissible. F.R.E. 402. "Relevant evidence" is defined as evidence which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". F.R.E. 401.

In order to be relevant, evidence must seek "to raise an inference which bears upon 'a matter at issue' in the case". Lewis v. Coffing Hoist Div., 515 Pa. 334, 339, 528 A.2d 590, 592 (1987). Although material may be relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . .". F.R.E. 403. Thus, a trial court may exclude evidence if its probative value is outweighed by the danger of unfair prejudice or misleading the jury, or if the material to be presented does not bear upon the "matter at issue" in the case. See Lewis (supra). The "matter at issue" in any lawsuit is determined by the pleadings and the applicable substantive law. Lewis v. Coffing Hoist Div., 515 Pa. at 339, 528 A.2d at 592.

4

Defendant, Heim, has admitted that it manufactured the subject press brake involved in Plaintiff's accident of September 25, 2002. (Defendant's Response to Plaintiff's Request for Admissions – Second Set, Request No. 1, Document No. 48, Appendix Exhibit AA). Further, Defendant supplied a foot control with the press brake involved in Plaintiff's accident. (Document No. 48, Appendix Exhibit K, Page 79). Defendant provided a foot switch with the machine as it was manufactured, sold and/or distributed originally in 1978. (Document No. 48, Appendix Exhibit K, Page 215).

Plaintiff's expert, Professor Barnett, has opined, unequivocally, that an ungated footswitch provided with a general purpose press brake, makes the press brake defective. (Document No. 48, Appendix Exhibit A). Further, Plaintiff's expert has testified that a footswitch with a safety gate would have eliminated accidental activation and would have prevented injury to the Plaintiff in this case. (Document No. 48, Appendix Exhibit A). Finally, Plaintiff's expert has testified that the failure of Defendant to provide a gated foot control and foot switch with its press brake caused injury to Plaintiff and rendered the press brake itself defective. (Document No. 48, Appendix Exhibit A).

It is anticipated that Defendant may seek to cross-examine Plaintiff's witnesses and/or introduce evidence, testimony and/or references to punch presses to dispute and/or discredit the testimony or opinions of Professor Barnett. However, as set forth herein, Defendant has gone to great lengths both with

5

counsel and with the Court to distinguish and set forth the differences between punch presses and press brakes. Defendant cannot now seek to introduce testimony or references to punch presses as such material would neither be probative of any "matter at issue" (as this particular claim involves a press brake, not a punch press), and because it has significant potential to mislead the jury.

Pennsylvania Courts have long held that the manufacturer of a product is liable for injuries caused to a Plaintiff by a defect *in the product* which existed when the product left possession of the manufacturer. Berkebile v. Brantly Helicopter Corp., 337 A.2d 893 (Pa. 1975) (emphasis added). If *the product* lacks any element necessary to make it safe for use or contain any condition that made it unsafe for use at the time *the product* left the defendant's control, then *the product* is defective and defendant is liable for all harm caused by such defect. Id. (emphasis added).

Here *the product* is a press brake, not a punch press. As a result, Plaintiff must show a defect in the press brake. All reference, testimony and evidence pertaining to punch presses is irrelevant and does not pertain to any matter at issue in the present case. In fact, in his expert report, Defendant's expert Dennis Cloutier stated as much, indicating that "[a]lthough Power Presses and Power Press Brakes are both metal forming machine tools, there exist significant differences in the operation and safety aspects of these machines to justify two different safety standards." (See report of Dennis Cloutier, P. 4). Further,

Defendant's same expert went on to state that "[t]he requirements in ANSI B11.1 (relating to power presses) should not be confused or intermingled with the safety requirements found in B11.3 for Power Press Brakes. (Document No. 48, Appendix Exhibit DD, Page 4).

The testimony unequivocally indicates that a gated foot switch would have prevented accidental activation of the press brake in this case and, therefore, would have prevented Plaintiff's accident and injury. (See Document No. 48, Appendix Exhibit A). An ungated foot switch accompanying a general purpose press brake, such as the press brake as manufactured, distributed and/or sold by Heim, which Plaintiff was using at the time of her accident, makes the subject press brake defective. Further, the failure of Defendant to provide a gated foot switch allowed the inadvertent activation of the subject press brake and caused injury to Plaintiff. (Document No. 48, Appendix Exhibit A). A gated foot switch would have protected against inadvertent activation thereby precluding Plaintiff's accident and injury. The testimony, discovery and/or evidence to date involves Defendant's press brake and press brake principles. Discovery and testimony has been limited to press brakes. Defendant cannot now seek to introduce evidence and/or reference to punch presses in an attempt to mislead and/or confuse the jury.

V. CONCLUSIONS:

For the reasons set forth herein, Defendant must be precluded from offering, at trial, any evidence, testimony, and/or reference to punch presses regarding Plaintiff's claim of defect and/or liability as it pertains to Defendant's product a press brake.

                                        Respectfully submitted,

                                        DALLAS W. HARTMAN, P.C.

                                        __/s/ Dallas W. Hartman__
                                        Attorneys for Plaintiff

                                        Dallas W. Hartman, Esq.
                                        Attorney I.D. No. 41649

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING:

                    Paul R. Robinson, Esquire
      MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
              U.S. Steel Tower, Suite 4850
                Pittsburgh, PA  15219

                      Attorney for DEFENDANT


                                        DALLAS W. HARTMAN, P.C.

DATE:  <u>05/04/07</u>

                                   <u>/s/ Dallas W. Hartman</u>
                                     Attorneys for Plaintiff

                                     Dallas W. Hartman, Esq.
                                     Attorney I.D. No. 41649

                                     2815 Wilmington Road
                                     New Castle, PA  16105
                                     (724) 652-4081