```
                UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                        : NO. 04-249E
          Plaintiff,                  :
                                      : THE HONORABLE
   v.                                 : SEAN J. MCLAUGHLIN
                                      :
HEIM, L.P.                            :
          Defendant.                  :
```

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE, REFERENCE AND/OR TESTIMONY FROM LAY WITNESSES REGARDING ANY OPINIONS AS TO "DEFECT" IN THE PRESS BRAKE AND/OR ANY ALLEGED ABSENCE OF PRIOR ACCIDENTS ON THE SUBJECT PRESS BRAKE**

NOW COMES the Plaintiff, by and through her undersigned counsel and files the within Motion in Limine. In support thereof, Plaintiff states as follows:

I. BACKGROUND:

Through discovery and depositions taken to date, Plaintiff has reason to believe that defense will attempt to offer evidence and/or testimony from lay witnesses that either the subject machine that Plaintiff was injured upon was not "defective" and/or that there were no other prior accidents in the twenty (20) year history of the subject press brake itself.

II. STATEMENT OF FACTS:

1. The present cause of action arises from an incident which occurred on or about September 25, 2002.

2. At the time of her injury, Plaintiff was in the course and scope of her employment working on a press brake, manufactured, sold and/or distributed by Defendant.

1

3. Plaintiff was subsequently injured on Defendant's press brake having the fingers of both hands amputated, except for her thumbs.

4. Plaintiff was using the subject press brake for purposes for which the subject press brake was intended.

5. The cause of Plaintiff's injury and amputations was that the press brake, as manufactured, designed, sold and/or distributed by Defendants, failed to have a gated foot control to inhibit accidental activation.

6. The press brake was originally sold, designed, manufactured and/or distributed by Defendant with an ungated foot control provided with the press brake.

7. Plaintiff's expert has opined that the failure of Heim to provide a gated foot control with the press brake caused injury to Plaintiff and rendered the press brake defective.

III. QUESTIONS PRESENTED:

    Q. **SHOULD DEFENDANT BE PRECLUDED FROM REFERENCING, PROVIDING OR ELICITING OPINION TESTIMONY FROM LAY WITNESSES AS TO WHETHER THEY BELIEVE DEFENDANT'S PRESS BRAKE WAS "DEFECTIVE"?**

    A. **YES.**

    Q. **SHOULD DEFENDANT BE PRECLUDED FROM ELICITING ANY TESTIMONY FROM LAY WITNESSES REGARDING ANY ALLEGED ABSENCE OF PRIOR ACCIDENTS REGARDING DEFENDANT'S PRESS BRAKE?**

    A. **YES.**

IV. LEGAL ARGUMENT:

    A. **IN PLAINTIFF'S PRODUCT LIABILITY CLAIM AGAINST DEFENDANT, DEFENDANT MUST BE PRECLUDED FROM OFFERING OPINION TESTIMONY FROM LAY WITNESSES AS TO WHETHER THE**

2

**SUBJECT PRODUCT WAS "DEFECTIVE" IN ITS DESIGN AND/OR THE CAUSE OF PLAINTIFF'S ACCIDENT OR INJURY.**

A threshold factor in determining the admissibility of evidence at trial is whether such evidence is relevant to the fact sought to be proved. Federal Rule of Evidence, Rule 402, provides that "[a]ll relevant evidence is admissible"; however, the rule goes on to state that "[e]vidence which is not relevant is not admissible". F.R.E. 402. In order to be relevant, evidence must "seek to raise an inference which bears upon 'a matter at issue' in the case". Lewis v. Coffing Hoist Div., 528 A.2d 590, 592 (Pa. 1987). Further, the "matter at issue" in a lawsuit is determined by the pleadings and the applicable substantive law. Id. at 592. Additionally, the Federal Rules of Evidence indicate that evidence and/or testimony may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . .". F.R.E. 403.

Pennsylvania Courts have adopted Section 402A of the Restatement (Second) of Torts as the controlling law pertaining to strict liability. See Webb v. Zern, 220 A.2d 853 (Pa. 1966). Pennsylvania Courts impose strict liability in tort actions for injuries caused by both the defective manufacture of products and defects in their design. Azzarello v. Black Brothers Co., 392 A.2d 1020, 1024-1025 (Pa. 1978).

The "matter at issue" in the present cause of action is whether Defendant's press brake was defective as manufactured, designed, sold and/or placed into the stream of commerce by Defendant. Plaintiff's expert, Professor Barnett, has stated and

3

testified, unequivocally, that the press brake lacked an element necessary to make the product safe for use.

Professor Barnett has opined that Defendant should have provided a gated foot control with the subject press brake. Further, Professor Barnett has opined that the failure to provide a gated foot control made the press brake defective. As a result, Professor Barnett has offered relevant opinion evidence, from an expert, to be considered by the jury in this matter as to whether the subject product involved in Plaintiff's accident was defective. Professor Barnett has testified that the press brake, as manufactured, designed and/or provided by Defendant, lacked an element necessary to make it safe at the time the press brake left Defendant's control.

Federal Rules of Evidence, Rule 702, provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert. . . may testify thereto in the form of an opinion or otherwise. . . F.R.E. 702.

Professor Barnett is permitted to testify as an expert witness, under F.R.E. 704, and, as such, may offer testimony concerning the ultimate issue in the case. See Forrest v. Beloit Corp., 424 F.3d 344 (3rd Cir. 2005), citing, Salas v. Wang, 846 F.2d 897, 905 (3rd Cir. 1988). Professor Barnett has opined that a gated foot control would have prevented accidental activation and would have prevented Plaintiff's accident and injury. Further, Professor Barnett has testified that the subject press brake was defectively designed, manufactured and/or sold by

4

Defendant.  The admissibility of subject expert testimony with respect to these issues is well-established.  <u>Forrest</u> at 353; <u>Wilburn v. Maritrans GP, Inc.</u>, 139 F.3d 350, 356 (3rd Cir. 1998).

Conversely, Federal Rule of Evidence, Rule 701, provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inference is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or otherwise specialized knowledge within the scope of Rule 702.

In the present matter, there were no witnesses to Plaintiff's accident.  Lay witnesses who neither witnessed the subject accident nor have any scientific, technical or other specialized knowledge in the field must be precluded from offering their opinion as to whether the product itself was either "defective" or the "cause" of Plaintiff's accident.  Under the Federal Rules, Rule 701 and 702, such opinion is reserved for experts and expert testimony only.

### B. IN THE PRESENT MATTER, DEFENDANT MUST BE PRECLUDED FROM ELICITING TESTIMONY AS TO ANY ALLEGED ABSENCE OF PRIOR ACCIDENTS ON THE SUBJECT PRESS BRAKE.

It is anticipated that defense may try to elicit evidence and/or testimony through lay witnesses regarding the absence of prior accidents on the subject press brake machine.  Such evidence and/or testimony is not permissive in this matter.  <u>See Forrest</u>, 424 F.3d 344.

Addressing the issue of testimony or evidence regarding the absence of prior accidents, the Court in <u>Forrest</u> stated as follows:

> Federal and State Courts addressing the admissibility of evidence concerning the absence of prior accidents have recognized that the probative value of such evidence is determined in large measure by the foundation laid by the offering party. . . . As a general rule 'evidence of the absence of prior accidents may not be admitted unless the offering party first establishes that the lack of accidents was in regard to products that are substantially identical to the one at issue and used in settings and circumstances sufficiently similar to those surrounding the machine at the time of the accident'.

<u>Forrest</u>, 424 F.3d at 355 (citations omitted).

In the present case, Defendant cannot lay any foundation for such evidence (of any alleged absence of prior accidents). Lay employees are co-workers of Plaintiff, employed by Plaintiff's employer. They are not privy to the twenty (20) year history of the subject press brake prior to its introduction at Corry Manufacturing. As such, these lay witnesses and employees could not be aware of any prior history or accidents involving the subject press brake. Further, Defendant's own corporate designee previously testified and indicated that Defendant did not have information regarding the existence or occurrence of other accidents or injuries on the Model 70-6 press brake. As a result, such testimony is impermissible.

The potential relevance of all evidence under Rule 402 must be carefully balanced pursuant to Federal Rule 403 against its possible prejudicial effect. Testimony concerning any alleged

6

absence of prior accidents, if offered by the defense without proper foundation, such as through lay witnesses or co-employees, creates a risk of unfair prejudice that will substantially outweigh whatever probative value any such evidence may otherwise have. Id. at 356. As a result, such evidence and/or testimony must be precluded.

V. CONCLUSIONS:

For the reasons set forth herein, Defendant must be precluded from offering or soliciting, at trial, any evidence, testimony, and/or reference from lay witnesses as to their opinion whether the subject press brake was either "defective" and/or the "cause" of Plaintiff's accident and injury. Further, Defendant must be precluded from eliciting testimony from witnesses regarding any alleged absence of prior accidents.

                                               Respectfully submitted,

                                               DALLAS W. HARTMAN, P.C.

                                               __/s/ Dallas W. Hartman
                                               Attorneys for Plaintiff

                                               Dallas W. Hartman, Esq.
                                               Attorney I.D. No. 41649

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING:

                    Paul R. Robinson, Esquire
     MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
               U.S. Steel Tower, Suite 4850
                  Pittsburgh, PA  15219

                       Attorney for DEFENDANT


                                    DALLAS W. HARTMAN, P.C.

DATE: <u>05/04/07</u>

                                 <u>/s/ Dallas W. Hartman</u>
                                 Attorneys for Plaintiff

                                 Dallas W. Hartman, Esq.
                                 Attorney I.D. No. 41649

                                 2815 Wilmington Road
                                 New Castle, PA  16105
                                 (724) 652-4081