UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br>        Plaintiff, | : NO. 04-249E<br>:<br>: JUDGE SEAN MCLAUGHLIN |
| v. | :<br>: |
| HEIM, L.P.,<br>        Defendant. | :<br>: |

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR DEFENDANT'S EXPERTS FROM TESTIFYING AS TO THEIR BELIEFS AND OPINIONS THAT PLAINTIFF'S EXPERT IS TAKING A POSITION INCONSISTENT WITH HIS PRIOR WRITINGS**

NOW COMES the Plaintiff, by and through her undersigned counsel and files the within Motion in Limine. In support thereof, Plaintiff states as follows:

I. BACKGROUND:

Through discovery and depositions taken to date, Plaintiff has reason to believe that the defense will attempt to offer opinion evidence through their liability expert witnesses that Plaintiff's expert, Ralph Barnett, is offering opinions in this case that are contrary or inconsistent with his prior writings.

II. STATEMENT OF FACTS:

1. The present cause of action arises from an incident which occurred on or about September 25, 2002.

2. At the time of her injury, Plaintiff was in the course and scope of her employment with Corry Manufacturing working on a Press Brake designed, manufactured, and distributed by Defendant HEIM.

3. All three (3) of Defendant HEIM's experts have opined and testified that Plaintiff's Liability Expert, Professor Ralph Barnett, is offering opinions in this case that are contrary to his prior writings and opinions. (Document No. 48, Appendix Exhibits Z, DD and EE).

III. QUESTION PRESENTED:

    **A. SHOULD DEFENDANT HEIM'S LIABILITY EXPERTS BE PERMITTED TO COMMENT ON THEIR BELIEFS THAT PLAINTIFF'S EXPERT, RALPH BARNETT, IS OFFERING OPINIONS IN THIS CASE THAT ARE INCONSISTENT WITH HIS PRIOR WRITINGS?**

    **ANSWER: NO**

IV. LEGAL ARGUMENT:

**IT IS NOT PROPER FOR DEFENDANT'S LIABILITY EXPERTS TO COMMENT ON THE CREDIBILITY OF PLAINTIFF'S LIABILITY EXPERT**

Evidence Rule 607 provides in relevant part that "[t]he credibility of a witness may be attacked by any party * * *." *F.R.E.* 607. The Federal Rules of Evidence further provide that "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation." *F.R.E.* 608. Evidence Rule 608, however, goes to an individuals overall reputation for truthfulness or untruthfulness. *Id.* In this case the defense is not seeking to attack Professor Barnett's overall veracity for telling the truth. Instead, the defense is seeking to have their experts offer their opinions that

Professor Barnett has taken a position in this case that is inconsistent with his prior writings. Rule 608, does not set forth a basis for attacking a witness's credibility in that manner.

Where a party seeks to impeach the credibility of a witness by demonstrating that that witness is testifying inconsistent with a prior statement Evidence Rule 613 sets forth the proper procedure by which a party is permitted to examine a witness concerning an alleged inconsistent statement. In accordance with Evidence Rule 613(a), if defense counsel for Defendant HEIM believes that Professor Barnett's testimony in this case is inconsistent with Professor Barnett's prior writings, the method for attempting to demonstrate that inconsistency is through the cross-examination of Professor Barnett. *F.R.E.* 613(a). Evidence Rule 613(b) further provides that extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposing party to interrogate the witness thereon. Furthermore, impeachment by a prior statement is limited by Evidence Rule 801(d)(1). Nowhere in the Evidence Rules does it permit a party to attempt to impeach the credibility of a Professor Barnett by offering the opinions of the defense expert witnesses as to their beliefs that Professor Barnett is testifying inconsistent with his prior writings.

The determination of whether or not a witness is testifying truthfully is not an appropriate area for expert testimony. *F.R.E.* 703. Generally the fact-finder is the arbiter of general credibility. Elcock v. Kmart Corp., 233 *F.3d* 734 (3rd Cir. 2000); In Re Unisys Savings Plan Litigation, 173 *F.3d* 145 (3rd Cir. 1999).

The jury in this matter does not need the defense experts' opinions to evaluate if Professor Barnett has taken a position in this case, regarding foot controls, that is inconsistent with his prior writings.  Any testimony or comments offered by the defense witnesses regarding their opinions as to any perceived inconsistencies in Professor Barnett's position on foot controls would invade the exclusive province of the jury to determine the credibility of witnesses.

Accordingly, the defense should be precluded from having their liability experts offer their opinions that that Professor Barnett's opinions in this case are contrary to the opinions he has expressed in his prior writings.

V.  CONCLUSION:

For the foregoing reasons, Defendant HEIM's witnesses should be precluded from opining or commenting as to their beliefs that Plaintiff's liability expert, Ralph Barnett, is offering opinions in this case that are inconsistent with his prior writings.

          DALLAS W. HARTMAN, P.C.

          <u>/s/ Dallas W. Hartman</u>
          Attorneys for Plaintiff

          Dallas W. Hartman, Esq.
          Attorney I.D. No. 41649

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONICALLY:

>     Paul R. Robinson, Esquire
> MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
>     U.S. Steel Tower, Suite 4850
>         Pittsburgh, PA  15219
>
>         Attorney for DEFENDANT

|  |  |
|---|---|
|  | DALLAS W. HARTMAN, P.C. |
| DATE: 05/04/07 | /s/ Dallas W. Hartman<br>Attorneys for Plaintiff |
|  | Dallas W. Hartman, Esq.<br>Attorney I.D. No. 41649 |
|  | 2815 Wilmington Road<br>New Castle, PA  16105<br>(724) 652-4081 |