IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>        Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>        Defendant. | Civil Action No:  04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM
OFFERING CERTAIN PHOTOGRAPHS DEPICTING THE PLAINTIFF'S INJURIES**

      AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its motion in limine to preclude the plaintiff from offering certain photographs depicting the plaintiff's injuries, averring as follows:

      1.      The plaintiff, Tina Lindquist, filed this lawsuit after a September 25, 2002 accident in which she was seriously injured while using a mechanical press brake at her place of employment, Corry Manufacturing, located in Corry, PA.  At the time of her crushing, amputation injury, the plaintiff was using a Heim Model 70-6 mechanical press brake which was originally sold in April, 1978 to a third-party.

2.  The trial of this case is scheduled for May 14, 2007.

3.  At the trial, the plaintiff will attempt to offer certain photographs depicting the plaintiff's injuries to her hands which were taken after plaintiff's initial and subsequent surgeries.

4.  The photographs taken following plaintiff's initial and subsequent surgeries are shocking and unsettling such that they should be precluded due to their prejudicial effect. The photographs at issue are attached and incorporated as Exhibit "A."

5.  Under the Federal Rules of Evidence, only relevant evidence is admissible and even relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. See Windsor Shirt Co. v. New Jersey Nat. Bank, 793 F.Supp. 589, 612, 614 (E.D. Pa. 1992) (citing Federal Rule of Evidence No. 401 & 403).

6.  Federal Rule of Evidence No. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

7.      "'Unfair prejudice' in the context of balancing evidence means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" U.S. v. Blackstone, 56 F.3d 1143, 1146 (9th Cir. 1995) (citing Fed.R.Evid. 403; Notes of Advisory Committee). "Evidence is prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action . . . .'" Id. (citing 1 Weinstein's Evidence § 403[3], pp. 37-41).

8.      Heim requests that this Honorable Court preclude the plaintiff from offering or otherwise introducing at trial any of the photographs attached as Exhibit "A" because they are extremely prejudicial to the defendant and their display to the jury will result in avoidable unfair prejudice to Heim.

9.      The photographs are substantially likely to cause the jury to render a decision on an improper basis as they will cause the jury to deliver an award to the plaintiff based solely out of sympathy for the plaintiff. See Field v. Omaha Standard, Inc., 582 F.Supp. 323, 332-33 (E.D. Pa. 1983), aff'd., 732 F.2d 145 (3d Cir. 1984).

10.     Any probative value the photographs may have is substantially outweighed by the likelihood of the jury rendering a decision on an improper basis and, as a result, the plaintiff should be precluded from offering at trial the subject photographs.

11.     Heim incorporates its brief in support of this motion as if set forth at length.

WHEREFORE, Heim, L.P. respectfully requests that this Honorable Court grant its motion in limine to preclude plaintiff from offering certain photographs depicting the plaintiff's injuries. A proposed order has been filed contemporaneously with this motion.

    Respectfully submitted,

    MEYER, DARRAGH, BUCKLER,
    BEBENEK & ECK, P.L.L.C.


    By: /s/ Paul R. Robinson
        PAUL R. ROBINSON, ESQUIRE
        PA I.D. No. 65581
        Counsel for defendant, Heim, L.P.

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| \_\_\_X\_\_\_\_ | Electronic Transmission |

at the following address:

>Dallas W. Hartman, Esquire
>Dallas W. Hartman P.C.
>2815 Wilmington Road
>New Castle, PA 16105
>*(Counsel for Plaintiff)*

>MEYER, DARRAGH, BUCKLER,
>BEBENEK & ECK, P.L.L.C.

Date: May 4, 2007            /s/ Paul R. Robinson
                             PAUL R. ROBINSON, ESQUIRE

P0810978.1