IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>    Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>    Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE
PLAINTIFF FROM OFFERING CERTAIN PHOTOGRAPHS
DEPICTING THE PLAINTIFF'S INJURIES**

**I.  STATEMENT OF FACTS**

The plaintiff, Tina Lindquist, filed this lawsuit after a September 25, 2002 accident in which she was seriously injured while using a mechanical press brake at her place of employment, Corry Manufacturing, located in Corry, PA. At the time of her crushing, amputation injury, the plaintiff was using a Heim Model 70-6 mechanical press brake which was originally sold in April, 1978 to a third-party.

P0810979.1

Tina Lindquist's injuries are severe and garner understandable sympathy. Tina Lindquist sustained a traumatic crushing amputation of all eight (8) of her fingers. Her fingers actually were molded into the dies which existed on the press brake, and Tina Lindquist's hands were trapped in the dies for a long period of time while a maintenance worker physically removed the dies from the press brake.

Tina Lindquist underwent immediate surgery lasting 12-14 hours, by two teams of surgeons, to re-attach the middle finger and ring finger of her left hand and the middle and ring finger of the right hand. These revascularization surgeries involve the reconnecting of arteries and veins through micro-surgery and, ultimately, the use of wires to hold the re-attached fingers, bones, and tissues to each hand.

The fingers which were re-attached to Tina Lindquist's right hand died, and additional surgery was necessary to remove those fingers. Ultimately, a transplantation surgery was performed which involved the transplantation of one of Tina Lindquist's toes to her right hand to allow Tina Lindquist to be able to grasp certain items with her right hand.

In addition to the above surgeries, Tina Lindquist underwent numerous other surgeries, eight total, with regard to her right and left hands in an attempt to provide additional function to those hands.

At the time of trial, the plaintiff will offer certain photographs at trial depicting the plaintiff's injuries to her hands which were taken after plaintiff's initial and subsequent surgeries. The photographs taken following plaintiff's initial and subsequent surgeries are shocking and unsettling such that they should be precluded due to their prejudicial effect. The photographs at issue are attached as Exhibit "A" to Heim's accompanying motion (which motion (and exhibit thereto) is incorporated by reference as if set forth at length).

## II.  QUESTION PRESENTED

A. **WHETHER THE PLAINTIFF SHOULD BE PRECLUDED AT TRIAL FROM OFFERING CERTAIN PHOTOGRAPHS DEPICTING PLAINTIFF'S INJURIES DUE TO THEIR PREJUDICIAL EFFECT?**

   **ANSWER:  YES.**

## III.  ARGUMENT

A. **PLAINTIFF SHOULD BE PRECLUDED AT TRIAL FROM OFFERING CERTAIN PHOTOGRAPHS DEPICTING PLAINTIFF'S INJURIES DUE TO THEIR PREJUDICIAL EFFECT.**

The plaintiff has indicated that she will be attempting to introduce the photographs attached as Exhibit "A" to Heim's accompanying motion (hereinafter "photographs") in the presentation of the plaintiff's evidence. The introduction of the photographs and their display to the jury can only result in voidable unfair prejudice to Heim and therefore should be precluded from being offered at trial.

Under the Federal Rules of Evidence, only relevant evidence is admissible and even relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  See Windsor Shirt Co. v. New Jersey Nat. Bank, 793 F.Supp. 589, 612, 614 (E.D. Pa. 1992) (citing Federal Rule of Evidence No. 401 & 403).  Federal Rule of Evidence No. 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Federal Rule of Evidence No. 403.  "'Unfair prejudice' in the context of balancing evidence means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" U.S. v. Blackstone, 56 F.3d 1143, 1146 (9th Cir. 1995) (citing Fed.R.Evid. 403; Notes of Advisory Committee).  "Evidence is prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action....'"  Id. (citing 1 Weinstein's Evidence § 403[3], pp. 37-41).

The photographs are highly prejudicial to Heim because they depict the plaintiff's hands in a crushed and mangled state.  The photographs also show exposed wires, black and dying or dead tissue and blood seepage.  To admit photographs depicting the plaintiff's hands in such a crushed, mangled, gruesome and shocking state surely will cause the jury to render a decision based upon sympathy alone, an improper basis.  In Field v. Omaha Standard, Inc., 582 F.Supp. 323, 332-33 (E.D. Pa. 1983), aff'd., 732 F.2d

145 (3d Cir. 1984), a film produced by the Insurance Institute for Highway Safety disclosing photographs depicting blood covering the driver's seat of a vehicle and a deceased driver's head shoved back at an unnatural angle towards the rear of the car, among other things, was held to have been properly excluded from evidence at trial because the film was "gory and inflammatory" and unduly prejudicial. Further, any probative value the photographs may have is substantially outweighed by the likelihood of the jury rendering a decision on an improper basis and, as a result, the plaintiff should be precluded from offering at trial the subject photographs.

## IV.  CONCLUSION

For all of the foregoing reasons, Heim, L.P. respectfully requests that this Honorable Court grant its contemporaneously filed motion in limine to preclude plaintiff form offering certain photographs depicting the plaintiff's injuries and issue an order precluding the plaintiff from offering at trial the photographs attached as Exhibit "A" to the motion.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By:  /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    Counsel for defendant, Heim, L.P.

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| X | Electronic Transmission |

at the following address:

>Dallas W. Hartman, Esquire
>Dallas W. Hartman P.C.
>2815 Wilmington Road
>New Castle, PA 16105
>*(Counsel for Plaintiff)*

>MEYER, DARRAGH, BUCKLER,
>BEBENEK & ECK, P.L.L.C.

Date: May 4, 2007        /s/ Paul R. Robinson
                PAUL R. ROBINSON, ESQUIRE

P0810979.1