IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>    Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>    Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM
INTRODUCING EVIDENCE OR OFFERING ARGUMENT AT TRIAL
REGARDING OTHER MANUFACTURERS' PROVIDING
GATED FOOT CONTROLS WITH PRESS BRAKES**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its motion in limine to preclude plaintiff from introducing evidence or offering argument at trial regarding other manufacturers' providing gated foot controls with press brakes, averring as follows:

1.   The plaintiff, Tina Lindquist, is seeking to recover damages as a result of significant injuries she suffered while operating a Heim mechanical press brake, Model

70-6 (the "press brake") during the course of her employment when she activated the foot control switch while her hands were located between the table and moving ram of the press brake.

2.  The press brake was sold by Heim in April, 1978 to a Connecticut machine distribution company, HB Machinery Co., which requested that the press brake be shipped directly to a Connecticut manufacturer, Avco Lycoming.

3.  The plaintiff's employer, Corry Manufacturing, purchased the press brake at a machinery auction in 1999, connected a foot control and two-palm button switch to the press brake, and utilized the press brake during its operations through and after the date of the plaintiff's accident.

4.  The plaintiff has asserted claims against Heim for negligence, breach of implied warranties and strict liability pursuant to Restatement (Second) of Torts § 402A. Each of these claims is based upon the sole premise (and opinion of plaintiff's expert, Ralph L. Barnett) that the foot control was defective because it did not contain a gate at the opening for the operator's foot.

5.  The trial of this case is scheduled for May 14, 2007.

6.  Heim anticipates that the plaintiff will attempt to introduce evidence at trial that other press brake manufacturers have provided gated foot controls with their press brakes before and after Heim's sale of the subject press brake in April, 1978. (Please see plaintiff's response to defendant's motion in limine to exclude the testimony of Ralph L. Barnett, or alternatively, motion for a Daubert hearing, p. 3; plaintiff's memorandum of law in response to defendant's motion for a Daubert hearing, p. 8; plaintiff's memorandum of law in response to defendant's motion for an Azzarello hearing, pp. 8-9, 18).

7.  Heim also anticipates that the plaintiff will argue that, because other manufacturers of press brakes have provided gated foot controls with their press brakes before and after Heim's sale of the subject press brake in April, 1978, Heim should be held liable for not providing a gated foot control with the subject press brake.

8.  The plaintiff should be precluded from introducing evidence at trial that other press brake manufacturers have provided gated foot controls with their press brakes, as such evidence is irrelevant under any theory of recovery and prejudicial.

9.  With regard to the strict liability claim, evidence of industry standards is generally inadmissible. See Lewis v. Coffing Hoist Div., Duff-Norton Co., Inc., 515 Pa. 334, 343, 528 A.2d 590, 594 (1987) (evidence of industry standards (ASME publication), customs and practices of the design of products and evidence of widespread use of a product held inadmissable in a strict product liability case); Majdic v. Cincinnati Mach. Co.,

370 Pa. Super. 611, 618-20, 537 A.2d 334, 338-39 (1988) (evidence of industry standards (ANSI regulations) held inadmissible in a strict product liability case); Sheehan v. Cincinnati Sheer Company, 382 Pa. Super. 579, 582, 555 A.2d 1352, 1354 (1989) (evidence of industry standards (OSHA regulations) held inadmissible in a strict product liability case).

10.    In a strict product liability action, the focus is not upon the conduct or fault of the manufacturer or seller, but on the condition of the product at the time it left the manufacturer's or seller's control.  See Lewis, 515 Pa. at 341, 528 A.2d at 593 (citing Keeton, Product Liability and the Meaning of Defect, 5 St. Mary's L.J. 30, 33 (1973)).  The introduction of evidence of other press brake manufacturers' provision of gated foot controls would result in consideration being given to the conduct of other press brake manufacturers and thereby would inject concepts of negligence law, which is not allowed in a strict product liability action decided under Pennsylvania law.  See Lewis, 515 Pa. at 343, 528 A.2d at 594; Majdic, 370 Pa. Super. at 619-20, 537 A.2d at 338-39; Sheehan, 382 Pa. Super. at 583-84, 555 A.2d at 1354-55.  Evidence that certain press brake manufacturers provided gated foot controls with their press brakes would distract and mislead the jury and cause it to confuse the issue it must decide, i.e., whether the press brake at issue was defective when it left the control of Heim.  See Lewis, 515 Pa. at 343-44, 528 A.2d at 594-95.

11.    Furthermore, with regard to either the strict liability and negligence theory of recovery, the use of a particular product by a third-party manufacturer does not establish

the existing standard of care, and the use of a particular device by another manufacturer is not relevant on the issues before the court, i.e, the standard of care applicable to Heim and whether or not Heim met that applicable standard of care.

12.    The plaintiff should be precluded from introducing any evidence or offering any argument at the time of trial regarding other manufacturers' providing gated foot controls with press brakes either before of after the sale of the subject press brake by Heim in 1978.

13.    Heim incorporates its contemporaneously filed brief in support of this motion as if set forth at length.

WHEREFORE, Heim, L.P. respectfully requests that this Honorable Court grant its motion in limine to preclude plaintiff from introducing evidence or offering argument at trial regarding other manufacturers' providing gated foot controls with press brakes.  A proposed order is being filed contemporaneously with this motion.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By: /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    Counsel for defendant, Heim, L.P.

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| X | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: May 4, 2007           /s/ Paul R. Robinson
                            PAUL R. ROBINSON, ESQUIRE

P0811075.1