IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>         Plaintiff,<br><br>    vs.<br><br>HEIM, L.P.,<br><br>         Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE PLAINTIFF
FROM INTRODUCING EVIDENCE OR OFFERING ARGUMENT AT TRIAL
REGARDING OTHER MANUFACTURERS' PROVIDING GATED FOOT CONTROLS
WITH PRESS BRAKES**

## I. STATEMENT OF FACTS

The plaintiff, Tina Lindquist, is seeking to recover damages as a result of significant injuries she suffered while operating a Heim mechanical press brake, Model 70-6 (the "press brake") during the course of her employment when she activated the foot control switch while her hands were located between the table and moving ram of the press brake.

The press brake was sold by Heim in April, 1978 to a Connecticut machine distribution company, HB Machinery Co., which requested that the press brake be shipped directly to a Connecticut manufacturer, Avco Lycoming. The plaintiff's employer, Corry Manufacturing, purchased the press brake at a machinery auction in 1999, connected a foot control and two-palm button switch to the press brake, and utilized the press brake during its operations through and after the date of the plaintiff's accident.

The plaintiff has asserted claims against Heim for negligence, breach of implied warranties and strict liability pursuant to Restatement (Second) of Torts § 402A. Each of these claims is based upon the sole premise (and opinion of plaintiff's expert, Ralph L. Barnett) that the foot control was defective because it did not contain a gate at the opening for the operator's foot. The trial of this case is scheduled for May 14, 2007.

Heim anticipates that the plaintiff will attempt to offer evidence at trial that other press brake manufacturers have provided gated foot controls with their press brakes before and after Heim's sale of the subject press brake in April, 1978. Heim also anticipates the plaintiff will argue at trial that, because other manufacturers of press brakes have provided gated foot controls with their press brakes before and after Heim's sale of the subject press brake in April, 1978, Heim should be held liable for not providing a gated foot control with the subject press brake. The plaintiff should be precluded from introducing evidence at trial that other press brake manufacturers have provided gated foot controls with their press brakes, as such evidence is irrelevant under any theory of recovery.

## II. QUESTION PRESENTED

A.    WHETHER THE PLAINTIFF IS PRECLUDED FROM INTRODUCING EVIDENCE OR OFFERING ARGUMENT AT TRIAL REGARDING OTHER MANUFACTURERS' PROVIDING OF GATED FOOT CONTROLS WITH PRESS BRAKES?

      ANSWER:  YES.

## III. ARGUMENT

A.    THE PLAINTIFF IS PRECLUDED UNDER PENNSYLVANIA LAW FROM INTRODUCING EVIDENCE OR OFFERING ARGUMENT AT TRIAL REGARDING OTHER MANUFACTURERS' PROVIDING OF GATED FOOT CONTROLS WITH PRESS BRAKES.

Plaintiff's responses and briefs in opposition to Heim's motions requesting <u>Azzarello</u> and <u>Daubert</u> hearings indicate that the plaintiff will attempt to introduce evidence at trial that other press brake manufacturers have provided gated foot controls with their press brakes before and after Heim's sale of the subject press brake in April, 1978.  (Please see plaintiff's response to defendant's motion in limine to exclude the testimony of Ralph L. Barnett, or alternatively, motion for a <u>Daubert</u> hearing, p. 3; plaintiff's memorandum of law in response to defendant's motion for a <u>Daubert</u> hearing, p. 8; plaintiff's memorandum of law in response to defendant's motion for an <u>Azzarello</u> hearing, pp. 8-9, 18).

Plaintiff apparently intends to argue that, because other manufacturers of press brakes have provided gated foot controls with their press brakes, Heim should be held liable for not providing a gated foot control with the subject press brake.   The plaintiff

should be precluded at trial from introducing evidence that other press brake manufacturers have provided gated foot controls with their press brakes as such evidence is irrelevant and prejudicial.

With regard to the strict liability claim, evidence of industry standards is generally inadmissible.  See Lewis v. Coffing Hoist Div., Duff-Norton Co., Inc., 515 Pa. 334, 343, 528 A.2d 590, 594 (1987); Majdic v. Cincinnati Mach. Co., 370 Pa. Super. 611, 618-20, 537 A.2d 334, 338-39 (1988); Sheehan v. Cincinnati Sheer Company, 382 Pa. Super. 579, 582, 555 A.2d 1352, 1354 (1989).  This is because, in a strict product liability action, the focus is not upon the fault of the manufacturer or seller but on the defective condition of the product at the time it left the manufacturer's or seller's control.  See Lewis, 515 Pa. at 341, 528 A.2d at 593 (citing Keeton, Product Liability and the Meaning of Defect, 5 St. Mary's L.J. 30, 33 (1973)).

In Lewis, the Pennsylvania Supreme Court held that the trial court properly excluded evidence of industry standards relating to the design and manufacture of the product (a control box for an electric hoist) and evidence regarding the widespread use of the allegedly defective product.  Id., 515 Pa. at 343-44, 528 A.2d at 594 (emphasis added). In Majdic, the Pennsylvania Superior Court held that evidence of industry standards (ANSI regulations) is inadmissible in a strict product liability case.  Id., 370 Pa. Super. 611, 618-20, 537 A.2d 334, 338-39 (1988).  In Sheehan, the Superior Court again held that evidence of industry standards (OSHA regulations) is inadmissible in a strict product liability case.  Id., 382 Pa. Super. 579, 582, 555 A.2d 1352, 1354 (1989).

Evidence of the conduct of other manufacturers is, in essence, an attempt to introduce industry standards into the trial of the plaintiff's strict liability claim. Even if the conduct of a third-party manufacturer was sufficient to establish an industry standard, which no law would suggest, such evidence of industry standard is inadmissible in a strict product liability claim, and the plaintiff should be precluded from offering argument and introducing evidence that other press brake manufacturers have provided gated foot controls with their press brakes. See Majdic, 370 Pa. Super. at 619-20, 537 A.2d at 338-39 (citing Concurring Opinion of Mr. Justice Larsen in Lewis, 515 Pa. at 344, 528 A.2d at 595 ("[seller] cannot avoid liability to its consumers that it injures or maims through its defective designs by showing that 'the other guys do it too.'")).

Additionally, evidence that certain press brake manufacturers provide gated foot controls with their press brakes would distract and mislead the jury and cause it to confuse the issue it must decide, i.e, whether or not the press brake was defective when it left the control of Heim. See Lewis, 515 Pa. at 343-44, 528 A.2d at 594-95 (court held that allowance of evidence of industry standards relating to the design of the allegedly defective product or evidence of the widespread use of the product would have created a strong likelihood of improperly diverting the jury's attention from determining whether the product was defective (by improperly causing it to focus on the reasonableness of the defendant's conduct in choosing its design of the product) and therefore exclusion of such evidence by trial court was proper). See also, Majdic, 370 Pa. Super. at 619-20, 537 A.2d at 338-39 (internal citations omitted).

Furthermore, with regard to both the strict liability and negligence theory of recovery, the use of a particular product by a third-party manufacturer does not establish the existing standard of care, and the use of a particular device by another manufacturer is not relevant on the issues before the court, i.e, the standard of care applicable to Heim and whether or not Heim met that applicable standard of care. Consideration of the conduct of other press brake manufacturers, and their decision to provide gated foot controls with their press brakes, is not permitted in a product liability action based upon either strict product liability or negligence principles, and the plaintiff should be precluded from offering argument or introducing evidence at trial that other manufacturers have provided gated foot controls with press brakes.

## IV.  **CONCLUSION**

For all of the foregoing reasons, Heim, L.P. respectfully requests that this Honorable Court grant its accompanying motion in limine and issue an order precluding the plaintiff from offering argument or introducing evidence at trial regarding other manufacturers' provision of gated foot controls with press brakes.

    Respectfully submitted,

    MEYER, DARRAGH, BUCKLER,
    BEBENEK & ECK, P.L.L.C.


    By: /s/ Paul R. Robinson
       PAUL R. ROBINSON, ESQUIRE
       PA I.D. No. 65581
       Counsel for defendant, Heim, L.P.

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| \_\_\_X\_\_\_\_ | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*


MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


Date: May 4, 2007        /s/ Paul R. Robinson
                PAUL R. ROBINSON, ESQUIRE

P0811102.1