UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                  : NO. 04-249E
            Plaintiff,          :
                                : JUDGE SEAN MCLAUGHLIN
    v.                          :
                                :
HEIM, L.P.                      :
            Defendant.          :

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION**
***IN LIMINE* TO EXCLUDE CERTAIN PHOTOGRAPHS OF PLAINTIFF'S INJURIES**

I.  RESPONSE TO STATEMENT OF FACTS:

Plaintiff hereby incorporates by reference Plaintiff's Response to Defendant's Motion To Exclude Certain Photographs of Plaintiff's Injuries.


II.  QUESTIONS PRESENTED:

**ARE THE PHOTOGRAPHS OF PLAINTIFF'S INJURIES
SO PREJUDICIAL SO AS TO SUBSTANTIALLY
OUTWEIGH THEIR PROBATIVE VALUE?**

**ANSWER: NO**


III.  LEGAL ARGUMENT:

**THE PHOTOGRAPHS OF PLAINTIFF'S INJURIES ARE RELEVANT
AND REPRESENT THE BEST EVIDENCE OF HER INJURIES, HER
PAST CONSCIENCE PAIN, EMBARASSMENT AND HUMILIATION,
SIGNIFICANT DISFIGUREMENT THAT SHE SUFFERED AS A RESULT
OF HER INJURIES  AND ANY PREJUDICE TO THE DEFENSE DOES
NOT SUBSTANTIALLY OUTWEIGH THE PROBATIVE VALUE OF
THE PHOTOGRAPHS**

Evidence Rule 402 states that, "[a]ll relevant evidence is admissible, except as otherwise provided * * * by these rules *

* *." *Fed.R.Evid.* 402. "'Relevant evidence' means any evidence having a tendency to make the existence of any fact * * * more probable or less probable than it would be without the evidence." *Fed.R.Evid.* 401. The Supreme Court has characterized this standard as a "liberal one." <u>Daubert v.</u> <u>Merrell Dow Pharmaceuticals, Inc.</u>, 509 *U.S.* 579, 113 *S.Ct.* 2786, 125 *L.Ed.2d* 469 (1993).

As a result of the Defendant's actions, plaintiff is entitled to recover fair and adequate compensation for all of the physical injuries sustained as a result of this occurrence. *Pennsylvania Suggested Standard Civil Jury Instruction* § 6.00 (2005). The jury's award "must compensate the plaintiff completely for damages sustained in the past, as well as damages the plaintiff will sustain in the future." *Pennsylvania Suggested Standard Civil Jury Instruction* § 6.00 (2005). There are four (4) separate items "that make up a damage award for noneconomic loss, both **past** and future; (1) **pain** and **suffering**, (2) **embarrassment** and **humiliation**; (3) loss of ability to enjoy the pleasures of life; and (4) **disfigurement**." *Pennsylvania Suggested Standard Civil Jury Instruction* § 6.09 (2005)[Emphasis added].

Photographs of Plaintiff Tina Lindquist's injuries in various stages of her treatment bear directly on the nature and

2

extent of her injuries and the type of pain and suffering, embarrassment and humiliation, and disfigurement she has had to endure as a result of her injuries.  The various photographs document what Plaintiff has experienced and had to deal with. Plaintiff was conscience following this accident and has been acutely aware of everything she has had to endure, including the multiple surgeries, since this accident.  She has had to continuously see and live with her injuries as they are depicted in the various photographs.  The saying goes, "a picture is worth a thousand words".  No amount of words can describe the agony, heartbreak, embarrassment, and humiliation Plaintiff Tina Lindquist has been through as a result of the traumatic amputation of eight of her fingers and having to have a toe implanted on her one hand to try to make it somewhat functional. Simply put, there is no better evidence available in this case than the photographs that the defense now seeks to preclude, to convey to the jury what the Plaintiff has been through in order to evaluate her damages in this case.

The defense contends that the photographs should be excluded because the photographs "are shocking and unsettling" and will therefore have a prejudicial effect on the jury. (Defendant's Motion *In Limine* to Preclude Photographs ¶ 4). What is depicted in the photographs was likewise "shocking and

unsettling" to Plaintiff as well.  It was her fingers that were amputated and they are her hands that have no fingers. Plaintiff is the one who has been left with both the physical and emotional scars as a result of this accident.  The mere fact that the photographs are unsettling and may be unpleasant to view is not the test for admissibility.

Evidence Rule 402 states that, "[a]lthough relevant, evidence may be excluded if its probative value is **substantially outweighed** by the danger of unfair prejudice * * *." *Fed.R.Evid.* 403 [Emphasis added].  As the text of the rule indicates, evidence that is otherwise relevant and admissible may only be excluded if the probative value of the evidence is *substantially* outweighed by its prejudicial effect.  U.S. v. Universal Rehabilitative Services (PA), Inc., 205 *F.3d* 657 (3rd Cir. 2000).  For this reason, a number of courts have held that Federal Rule 403 creates a presumption of admissibility, and that District Courts may utilize the rule only rarely to cause the exclusion of evidence.  *Id.*; *see, e.g.,* United States v. Morris, 79 *F.3d* 409, 412 (5th Cir.1996); Hendrix v. Raybestos-Manhattan, Inc., 776 *F.2d* 1492, 1502 (11th Cir.1985).  As one leading treatise states, "[i]f there is doubt about the existence of unfair prejudice ... it is generally better practice to admit the evidence, taking necessary precautions by

4

way of contemporaneous instructions to the jury followed by additional admonitions in the charge." 2 *Weinstein's Federal Evidence*, § 403.02[2] [c], at 403-16 (Joseph M. McLaughlin ed., 1999); *see also* Glen Weissenberger, *Federal Evidence*, § 403.2, at 87 (3d ed. 1998) ("Rule 403 favors a presumption of admissibility.").

The Third Circuit has defined the phrase 'danger of undue prejudice" as an "undue tendency to suggest decision on an improper basis." Bhaya v. Westinghouse Elec. Corp., 922 *F.2d* 184, 188 (3rd Cir. 1990). As such, any analysis pursuant to Federal Rule 403 must begin with a determination as to whether the evidence has probative value. U.S. v. Universal Rehabilitative Services (PA), Inc., 205 *F.3d* 657 (3rd Cir. 2000).

In this case, the defense does not dispute the probative value of the photographs, or that they are relevant. On February 23, 2007, the videotape deposition for use at trial of Plaintiff's treating doctor, Dr. John Hood, was conducted. During the course of that deposition, Dr. Hood identified several photographs of Plaintiff's hand. (Relevant portions of Dr. Hood's Deposition are attached hereto as Exhibit "A" @ P.22-24). Photographs number 70, 75, 77, 79, and 80 were marked and displayed before the jury on the videotape. Dr. Hood testified that all of those photographs accurately depict the condition of

5

her hand about one month post operatively after her initial surgery. (*See* Exhibit "A" attached hereto @ P.22-24). Additional photographs were identified and marked as Exhibit 4 during Dr. Hood's deposition. (*See* Exhibit "A" attached hereto @ P.51-52). Those photographs fairly and accurately depict the chronology of Plaintiff's hands from the time Dr. Hood first saw her until the date of his videotape deposition. It was asked during Dr. Hood's deposition that those photographs be passed among the jury. Additional photographs #142, 145, 149, 153, 162, 168, 170, 173, 175, 176, 178 and 181 were also marked as exhibits. (*See* Exhibit "A" attached hereto @ P.53). At no point in time during Dr. Hood's trial testimony did defense counsel object to any of the photographs that were identified by or testified to by Dr. Hood.[1]

Most cases discussing the admissibility of photographs under Evidence Rule 403 have arisen in the context of criminal cases. In <u>United States v. Lopez</u>, 271 *F.3d* 472 (3rd Cir. 2001), *cert. denied*, 535 *U.S.* 908, 122 *S.Ct.* 1211, 152 *L.Ed.2d.* 148 (2002), the Defendant[2] broke into the victim's home shooting her

---

[1] In view of the Defendant's failure to object to the introduction of the photographs at the time of Dr. Hood's deposition, the Defendant should be deemed to have waived their objection to the admissibility of the photographs at this late time.

[2] There were actually four (4) defendants charged various crimes, involving all four defendants, resulting from the events of September 22, 1998. For ease of convenience the defendants will be referred to in the singular.

and her husband.   The gunshot wound mutilated the victim's hand[3] and killed her husband.   At the Defendant's criminal trial the doctor who treated the victim testified and photographs of her mutilated hand were introduced into evidence.  271 *F.3d* at 478.

The defense objected to the introduction of the photographs alleging that it was prejudicial and should not be admitted based on *Fed.R.Evid.* 403.  271 *F.3d* at 482.  The defense claimed that since there was other evidence of the injuries, the probative value was low, and that given the photographs' graphic nature, the potential prejudice was high.   *Id*.   The Third Circuit upheld the introduction of the photographs agreeing that the photographs had value as they were **the best evidence of the mutilation**.   *Id*.[emphasis added]

If evidence of the victim's mutilated hand were not unduly prejudicial and therefore admissible in a criminal matter, photographs of Plaintiff Tina Lindquist's injured hands in this civil matter must likewise be admissible.

In Gov't of the Virgin Islands v. Albert, 241 *F.3d* 344 (3rd Cir. 2001), the Third Circuit upheld the District Court's introduction into evidence of a videotape of the crime scene which graphically depicted the victim's partially naked body tied to the bed and the injuries to the victim's neck, arms and

---

[3]  One of the charges against the defendant was the crime of mayhem which required a showing that the victim was seriously disfigured by mutilation or that a body part was destroyed or disabled.

legs.    In that case the autopsy revealed the victim had "sustained 12 stab wounds, incise wounds, multiple abrasions due to blunt force, and contusions to the face, torso, legs and thighs." *Id*. at 346 n.1.    Defense counsel challenged the admissibility of the videotape claiming that the prejudicial nature of the film outweighed its probative value.    In upholding the admissibility of the videotape the Third Circuit wrote, while "there is no question that it is gruesome" the videotape was clearly relevant to the government's case.    *Id*. at 349. "Graphic though it may be, the admission of the videotape was significantly probative."    *Id*.    *See* Gov't of the Virgin Islands v. Huggins, 193 *Fed.Appx*. 117, 2006 *WL* 2578036 (3rd Cir. 2006) (photograph admissible as "the photograph [of the victim's injuries] was the only evidence, other than the victim's testimony, showing the nature and extent of the victim's injuries.").

In a civil case decided by the District Court for the Eastern District of Pennsylvania, Simmons v. City of Philadelphia, 728 *F.Supp*. 352 (E.D.Pa. 1990), the District Court held that post-suicide photographs depicting the decedent's body were relevant and probative as to both the issue of causation and the issue of pain and suffering.

8

In Dabney v. Montgomery Ward & Co., Inc., 761 F.2d 494 (8th Cir. 1985), the Plaintiff suffered second and third degree burns over 36% of her body as a result of an allegedly defective furnace.  *Id*. at 496.  Plaintiff underwent eleven (11) operations over a three (3) year period.  *Id*.  Plaintiff suffered permanent disfigurement, scarring and pain and also suffered emotional depression as a result of the change in her physical appearance.  *Id*.  At trial the defendant sought to preclude introduction of photographs that depicted the nature and extent of the burns on Plaintiff's body.  *Id*. at 500. Plaintiff argued that the photographs were necessary to show the extent and nature of the injuries and to reflect the treatment and healing process.  *Id*.  The Eighth Circuit ruled that the potential prejudicial effect did not substantially outweigh the probative value of the photographs.

The same is true in the matter presently before the court. The photographs of Plaintiff's injuries show the exact nature and extent of her injuries. Defendant complains that the photographs depict "Plaintiff's hands in a crushed and mangled state.  The photographs also show exposed wires, black and dying or dead tissue and blood seepage."   (Defendant's Brief in Support of Motion *In Limine* p.4).  While the jury can view the residual disfigurement Plaintiff Tina Lindquist is presently

left with, after multiple surgeries and years of healing, her present condition does not provide the jury with any insight into what Ms. Lindquist had to endure over the past several years. The only way for the jury to truly understand what Plaintiff Tina Lindquist has had to endure is for them to view the actual photographs of her injuries at various stages. That insight is necessary in order to properly compensate Ms. Lindquist for her past pain and suffering, embarrassment and humiliation, and disfigurement, all of which she is entitled to be compensated for under the law. *See*, *Pennsylvania Suggested Standard Civil Jury Instruction* § 6.09 (2005). To limit the scope of the jury's knowledge at trial, regarding the nature and extent of what Plaintiff has been through, to how her hands appear now would be prejudicial to Plaintiff's right to receive full and fair compensation for her injuries.

Other federal courts have similarly ruled pursuant to *Fed.R.Evid.* 403 that injury photographs, even if disturbing to view, are admissible, except in extraordinary situations. *See* In re Air Crash Disaster Near New Orleans, 767 *F.2d* 1151, 1154 (5th Cir. 1985)(finding no abuse of discretion in admitting photographs of bodies of plane crash victims with third degree burns where conscious pain and suffering at issue); Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322 (8th Cir. 1985)(not an

abuse of discretion for District Court to admit into evidence color photographs of Plaintiff's injuries immediately prior to surgery); Nakajima v. General Motors Corp., 894 *F.Supp.* 18, 19 (D.D.C. 1995)(photographs of injuries "are relevant to demonstrate the precise nature and extent of [Plaintiff's] injuries and the pain and suffering she endured during the accident.").

The defense's reliance on the District Court's holding in Field v. Omaha Standards, Inc., 582 *F.Supp.* 323 (E.D.Pa. 1983), is misplaced. In Field the court refused to permit Plaintiff to play a film which showed in graphic detail the gruesome consequences of an accident involving underride accidents. *Id.* at 332-333. The film, however, was not precluded because of the gory nature of the film, but rather, "the implicit tendency to confuse the jury as to the real issue of the case[]", which was whether the defendant's product, a product concededly in substantially unfinished condition when sold by the defendant, was defective when it left the defendant's control. *Id.* at 333. The Field case does not stand for the proposition that the danger of a film containing graphic injury photos substantially outweighs the probative value of those photos.

It is agreed by all parties to this action that the Plaintiff Tina Lindquist's injury photographs are relevant. It

11

is further agreed that the photographs accurately depict Plaintiff's injuries. Since the photographs are relevant and accurately depict Plaintiff's injuries they would not have a tendency to suggest an award of damages on an improper basis. Accordingly, the defense has failed to demonstrate that the allegedly prejudicial effect of the photographs substantially outweighs their probative value. Any potential prejudice can be prevented by an appropriate jury instruction. *Pennsylvania Suggested Standard Civil Jury Instruction* § 20.00 (2005), specifically instructs the jury that in rendering their verdict, "[n]either sympathy nor prejudice may influence [their] deliberations." Accordingly, Defendant's motion *In Limine* must be denied.

IV. CONCLUSION:

For all the foregoing reasons, it is respectfully submitted that Defendant HEIM has failed to demonstrate that any allegedly prejudicial effect of the photographs *substantially outweighs* their admittedly probative value. Therefore, since the evidence

is relevant and the probative value is not substantially outweighed by any possible prejudice, the defense motion must be denied.

DALLAS W. HARTMAN, P.C.

/s/ Dallas W. Hartman
Attorneys for Plaintiff

Dallas W. Hartman, Esq.
Attorney I.D. No. 41649

13

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONICALLY:

Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. Steel Tower, Suite 4850
Pittsburgh, PA  15219

Attorney for DEFENDANT

DALLAS W. HARTMAN, P.C.

DATE:   05/09/07

/s/ Dallas W. Hartman
Attorneys for Plaintiff

Dallas W. Hartman, Esq.
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA  16105
(724) 652-4081