```
              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                      : NO. 04-249E
          Plaintiff,                :
                                    : THE HONORABLE
   v.                               : SEAN J. MCLAUGHLIN
                                    :
HEIM, L.P.                          :
          Defendant.                :
```

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO BIFURCATE THE ISSUES OF LIABILITY AND DAMAGES AT TRIAL</u>**

Now comes the Plaintiff, Tina Lindquist, by and through her undersigned counsel, and files the within Reply to Defendant's Motion to Bifurcate the Issues of Liability and Damages at Trial. In support thereof, Plaintiff states as follows:

1. – 5. Admitted. By means of further response, please see Plaintiff's Pretrial Statement previously filed with this Court.

6. Denied. In fact, it is estimated that the damage portion of the trial will last approximately 1 day.

7. Denied. The testimony regarding liability and damages are, in fact, intricately interwoven. As a result, Defendant's request to bifurcate this matter would not be appropriate because there would be substantial overlap in the liability and damages evidence and witnesses upon which the parties will rely.

8. – 10. Paragraphs 8-10 contain conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied to the extent that bifurcation of this matter is not appropriate. In fact, in the present matter, bifurcation of liability and damages would not be in furtherance of the parties' convenience, is not necessary to avoid prejudice, and would not be conducive to judicial economy.

11. Denied. Plaintiff's contentions and allegations in this claim is quite simple: the product as designed, manufactured, sold and/or distributed by Defendant was defective. If the jury agrees with the Plaintiff and finds a defect in the product, this same jury should determine the Plaintiff's injuries and damages. Conversely, if a jury does not find a defect, then no damages will be awarded.

12. – 13. Denied. It is anticipated that the Court will instruct the jury that if they find the product defective, the jury may award damages. However, if the jury determines that the product is not defective, the jury will not proceed on to the damage phase and/or award damages to the Plaintiff. Although Defendant argues that the presentation of the case, liability and damages, unduly

prejudices this case, Defendant offers no evidence to support this contention.

14.  Denied.  To the contrary, Plaintiff's claims have withstood Defendant's Motion for Summary Judgment, the Magistrate's Decision and Order, the Defendant's appeal from the Magistrate's Decision and Order, as well as oral argument with this Court.  Each time, the Court has found merit with Plaintiff's claims, ruling that the matter should be submitted to a jury for final determination.  However, if Defendant feels so strongly that the case will be dismissed following the presentation of Plaintiff's case in chief, then there is no prejudice to the Defendant whatsoever in the presentation of the entire matter, both liability and damages at trial.  As such, Defendant's Motion to Bifurcate this matter is therefore not appropriate.

15.  Denied.  In this matter, the presentation of evidence as to damages will occupy a much smaller portion of the trial time than evidence presented regarding liability.  Moreover, there is likely to be considerable overlap in testimony and witnesses with regard to liability and damage aspects.  As a result, any proposed bifurcation will neither promote any judicial economy nor will it be more convenient for any of the parties.

3

16. Denied. As stated herein and in the Memorandum filed contemporaneously with this response, prejudice due to jury confusion is not a particular concern in this case. However, the delay in any jury determination between liability and damages is prejudicial to Plaintiff and her claim.

17. No responsive pleading is required in response to paragraph 17. By means of further response, Plaintiff incorporates the brief in support thereof filed herewith.

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Bifurcate this matter and allow the case to be presented, in its entirety, to the jury.

Respectfully submitted,

DALLAS W. HARTMAN, P.C.

__/s/ Dallas W. Hartman
Attorneys for Plaintiff

Dallas W. Hartman, Esq.
Attorney I.D. No. 41649

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING:

                Paul R. Robinson, Esquire
      MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
              U.S. Steel Tower, Suite 4850
                 Pittsburgh, PA  15219

                   Attorney for DEFENDANT


                                  DALLAS W. HARTMAN, P.C.

DATE: <u>05/09/07</u>

                                <u>/s/ Dallas W. Hartman</u>
                                Attorneys for Plaintiff

                                Dallas W. Hartman, Esq.
                                Attorney I.D. No. 41649

                                2815 Wilmington Road
                                New Castle, PA  16105
                                (724) 652-4081