```
              UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST                       :  NO. 04-249E
            Plaintiff,               :
                                     :  THE HONORABLE
    v.                               :  SEAN J. MCLAUGHLIN
                                     :
HEIM, L.P.                           :
            Defendant.               :
```

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE THE ISSUES OF LIABILITY AND DAMAGES AT TRIAL**

Now comes the Plaintiff, Tina Lindquist, by and through her undersigned counsel, and files the within Brief in Opposition to Defendant's Motion to Bifurcate the Issues of Liability and Damages at Trial.  In support thereof, Plaintiff states as follows:

I.  STATEMENT OF FACTS:

  1.  The present cause of action arises from an incident which occurred on or about September 25, 2002.  At the time of her injury, Plaintiff was in the course and scope of her employment working on a press brake.  The press brake was manufactured, sold, designed, distributed and/or placed into the stream of commerce by Defendant.

  2.  As a result of the subject accident, Plaintiff had all fingers of both hands amputated except for her thumbs.

  3.  Plaintiff had to undergo numerous and significant surgeries resulting from her injuries.

1

4. Plaintiff will present the testimony of John Hood, M.D., regarding Plaintiff's medical treatment and prognosis.

5. Plaintiff has already secured the video taped deposition of Dr. Hood for use at trial. The video deposition of Dr. Hood, in its entirety, has a run time of 1 hour, 3 minutes.

6. Additionally, Plaintiff claims loss of earnings and diminished earning capacity as a result of the subject accident.

7. Plaintiff has not worked since the accident itself.

8. In support of her economic and wage loss claim, Plaintiff will present the testimony of Donal Kirwan and Andrew G. Verzilli, Ph.D. Plaintiff intends to present the testimony of Misters Kirwan and Verzilli live at trial. It is anticipated that said testimony will last no longer than 90 minutes for each witness.

9. Additionally, Defendant has already secured, by means of video tape deposition, the testimony of David Zak, Defendant's economic expert. Said video taped deposition has a run time of 2 hours, 5 minutes.

10. As a result, it is anticipated that the damage portion of the trial will last no more than a day to a day and half.

II. QUESTIONS PRESENTED:

    Q: SHOULD THE COURT BIFURCATE, AT TRIAL, THE ISSUES OF LIABILITY AND DAMAGES?

    A: NO.

III. LEGAL ARGUMENT:

**IN THE MATTER PRESENTLY BEFORE THE COURT, THE JURY SHOULD DETERMINE THE ISSUES OF LIABILITY AND DAMAGES IN THE SAME TRIAL. BIFURCATION OF LIABILITY AND DAMAGES WOULD NOT BE IN FURTHERANCE OF THE PARTIES' CONVENIENCE, IS NOT NECESSARY TO AVOID PREJUDICE, AND WOULD NOT BE CONDUCIVE TO EXPEDITION AND/OR JUDICIAL ECONOMY.**

Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> Separate Trials. The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim. . . .

F.R.C.P. 42(b).

The decision of whether to bifurcate a trial is made on a case-by-case basis, within the discretion of the trial judge. Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir.), (supporting citations omitted). Bifurcation, however, is "not to be routinely ordered". Id. at 824. The party seeking

bifurcation has the burden of showing that bifurcation is proper. Corrigan v. Methodist Hospital, 160 F.R.D. 55, 57 (ED Pa. 1995); Lowe v. Philadelphia Newspapers, Inc., 592 F.Supp. 123, 125 (ED Pa. 1984).

Bifurcation has been most frequently granted in cases in which the presentation of damage evidence is inordinately disproportionate to the evidence on liability. Doeblers' Pennsylvania Hybrid, Inc. v. Doebler, III, 2006 WL 3325607 (MD Pa.). In the case presently before the Court, however, the presentation of evidence as to damages would occupy a much smaller portion of the trial time than evidence presented regarding liability. In fact, it is anticipated that the damage portion of the trial, in its entirety, will last no more than a day to a day and half, inclusive of Defendant's damage witnesses.

Plaintiff has already secured the medical testimony for use at trial of Plaintiff's treating physician and surgeon, John Hood, M.D. Dr. Hood's video tape deposition, in its entirety, has a run time of 1 hour, 3 minutes. Additionally, Plaintiff anticipates presenting the testimony of economic experts, Donal Kirwan and Andrew G. Verzilli, Ph.D. It is anticipated that each expert's testimony, both direct and cross-examination, will last no longer than 90 minutes each. Further, Defendant has already secured the video taped deposition of its economic

4

expert, David Zak. Mr. Zak's video deposition has a run time of 2 hours, 5 minutes. Therefore, in light of this information, the damages portion of Plaintiff's claim is unlikely to present any burden upon the Court's time. To the contrary, the bulk of the testimony and material at trial will revolve around the liability aspect of Plaintiff's claim.

Additionally, bifurcation is usually not ordered when the issues of liability and damages are intertwined, or when it is anticipated that witnesses who testify regarding liability can also be expected to testify as to damages. Id.

In the matter presently before the Court, there is likely to be considerable overlap in testimony as to liability and damages by key witnesses. Both Plaintiff and her husband will testify regarding both the liability and damage aspect of the claim. Additionally, employees from Corry Manufacturing (Plaintiff's employer at the time of her injury) may testify as to both liability and damages. Moreover, Plaintiff's medical expert, Dr. Hood, testifies as to the mechanism of injury and resulting damages to Plaintiff. As a result, bifurcating the issues of liability and damages in the present matter would not promote judicial economy. To the contrary, it would result in duplicative testimony and further delay in the resolution of this matter. The "validation of this type of self-serving argument, without more, would permit all defendants in all cases

to sever liability from damages". <u>Reading Tube Corp. v. Employers Insurance of Wausau</u>, 944 F.Supp. 398, 404 (ED Pa. 1996). Such speculative reasoning does not justify bifurcating this trial.

Courts should balance the prejudice of potential jury confusion on issues of liability and damages against the prejudice cause to the plaintiff by any delay that results from holding separate trials and/or determination. <u>Innovative Office Products, Inc. v. Spaceco, Inc. (unreported)</u>, 1006 WL 1340865 (ED Pa.), citing, <u>Real v. Bunn-O-Matic Corp.</u>, 195 F.R.D. 618, 620-621 (N.D. Ill. 2000).

Indeed, bifurcation of this trial would prejudice Plaintiff. The prejudice of delay in hearing and holding separate trials and/or separate determinations (of both liability and damages) often outweighs the prejudice of possible jury confusion or prejudice. See <u>Real</u>, 195 F.R.D. at 620-621 (holding that Federal Courts considering bifurcation must balance the competing prejudices in a case). Here, there is no evidence that the damage aspect of Plaintiff's claim will prejudice any liability verdict. In fact, in its Motion to Bifurcate and supporting Brief, Defendant indicates its intention to seek a Rule 50 Motion at the conclusion of Plaintiff's claim. Given the limited portion of trial time expected to be devoted to damages (as compared to the liability

6

aspect of the case) it is difficult to imagine any prejudice towards Defendant herein.

Bifurcation of this trial would not reduce the length of trial to any degree. It is anticipated that the presentation of the damage claim (in its entirety from both Plaintiff and Defendant) will last no more than a day to a day and half. Moreover, there is likely to be considerable overlap in testimony as to liability and damages by the key witnesses. Finally, the damage aspect of the claim is neither complex nor confusing. Both the medical and economic testimony is straight forward, simple and concise.

The burden falls on Defendant to demonstrate that bifurcation is the proper course in this particular matter. In light of the foregoing, Defendant has failed to meet this burden.

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Bifurcate the issues of liability of damages at trial and permit the matter to proceed to a jury, in its entirety.

                                        Respectfully submitted,

                                        DALLAS W. HARTMAN, P.C.

                                        __/s/ Dallas W. Hartman__
                                        Attorneys for Plaintiff

                                        Dallas W. Hartman, Esq.
                                        Attorney I.D. No. 41649

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING:

                  Paul R. Robinson, Esquire
      MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
              U.S. Steel Tower, Suite 4850
                Pittsburgh, PA  15219

                   Attorney for DEFENDANT

                                      DALLAS W. HARTMAN, P.C.

DATE:  <u>05/09/07</u>

                                      <u>/s/ Dallas W. Hartman</u>
                                      Attorneys for Plaintiff

                                      Dallas W. Hartman, Esq.
                                      Attorney I.D. No. 41649

                                      2815 Wilmington Road
                                      New Castle, PA  16105
                                      (724) 652-4081