UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST | : NO. 04-249E |
|     Plaintiff, | : |
| | : THE HONORABLE |
| v. | : SEAN J. MCLAUGHLIN |
| | : |
| HEIM, L.P. | : |
|     Defendant. | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OR OFFERING ARGUMENT AT TRIAL REGARDING OTHER MANUFACTURERS' PROVIDING GATED FOOT CONTROLS WITH PRESS BRAKES**

Now comes the Plaintiff, Tina Lindquist, by and through her undersigned counsel, and files the within Reply and Response to Defendant's Motion in Limine stating as follows:

1. It is admitted that Plaintiff, Tina Lindquist, was injured on September 25, 2002, during the course of her employment while operating a Heim mechanical press brake, Model 70-6. The remainder of the paragraph is denied as stated. Plaintiff alleges that she was injured when she inadvertently activated the press brake while her hands were located between the table and moving ram. The press brake was defectively designed, manufactured and sold and the design of the press brake failed to incorporate a gated foot pedal.

2. It is admitted that Defendant has provided documentation to reflect that the press brake was

1

originally sold by Heim in April, 1978, to a distribution company identified as HB Machinery Co., which shipped the press brake to a company identified as Avco Lycoming.

3. It is admitted that the Plaintiff's employer purchased the subject press brake at an auction in 1999. It is unknown as to when Plaintiff's employer installed the two-palm button switch. It is undisputed that when originally manufactured and sold, the press brake was designed for and sold with a foot switch attached. Furthermore, testimony indicates that the press brake contained a foot switch at the time of purchase of auction.

4. Admitted that Plaintiff has asserted claims against Defendant Heim based on theories of negligence, breach of warranty and strict liability. It is further admitted that Plaintiff's expert has opined that the press brake contained a design defect in that it was designed, manufactured and sold without incorporating a gated foot control.

5. Admitted that the case is scheduled for trial on May 14, 2007.

6. The allegations contained in paragraph 6 constitute defense counsel's arguments, and therefore, no response is deemed necessary. To the extent a response is

deemed necessary, the portions of the record cited to by Defendant speak for themselves.

7. The allegations contained in paragraph 7 constitute legal argument of defense counsel to which no response is deemed necessary.

8. The allegations contained in paragraph 8 constitute legal argument of defense counsel to which no response is deemed necessary.

9. The allegations contained in paragraph 9 constitute conclusions of law to which no response is deemed necessary. To the extent a response is deemed necessary, the statements of law outlined by counsel in paragraph 9 appear to be correct statements of law.

10. The allegations contained in paragraph 10 constitute conclusions of law as well as defense counsel's legal argument to which no response is deemed necessary.

11. The allegations contained in paragraph 11 constitute defense counsel's legal arguments to which no response is deemed necessary.

12. The allegations contained in paragraph 12 constitute defense counsel's legal arguments to which no response is deemed necessary.

13. Paragraph 13 contains a statement to which no response is deemed necessary.

                    Respectfully submitted,

                    DALLAS W. HARTMAN, P.C.

                    __/s/ Dallas W. Hartman__
                    Attorneys for Plaintiff

                    Dallas W. Hartman, Esq.
                    Attorney I.D. No. 41649

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONIC FILING:

                  Paul R. Robinson, Esquire
       MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
              U.S. Steel Tower, Suite 4850
                Pittsburgh, PA  15219

                     Attorney for DEFENDANT


                                      DALLAS W. HARTMAN, P.C.

DATE:  <u>05/09/07</u>

                                  <u>/s/ Dallas W. Hartman</u>
                                  Attorneys for Plaintiff

                                  Dallas W. Hartman, Esq.
                                  Attorney I.D. No. 41649

                                  2815 Wilmington Road
                                  New Castle, PA  16105
                                  (724) 652-4081