IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HEIM, L.P.,<br><br>　　　　Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO BAR DEFENDANT HEIM FROM ARGUING THAT PLAINTIFF HAS
FAILED TO PROPERLY IDENTIFY THE DEFECTIVE PRODUCT**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response in opposition to plaintiff's motion in limine to bar defendant Heim from arguing that plaintiff has failed to properly identify the defective product (hereinafter "plaintiff's motion in limine"), averring as follows:

Plaintiff's motion in limine to preclude Heim from arguing that the plaintiff cannot establish that Heim sold the allegedly defective ungated foot control has no merit and apparently is an attempt to distract this Court from the plaintiff's fatal inability to establish

that Heim sold the foot control which she claims to be defective.  Plaintiff argues that "the law does not require . . . that the Plaintiff prove that the Press Brake was being operated with the exact same foot control it was equipped with at the time it left their control," (plaintiff's motion, p. 6), but this is exactly what the law requires.

It is a fundamental rule of product liability law that a plaintiff has the burden of establishing "with sufficient specificity [the defendant] distributed and manufactured the [product] at issue."  <u>Payton v. Pennsylvania Sling Co.</u>, 710 A.2d 1221, 1225 (Pa. Super. 1998).  The Restatement (Second) of Torts § 402A even begins with "One who <u>sells</u> a defective product . . . "  A <u>sale</u> of the allegedly defective product is the <u>sine qua non</u> of a product liability claim.

As recognized in <u>DeWeese v. Anchor Hocking Consumer and Industrial Products Group</u>, 427 Pa. Super. 47, 628 A.2d 421 (1993):

> <u>A plaintiff must also establish that the injuries were caused by a product of a particular manufacturer.</u>  <u>Berkebile v. Brantly Helicopter</u>, 462 Pa. 83, 337 A.2d 893 (1975).  "Summary judgment is proper when the plaintiff has failed to establish that the defendant's products were the cause of plaintiff's injury."  <u>Eckenrode v. GAF Corp.</u>, 375 Pa. Super. 187, 191, 544 A.2d 50, 52 (1988), <u>alloc. denied</u>, 520 Pa. 605, 553 A.2d 968 (1989).

427 Pa. Super. at 51-52, 628 A.2d at 423 (emphasis added).

This burden upon a plaintiff to identify the product at issue as having been sold by a particular defendant also has been recognized by this Court in Lee v. Boyle-Midway Household Products, Inc., 792 F.Supp. 1001, 1006, fn4 (W.D. Pa. 1992) (holding that identifying the product as the defendant's is a threshold requirement).  See also Stephens v. Paris Cleaners, Inc., 2005 Pa. Super. 315, 885 A.2d 59, 63 (Pa. Super. 2005) (holding that "[i]n the context of a products liability action, before liability will attach, 'plaintiff must establish that the injuries sustained were caused by the product of a particular manufacturer or supplier'").

The plaintiff attempts to circumvent this established law through various arguments and citation to case law which have no bearing on the issue.  Specifically, the plaintiff has argued in her motion in limine, in contradiction to her own liability expert's report and deposition testimony, that now the press brake itself was defective and that, because Heim sold the press brake, there is no issue with regard to product identity.  This argument ignores the reality that the plaintiff solely claims that the foot control, which was not sold by Heim, is defective.  Plaintiff's liability expert, Ralph Barnett, made this very clear testifying as follows:

> Q.   Is it your opinion that the foot control that was being used by Tina Lindquist at the time of her injury was defective because it did not have a gate on the front of the foot control?
>
> A.   I think that's a complete statement of the – of my opinion.

Q. In reviewing your report I didn't notice any other areas of defect that you were claiming other than the one I just stated.

A. That's correct, but it is – with the only thing that I would add to that is that I want the same foot switch that was involved in this accident with the addition of the gate because LineMaster makes these – everything else should be there and the gate also should be there – you know, should be added, and that's part of the testing I did was with the full – with the LineMaster switch with the gate on it.

Q. So is it fair to say that the opinion, <u>the only opinion that you have expressed so far in your report and the only opinion that you intend to express to a jury and to the court would be the one that I just stated relative to the foot control that was being used by Tina Lindquist being defective because it did not have a gate on the front of it?</u>

A. <u>Right</u>, and whatever ancillary things support that, you know, the – support that opinion.

Q. And I want to make sure I understand –

A. Because I have done testing and I would want to show them the testing, but it is all based on that one conclusion.

Q. So you are saying that there are other facts –

A. Yes.

Q. – that you have gleaned that support that opinion, that there is testing that you have performed that support that opinion. Is there anything else that is ancillary that supports that opinion?

And I want to make sure I include your review of materials. I certainly understand that you have reviewed materials in coming to your opinion. <u>I just want to make sure that there is no misunderstanding at any time after today that I fully know the – and my client</u>

>   <u>fully knows the opinion that you are expressing. And that's the one I have already stated</u>.
>
> A.   Look, I will just quickly go through the – my opinion thing that I think you have stated it.
>
> Q.   I don't want you to read into your report. I want to make this go a little more quickly than that. I have read your report. I just want to make sure we are on the same page with regard to your opinion.
>
> A.   <u>I think we – you stated it very succinctly</u>.
>
> Q.   Thank you, sir. <u>Have you ever given that opinion before</u>?
>
> A.   <u>I don't really think so</u>.

(Ralph Barnett deposition testimony, pp. 19-21) (emphasis added).

Notwithstanding the testimony of plaintiff's liability expert, the plaintiff has argued in its motion in limine:

> It is not the foot control component part that is alleged to be defective, but rather the incorporation of an ungated foot control, which Heim provided as standard equipment on all HEIM Press Brakes, that caused a defect in the design, manufacture and distribution of the HEIM Press Brake.

(Plaintiff's motion in limine, p. 5).

The plaintiff cannot ignore the fact that Heim did not sell the allegedly defective foot control, and the plaintiff cannot ignore the established law that a defendant must have sold the allegedly defective product to be liable for it. Regardless of the plaintiff's refusal to

accept the facts or law applicable to this fatal product identity issue, the plaintiff's attempt to re-direct her claim to the press brake which Heim acknowledges selling does not result in the plaintiff's ability to recover on her product liability claim, or her ability to preclude Heim for presenting the evidence, and arguing the law, which results in the plaintiff's inability to recover on her product liability claims.

Plaintiff also attempts to circumvent the requirement that she establish Heim as the seller of the allegedly defective foot control which she was using at the time of the accident by arguing that a component part can be the basis of a product liability claim. Heim does not dispute that a component part <u>which is sold by a defendant</u> can be the basis of product liability claims. The plaintiff's citation to <u>Greco v. Buccicino Engineering Co., Inc.</u>, 283 F.Supp. 978 (W.D. Pa. 1967) and <u>D'Antonio v. Hampton Grinding Wheel Co., Inc.</u>, 225 Pa. Super. 120, 310 A.2d 307 (1973) is inconsequential to the product identification issue, as <u>both cases involved a component part which was sold by the defendant and do not address product liability at all</u>.

The plaintiff's citation to <u>Colgrove v. Cameron Machine Co.</u>, 172 F.Supp.2d 611 (W.D. Pa. 2001) is on point and contradicts plaintiff's argument. In <u>Colgrove</u>, the United States District Court for the Western District of Pennsylvania, with Chief Judge D. Brooks Smith authoring the opinion of the court, acknowledged the issue here, that the plaintiff was required to establish that the defendant sold the product which the plaintiff alleges to have been defective. Allen-Bradley, a manufacturer of foot switches, claimed that the

plaintiff "failed to introduce any evidence that an A-B foot switch had been installed on the Westvaco paper winding machine at the time of Colgrove's injury." 172 F.Supp.2d at 631. Chief Judge D. Brooks Smith denied defendant's motion for a new trial on this issue because the plaintiff's expert testified that the foot switch used by the plaintiff "was identical to the foot switch" manufactured by Allen-Bradley. Id. at 632. The Colgrove decision, as well as many other decisions, compels the dismissal of the plaintiff's product liability claims and the denial of her motion in limine.

The plaintiff also distorts the product identification issue before this Court by citing to the case law which applies when a product has undergone a "substantial change" from the time it left the defendant's control until the time of the accident in question. Substantial change is a separate and distinct issue from product identification, and has no relevance to plaintiff's argument.

Lastly, the plaintiff cites to Capasso v. Minster Machine Co., Inc., 532 F.2d 952 (1976) to support her novel argument that Heim can be liable for someone else's foot control, which was sold by another distributor, and which Heim did not ever possess or sell, because "the replacement foot control was an approved replacement part by Heim." (Plaintiff's motion in limine, p. 9). In Capasso, the defendant sold the allegedly approved replacement part and therefore that decision has no applicability here. Furthermore, plaintiff has absolutely no evidence that plaintiff's employer was lulled into buying an ungated foot control due to any conduct of Heim, the plaintiff has never raised such a

theory in her complaint or discovery, no facts exist to support this argument and plaintiff's expert has never offered an opinion on this unsupported argument.

## CONCLUSION

Despite the loss of the foot control being used by the plaintiff at the time of her accident, the plaintiff's expert claims that the foot control was a Linemaster Model 511-B foot control. There is no evidence that Heim sold the Linemaster Model 511-B foot control with the press brake in 1978. Heim's business records, and even plaintiff's liability expert in his report, indicate that a Linemaster Model 532-SWH foot control was sold with the press brake in 1978. Both because the plaintiff cannot meet her burden of establishing that Heim sold the allegedly defective foot control being used by Tina Lindquist and because the evidence indicates that the foot control Tina Lindquist was using at the time of her accident was not sold by Heim, Heim cannot be held liable for selling that allegedly defective product. Plaintiff's motion in limine to bar defendant Heim from arguing that plaintiff has failed to properly identify the defective product has no support, either factually or legally, and should be denied. A proposed order has been contemporaneously filed with this response.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By: /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    Counsel for defendant, Heim, L.P.

    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA 15219
    (412) 261-6600

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|          |                                           |
|----------|-------------------------------------------|
| _____ | First Class Mail, Postage Prepaid         |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery                             |
| _____ | Facsimile Transmission                    |
|    X     | Electronic Transmission                   |

at the following address:

> Dallas W. Hartman, Esquire
> Dallas W. Hartman P.C.
> 2815 Wilmington Road
> New Castle, PA 16105
> *(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: May 11, 2007          /s/ Paul R. Robinson
                            PAUL R. ROBINSON, ESQUIRE

P0811426.1