IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>    Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>    Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO BAR DEFENDANT'S EXPERTS FROM TESTIFYING AS TO THEIR
BELIEFS AND OPINIONS THAT PLAINTIFF'S EXPERT IS TAKING
A POSITION INCONSISTENT WITH HIS PRIOR WRITINGS**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response in opposition to plaintiff's motion in limine to bar defendant's experts from testifying as to their beliefs and opinions that plaintiff's expert is taking a position inconsistent with his prior writings (hereinafter "plaintiff's motion in limine"), averring as follows:

Plaintiff's motion in limine seeks to preclude Heim's experts (Gary M. Hutter, Ph.D., P.E., CSP, Dennis R. Cloutier, CSP, and William G. Switalski, P.E.) from testifying at trial

that plaintiff's expert, Ralph Barnett, is offering opinions which are inconsistent with the opinions he has offered in the past, including but not limited to the opinions set forth in Barnett's prior publications / writings. Plaintiff's motion in limine, however, does not identify any particular opinions of Heim's liability experts which she seeks to preclude, and plaintiff's motion in limine would result in the removal of all impeachment rules of evidence from this case.

Federal Rule of Evidence 608(a) provides that "The credibility of a witness may be attacked or supported by evidence <u>in the form of opinion or reputation</u>," subject to the limitations set forth in the rule. Fed.R.Evid. 608(a) (emphasis added). Federal Rule of Evidence 613(b) provides that extrinsic evidence of a prior inconsistent statement by a witness will be admissible as long as the witness is "afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon." Fed.R.Evid. 613(b). Rule 613 also specifically allows extrinsic evidence of a prior inconsistent statement by a witness to be admitted where "the interests of justice otherwise require." <u>Id</u>.

Plaintiff's expert, Ralph Barnett, will testify that all foot controls sold with press brakes, but not power presses, should contain gates. (<u>See</u> Heim's <u>Daubert</u> motion; Ralph Barnett deposition, pp. 19-20; Ralph Barnett post-deposition affidavit, pp. 2-3). Although Ralph Barnett has represented numerous press brake manufacturers and foot control manufacturers throughout his career, he acknowledges never offering this opinion in the

approximately forty (40) years he has worked on press brake cases. (Ralph Barnett deposition, pp. 21-44). Ralph Barnett will testify that a gated foot control does not need to be used to operate a power press because a power press uses a full stroke clutch and makes more rapid cycles than a press brake, which results in less time for user injury to occur. (Ralph Barnett deposition, pp. 44-51, 191-92, 195-96).

Ralph Barnett, however, wrote articles in the past concerning foot controls and the increased dangers associated with adding gates to them, and they contradict his present opinion. For example, Ralph Barnett's article entitled "Foot Controls: Riding the Pedal" does not make any distinction between power presses and press brakes with respect to his conclusion that the use of a gate on a foot control leads to "riding of the pedal" misuse, and his conclusion that "the more difficult it is to step into and out of a foot control, the more likely it is that the operation will 'ride the pedal'." (See "Foot Controls: Riding the Pedal" article, attached as Exhibit A).

Dr. Gary Hutter previously worked with Ralph Barnett. (Gary Hutter deposition, pp. 14-15). Dr. Hutter will testify at trial that Ralph Barnett, in forming his opinions in this case, failed to follow the very safety philosophies and protocol which Ralph Barnett himself developed and continually has promoted for purposes of assessing whether a safeguard candidate such as a gated foot control should be used. (Gary Hutter deposition, pp. 67-73). Dr. Hutter will testify that according to Ralph Barnett's "machine supplier safeguard decision tree," which Ralph Barnett failed to address in his report, the use of the

gated foot control being advocated by plaintiff's expert would be <u>prohibited</u> because the addition of a gate would create a new hazard, riding the pedal. (Gary Hutter deposition, pp. 67-73, 180-82, 184-85, 200). Dr. Hutter further will testify that, during his years of working with Ralph Barnett, he has observed Ralph Barnett taking positions and offering opinions which are contrary to Ralph Barnett's current position. (Gary Hutter deposition, pp. 23-24).

William G. Switalski also previously worked with Ralph Barnett and, furthermore, was a proctor for and participated in Ralph Barnett's foot control research and test studies which particularly addressed the ineffectiveness of the "front gate concept". (William Switalski deposition, pp. 31-35). Williams Switalski will testify at trial that the conclusion drawn from their foot control research and test studies was that the use of a gated foot control led to "riding the pedal" misuse. (William Switalski deposition, pp. 31-35). William Switalski also will testify that it is untrue that the gated foot control conclusions in the article only apply to power presses and not press brakes.

Mr. Switalski also will testify that during his many years of employment with plaintiff's expert's firm, Triodyne, Inc., he and Ralph Barnett personally observed workers in numerous press metal working plants throughout the country engaged in "riding of the pedal" where gated foot controls were being used. (William Switalski deposition, pp. 35-36, 60-61). Mr. Switalski furthermore will testify, based upon his years of experience and working in the press industry, that even where the user's foot is outside the gated foot

control and the user's foot then somehow goes forward the gate will not always stop the user's foot from entering the foot control. (William Switalski deposition, pp. 170-72). Even Ralph Barnett acknowledge as much in his attached article, where he wrote: "Striking the ski nose hand with a flat shoe will <u>almost always</u> defeat the liftable gate and allow a one motion activation." (Emphasis added). Ralph Barnett now will deny this conclusion as well.

The aforementioned testimony from Dr. Gary Hutter and Mr. Switalski is relevant and admissible at trial. Both Dr. Hutter and Mr. Switalski have worked intimately with Ralph Barnett in the past and have a sufficient basis of personal knowledge for testifying as set forth above and that Ralph Barnett has never stated or written upon the opinions he is offering in this case, and that he indeed is taking a position in this case which is in direct contradiction to the opinions which Ralph Barnett has provided previously.[1]

Ralph Barnett will be afforded the opportunity at trial to explain or deny the inconsistencies between his opinions in this case and those contained in his prior writings and workings with Gary Hutter and William Switalski, and plaintiff's counsel will have the opportunity to examine Ralph Barnett, Gary Hutter, and William Switalski in this regard. <u>See</u> Fed.R.Evid. 613(b). It is clear that such testimony from Heim's experts is admissible at trial for purposes of impeaching Ralph Barnett's credibility and questioning the truth of Ralph Barnett and the opinions he will offer in this case. Plaintiff's motion in limine to bar defendant's experts from testifying as to their beliefs and opinions that plaintiff's expert is

---

[1] Plaintiff had every opportunity to discuss these issues with Heim's experts when they were deposed.

taking a position inconsistent with his prior writings should be denied, and a proposed order has been contemporaneously filed with this response.

        Respectfully submitted,

        MEYER, DARRAGH, BUCKLER,
        BEBENEK & ECK, P.L.L.C.


        By:  /s/ Paul R. Robinson
            PAUL R. ROBINSON, ESQUIRE
            PA I.D. No. 65581
            Counsel for defendant, Heim, L.P.

            U.S. Steel Tower, Suite 4850
            600 Grant Street
            Pittsburgh, PA  15219
            (412) 261-6600

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| \_\_\_X\_\_\_\_ | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: May 11, 2007        /s/ Paul R. Robinson
                                        PAUL R. ROBINSON, ESQUIRE

P0811271.1