IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HEIM, L.P.,<br><br>　　　　Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE ANY EVIDENCE, TESTIMONY AND/OR REFERENCE
TO ANY TWO-PALM MECHANISM AND/OR SWITCHES AVAILABLE
FOR OPERATION OF THE SUBJECT PRESS BRAKE AT TIME OF
PLAINTIFF'S ACCIDENT OF SEPTEMBER 25, 2002**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response in opposition to plaintiff's motion in limine to exclude any evidence, testimony and/or reference to any two-palm mechanism and/or switches available for operation of the subject press brake at time of plaintiff's accident of September 25, 2002 (hereinafter "motion in limine"), averring as follows:

Plaintiff's motion in limine seeks to preclude Heim from referring to or offering evidence regarding the existence of a two-palm button switch which plaintiff could have utilized to operate the subject Heim Model 70-6 mechanical press brake (hereinafter "press brake") at the time of her accident, which all lay witnesses and experts agree would have prevented this accident, and which was required to be utilized by the controlling OSHA regulation, 29 CFR 1910.212(a)(1) and (a)(3)(ii). Plaintiff's motion contains no real analysis of the issue, as the argument fails under any analysis.

Under the Federal Rules of Evidence, all relevant evidence is admissible and evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401, 402. "[T]he definition of relevant evidence is very broad" and "Rule 401 'does not raise a high standard.'" Moyer v. United Dominion Industries, Inc., 473 F.3d 532, 544-45 (3d Cir. 2007) (citing Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 232 (3d Cir. 2004)). "[W]hile Rule 401 gives judges great freedom to admit evidence, [it] diminishes substantially their authority to exclude evidence as irrelevant." Moyer, 473 F.3d at 544-45 (citing Gibson, 355 F.3d at 232).

### A. Unintended Use / Misuse

Evidence and testimony regarding the existence and availability of a two-palm button station which plaintiff could have utilized to operate the press brake at the time of her accident clearly is relevant to establish that the press brake was not being used as

intended, and that the press brake was being misused at the time of the accident. Plaintiff's expert, Ralph Barnett, and each of Heim's experts, agree that utilizing the press brake without the point-of-operation safety device was an unintended use, and a misuse, of the press brake.

Under Pennsylvania law, a product can be considered defective only under the following two circumstances: "where the product left the supplier's control lacking any element necessary to make it safe for its <u>intended use</u> or possessing any feature that renders it unsafe for the <u>intended use</u>. <u>Azzarello v. Black Bros. Co., Inc.</u>, 480 Pa. 547, 391 A.2d 1020, 1027 (1978). Both circumstances expressly require the product to be put to its "intended use" before a defect can be found to exist. The "foreseeability" analysis argued by the plaintiff cannot be used in determining whether the press brake was defective, as the Supreme Court of Pennsylvania unequivocally has held that "foreseeability" plays no role in determining the intended use of a product for purposes of establishing a defect, specifically holding:

> "<u>[T]here is no strict liability in Pennsylvania relative to non-intended uses even where foreseeable by a manufacturer</u>;" and
>
> "<u>[F]oreseeable misuse of a product will not support a strict liability claim</u>."

See <u>Pennsylvania Dept. of General Services v. U.S. Mineral Products Co.</u>, 587 Pa. 236, 898 A.2d 590, 600-01 (2006) (emphasis added).[1]

It is undisputed that the plaintiff's employer, Corry Manufacturing, violated and was cited by OSHA under 29 CFR § 1910.212(a)(3)(ii) for not having an appropriate point of operation safety device on the press brake. (See Heim's Statement of Undisputed Material Facts, ¶ 23: Gary Merkle deposition, pp. 60-63; OSHA Worksheet). It also is undisputed that the press brake was intended to be used with an OSHA-required appropriate point-of-operation safety device, and that it was the responsibility of the employer, and not Heim, to install the appropriate point of operation safety device for the particular use of the press brake, as only the employer and user can determine which point of operation safety device is appropriate for the many potential uses of the press brake. (Statement of Undisputed Material Facts, ¶¶ 59-60: Ralph Barnett deposition, pp. 238; pp. 163-64).

It also is undisputed that the plaintiff's accident would not have occurred if plaintiff had been using the two-palm button switch to activate the press brake at the time of her accident. (Statement of Undisputed Material Facts, ¶ 12: Ralph Barnett deposition, pp. 126, 128, 190-91; Gary Dietz deposition, p. 108; Jan Oviatt deposition, p. 44; Gary Merkle deposition, p. 59). Although the plaintiff asserts that she did not have the option

---

[1] Id. (citing <u>Phillips v. Cricket Lighters</u>, 576 Pa. 644, 656-57, 841 A.2d 1000, 1007 (2003) (plurality opinion authored by Cappy, C.J., with Castille, J., Newman, J., Saylor, J., and Eakin, J. concurring on this point); accord Id. at 674-75, 841 A.2d at 1018 (Saylor, J., concurring); Id. at 682-83, 841 A.2d at 1023 (Newman, J., concurring and dissenting)). See also, <u>Kimco Dev. Corp. v. Michael D's Carpet Outlets</u>, 536 Pa. 1, 7-9, 637 A.2d 603, 606-07 (1993)).

to select the method by which the press brake was to be operated and was unaware that she could use the two-palm button station to activate the press brake, the plaintiff's co-employees have testified that the plaintiff <u>was</u> permitted to select the two-palm button activation device for the part she was making simply through the use of a key located on the pedestal containing the two palm buttons. (Statement of Undisputed Material Facts, ¶ 13: Robert Rooney deposition, pp. 20-22; Joel Nichols deposition, pp. 68-69; Gary Merkle deposition, pp. 83-84; Jan Oviatt deposition, pp. 26-27).

The use of the press brake without an appropriate point of operation safety device constitutes a misuse of the press brake, which plaintiff's expert, Ralph Barnett, has conceded. (Statement of Undisputed Material Facts, ¶ 64: Ralph Barnett deposition, pp.124-25). The two-palm button activation device is an OSHA-approved safety guard under 29 CFR § 1910.212(a)(1), and the use of the press brake without the two-palm button activation device, where no other appropriate point of operation safety device has been implemented, constitutes a misuse of the press brake. (Statement of Undisputed Material Facts, ¶¶ 63-64: Ralph Barnett deposition, pp. 124-25, 238). The plaintiff cannot dismiss the relevancy of the existing two-palm button switch to the issues of unintended use and misuse, (see <u>Pennsylvania Dept. of General Services v. U.S. Mineral Products Co.</u>, 587 Pa. 236, 252-59, 898 A.2d 590, 600-04 (2006) (court noted that the plaintiff's failure to install a fire protection system (a safety device) could constitute a misuse of the product), and plaintiff's motion in limine should be denied.

B.  **Causation**

Evidence and testimony regarding the existence and availability of a two-palm button station which plaintiff could have utilized to operate the press brake at the time of her accident also is relevant to Heim's defense that the failure to use the two-palm button switch caused this accident, and not the absence of a gate on the foot control. "Absent a causal relationship between the defendant's product and the plaintiff's injury the defendant cannot be held liable on a theory of negligence [or] strict product liability." Soldo v. Sandoz Pharmaceuticals Corp., 244 F.Supp.2d 434, 524 (W.D. Pa. 2003).

Plaintiff's own expert, Ralph Barnett, and each of Heim's experts acknowledge both that the plaintiff's accident could not have occurred if the plaintiff had been using the two-palm button station to activate the press brake or if an appropriate point of operation safety device had been used. (Statement of Undisputed Material Facts, ¶¶ 64-65: Ralph Barnett deposition, pp. 126, 128). Ralph Barnett also acknowledges that the foot control would be safe if the plaintiff's employer had installed the required point-of-operation safety device. (Id., pp. 190-91).

The evidence and testimony regarding the existence and availability of a two-palm button station which could have utilized to operate the press brake at the time of her accident is relevant to the significant causation element, and plaintiff's motion in limine should be denied.

### C. Assumption of Risk - Comparative Negligence

Evidence and testimony regarding the existence and availability of a two-palm button station which plaintiff could have utilized to operate the press brake at the time of her accident also is relevant to Heim's affirmative defense that plaintiff knowingly and voluntarily assumed the risk of injury by utilizing the foot control over the two-palm button station at the time of plaintiff's accident and plaintiff's comparative negligence, and therefore such evidence is admissible at trial.

Although the plaintiff claims she did not have the option to select the method by which the press brake was to be operated and was even unaware of the existence of the two-palm button station located directly beside her and attached to the press brake, this testimony is contradicted by the evidence. The plaintiff's co-employees have testified that the plaintiff was permitted to select the two-palm button activation device for the part she was making at the time of her accident through the use of a key located on the pedestal containing the two palm buttons. (Statement of Undisputed Material Facts, ¶ 13: Robert Rooney deposition, pp. 20-22; Joel Nichols deposition, pp. 68-69; Gary Merkle deposition, pp. 83-84; Jan Oviatt deposition, pp. 26-27).

A material issue of fact exists as to whether the plaintiff knowingly and voluntarily assumed the risk of injury by choosing to operate the press brake through the use of the foot control rather than the OSHA required two-palm button station. Tina Lindquist has acknowledged her appreciation and knowledge of the danger involved with accidentally

activating the foot control while her hands were in the die area of the press brake, and this issue must be submitted to and decided by the jury. The evidence and testimony regarding the existence and availability of a two-palm button switch which plaintiff could have utilized to operate the press brake at the time of her accident also is relevant to Heim's affirmative defense that plaintiff assumed the risk of injury by utilizing the foot control over the two-palm button switch.

The plaintiff also has asserted a negligence-based product liability claim against Heim, which all of the plaintiff's motions have ignored. The plaintiff has not withdrawn that claim, and therefore all defenses applicable to a negligence claim are at issue, including the comparative negligence of the plaintiff. The plaintiff's failure to use the two-palm switch which would have prevented this accident, and which other employees utilized to operate the press brake, is relevant to the plaintiff's comparative negligence, and plaintiff's motion in limine seeking to preclude any evidence relating to the existence of the two-palm button switch should be denied.

**D.     Substantial Change**

Evidence and testimony regarding the existence and availability of a two-palm button station which plaintiff could have utilized to operate the press brake at the time of her accident also is relevant to Heim's affirmative defense that the press brake had been substantially changed or altered from its condition when it left Heim's possession and therefore such evidence is admissible at trial.

The evidence will establish that Corry Manufacturing installed and hard-wired the two-palm button station on to the press brake after Corry Manufacturing purchased the press brake in 1998 or 1999. The two-palm button pedestal contained a key selector switch which permitted the operator to select either the foot control or the two-palm button switch to operate the foot control. Corry Manufacturing also hard-wired a foot control into that two-palm button pedestal to allow the key on the two-palm button station to engage the foot control. All of this work performed by Corry Manufacturing constitutes a substantial change of the press brake after it left the control of Heim, and such evidence is relevant to the issue of whether or not the product was substantially changed. See Davis v. Berwind Corp., 547 Pa. 260, 690 A.2d 186 (1997).

For each of the reasons set forth above, evidence concerning the existence and non-use of the two-palm button switch is relevant and admissible, and plaintiff's motion in limine which seeks to exclude this relevant evidence should be denied.

    Respectfully submitted,

    MEYER, DARRAGH, BUCKLER,
    BEBENEK & ECK, P.L.L.C.


    By: /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    Counsel for defendant, Heim, L.P.

    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA  15219
    (412) 261-6600

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|   |   |   |
|---|---|---|
| _____ | | First Class Mail, Postage Prepaid |
| _____ | | Certified Mail - Return Receipt Requested |
| _____ | | Hand Delivery |
| _____ | | Facsimile Transmission |
| ___X___ | | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire  
Dallas W. Hartman P.C.  
2815 Wilmington Road  
New Castle, PA 16105  
*(Counsel for Plaintiff)*

                                            MEYER, DARRAGH, BUCKLER,  
                                            BEBENEK & ECK, P.L.L.C.

Date: May 11, 2007                               /s/ Paul R. Robinson  
                                                PAUL R. ROBINSON, ESQUIRE

P0811369.1