IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>   Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>   Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE, TESTIMONY AND/OR REFERENCE
TO PUNCH PRESS STANDARDS AND/OR DESIGN**

  AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response in opposition to plaintiff's motion in limine to exclude evidence, testimony and/or reference to punch press standards and/or design (hereinafter "plaintiff's motion in limine"), averring as follows:

Plaintiff's motion in limine seeks to preclude Heim from making any reference to "punch presses".[1] Plaintiff cites Federal Rule of Evidence Nos. 401, 402 and 403 as the sole support for her argument that Heim should be precluded from offering evidence and testimony at trial regarding punch presses. Plaintiff generally argues that such evidence is not relevant to the "matter at issue" and potentially will mislead or confuse the jury.

Plaintiff's expert, Ralph L. Barnett, will testify that a gated foot control needs to be on a foot control which operates a press brake, but not a power press. (See Appendix Exhibit A to Heim, L.P.'s motion in limine to exclude the testimony of Ralph L. Barnett or, alternatively, for a Daubert hearing, hereinafter "Appendix", pp. 44-51, 191-92, 195-96). Barnett is practically required to make this distinction because Barnett previously authored an article which concludes that adding a gate to a foot control increases the number one cause of accidental press activations, "riding the pedal." Barnett's article, Foot Controls: Riding the Pedal makes no distinction between press brakes and power presses and, instead, only utilized the term "presses" which would encompass both power presses and press brakes. Because Barnett's current testimony is directly contrary to this article, Barnett had to create a distinction between this case and his article, and he did so by now arguing that his article only pertained to foot controls which operate power presses.

---

[1] Plaintiff makes no attempt to define what is intended to be encompassed by the term "punch press," and the Court and Heim are left to guess as to plaintiff's intention. Heim has presumed plaintiff is referring to power presses regulated by ANSI B11.3 and OSHA Regulations 29 CFR § 1910.217

The distinction between power presses and press brakes obviously is of critical importance in addressing Ralph Barnett's opinions and in impeaching Ralph Barnett's testimony. Nonetheless, the plaintiff now seeks to preclude any reference to this distinction based upon a bald relevancy argument, failing to address the direct relevance of the distinction between power presses and press brakes as it pertains to her own expert's testimony.

Barnett specifically now claims that a gate is required on a press brake foot control, and not a power press, because a power press is faster than a press brake. Barnett, however, concedes that the press brake at issue here is "fast" and that the faster the press brake, the more likely you would not want a gated foot control because of the increased likelihood of "riding of the pedal". (See Appendix Exhibit A, pp. 194-95). Barnett concedes he does not know of or have any opinion as to any particular speed to be used for determining when a gated foot control should or should not be used on a press brake. (See Appendix Exhibit A, pp. 194-95).

Heim's expert, Gary M. Hutter, Ph.D., P.E., CSP testified that the cycle speed capabilities of press brakes overlap with those of power presses. (See Appendix Exhibit F, pp. 59-62, 63-64). William G. Switalski, P.E. also testified to the overlap in speeds between press brakes and power presses and opined that it is typical for power presses to operate at the same cycle speed as the press brake at issue was capable of operating. (See Appendix Exhibit H, pp. 18-20). He also testified that there are many power presses

which have cycle speed capacities which are <u>less</u> than that of the press brake.  (<u>See</u> Appendix Exhibit H, pp. 186-87).   Similar to Dr. Hutter and Mr. Switalski, Dennis R. Cloutier, CSP testified that many press brakes and power presses operate at the same cycle speeds.  (<u>See</u> Appendix Exhibit J, pp. 17-19).

William Switalski also testified that it is well documented in the scientific literature of the field that there is a strong correlation between the practice of "riding the pedal" on inadequately guarded power presses and <u>press</u> <u>brakes</u> and amputation injuries.  (<u>See</u> Appendix Exhibit H, pp. 78-79; Appendix Exhibit I, pp. 7-8).  Mr. Switalski even worked with Barnett on the article <u>Foot Controls:  Riding the Pedal</u>, which Barnett is attempting to limit as being applicable only to press brakes, and will testify to the falsity of that premise.

Under the Federal Rules of Evidence, all relevant evidence is admissible and evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401, 402.  "[W]hile Rule 401 gives judges great freedom to admit evidence, [it] diminishes substantially their authority to exclude evidence as irrelevant." <u>Moyer v. United Dominion Industries, Inc.</u>, 473 F.3d 532, 544-45 (3d Cir. 2007) (citing <u>Gibson v. Mayor & Council of Wilmington</u>, 355 F.3d 215, 232 (3d Cir. 2004)).  Relevant evidence may only be excluded if the court determines that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

     Because Ralph Barnett will testify at trial that a gated foot control needs to be used in conjunction with a press brake but not a power press because a power press operates at a faster cycle speed, evidence and testimony from Heim's experts regarding that issue clearly will be relevant, and admissible. Additional reasons also may arise at trial which require references to power presses, and an in limine order on this issue is improper. As a result, plaintiff's motion in limine to exclude evidence, testimony and/or reference to punch press standards and/or design should be denied. A proposed order has been contemporaneously filed with this response.

                                  Respectfully submitted,

                                  MEYER, DARRAGH, BUCKLER,
                                  BEBENEK & ECK, P.L.L.C.

                         By: /s/ Paul R. Robinson
                                  PAUL R. ROBINSON, ESQUIRE
                                  PA I.D. No. 65581
                                  Counsel for defendant, Heim, L.P.

                                  U.S. Steel Tower, Suite 4850
                                  600 Grant Street
                                  Pittsburgh, PA  15219

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| \_\_\_X\_\_\_ | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire
Dallas W. Hartman P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: May 11, 2007              /s/ Paul R. Robinson
                                PAUL R. ROBINSON, ESQUIRE

P0811272.1