IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>        Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>        Defendant. | Civil Action No:  04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE ANY EVIDENCE, REFERENCE AND/OR TESTIMONY
FROM LAY WITNESSES REGARDING ANY OPINIONS AS TO "DEFECT"
IN THE PRESS BRAKE AND/OR ANY ALLEGED ABSENCE OF
PRIOR ACCIDENTS ON THE SUBJECT PRESS BRAKE**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response in opposition to plaintiff's motion in limine to exclude any evidence, reference and/or testimony from lay witnesses regarding any opinions as to "defect" in the press brake and/or any alleged absence of prior accidents on the subject press brake (hereinafter "motion in limine"), averring as follows:

P0811331.1

Plaintiff's motion in limine seeks to preclude Heim from (1) introducing testimony from lay witnesses that the Heim Model 70-6 mechanical press brake was not defective and not the cause of plaintiff's injuries; and (2) offering evidence and testimony regarding, or making any reference to, the absence of prior accidents concerning the subject press brake. Plaintiff's motion should be denied.

**A.     Lay Witness Testimony**

Plaintiff's motion seeks to prevent the Corry Manufacturing employees who were intricately involved with the installation, setting-up, maintenance, installation of the foot control and two-palm button switch, and the internal investigation of this accident, from offering opinions concerning the press brake and that the press brake did not cause this accident. Plaintiff's motion devotes one substantive paragraph to one of the applicable Federal Rules of Evidence, Rule 701, merely concluding that "[l]ay witnesses who neither witness the subject accident nor have any scientific, technical or other specialized knowledge in the field must be precluded from offering their opinion as to whether the product itself was either 'defective' or the 'cause' of Plaintiff's accident."

Under Rule 701 of the Federal Rules of Evidence, lay witnesses are specifically permitted to offer opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other

specialized knowledge within the scope of Rule 702. Rule 704, which was not cited by the plaintiff, specifically permits lay witness opinion on the ultimate issue.

Each and every one of the Corry Manufacturing employees who were intricately familiar with the press brake at issue, including those who were involved with installing, setting-up, connecting and wiring the foot control and two-palm button control, maintaining, and those who investigated the accident, have unequivocally testified that the press brake worked precisely as it was intended to work, that they are unaware of any malfunction of the press brake, and that no condition of the press brake caused this accident. This testimony is certainly relevant and admissible.

Heim agrees that the issue of whether or not the press brake or foot control were <u>defectively designed</u> can only be submitted through the experts via Rule 702 of the Federal Rules of Civil Procedure. The maintenance and supervisory employees of Corry Manufacturing have not offered deposition testimony relative to the design of the press brake or foot control, and Heim acknowledges it cannot introduce through those lay witnesses testimony relating to the original design of the press brake and/or foot control. The condition of the product following the accident, however, and the fact that it worked precisely as it was intended to work, and did not malfunction, is admissible.

Furthermore, the investigation concerning this accident which was performed by Corry Manufacturing concluded that the root cause of the accident was Corry

Manufacturing's improper set-up of the press brake, which involved the press brake user placing his or her hands underneath the moving ram of the press brake without the point-of-operation safety device which OSHA mandated the employer to have installed on the machine. Even plaintiff's expert concedes that the employer was required to install a point-of-operation safety device on the press brake, and that Heim had absolutely no obligation or ability to do so. Plaintiff's expert further concedes that the accident could not have occurred if an appropriate point-of-operation safety device had been installed by Corry Manufacturing, which is the same conclusion reached by the Corry Manufacturing employees who were intricately involved with the press brake as it was used in their business and their investigation of this accident.

The Third Circuit Court of Appeals, in Moyer v. United Dominion Industries, 473 F.3d 532 (3d Cir. 2007), recently addressed the very issue of lay witness opinion testimony regarding causation and the condition of the product at issue. The maintenance manager of the plaintiff's employer had testified that improper maintenance of a machine could cause personal injury due to an increase in vibration. This lay opinion testimony was offered to establish that the maintenance of the machine, as opposed to a defective condition of the machine, caused the plaintiff's injuries, and the district court excluded the testimony. The Third Circuit held that "the evidence proffered by the defendant had the tendency to demonstrate an alternative cause for plaintiff's development of [the injury]" and that the district court abused its discretion in excluding the evidence. Id. at 545.

The cause of this accident is admissible through lay witnesses, and such causation testimony is not even considered opinion testimony subject to Rule 701. For example, it is factual that the placement of Tina Lindquist's hands underneath the moving ram of the press brake caused the injuries to her hands and fingers. It is factual that the use of the two-palm button switch which was available on the press brake at the time of the accident would have required both hands to be outside of the moving ram of the press brake and that the use of the two-palm button switch would have prevented this accident from occurring. Each and every lay witness and expert witness has acknowledged this fact. This of course is but-for causation, otherwise known as cause-in-fact, and the employees having knowledge of these issues can provide testimony concerning it.

This cause-in-fact issue is separate and apart from proximate causation and the plaintiff's burden to establish that the absence of a gated foot control was the proximate cause of the plaintiff's accident. Expert testimony will be offered by the plaintiff and the defendant on this proximate cause issue, similar to the design defect issue, and plaintiff's attempts to interweave the significant cause-in-fact issue, for which expert testimony is not necessary and for which lay opinion and fact testimony is certainly admissible, is improper.

B.  **Absence of Prior Accidents**

Plaintiff also argues that Heim should be precluded at trial from offering evidence or introducing lay witness testimony concerning the absence of prior accidents involving the press brake simply by citing Forrest v. Beloit Corp., 424 F.3d 344 (3d Cir. 2005).

Plaintiff incorrectly and prematurely argues that Heim cannot lay the foundation required to allow for the admission of evidence and testimony concerning the absence of prior accidents involving the press brake. Plaintiff's motion in limine should be denied and the ruling by this Court on the admissibility of such evidence and testimony reserved for the time of trial, after Heim has been afforded the opportunity to lay the appropriate foundation.

"Whether evidence of a lack of prior claims is admissible in a diversity case is governed by federal law." Moyer v. United Dominion Industries, Inc., 473 F.3d 532, 546 (3d Cir. 2007) (citing Forrest, 424 F.3d at 354). Under the Federal Rules of Evidence, all relevant evidence is admissible and evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401, 402. "[T]he definition of relevant evidence is very broad" and "Rule 401 'does not raise a high standard.'" Moyer, 473 F.3d at 544-45 (citing Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 232 (3d Cir. 2004)). "[W]hile Rule 401 gives judges great freedom to admit evidence, [it] diminishes substantially their authority to exclude evidence as irrelevant." Id. (citing Gibson, 355 F.3d at 232). Relevant evidence may only be excluded if the court determines that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. "Rule 403 analysis of past claims evidence necessarily 'turns

on the facts and circumstances of each case.'" Moyer, 473 F.3d at 546 (citing Forrest, 424 F.3d at 358).

In Forrest, the Third Circuit Court of Appeals held that the absence of prior claims is relevant, noting "that evidence of a lack of past claims in a products liability case may suggest lack of product defect, lack of an unduly dangerous situation, or lack of causation, and is thus generally relevant under the Federal Rules of Evidence." Moyer, 473 F.3d at 546 (citing Forrest, 424 F.3d at 356). The Forrest court also recognized that such evidence, like all evidence, must be balanced under Federal Rule of Evidence No. 403 to determine if the probative value of the evidence is substantially outweighed by its prejudicial effect or its tendency to confuse or mislead the jury. Id. (citing Forrest, 424 F.3d at 357-58).

As recently noted in Moyer, the Forrest court adopted a three-part analysis to be undertaken in determining whether evidence of a lack of prior claims should be admitted, which analysis is as follows:

> (a) similarity - the defendant must show that the proffered testimony relates to substantially identical products used in similar circumstances;
>
> (b) breadth - the defendant must provide the court with information concerning the number of prior units sold and the extent of prior use; and
>
> (c) awareness - the defendant must show that it would likely have known of prior accidents had they occurred.

Moyer, 473 F.3d at 546 (citing Forrest, 424 F.3d at 358).

In Forrest, unlike here, the defendant's employees testified that the defendant did not keep any records of prior accidents or claims made involving the product at issue, and the defendant then attempted to elicit the absence of prior accidents testimony from employees of the plaintiff's employer. Forrest, 424 F.3d at 348, 358-62. Forrest therefore held that the probative value of the testimony elicited from witnesses who worked for the plaintiff's employer regarding their lack of personal knowledge regarding prior accidents or claims was sufficiently outweighed by the potential for unfair prejudice to the plaintiff because it was not established that they have been aware of the absence of prior accidents. Forrest, 424 F.3d at 358-62.

In Moyer, the court applied the controlling three-part test and concluded that the evidence concerning the lack of prior claims (for vibration-related hand injuries) was "sufficient to satisfy the similarity, breadth, and awareness requirements described in Forrest." Moyer, 473 F.3d at 547 (internal citation omitted). The Moyer Court held that the district court erred in excluding such evidence at trial because the defendant established that it did retain information relative to prior claims.

Here, as in Moyer, Heim will offer evidence and testimony from a Heim corporate officer at trial that Heim keeps business records regarding prior accidents and claims made involving its products, and that it does not have any such records identifying the existence

of any accident occurring or any claim ever being made which involved the subject press brake. Heim also will offer evidence from the Corry Manufacturing supervisors and employees that no other accident ever occurred during Corry Manufacturing's ownership of the press brake. This evidence will be provided with the necessary foundation on the awareness element and, therefore, such evidence is admissible at trial.[1]

## CONCLUSION

The plaintiff's motion in limine to exclude any evidence, reference and/or testimony from lay witnesses regarding any opinions as to "defect" in the press brake and/or any alleged absence of prior accidents on the subject press brake should be denied, and the Court's ruling on the admissibility of evidence and testimony regarding the absence of prior accidents or claims should be reserved until the time at trial. A proposed order has been contemporaneously filed with this response.

---

[1] The similarity and breadth elements are not at issue because the evidence sought to be precluded involves the same product.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By: /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    Counsel for defendant, Heim, L.P.

    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA  15219
    (412) 261-6600

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| \_\_\_X\_\_\_ | Electronic Transmission |

at the following address:

>Dallas W. Hartman, Esquire
>Dallas W. Hartman P.C.
>2815 Wilmington Road
>New Castle, PA 16105
>*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: May 11, 2007          /s/ Paul R. Robinson
                            PAUL R. ROBINSON, ESQUIRE

P0811331.1