IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HEIM, L.P.,<br><br>　　　　Defendant. | Civil Action No: 04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE
TO BAR DEFENDANT HEIM FROM OFFERING EVIDENCE AND/OR
ARGUING AT TRIAL THAT PLAINTIFF EITHER: ASSUMED THE RISK;
MISUSED THE PRODUCT; OR ENGAGED IN HIGHLY RECKLESS
CONDUCT, IN OPERATING THE HEIM PRESS BRAKE WITHOUT
A POINT OF OPERATION DEVICE**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its response in opposition to plaintiff's motion in limine to bar defendant Heim from offering evidence and/or arguing at trial that plaintiff either: assumed the risk; misused the product; or engaged in highly reckless conduct, in operating the Heim press brake without a point of operation device (hereinafter "plaintiff's motion in limine"), averring as follows:

P0811398.1

Plaintiff's motion in limine seeks to preclude Heim from offering evidence or argument concerning most of the defenses available to a product liability defendant, i.e., that plaintiff assumed the risk of injury, misused the press brake, or engaged in highly reckless conduct in operating the press brake without a point of operation device. Plaintiff ignores the contradictory evidence and argues that she "did not have the ability to avoid the danger she was confronted with" and "did not have the authority or option to select the method by which the press brake would be activated" and therefore cannot be found to have assumed the risk of injury or to have misused the press brake through her use of the foot control to activate the press brake. (Please see plaintiff's motion in limine, pp. 8-9, 12-13). Plaintiff further argues that, because she cannot be found to have assumed the risk or be found to have misused the press brake, she also cannot have been reckless or the cause of her accident and injuries. (Please see plaintiff's motion in limine, pp. 13-16). Plaintiff's motion in limine should be denied.

In a strict product liability case based upon a design defect claim, evidence suggesting a lack of product defect, lack of an unduly dangerous situation, or lack of causation is "relevant" under the Federal Rules of Evidence and applicable federal case law. See Moyer v. United Dominion Industries, Inc., 473 F.3d 532, 544-46 (3d Cir. 2007) (citing Forrest v. Beloit Corp., 424 F.3d 344, 354 (3d Cir. 2005)). Despite plaintiff's argument to the contrary, evidence of assumption of risk, misuse of a product, and recklessness are defenses in strict liability actions. See Moyer, 473 F.3d at 542-45; Clark v. Bil-Jax, Inc., 2000 Pa. Super. 370, 763 A.2d 920, 923 (2000) (citing Madonna v. Harley

Davidson, Inc., 708 A.2d 507, 508-09 (Pa. Super. 1998); Charlton v. Toyota Industrial Equipment, 714 A.2d 1043, 1047 (Pa. Super. 1998)).

### A.  Assumption of the Risk

Although the plaintiff argues that she had no choice but to operate the press brake with the ungated foot control and did not have the option to select the method by which the press brake was to be operated, these conclusions are contrary to the evidence which exists and will be offered.  The numerous co-employees of the plaintiff have testified that the plaintiff was permitted to select the two-palm button activation device for the part she was making at the time of her accident through the use of a key located on the pedestal containing the two palm buttons.  (See Heim's Statement of Undisputed Material Facts, ¶¶ 13-14:  Robert Rooney deposition, pp. 20-22; Joel Nichols deposition, pp. 68-69; Gary Merkle deposition, pp. 83-84; Jan Oviatt deposition, pp. 26-27).

An issue of fact exists as to whether the plaintiff knowingly and voluntarily assumed the risk of injury by choosing to operate the press brake through the use of the foot control rather than the two-palm button switch.  More than sufficient evidences exists from which a jury could find that the plaintiff both had the ability and knew of her ability to avoid the danger she allegedly was confronted with (by selecting the two-palm button activation device to operate the press brake) and that she assumed the risk of injury through her use of the foot control, rather than the available two-palm button station.

Additionally, the plaintiff was using the press brake in direct violation of a warning which was fastened on the front of the press brake and facing Tina Lindquist which instructed the user to: NEVER PLACE ANY PART OF YOUR BODY UNDER THE RAM OR WITHIN THE DIE AREA. (See defendant's statement of undisputed material facts, ¶ 16). Although the plaintiff claims she never noticed that clear warning and instruction, such testimony is unbelievable and subject to a determination by a fact-finder. Regardless, plaintiff testified that she did not need a warning to tell her to keep her fingers out of the die area, as that was common sense. (Tina Lindquist deposition, p. 110). The plaintiff also testified that she knew of the danger involved with placing her hands inside the die area and that she knew of such danger before she was injured. She specifically testified: "I knew it could come down and crush them if your hands were in the machine when it was hit, the buttons or whatever." (Id. at 161). She also knew she had to make sure she did not accidentally press the foot switch while her hands were in the die area, she knew there were no light curtains on the press brake as there were on other machines, and she knew that if she hit the foot switch when her hands were inside the die area, nothing was going to stop the press from coming down on them. (Id. at 161-62).

The plaintiff also had the ability to move the foot control away from the press brake such that she could not physically have her hands in the die area when the foot control was activated. This is known as positional safeguarding. Despite Tina Lindquist's knowledge and appreciation of the danger involved, she voluntarily made numerous decisions which allowed this accident to occur. All lay witnesses and experts have conceded that this

accident could not have occurred if the instructions on the front machine were followed, if the plaintiff had used the two-palm button switch, and if the plaintiff had positioned the foot control a safe distance from the press brake. Furthermore, the evidence will show that this accident could only have occurred if the plaintiff was "riding the pedal," an admittedly dangerous use of the foot control. The plaintiff's motion in limine disregards all of this testimony in arguing that the plaintiff's assumption of the risk is inapplicable to the trial of this case, and plaintiff's motion in limine should be denied.

The plaintiff also forgets that the plaintiff's comparative negligence is at issue in this lawsuit, as she has asserted a negligence-based product liability claim as well. Unless and until the plaintiff dismisses the negligence claim, the plaintiff's comparative negligence also is an issue to be determined, and the evidence identified above also is relevant to that issue.

B.  **Misuse and Reckless Conduct**

Plaintiff conclusorily argues that her use of the press brake without a point of operation safety device was an intended use, and not unforeseeable or outrageous and, therefore, she cannot be charged with misuse of the press brake. Plaintiff ignores the existing evidence and testimony, and the testimony of her own expert, in making this argument.

Under Pennsylvania law, a product can be considered defective only under the following two circumstances: "where the product left the supplier's control lacking any element necessary to make it safe for its <u>intended use</u> or possessing any feature that renders it unsafe for the <u>intended use</u>. <u>Azzarello v. Black Bros. Co., Inc.</u>, 480 Pa. 547, 391 A.2d 1020, 1027 (1978). Both circumstances expressly require the product to be put to its "intended use" before a defect can be found to exist. Furthermore, under Pennsylvania law, "foreseeability" of misuse, as argued by the plaintiff, plays no role in determining whether the press brake was defective at the time it left the control of Heim in 1978. The Supreme Court of Pennsylvania has unequivocally held that "foreseeability" plays no role in determining the intended use of a product for purposes of establishing a defect, specifically holding:

> "<u>[T]here is no strict liability in Pennsylvania relative to non-intended uses even where foreseeable by a manufacturer;</u>" and
>
> "<u>[F]oreseeable misuse of a product will not support a strict liability claim.</u>"

<u>See</u> <u>Pennsylvania Dept. of General Services v. U.S. Mineral Products Co.</u>, 587 Pa. 236, 898 A.2d 590, 600-01 (2006) (emphasis added).[1] Tellingly, the plaintiff completely ignores this controlling precedent.

---

[1] <u>Id</u>. (citing <u>Phillips v. Cricket Lighters</u>, 576 Pa. 644, 656-57, 841 A.2d 1000, 1007 (2003) (plurality opinion authored by Cappy, C.J., with Castille, J., Newman, J., Saylor, J., and Eakin, J. concurring on this point); <u>accord</u> <u>Id</u>. at 674-75, 841 A.2d at 1018 (Saylor, J., concurring); <u>Id</u>. at 682-83, 841 A.2d at 1023 (Newman, J., concurring and dissenting)). <u>See also,</u> <u>Kimco Dev. Corp. v. Michael D's Carpet Outlets</u>, 536 Pa. 1, 7-9, 637 A.2d 603, 606-07 (1993)).

The press brake was intended to be used with an OSHA and ANSI required point-of-operation safety device, as conceded by plaintiff's own expert, Ralph Barnett. (Ralph Barnett deposition, p. 238). It is undisputed that the plaintiff's employer, Corry Manufacturing, was cited by OSHA for this accident under 29 CFR § 1910.212(a)(3)(ii) for not utilizing an appropriate point of operation safety device on the press brake. (Statement of Undisputed Material Facts, ¶ 23). Plaintiff's expert, Ralph Barnett, concedes that it is the responsibility of the employer, and not Heim, to install the appropriate point-of-operation safety device. (Ralph Barnett deposition, pp. 163-64). Barnett further concedes that, if an appropriate point of operation safety device such as the light curtain installed by the plaintiff's employer after the accident, had been in use, <u>the foot control used by Tina Lindquist would have been safe</u>. (Statement of Undisputed Material Facts, ¶¶ 58,65: Ralph Barnett deposition, pp. 190-91).

The use of the press brake without an appropriate point of operation safety device, as required by OSHA and 29 CFR § 1910.212(a)(3)(ii), constitutes a clear misuse of the press brake as acknowledged by plaintiff's expert. (Statement of Undisputed Material Facts, ¶ 64: Ralph Barnett deposition, pp.124-25). The two-palm button activation device is a an OSHA-approved safety guard and the use of the press brake without the two-palm button activation device, where no other appropriate point-of-operation safety device has been implemented, also constitutes a misuse of the press brake. 29 CFR § 1910.212(a)(1). This misuse is relevant and admissible. See <u>Pennsylvania Dept. of General Services v. U.S. Mineral Products Co.</u>, 587 Pa. 236, 252-59, 898 A.2d 590, 600-04

(2006) (court noted that the Commonwealth of Pennsylvania's failure to install a fire protection sprinkler system (a safety device) could constitute a misuse).

The plaintiff's accident could not have occurred had she been using the two-palm button station to activate the press brake at the time of her accident. (Statement of Undisputed Material Facts, ¶ 25:  Ralph Barnett deposition, pp. 126, 128; Gary Dietz deposition, p. 108; Jan Oviatt deposition, p. 44; Gary Merkle deposition, p. 59).  Although the plaintiff asserts that she did not have the option to select the method by which the press brake was to be operated and was unaware that she could use the two-palm button station to activate the press brake, the plaintiff's co-employees have testified that the plaintiff was permitted to select the two-palm button activation device for the part she was making at the time of her accident through the use of a key located on the pedestal containing the two palm buttons. (Statement of Undisputed Material Facts, ¶ 13:  Robert Rooney deposition, pp. 20-22; Joel Nichols deposition, pp. 68-69; Gary Merkle deposition, pp. 83-84; Jan Oviatt Deposition, pp. 26-27).

Additionally, a jury could conclude from the evidence and testimony of record that the plaintiff was "riding the pedal" of the foot control at the time of the accident and plaintiff's expert, Ralph Barnett, concedes that this "riding of the pedal" also is a misuse of the foot control and press brake. (Statement of Undisputed Material Facts, ¶ 47:  Ralph Barnett deposition, p. 137; pp. 51-53).  Evidence of any misuse is relevant in a strict

product liability action as it is a misuse <u>of the product</u> which is the relevant factor.  <u>See Moyer v. United Dominion Industries, Inc.</u>, 473 F.3d 532 (3d Cir. 2007).

With regard to the plaintiff's argument that her reckless conduct is inadmissible, plaintiff simply argues that she cannot be found to have engaged in highly reckless conduct at the time of her accident for the same reasons that her misuse of the press brake should be excluded.  The same testimony and evidence above relating to the plaintiff's misuse of the press brake is relevant to the plaintiff's reckless conduct, and such evidence also is relevant to causation and misuse of the press brake.

The press brake was not being used as intended and was being misused at the time of the plaintiff's accident.  There is no dispute on these issues, and a direct verdict should be entered for Heim as a result.  Plaintiff's motion in limine which attempts to remove this fatal issue from the case is meritless and should be denied.

      Respectfully submitted,

      MEYER, DARRAGH, BUCKLER,
      BEBENEK & ECK, P.L.L.C.


By:  /s/ Paul R. Robinson
     PAUL R. ROBINSON, ESQUIRE
     PA I.D. No. 65581
     Counsel for defendant, Heim, L.P.

     U.S. Steel Tower, Suite 4850
     600 Grant Street
     Pittsburgh, PA  15219

(412) 261-6600

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|          |                                          |
|----------|------------------------------------------|
| _____ | First Class Mail, Postage Prepaid        |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery                            |
| _____ | Facsimile Transmission                   |
| ___X___  | Electronic Transmission                  |

at the following address:

> Dallas W. Hartman, Esquire
> Dallas W. Hartman P.C.
> 2815 Wilmington Road
> New Castle, PA 16105
> *(Counsel for Plaintiff)*

>> MEYER, DARRAGH, BUCKLER,
>> BEBENEK & ECK, P.L.L.C.

Date: May 11, 2007                    /s/ Paul R. Robinson
                                      PAUL R. ROBINSON, ESQUIRE

P0811398.1