IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>    Plaintiff,<br><br>vs.<br><br>HEIM, L.P.,<br><br>    Defendant. | Civil Action No:  04-249E<br><br>**JUDGE SEAN J. MCLAUGHLIN**<br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>FAX: (412) 471-2754 |

**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE
TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN
PHOTOGRAPHS OF PLAINTIFF'S INJURIES**

AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., filing its reply to plaintiff's memorandum of law in response to defendant's motion in limine to exclude certain photographs of plaintiff's injuries, averring as follows:

In plaintiff's memorandum of law in response to defendant's motion in limine to exclude certain photographs of plaintiff's injuries (hereinafter "responsive memorandum"), the plaintiff argues that "at no point in time during [Dr. John M. Hood's] trial testimony did defense counsel [for Heim] object to any of the photographs that were identified by or

testified to by Dr. Hood." (See plaintiff's responsive memorandum, p. 6). This is a gross misrepresentation to this Court. Plaintiff specifically argues that "[i]n view of the Defendant's failure to object to the introduction of the photographs at the time of Dr. Hood's deposition, the Defendant should be deemed to have waived their objection to the admissibility of the photographs at this late time." (See plaintiff's responsive memorandum, p. 6 n. 1).

Contrary to the representation of plaintiff's counsel, at the beginning of the videotaped trial deposition of John M. Hood, M.D., the following agreement was reached on the record by plaintiff's then counsel, Raymond J. Conlon, Esquire, and Heim's counsel, Gary M. Scoulos, Esquire:

> MR. SCOULOS:   On the subject of agreements in today's deposition, it's my understanding that you might, but you are not sure if you will, have the doctor review and identify photographs of his patient. So we do not clutter up the record, I will pose my objections to certain of the photographs at this time with the understanding that I have a standing objection if you do choose to display them today.
>
> In particular, I have objections to photos 69 through 80. Those are the numbers that have been used throughout the proceedings. 69 through 80 inclusive. The basis for the objection is that those photographs are highly prejudicial and the prejudicial effect outweighs their relevancy and their utility in having the doctor explain what he was facing throughout the course of his treatment. Do you agree?
>
> MR. CONLON:   I disagree with your reason, but you certainly have the objection.
>
> MR. SCOULOS:   You agree to standing objection?

P0811620.1

| | |
|---|---|
| MR. CONLON: | I agree it's a standing objection.  You do not need to interrupt me.  And just so there's no misunderstanding, I will be using photographs.  I simply don't know if I'll be using all the ones you find erroneously objectionable. |
| MR. SCOULOS: | Yes.  Understood.  Thank you. |

(Trial deposition of John M. Hood, M.D., pp. 5-6).

Although plaintiff represents to this Court that Heim waived its right or ability to object to the plaintiff's introduction of the photographs which are the subject of Heim's motion in limine, this simply is untrue as respective counsel for the parties agreed on the record to Heim's continuing objection to the introduction of these photographs.  Plaintiff's "waiver" argument is frivolous.

Heim respectfully requests that this Honorable Court grant its motion in limine to preclude plaintiff form offering certain photographs depicting the plaintiff's injuries and issue an order precluding the plaintiff from offering at trial the photographs attached as Exhibit "A" to its motion.

P0811620.1

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By:  /s/ Paul R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    PA I.D. No. 65581
    Counsel for defendant, Heim, L.P.

    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA  15219
    (412) 261-6600

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|  |  |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| \_\_X\_\_ | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire  
Dallas W. Hartman P.C.  
2815 Wilmington Road  
New Castle, PA 16105  
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: May 11, 2007        /s/ Paul R. Robinson
                          PAUL R. ROBINSON, ESQUIRE

P0811620.1