UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST : NO. 04-249E
 :
               Plaintiff, :
 : JUDGE SEAN MCLAUGHLIN
  v. :
 :
HEIM, L.P. :
 :
              Defendant. :

## **PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS**

Plaintiff, by her attorneys, DALLAS W. HARTMAN, P.C., submits the following request for

jury instructions:

LIABILITY:

      1.     The manufacturer of a product is liable for the injuries caused to the Plaintiff by a
defect in the product, which existed when the product left the possession of the manufacturer.

*Pa. SSJI* (Civ) §8.01

Webb v. Zern, 422 *Pa*. 424, 220 *A.2d*, 853 (1966).

Berkebile v. Brantley Helicopter Corp., 462 *Pa.* 83, 337 *A.2d* 893 (1975).

Azzarello v. Black Bros. Co. Inc., 480 *Pa*. 547, 391 *A.2d* 1020 (1978).

Restatement (Second) of Torts, Section 402A.

_____     AFFIRMED     _____ DENIED

2.    Liability is imposed even if the manufacturer has exercised all possible care in the preparation and sale of the product.

*Pa. SSJI* (Civ) §8.01

Webb v. Zern, 422 *Pa*. 424, 220 *A.2d*, 853 (1966).

Berkebile v. Brantley Helicopter Corp., 462 *Pa*. 83, 337 *A.2d* 893 (1975).

Azzarello v. Black Bros. Co. Inc., 480 *Pa*. 547, 391 *A.2d* 1020 (1978).

_____    AFFIRMED    _____ DENIED

2

3.    The manufacturer of a product is the guarantor of its safety.  The product must, therefore, be provided with every element necessary to make it safe for use, and without any condition that makes it unsafe for use.  If you find that the product, at the time it left the Defendant's control, lacked any element necessary to make it safe for use, or contained any condition that made it unsafe for use, then the product was defective and the Defendant is liable for all harm caused by such defect.

*Pa. SSJI* (Civ) §8.02

Berkebile v. Brantley Helicopter Corp., 462 Pa. 83, 337 A.2d 893 (1975).

Dorsey v. Yoder Co., 331 F. Supp. 753, 760 (E.D. Pa. 1971);

Salavador v. Atlantic Steel Boiler Co., 475 Pa. 24, 319 A.2d 903, 907 (1974).

Restatement (Second) of Torts, Section 402A;

_____    AFFIRMED    _____ DENIED

4.  If you find that the product, which in this case has been identified as the Heim Press Brake designed, manufactured and sold with an ungated foot control, was defective, the Defendant is liable for all the harm caused by its defective product.  A defective product is considered to be the factual cause of harm, if the harm would not have occurred absent such defect.

*Pa. SSJI* (Civ.) §8.04A.

_____    AFFIRMED    _____ DENIED

5.  Defendant Heim contends in this case that Plaintiff's employer, Corry Manufacturing, is solely responsible for the harm suffered by Plaintiff.  Defendant Heim has the burden of proving by a fair preponderance of the credible evidence that the Press Brake equipped with an ungated foot control, did not contribute to her injuries. If you find that the Defendant has not met this burden, you must find that Defendant Heim is liable for all of the Plaintiff's injuries.

*Pa. SSJI* (Civ.) §8.04B.

_____    AFFIRMED    _____ DENIED

4

6.      In a strict liability case, a Defendant who puts a defective product into the market remains liable to the user, despite the foreseeable conduct, negligent or otherwise, of others, for the harm created by the product as a result of the defect.

*Pa. SSJI* (Civ.) §8.06.

Forry v. Gulf Oil Corp., 428 *Pa.* 334, 237 *A.2d* 593 (1968)

_____    AFFIRMED    _____ DENIED

7.      The duty to provide a non-defective product is non-delegable.  This means that a manufacturer, such as Defendant Heim, whose product is found to be defective cannot delegate the responsibility for making the product safe to someone else.

Forrest v. Beloit Corp., 424 *F.3d* 344 (3rd Cir. 2005)

Berkebile v. Brantley Helicopter Corp., 462 *Pa.* 83, 337 *A.2d* 893 (1975).

Sheehan v. Cincinnati Shaper Co., 382 *Pa.Super.* 579, 555 *A.2d* 1352 (1989)

_____    AFFIRMED    _____ DENIED

8.    A Plaintiff cannot be precluded from recovery in a strict liability case because of her own negligence.   A Plaintiff can only be precluded from recovery where it is shown that she voluntarily assumed the risk.1  Evidence of mere contributory negligence alone is insufficient to prove a voluntary assumption of risk.

Berkebile v. Brantly Helicopter Corp., 462 *Pa*. 83, 337 *A.2d* 893 (1975)

_____    AFFIRMED    _____ DENIED

---

1 It is Plaintiff's position that the issue of assumption of risk is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue.  Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request

9.      Assumption of risk2, which is said to occur where the Plaintiff actually knew of the specific defect eventually causing her injury and voluntarily proceeded to use the product with knowledge of the danger caused by this specific defect.  She is not barred from recovery, however, if she herself did not actually discover the defect prior to the accident or failed to recognize and appreciate its danger, regardless of what other persons might have done in the same circumstances. Nor is she barred from recovery by any negligence on her part. Voluntary exposure to a dangerous situation does not bar recovery, unless the danger known and recognized by the plaintiff was that caused by the specific defect eventually causing her injury. It is the Defendant's burden to prove that the plaintiff actually knew of the defect, appreciated its danger, and voluntarily chose to encounter it.

*Pa. SSJI* (Civ.) §8.09.

Berkebile v. Brantly Helicopter Corp., 462 *Pa.* 83, 337 *A.2d* 893 (1975)

Decorative Precast Stone Erectors, Inc. v. Bucyrus-Erie Co., 493 *F.Supp.* 555 (W.D.Pa. 1980)

_____    AFFIRMED    _____ DENIED

---

to charge.

2 It is Plaintiff's position that the issue of assumption of risk is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue.  Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

10.     Assumption of risk[3] has been defined as an  apprehension of a specific danger, followed by a conscious decision to tempt fate and accept what fate may bring, which then occasions injury;  whereas contributory negligence may involve a Plaintiff exposing herself to a danger which she was subjectively unaware but which would have been apparent had she used due care.  Thus, assumption of risk can only occur where the Plaintiff fully understands the risk and voluntarily chooses to encounter it.

Hadar v. Avco Corp., 2005 *Pa.Super.* 326, 886 *A.2d* 225 (2005)

Robinson v. B.F. Goodrich Tire Co., 444 *Pa.Super.* 640, 664 *A.2d* 616 (1995).

Mucowski v. Clark, 404 *Pa.Super.* 197, 590 *A.2d* 348 (1991)

_____    AFFIRMED    _____ DENIED

---

3 It is Plaintiff's position that the issue of assumption of risk is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue.  Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

11.    In order for assumption of risk4 may be found, it must be shown that the Plaintiff placed herself in a position of danger, while consciously aware of and appreciating the danger, and not as a result of momentary inattention or inadvertence.   Thus, voluntary assumption of risk must rest upon the actual awareness of the specific defect that caused her injury.   An appreciation of a general risk is not a sufficient basis on which to find that the Plaintiff assumed the risk.

Burch v. Sears, Roebuck and Co., 320 *Pa.Super*. 444, 467 *A.2d* 615 (1983)

Hadar v. Avco Corp., 2005 *Pa.Super*. 326, 886 *A.2d* 225 (2005)

Kramer v. Raymond Corp., 840 *F.Supp*. 333 (E.D.Pa. 1993)

Staymates v. ITT Holub Indus., 364 *Pa.Super*. 37, 527 *A.2d* 140 (1987)

Dillinger v. Caterpillar, Inc., 959 *F.2d* 430 (3rd Cir. 1992)

_____    AFFIRMED    _____ DENIED

---

4 It is Plaintiff's position that the issue of assumption of risk is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue.  Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

12.     In order to find that the Plaintiff assumed the risk[5] it must be shown that the accident was solely the result of the Plaintiff's conduct and not related in any way with the use of the Press Brake with an ungated foot control.

Farra v. Stanley-Bostich, Inc., 838 *F.Supp*. 1021 (E.D.Pa. 1993)

Charlton v. Toyota Indus. Equip., 714 *A.2d* 1043 (Pa.Super. 1998)

Jara v. Rexworks, Inc., 718 *A.2d* 788 (Pa.Super. 1998), *app den*.,
        558 *Pa*. 620, 737 *A.2d* 743 (1999)

_____     AFFIRMED     _____ DENIED

---

5 It is Plaintiff's position that the issue of assumption of risk is not applicable in this case and therefore the issue should not be submitted to the jury. Accordingly, Plaintiff objects to the jury being charged on this issue. Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

13.    Furthermore, I charge you that, if you find that the Plaintiff was required to use this product in the course of her employment, and that the Plaintiff used the product as directed by her employer, then you may not find that there was an assumption of risk6 by the Plaintiff, that could bar her from recovery. Where an employee, in doing a job, is required to use equipment as furnished by the employer, the defense of assumption of the risk is unavailable.

*Pa. SSJI* (Civ.) §8.09.

Clark v. Bil-Jax, Inc., 2000 *Pa.Super*. 370, 763 *A.2d* 920 (2000)

DiSalvatore v. United States, 499 *F.Supp*. 338 (E.D.Pa. 1980)

_____    AFFIRMED    _____ DENIED

---

6 It is Plaintiff's position that the issue of assumption of risk is not applicable in this case and therefore the issue should not be submitted to the jury. Accordingly, Plaintiff objects to the jury being charged on this issue. Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

14. Defendant Heim alleges that Plaintiff misused7 the product. Evidence of "misuse" may be shown to defeat causation in a strict liability design defect case. However, in order to find misuse of the product, it must be shown that the accident was the sole the result of the Plaintiff's misuse and not related in any way with the alleged defect in the product.

Moyer v. United Dominion Indus., Inc., 473 *F.3d* 532 (3rd Cir. 2007)

Kramer v. Raymond Corp., 840 *F.Supp*. 333 (E.D.Pa. 1993)

Madonna v. Harley Davison, Inc., 708 *A.2d* 507 (Pa.Super. 1998)

Charlton v. Toyota Indus. Equip., 714 *A.2d* 1043 (Pa.Super. 1998)

Clark v. Bil-Jax, Inc., 2000 *Pa.Super*. 370, 763 *A.2d* 920 (2000)


_____    AFFIRMED    _____ DENIED

---

7 It is Plaintiff's position that the issue of misuse is not applicable in this case and therefore the issue should not be submitted to the jury. Accordingly, Plaintiff objects to the jury being charged on this issue. Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

15.    It is Defendant Heim's burden of proving that the alleged misuse[8] of the product was the sole proximate cause of Plaintiff's injuries.

<u>Moyer v. United Dominion Indus., Inc.</u>, 473 *F.3d* 532 (3rd Cir. 2007)

<u>Dillinger v. Caterpillar, Inc.</u>, 959 F.2d 430 (3rd Cir. 1992)

<u>Kramer v. Raymond Corp.</u>, 840 *F.Supp*. 333 (E.D.Pa. 1993)

<u>Decorative Precast Stone Erectors, Inc. v. Bucyrus-Erie Co.</u>, 493 *F.Supp*. 555 (W.D.Pa. 1980)

<u>Madonna v. Harley Davison, Inc.</u>, 708 *A.2d* 507 (Pa.Super. 1998)

<u>Charlton v. Toyota Indus. Equip.</u>, 714 *A.2d* 1043 (Pa.Super. 1998)

_____    AFFIRMED    _____ DENIED

---

8 It is Plaintiff's position that the issue of misuse is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue.  Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

16.    A "misuse"9 is said to exist when the consumer makes an abnormal use of the product.

Stated another way, in order to demonstrate "misuse" of the product, Defendant Heim must show that the use employed by the Plaintiff was either, unforeseeable, unintended, or outrageous.

Berkebile v. Brantly Helicopter Corp., 462 *Pa.* 83, 337 *A.2d* 893 (1975)

Sherk v. Daisy-Heddon, 498 Pa. 594, 450 A.2d 615 (1982)

Dillinger v. Caterpillar, Inc., 959 F.2d 430 (3rd Cir. 1992)

Kramer v. Raymond Corp., 840 *F.Supp*. 333 (E.D.Pa. 1993)

Childers v. Power Line Equip. Rentals, Inc., 452 *Pa.Super*. 94, 681 *A.2d* 201 (1996),
        *app. den*., 547 *Pa*. 735, 690 *A.2d* 236 (1997).

Craley v. Jet Equipment & Tools, Inc., 2001 *Pa.Super*. 171, 778 *A.2d* 701 (2001)

_____    AFFIRMED    _____ DENIED

_____

9 It is Plaintiff's position that the issue of misuse is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue.  Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

17.    Defendant Heim alleges that Plaintiff engaged in highly reckless conduct10 while using the Heim Press Brake.  Evidence of highly reckless conduct may defeat causation in a strict liability design defect case where it can be shown that the Plaintiff knew or had reason to know of facts which created a high degree of risk of physical harm to her or that she deliberately and voluntarily proceeded to act, or failed to act, in conscious disregard of that risk.  Evidence that Plaintiff acted in highly reckless fashion is akin to evidence that the Plaintiff misused the product.

Madonna v. Harley Davison, Inc., 708 *A.2d* 507 (Pa.Super. 1998)

Charlton v. Toyota Indus. Equip., 714 *A.2d* 1043 (Pa.Super. 1998)

Childers v. Power Line Equip. Rentals, Inc., 452 *Pa.Super.* 94, 681 *A.2d* 201 (1996),
          *app. den.*, 547 *Pa.* 735, 690 *A.2d* 236 (1997).

Dillinger v. Caterpillar, Inc., 959 F.2d 430 (3rd Cir. 1992).

Burch v. Sears, Roebuck and Co., 320 *Pa.Super.* 444, 467 *A.2d* 615 (1983)

_____    AFFIRMED    _____ DENIED

---

10 It is Plaintiff's position that the issue of highly reckless conduct is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue. Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

18.    In order to find that the Plaintiff's alleged highly reckless conduct[11] was a superseding cause, thereby relieving the Defendant from liability, it must be demonstrated that the Plaintiff's actions were so reckless that the Plaintiff would have been injured despite the curing of the defect, or that her actions were so extraordinary and unforeseeable.

Burch v. Sears, Roebuck and Co., 320 *Pa.Super*. 444, 467 *A.2d* 615 (1983)

Madonna v. Harley Davison, Inc., 708 *A.2d* 507 (Pa.Super. 1998)

Charlton v. Toyota Indus. Equip., 714 *A.2d* 1043 (Pa.Super. 1998)

Childers v. Power Line Equip. Rentals, Inc., 452 *Pa.Super*. 94, 681 *A.2d* 201 (1996), *app. den*., 547 *Pa*. 735, 690 *A.2d* 236 (1997).

Dillinger v. Caterpillar, Inc., 959 F.2d 430 (3rd Cir. 1992).

_____    AFFIRMED    _____ DENIED

---

11 It is Plaintiff's position that the issue of highly reckless conduct is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue. Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

19.    It is the Defendant's burden of proving that Plaintiff's alleged highly reckless conduct[12] was the sole proximate cause of her injuries.

Moyer v. United Dominion Indus., Inc., 473 *F.3d* 532 (3rd Cir. 2007)

Dillinger v. Caterpillar, Inc., 959 F.2d 430 (3rd Cir. 1992)

Kramer v. Raymond Corp., 840 *F.Supp*. 333 (E.D.Pa. 1993)

Decorative Precast Stone Erectors, Inc. v. Bucyrus-Erie Co., 493 *F.Supp*. 555 (W.D.Pa. 1980)

Madonna v. Harley Davison, Inc., 708 *A.2d* 507 (Pa.Super. 1998)

Charlton v. Toyota Indus. Equip., 714 *A.2d* 1043 (Pa.Super. 1998)

Childers v. Power Line Equip. Rentals, Inc., 452 *Pa.Super*. 94, 681 *A.2d* 201 (1996),
         *app. den*., 547 *Pa*. 735, 690 *A.2d* 236 (1997).


_____        AFFIRMED        _____ DENIED

---

[12] It is Plaintiff's position that the issue of highly reckless conduct is not applicable in this case and therefore the issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue. Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

20.    An OSHA regulation13 in effect at the time this accident occurred provides as follows: *[here, quote relevant regulatory provision]*. This regulation dictates the duty of care required by Plaintiff's employer, Corry Manufacturing, who is not a party to this lawsuit.  If you find that there was a violation of this regulation, this violation may only be considered by you as evidence of negligence on the part of Plaintiff's employer, Corry Manufacturing, in deciding whether or not the employer's failure to comply with that OSHA regulation was the sole cause of Plaintiff's injuries.

*Pa. SSJI* (Civ) §3.08

_____    AFFIRMED    _____ DENIED

---

13 It is Plaintiff's position that evidence of Corry Manufacturing's OSHA violation should not be admitted into evidence and therefore this issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue.  Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

21.    This evidence, concerning Corry Manufacturing's violation of an OSHA standard14, is being offered by Defendant Heim for the sole purpose to show that the conduct of Corry Manufacturing, not their failure to provide a gated foot control with the Press Brake, was the sole cause of Plaintiff's injuries, thereby relieving Defendant Heim of any responsibility for Plaintiff's injuries.

Any evidence of an alleged OSHA violation by Corry Manufacturing may not and should not be considered by you in determining if the product, the Heim Press Brake, was defective as I have previously defined that term.

*Pa. SSJI* (Civ) §2.15

_____    AFFIRMED    _____ DENIED

---

14 It is Plaintiff's position that evidence of Corry Manufacturing's OSHA violation should not be admitted into evidence and therefore this issue should not be submitted to the jury.  Accordingly, Plaintiff objects to the jury being charged on this issue.  Without waiving the above objection, in the event the court submits this issue to the jury Plaintiff submits the above request to charge.

22.    The terms "intervening" and "superseding" cause have to do with causes of injury which are independent of and come after the Defendant's initial conduct, but which operates to produce a harm. <u>Vattimo v. Lower Bucks Hosp., Inc</u>., 502 *Pa*. 241, 253, 465 *A.2d* 1231, 1237 (1983), n.4.

An "intervening" cause is merely one arising after the Defendant's initial conduct, and does not relieve the Defendant of liability, often because the intervening cause was foreseeable, or if not foreseeable, was a normal incident of the risk created.

A "superseding" cause also arises after the Defendant's initial conduct, but operates to relieve the Defendant of liability. *Id, citing* Prosser, Law of Torts, section 44 (4th ed). Even where an intervening act is wrongful it does not become a superseding cause unless, looking retrospectively from the harm through the sequence of events by which it was produced, it is so extraordinary as not to have been reasonably foreseeable. *Id*.

An event may only be deemed a superseding cause where the actions are so extraordinary as not to have been reasonably foreseeable. <u>Parks v. Allied Signal</u>**,** 113 *F.2d* 1327, 1333-34 (3rd Cir. 1997); <u>Esbach v. W.T. Grant's and Co.</u>, 481 *F.2d* 940, 945 (3rd Cir. 1973).

_____        AFFIRMED        _____ DENIED

23.      If you find that Defendant Heim is liable to the Plaintiff, you must then find an amount of money damages you believe will fairly and adequately compensate the Plaintiff for all the physical and financial injuries she has sustained as a result of the occurrence. The amount you award today must compensate the Plaintiff completely for damage sustained in the past, as well as damage the plaintiff will sustain in the future.

*Pa. SSJI (Civ.)* §6.00

_____      AFFIRMED      _____ DENIED

24.    The damages recoverable by the Plaintiff in this case and the items that go to make them up, each of which I will discuss separately, are as follows:

(1)    Past Lost Wages;
(2)    Past Household Services;
(3)    Past Medical Expenses;
(4)    Past Pain and Suffering;
(5)    Past Embarrassment and Humiliation;
(6)    Past Loss of Enjoyment of Life;
(7)    Past Disfigurement;
(8)    Present Pain and Suffering;
(9)    Present Embarrassment and Humiliation;
(10)    Present Loss of Enjoyment of Life;
(11)    Present Disfigurement;
(12)    Future Lost Earnings Capacity;
(13)    Future Household Services;
(14)    Future Medical Expenses;
(15)    Future Pain and Suffering;
(16)    Future Embarrassment and Humiliation;
(17)    Future Loss of Enjoyment of Life; and
(18)    Future Disfigurement

In the event that you find in favor of the plaintiff, you will add these sums of damage together and return your verdict in a single, lump sum.

*Pa. SSJI (Civ.)* §6.01

_____    AFFIRMED    _____ DENIED

22

25.    The Plaintiff is entitled to recover damages for all injuries that the Defendant was a factual cause in producing. The Defendant's actions need not be the sole cause of the injuries; other causes may have contributed to producing the final result. The fact that some other factor may have been a contributing cause of Plaintiff's injuries does not relieve the Defendant of liability, unless you find that such other cause was a superceding cause which would have produced the injury complained of independently of the Defendant's actions. Even though other causes may have contributed to Plaintiff's injuries, if the Defendant's ungated Press Brake was a factual cause in producing the injury, the Defendant is liable for the full amount of damages sustained, without any apportionment or diminution for the other conditions or causes.

*Pa. SSJI* (Civ.) §6.05


_____    AFFIRMED    _____ DENIED

26.     The Plaintiff has made a claim for a damage award for past and for future noneconomic loss. There are four items that make up a damage award for noneconomic loss, both past and future: (1) pain and suffering; (2) embarrassment and humiliation; (3) loss of ability to enjoy the pleasures of life; and (4) disfigurement.

*First*, the Plaintiff must have experienced pain and suffering in order to be able to claim damage awards for past noneconomic loss and for future noneconomic loss. You are instructed that the Plaintiff is entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress that you find she has endured from the time of the injury until today and that the Plaintiff is also entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress you find she will endure in the future as a result of her injuries.

*Second*, the Plaintiff must have experienced embarrassment and humiliation in order to claim noneconomic loss. The Plaintiff is entitled to be fairly and adequately compensated for such embarrassment and humiliation as you believe she has endured and will continue to endure in the future as a result of her injuries.

*Third*, the Plaintiff must suffer loss of enjoyment of life. The Plaintiff is entitled to be fairly and adequately compensated for the loss of her ability to enjoy any of the pleasures of life as a result of the injuries from the time of the injuries until today and to be fairly and adequately compensated for the loss of her ability to enjoy any of the pleasures of life in the future as a result of her injuries.

*Fourth*, there must be disfigurement. The disfigurement that the Plaintiff has sustained is a separate item of damages recognized by the law. Therefore, in addition to any sums you

24

award for pain and suffering, for embarrassment and humiliation, and for loss of enjoyment of life, the Plaintiff is entitled to be fairly and adequately compensated for the disfigurement she has suffered from the time of the injury to the present and that she will continue to suffer during the future duration of her life.

In considering the Plaintiff's claims for damage awards for past and future noneconomic loss, you will consider the following factors: (1) the age of the Plaintiff; (2) the severity of the injuries; (3) whether the injuries are temporary or permanent; (4) the extent to which the injuries affect the ability of the Plaintiff to perform basic activities of daily living and other activities in which the Plaintiff previously engaged; (5) the duration and nature of medical treatment; (6) the duration and extent of the physical pain and mental anguish that the Plaintiff has experienced in the past and will experience in the future; (7) the health and physical condition of the plaintiff prior to the injuries; and (8) in the case of disfigurement, the nature of the disfigurement and the consequences for the Plaintiff.

*Pa. SSJI* (Civ.) §6.09

_____    AFFIRMED    _____ DENIED

27.     If you find that the Plaintiff's injuries will continue beyond today, you must determine the life expectancy of the Plaintiff.  According to statistics compiled by the United States Department of Health and Human Services, the average life expectancy of all persons of the Plaintiff's age at the time of accident, sex, and race was an additional 62 years. This figure is offered to you only as a guide, and you are not bound to accept it if you believe that the Plaintiff would have lived longer or less than the average individual in her category. In reaching this decision, you are to consider the Plaintiff's health prior to the accident, her manner of living, her personal habits, and other factors that may have affected the duration of her life

    *Pa. SSJI* (Civ.) §6.21

_____     AFFIRMED          _____ DENIED

28.    The Plaintiff is entitled to be compensated for the amount of earnings that she has lost up to the time of the trial as a result of her injuries.

*Pa. SSJI* (Civ.) §6.07

_____    AFFIRMED    _____ DENIED

29.     The Plaintiff is entitled to be compensated for any loss or reduction of future earning capacity that she will suffer as a result of a decrease in or loss of future productivity.

Future productivity is the increase in wages or compensation that the Plaintiff would have received had she not sustained the injury.  The Plaintiff has submitted evidence through an economist who has computed her loss of earnings, adding a productivity factor.  If you believe that the Plaintiff has sustained a loss of productivity, you may use this evidence as a guide in reaching your decision as to the amount of the Plaintiff's loss of future earning capacity.

*Pa. SSJI* (Civ.) §6.08

_____    AFFIRMED    _____ DENIED

30.    The sworn testimony of *[name]*, taken by [deposition] [videotape] prior to this trial, is about to be presented to you.  Such testimony is given under oath and in the presence of attorneys for the parties, who question the witness. A court reporter takes down everything that is said and then transcribes the testimony. [The use of videotape permits you to see and hear the witness as he appeared and testified under questioning by counsel.]  This form of testimony is entitled to the same consideration as if the testimony of the [witness] testified in court.

   *Pa. SSJI* (Civ.) §2.05.


_____    AFFIRMED    _____ DENIED




31.    The deposition of a witness, whether or not a party, may be used by any party for

any purpose.

   *Fed.R.Civ.Proc.*  32



_____    AFFIRMED    _____ DENIED

32.    Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as witness.

*Fed.R.Civ.Proc.*  32

_____    AFFIRMED    _____ DENIED

33.    There is evidence that the Defendant's agents and representatives made earlier statements inconsistent with their testimony at this trial.  Those earlier statements may be considered by you not only in your evaluation of that party's credibility but also as evidence of the truth of the contents of the statement bearing upon the facts in issue.

*Pa. SSJI* (Civ.) §2.20.

_____    AFFIRMED    _____ DENIED

34.    The exhibits that have been identified and received in evidence are now being shown to you for your careful examination, without discussion at this time, to aid you in understanding the testimony.

*Pa. SSJI* (Civ.) §2.19


_____    AFFIRMED         _____ DENIED

35.    In civil cases such as this one, the Plaintiff has the burden of proving those contentions which entitle her to relief.

When a party has the burden of proof on a particular issue, her contention at that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that is more probably accurate and true than not.

To put it another way, think if you will, of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the Plaintiff; onto the other place all of the evidence favorable to the Defendant.  If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree in favor of the Plaintiff your verdict must be for the Plaintiff.  If the scales tip in favor of the Defendant, or are equally balanced, your verdict must be for the Defendant.

In this case, the Plaintiff has the burden of proving the following propositions:  that the Defendant's product, the Press Brake with an ungated foot control, was defective and that the defect was a factual cause in bringing about the Plaintiff's injuries.  If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the Plaintiffs.  Otherwise, your verdict should be for the Defendant.

*Pa. SSJI* (Civ. §5.50)


_____        AFFIRMED        _____ DENIED

36.    In civil cases such as this one, the Defendant has the burden of proving those contentions which it seeks to prove.

When a party has the burden of proof on a particular issue, the contention at that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that is more probably accurate and true than not.

To put it another way, think if you will, of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the Plaintiff; onto the other place all of the evidence favorable to the Defendant. If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree in favor of the Defendant on that issue, you must find in favor of the Defendant on that issue. If the scales tip in favor of the Plaintiff, or are equally balanced, you must find in favor of the Plaintiff on that issue.

In this case, the Defendant has the burden of proving the following propositions: that the Plaintiff's conduct while using the Press Brake amounted to: (i) an assumption of risk; (ii) misuse of the product; and/or (iii) highly reckless conduct.

The Defendant also has the burden of proving the following that Corry Manufacturing's failure to provide a point of operation safeguard was a superseding cause as I have defined that term for you.

If, after considering all of the evidence, you feel persuaded that any one or more of these propositions are more probably true than not true, and that any of those alleged actions was the sole cause in bringing about the Plaintiff's injuries, your verdict must be for the Defendant. Otherwise, your verdict should be for the Plaintiff.

33

*Pa. SSJI* (Civ. §5.50)


_____    AFFIRMED    _____ DENIED




37.  The admissions of fact made by an agent of Defendant in the Answer to the

Complaint, other documents and prior testimony, have been offered by the Plaintiff and received

in evidence.  The Defendant is bound by these admissions.

*Pa. SSJI* (Civ.) §2.10


_____    AFFIRMED    _____ DENIED

34

38.  The Stipulation of Facts which have been offered and received in evidence constitute an agreement by the opposing parties through their attorneys, that these facts may be accepted as undisputed and require no further proof and will permit no contradictory evidence.  They are to be accepted by you as binding and conclusive for the purposes of this trial.

*Pa. SSJI* (Civ.) §2.11.

_____    AFFIRMED    _____ DENIED

39.     The number of witnesses offered by one side or the other does not, in itself, determine the weight of evidence.  It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased and whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony. The important thing is the quality of the testimony of each witness.  In short, the test is not which side brings the greater number of witnesses or presents the greater quality of evidence, but which witness or witnesses and which evidence, you consider most worthy of belief.  Even the testimony of one may outweigh that of many, if you have reason to believe his testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to you to be of the same quality, the weight of numbers assumes particular significance.

*Pa. SSJI* §5.03.


_____     AFFIRMED          _____ DENIED

40.    You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometime the witness forgets; sometimes he remembers incorrectly. It is also true that two person witnessing an accident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statement you will believe.

*Pa. SSJI* §5.04

_____    AFFIRMED    _____ DENIED

37

41.    If you decide that a witness has deliberately falsified his testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of his testimony; and you may refuse to believe the rest of his testimony, but you are not required to do so.

*Pa. SSJI* (Civ.) §5.05

_____    AFFIRMED    _____ DENIED

42.    A witness who has special knowledge, skill, experience, training or education in particular science, profession or occupation may give his opinion as an expert as to any matter in which he is skilled.  In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert and the reason given for his opinion.  You are not bound by an expert's opinion merely because he is an expert, you may reject it or accept it, as in the case of other witnesses.  Give it the weight, if any, to which you deem it entitled.

*Pa. SSJI* (Civ.) §5.30.

_____    AFFIRMED    _____ DENIED

43.    In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This true whether facts are assumed hypothetically by the expert, come from his personal knowledge, from some other proper source of from some combination of these.


*Pa. SSJI* (Civ.) §5.31.

Jackson v. United States Pipeline Co., 325 *Pa*. 436, 191 *A*.165 (1937) [*quoted* in
        Gordon v. State Farm Life Insurance Co., 415 *Pa*. 256, 203 *A.2d* 320 (1964)].


_____    AFFIRMED    _____ DENIED




44.    Questions have been asked in which an expert witness is invited to assume that certain facts were true and to give an opinion based upon that assumption.  These are called hypothetical questions.  If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question.  By material fact, we mean one that was important to the expert in forming his opinion.

Similarly, if an expert has made it clear that his opinion is based on the assumption that a particular fact did exist, and from the evidence you find that it did not exist or that it was immaterial, you should give no weight to the opinion so expressed.

*Pa. SSJI* (Civ.) §5.32.

<u>Battistone v. Benedette</u>, 385 *Pa*. 163, 122, *A.2d* 536 (1956).

_____    AFFIRMED    _____ DENIED

45.    In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another.  In doing this you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

*Pa. SSJI* (Civ.) §5.33

_____    AFFIRMED    _____ DENIED

40

Plaintiffs reserve the right to supplement this document up until the time of trial.

Respectfully Submitted,

DALLAS W. HARTMAN, P.C.

DATE: 08/10/07                        / s / Dallas W. Hartman
ATTORNEYS FOR PLAINTIFF
Dallas Hartman, Esquire
Attorney I.D. No. 41649

2815 Wilmington Road
New Castle, PA 16105
(724)652-4081

41

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a copy of the within document upon all other parties or their attorney via first class mail, postage pre-paid:

VIA ELECTRONIC FILING:

Paul R. Robinson, Esquire
MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
U.S. Steel Tower, Suite 4850
Pittsburgh, PA  15219

Attorney for DEFENDANT

DALLAS W. HARTMAN, P.C.

DATE: 08/10/07          / s / Dallas W. Hartman
                        ATTORNEYS FOR PLAINTIFF
                        Dallas Hartman, Esquire
                        Attorney I.D. No. 41649

                        2815 Wilmington Road
                        New Castle, PA 16105
                        (724)652-4081