```
                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF PENNSYLVANIA

TINA LINDQUIST,                      :  NO. 04-249E
          Plaintiff,                 :
                                     :  JUDGE SEAN MCLAUGHLIN
    v.                               :
                                     :
HEIM, L.P.,                          :
          Defendant.                 :
```

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO BAR DEFENDANT HEIM FROM INTRODUCING ANY EVIDENCE OF INDUSTRY STANDARDS (ANSI), AND/OR FEDERAL SAFETY STANDARDS (OSHA) AT THE TIME OF TRIAL**

Plaintiff previously filed a Motion *In Limine* seeking to bar Defendant from introducing any evidence of industry custom, industry standards (ANSI), and/or federal safety standards (OSHA) at the time of trial. [Document #76]. The Court ruled that while Defendant could not offer evidence of industry custom, industry standards (ANSI), and/or federal safety standards (OSHA) to show that the Heim Press Brake was not defective, the court ruled that evidence that Plaintiff's employer, Corry Manufacturing, was cited for an OSHA violation for failing to install point of operation protection, as required under ANSI and OSHA, was admissible as to the issue of causation. [Transcript of Daubert Hearing, P155-157]. The court based it's opinion primarily, if not exclusively, on the District Court's holding in Nesbitt v. Sears, Roebuck and Co., 415 F.Supp.2d 530 (2005).

For the foregoing reasons it is respectfully submitted that

the Nesbitt decision ignores controlling Pennsylvania state court law and is contrary to the Third Circuit's ruling in both Holloway v. J.B. Systems, Ltd, 609 *F.2d* 1069 (3d Cir. 1979) and more recently, Forrest v. Beloit Corp., 424 F.3d 344 (2005). The binding Third Circuit decisions, as well as controlling Pennsylvania state court law, precludes the introduction of evidence of any OSHA and/or ANSI standards, even as to the issue of causation.  Evidence of Corry Manufacturing's OSHA violation based on their failure to install point of operation protection, as required under OSHA and ANSI, must likewise be excluded under *Evid.R.* 403 as the prejudice substantially outweighs any probative value.

I.  LEGAL ARGUMENT:

In Nesbitt v. Sears, Roebuck and Co., 415 F.Supp.2d 530 (E.D.Pa. 2005), the trial court ruled, based on the unpublished opinion in Brodsky v. Mile High Equip. Co., 69 Fed.Appx. 53, 57 (3rd Cir. 2003)[1] and a footnote in Fisher v. Walsh Parts & Service Co., Inc., 296 F.Supp.2d 551, 556 n. 5 (E.D.Pa. 2003), that evidence of an injured employee's employer's failure to comply with OSHA and industry standards could be offered as to the issue of causation.  This, despite the fact that evidence of

---

[1] In accordance with Third Circuit Internal Operating Procedure 5.3, this opinion is not precedential and accordingly is not binding.

an employer's failure to comply with either OSHA or industry standards introduces a non-party's negligent conduct into a product's liability claim.  As the Pennsylvania Court's have steadfastly maintained, negligence concepts have no role in a case based entirely on strict liability under Section 402A of the *Restatement (Second) of Torts*.  Azzarello v. Black Bros. Co., 480 *Pa*. 547, 391 *A.2d* 1020 (1978).  The cases cited and relied upon[2] by the Nesbitt Court, as supportive of it's position, are as equally unimpressive as the Nesbitt decision itself.

The Nesbitt Court's opinion makes absolutely no attempt to distinguish the relevant Pennsylvania State Court decisions that have previously held that evidence of industry custom, Lewis v. Coffing Hoist Division, Duff-Norton Co., Inc., 515 *Pa*. 334, 343, 528 *A.2d* 590, 594 (1987), industry standards (ANSI), Majdic v. Cincinnati Machine Co., 370 *Pa.Super*. 611, 620, 537 *A.2d* 334, 339 (1988), or federal safety standards (OSHA), Sheehan v.

---

[2] The Nesbitt Court also cites to the cases of Dillinger v. Caterpillar, Inc., 959 F.2d 430 (3rd Cir. 1992) and Charlton v. Toyota Indus. Equip., 714 A.2d 1043 (Pa.Super. 1998) as supportive of their position.  While both of those cases discussed the issue of a superseding cause, neither of those cases involved the attempted introduction into evidence of an industry custom, industry standards (ANSI) or federal safety standards (OSHA), and therefore are inapplicable to the present case.  Both of those cases addressed whether the Plaintiff's conduct rose to the level of assumption of risk, misuse, or highly reckless conduct.  It is interesting to note that in both cases the courts found that the Plaintiff's conduct did not rise to the level of a superseding cause.  Neither Dillinger nor Charlton involved an allegation that the Plaintiff's employer's allegedly negligent conduct was admissible in a products liability action.

Cincinnati Shaper Co., 382 *Pa.Super*. 579, 555 *A.2d* 1352 (1989), is inadmissible. Nor does it address the prior Third Circuit opinion in Holloway v. J.B. Systems, Ltd, 609 *F.2d* 1069, 1073 (3d Cir. 1979)[which predicted that Pennsylvania State Court's would not permit evidence of use of trade or custom in a product liability case as such evidence would introduce evidence as to the reasonableness of the defendant's conduct and concepts of negligence].

### A.  THE THIRD CIRCUIT'S OPINION IN FORREST V. BELOIT CORP., 424 F.3d 344 (3RD CIR. 2005), NOT THE DISTRICT COURT'S RULING IN NESBITT V. SEARS, ROEBUCK and CO., 415 F.SUPP.2D 530 (E.D.Pa. 2005), PROVIDES THE CONTROLLING PRECEDENT

In Forrest v. Beloit Corp., 424 F.3d 344 (2005), decided one month after the district court's decision in Nesbitt, the jury returned a special verdict form, addressing causality, in which the jury indicating that the actions of Plaintiff's employer constituted an intervening force that caused Plaintiff's accident. *Id*. at 246. On appeal Plaintiff argued that the jury verdict was "tainted" as a result of questions and testimony relating to negligence and alleged OSHA violations committed by Plaintiff's employer.

The Third Circuit specifically held in Forrest that a Defendant **"may not invoke industry or OSHA standards *to argue that the plaintiff's employer*, *rather than the manufacturer*, had**

**the responsibility to provide the equipment or instructions necessary to make a product safe for its intended use.**" Forrest, 424 F.3d at 352 [Emphasis added].  The Third Circuit's opinion further reflects their approval of the District Court's directing that the questioning of liability experts be curtailed to prevent any reference to OSHA or any citations from OSHA for any violations in connection with the Plaintiff's accident.  *Id*.

This type of conduct, rejected by the Third Circuit, is precisely what Defendant Heim is attempting to do in the matter presently before the court.  Heim seeks to introduce evidence of the OSHA violation and OSHA and ANSI standards to show that Corry Manufacturing's failure to install point of operation devices was a superseding cause of Plaintiff's accident.  Defendant Heim alleges that had Corry Manufacturing installed point of operation devices, as required under OSHA and ANSI, the Press Brake that injured Tina Lindquist would have been made safe for its intended use.

Pursuant to the District Court's prior ruling on July 13, 2007, Defendant Heim will be permitted to do this, despite the Third Circuit's specific rejection of this type of evidence in Forrest.

    **B.   THE ARGUMENT MADE BY DEFENDANT HEIM AS TO "CAUSATION" HAS PREVIOUSLY BEEN REJECTED BY THE PENNSYLVANIA SUPERIOR COURT**

Defendant Heim concedes that while evidence of compliance by Heim of industry standards (ANSI) or federal safety standard (OSHA) is not admissible on the issue of design defect, that same evidence is admissible as Plaintiff's employer, Corry Manufacturing, as to the issue of causation. This "causation" argument was previously raised and rejected by the Superior Court of Pennsylvania in both Majdic v. Cincinnati Machine Co., 370 *Pa.Super*. 611, 537 *A.2d* 334 (1988), and Sheehan v. Cincinnati Shaper Co., 382 *Pa.Super*. 579, 555 *A.2d* 1352 (1989).

In Majdic v. Cincinnati Machine Co., 370 *Pa.Super*. 611, 537 *A.2d* 334 (1988), Defendant Cincinnati maintained that their Press Brake was a general purpose, multifunctional unit, which had no point of operation until incorporated into the end user's manufacturing system. 370 *Pa.Super*. at 616, 537 *A.2d* at 337. Defendant Cincinnati claimed that is only after the Press Brake gets incorporated into a manufacturing system can the point of operation be determined and appropriate the protection necessary for the particular function assigned. *Id*. Defendant Cincinnati argued that the responsibility for providing such point of operation protection rested solely with the employer under ANSI. *Id*.

Over the Plaintiff's objection, Defendant Cincinnati's expert was permitted to testify concerning the customary

6

practice in the industry "for an employer or other party implementing the press brake into a metal forming system to provide the necessary safety devices." 370 *Pa.Super.* at 618, 537 *A.2d* at 338.  Defendant's expert was further permitted to refer to the applicable ANSI standard.  *Id*.

In reversing the trial court's decision to admit into evidence testimony concerning industry custom and ANSI safety standards, the Majdic Court reiterated that "[a]s between an innocent user of a product and a manufacturer or seller who is engaged in the business of manufacturing or selling a product, risk of loss for injuries resulting from use of a defective product shall be borne by the manufacturer and/or seller." 370 *Pa.Super.* at 617, 537 *A.2d* at 337.  As such, evidence of industry custom and federal safety standards are not admissible in a strict liability action.

Similarly, in Sheehan v. Cincinnati Shaper Co., 382 *Pa.Super.* 579, 583, 555 *A.2d* 1352, 1354 (1989), Defendant Cincinnati offered into evidence OSHA standards which showed that the Plaintiff's employer, as the purchaser of the product, had a duty to provide a safety guard that would have prevented the Plaintiff's injury. Cincinnati alleged that because Plaintiff's employer was responsible for providing a safety guard, their failure to do so was relevant to the issue of

7

causation and therefore should have been admitted. *Id.*

The Sheehan Court held, that "the question of whether industry customs and standards may be introduced to show that an employer, rather than the manufacturer, had the responsibility to provide safety equipment had previously been addressed in Majdic, which held such evidence was inadmissible. Sheehan, 382 *Pa.Super*. at 584, 555 *A.2d* at 1355. The Sheehan Court went on to hold that the case before them indistinguishable from Majdic. Sheehan, 382 *Pa.Super*. at 584, 555 *A.2d* at 1355.

In rejecting Defendant Cincinnati's argument that this type of evidence should have been admitted to show causation, the Sheehan Court held that "[t]his evidence would [] introduce into a strict liability action the reasonableness of [the manufacturer's] conduct and is therefore inadmissible." Sheehan, 382 *Pa.Super*. at 585, 555 *A.2d* at 1355. In addition, "a manufacturer has a non-delegable duty to insure that his product is safe at the time the product leaves its control. *Id.* [*citing* Azzarello v. Black Brothers Co., 480 *Pa*. 547, 559 n. 12, 391 *A.2d* 1020, 1027, n. 12 (1978)].

Thus, the Superior Court of Pennsylvania has previously addressed the exact argument being advanced by Defendant Heim in the within matter and soundly rejected it. Likewise, the court's ruling in Forrest v. Beloit Corp., 424 F.3d 344 (2005),

which is binding precedence on the District Court's, leaves no doubt that a manufacturer **"may not invoke industry or OSHA standards *to argue that the plaintiff's employer*, *rather than the manufacturer*, had the responsibility to provide the equipment or instructions necessary to make a product safe for its intended use."** Forrest, 424 F.3d at 352 [Emphasis added].

The facts in Brodsky v. Mile High Equip. Co., 69 Fed.Appx. 53 (3rd Cir. 2003), are readily distinguishable from the matter presently before the court. The Third Circuit acknowledged that under Pennsylvania's strict liability law it is improper to allow a Defendant to introduce evidence of industry standards. *Id*. at 56. However, unlike the matter presently before the court, the Plaintiff in Brodsky did not object at the time of trial to the introduction of those standards and in fact opened the door by mentioning those standards in her case-in-chief. *Id*. at 55-56. As to the admission of evidence of the OSHA citations and fines issued to Plaintiff's employer, the Court held that mention of the citations and fines did not relate directly to OSHA standards, rather to OSHA citations and fines. *Id*. at 57. Accordingly, the OSHA citations and fines were simply offered to show that the employer's negligence may have been a superseding cause of the Plaintiff's injury.

The Brodsky Court offers no legal support for this position

9

and it is unclear how mention of OSHA fines and citations does not relate directly to OSHA standards.  The only way OSHA can issue a citation is if there is a violation of some standard.  If there is no standard there can be no violation and resulting citation or fine.

The other case relied upon in Nesbitt, is Fisher v. Walsh Parts & Service Co., Inc., 296 F.Supp.2d 551, 556 n. 5 (E.D.Pa. 2003).  In that case the District Magistrate ruled, by mentioning in a footnote, that a Defendant manufacturer could not be held strictly liable for failing to provide point of operation guards in view of OSHA regulations that place that duty on the employer that purchases the press. 296 *F.Supp*. at 566.  The Fisher Court based it's opinion on the District Court's holding in Christner v. E.W. Bliss Co., 524 F.Supp. 1122 (M.D.Pa. 1981), which was decided prior to the state court opinions in Lewis, Majdic, and Sheehan.  Nowhere does the Fisher Court discuss or attempt to distinguish the state court rulings.

In West v. American Telephone & Tel. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940), the United States Supreme Court stated, "[a]n intermediate appellate state court * * * is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide

10

otherwise." As the District Court observed in Conti v. Ford Motor Co., 578 *F.Supp*. 1429, 1434 (E.D.Pa. 1983), *rev'd on other grounds*, 743 *F.2d* 195 (3rd Cir. 1984), *cert. denied*, 470 *U.S.* 1028, 105 *S.Ct*. 1396, 84 *L.Ed*. 784 (1985), "[t]he Pennsylvania Supreme Court, perhaps more than any other state appellate court in the nation, has been emphatic in divorcing negligence concepts from product-liability doctrine."

In the matter presently before the court, the Brodsky Court, Nesbitt Court and Fisher Court all ignored the controlling intermediate state law as set forth in Majdic and Sheehan. It cannot be said that there was other persuasive data that the highest court of the state would decide otherwise, since both of those cases were extensions of the Pennsylvania Supreme Court's ruling in Lewis, which reiterated Pennsylvania's long standing principle that concepts of negligence have no place in a product liability claim.

Not only is the holding in Fisher contrary to the Pennsylvania State Courts' explicit holdings, but it also ignores the Third Circuit's previous ruling in Holloway v. J.B. Systems, Ltd, 609 *F.2d* 1069 (3d Cir. 1979).

As set forth above, it is clear from both the Pennsylvania State Courts as well as the Third Circuit's ruling in Forrest v. Beloit Corp., 424 F.3d 344 (2005), a manufacturer **"may not**

**invoke industry or OSHA standards *to argue that the plaintiff's employer, rather than the manufacturer*, had the responsibility to provide the equipment or instructions necessary to make a product safe for its intended use."** Forrest, 424 F.3d at 352 [Emphasis added].

Accordingly, Defendant Heim should not be permitted to introduce evidence of Plaintiff's employer's failure to provide point of operation devices pursuant to either ANSI or OSHA or that they were charged with a violation of OSHA in connection with this accident.

### C. OSHA SPECIFICALLY STATES THAT IT IS NOT INTENDED TO AFFECT THE CIVIL STANDARD OF LIABILITY

The Occupation Safety and Health Act states:

> "[n]othing in this chapter shall be construed to supersede or in any manner affect and workmen's compensation law or enlarge or diminish or affect in any other manner the common law or statutory rights, duties or liabilities of employers and employees under any law with respect to injuries, diseases or death of employees arising out of, or in the course of, employment.

29 U.S.C. §653(b)(4).

In Minichello v. U.S. Indus., Inc., 756 *F.2d* 26, 29 (6th Cir. 1985), the Sixth Circuit held that use of OSHA regulations in a Section 402A product liability action was improper. They

went on to hold that even "if the OSHA regulations were intended to affect civil liability – as Congress has made clear they are not – they would not bear upon the relationship between" a manufacturer and user of an allegedly defective product.

Since Congress, which enacted the OSHA legislation has decreed that it should not be used as a basis for imposing liability, this court should decline to allow OSHA standards or the violation of an OSHA standard to be used as a basis for imposing liability against a non-party, Corry Manufacturing, to defeat causation.

> **D.   THE PREJUDICIAL EFFECT OF ADMITTING EVIDENCE OF PLAINTIFF'S EMPLOYER'S OSHA VIOLATION SUBSTANTIALLY OUTWEIGHS ANY PROBATIVE VALUE**

Evidence Rule 402 states that, "[a]ll relevant evidence is admissible, except as otherwise provided * * * by these rules * * *." *Fed.R.Evid.* 402. Thus, before it can be admissible, it must be shown that the proffered evidence is relevant. *Fed.R.Evid*. 401. "'Relevant evidence' means any evidence having a tendency to make the existence of any fact * * * more probable or less probable than it would be without the evidence." *Fed.R.Evid.* 401. For evidence to be considered relevant there must be some logical relationship between the proffered evidence and the theory of the case.

Evidence Rule 403 states, however, that, "[a]lthough

13

relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, * * *." *Fed.R.Evid.* 403.

In the matter presently before the court, one of Defendant Heim's theories of the case is that Plaintiff's employer's failure to install point of operation protection was a superseding cause, thereby relieving them from any liability even if the Press Brake is found to be defective. As the court has previously ruled, Defendant Heim may not offer evidence of industry custom, industry standards (ANSI) or federal safety standards (OSHA) to show that the Press Brake was not defectively designed. Accordingly, Defendant Heim will have to show that there design was not defective without reference to any evidence of industry custom, industry standards (ANSI) or federal safety standards (OSHA).

Defendant Heim may likewise attempt to show, without reference to industry custom, industry standards (ANSI) or federal safety standards (OSHA) that the cause of Plaintiff's injuries was not the lack of a gated foot control, but rather the lack of any point of operation protection and that the employer was responsible for installing any such protection.

How does evidence of Corry Manufacturing's violation of an OSHA standard assist the jury in determining whether the

14

employer's failure to provide a point of operation protection was a superseding cause?  Why does a jury need to hear that there was an OSHA regulation that references an ANSI standard to make that argument?  Defendant Heim can make the same argument regarding causation without introducing into evidence the OSHA violation.

The only reason to reference the employer's OSHA violation is to inflame the jury as to the employer's conduct, a non-party, and insert's negligence concepts into a strict liability case.  The reference to a citation by a federal agency carries with it the presumption of legitimacy and validity. What the Defendant wants the jury to hear and infer is that if a Federal Government Agency cited the employer for an OSHA violation, the employer's wrongful conduct must have caused the Plaintiff's injuries.  Presumably the Federal Government wouldn't issue a citation unless they made a finding that the employer was at fault for this accident.  This misconception is further magnified by the fact that the jury will not hear any evidence as to any citations being issued against Defendant Heim in connection with this accident.  The jury won't know that OSHA only applies to employers and has no regulatory authority to cite Defendant Heim for any wrongdoing.  Thus, while Plaintiff is arguing that the Defendant's product was defective, the

15

Defendant will point to the government citation and say its all the employer's fault and the jury will be left with the mistaken impression that if no citation was issued to Defendant Heim, the government must have determined that they didn't do anything wrong in connection with this accident.

Evidence of the employer's OSHA violation will improperly shift the jury's focus from the product, which is the *sign quo non* of a product liability case, to the reasonableness of the Defendant manufacturer's conduct, to the negligent conduct of Plaintiff's employer, Corry Manufacturing, a non party to this litigation. This introduction of negligence concepts into a Section 402A product liability case is precisely what the Pennsylvania State Court's have so vehemently rejected. The Defendant should not be allowed to introduce evidence of the Plaintiff's employer's failure to satisfy certain OSHA regulations since the employer's conduct did not absolve the Defendant of their non-delegable duty.

II. <u>CONCLUSION</u>:

For the foregoing reasons, Defendant HEIM should be precluded from introducing, at the time of trial, any evidence of industry custom, industry standards (ANSI), and/or federal safety standards (OSHA) as to any issue. Defendant must

likewise be precluded from eliciting any testimony, or in any other way mentioning, the OSHA investigation into this accident, the OSHA report generated by that investigation, the findings in the OSHA report or information concerning any citations issued to Plaintiff's employer as a result of their investigation.

                                        DALLAS W. HARTMAN, P.C.

                                        <u>/s/ Dallas W. Hartman</u>
                                        Attorneys for Plaintiff

                                        Dallas W. Hartman, Esq.
                                        Attorney I.D. No. 41649

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within document was served on the party below in the following manner:

VIA ELECTRONICALLY:

>Paul R. Robinson, Esquire
>MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC
>U.S. Steel Tower, Suite 4850
>Pittsburgh, PA  15219
>
>Attorney for DEFENDANT

|  |  |
|---|---|
|  | DALLAS W. HARTMAN, P.C. |
| DATE:  08/10/07 |  |
|  | /s/ Dallas W. Hartman |
|  | Attorneys for Plaintiff |
|  | Dallas W. Hartman, Esq. |
|  | Attorney I.D. No. 41649 |
|  | 2815 Wilmington Road |
|  | New Castle, PA  16105 |
|  | (724) 652-4081 |