IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA LINDQUIST,<br><br>    Plaintiff,<br><br> vs.<br><br>HEIM, L.P.,<br><br>    Defendant. | Civil Action No:  04-249E<br><br><br>JUDGE SEAN J. MCLAUGHLIN<br><br><br><br>PAUL R. ROBINSON, ESQUIRE<br>PA I.D. No. 65581<br><br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C.<br>U.S. Steel Tower, Suite 4850<br>600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 261-6600<br>Email:  probinson@mdbbe.com |

**HEIM, L.P.'S PROPOSED JURY INSTRUCTIONS**

   AND NOW, comes the defendant, HEIM, L.P. (hereinafter "Heim"), through its

attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.L.C., and PAUL R.

ROBINSON, ESQUIRE, filing its proposed jury instructions, as follows:

P0742309.1

1.    Based upon the law and the evidence you have heard, you are directed to find a verdict in favor of the defendant, Heim, L.P. and against the plaintiff, Tina Lindquist.

Given _____ Refused _____

2.      This is a civil case. Tina Lindquist is the party who brought this lawsuit. Heim is the party against whom the lawsuit was filed. Tina Lindquist has the burden of proving her case by what is called the preponderance of the evidence. That means Tina Lindquist has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Tina Lindquist and the evidence favorable to Heim on opposite sides of the scales, Tina Lindquist would have to make the scales tip on her side. If Tina Lindquist fails to meet this burden, the verdict must be for Heim. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Heim has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Heim has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.

Third Circuit Model Civil Jury Instruction 1.10.

Given _____ Refused _____

3.    The trial will proceed in the following manner:

First, the attorney for Tina Lindquist will make an opening statement to you. Next, the attorney for Heim may make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements, then each party is given an opportunity to present its evidence.

Tina Lindquist goes first because a plaintiff has the burden of proof.  The plaintiff will present witnesses whom counsel for Heim may cross-examine, and plaintiff may also present evidence. Following Tina Lindquist's case, Heim may present evidence.  Counsel for plaintiff may cross-examine witnesses for the defense.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law.  After that, you will retire to the jury room to deliberate on your verdict in this case.

Third Circuit Model Civil Jury Instruction 1.12.

Given _____ Refused _____

4.      Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly.  There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

Third Circuit Model Civil Jury Instruction 1.3.

Given _____ Refused _____

5.     During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Third Circuit Model Civil Jury Instruction 1.4.

Given _____ Refused _____

6.    The evidence from which you are to find the facts consists of the following:

1.    The testimony of the witnesses;

2.    Documents and other things received as exhibits;

3.    Any facts that are stipulated--that is, formally agreed to by the parties; and

4.    Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.    Statements, arguments, and questions of the lawyers for the parties in this case;

2.    Objections by lawyers;

3.    Any testimony I tell you to disregard; and

4.    Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks

that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

Third Circuit Model Civil Jury Instruction 1.5.

Given _____ Refused _____

7.      There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Third Circuit Model Civil Jury Instruction 1.6.

Given _____ Refused _____

8.    In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

(1)    the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)    the quality of the witness's understanding and memory;

(3)    the witness's manner while testifying;

(4)    whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5)    whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)    how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7)    any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

Third Circuit Model Civil Jury Instruction 1.7.

Given _____ Refused _____

9.      You may find inconsistencies in the evidence.  Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false.  Poor memory is not uncommon.  Sometimes a witness forgets; sometimes he or she remembers incorrectly.  It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile a conflicting statement, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

Pa. Suggested Standard Civil Jury Instruction § 5.04.

Given _____ Refused _____

10.     A witness may be impeached or discredited whether by contradictory evidence or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been impeached and thus discredited, it is your exclusive right to give the testimony of that witness such weight, if any, as you may think it deserves, or no weight.

<u>Walley v. Iraca</u>, 360 Super. 436, 520 A.2d 886 (1987);

<u>Ball v. Rolling Hill Hospital</u>, 359 Pa. Super. 286, 518 A.2d 1238 (1986).

Given _____ Refused _____

11.    If you decide that a witness has deliberately testified falsely about a material point (that is, about a matter that could affect the outcome of this trial), you may for that reason alone choose to disbelieve the rest of the witness' testimony.  But you are not required to do so.  You should consider not only the deliberate falsehood, but also all other factors bearing on the witness' credibility in deciding whether to believe other parts of the witness' testimony.

Pa. Suggested Standard Civil Jury Instruction § 5.05.

Given _____ Refused _____

12.    You will recall that the employees of Corry Manufacturing testified on the subject of the press brake.  The employees of Corry Manufacturing are not experts. However, the law provides that a witness who is not an expert may give testimony in the form of an opinion or inference if such testimony is rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.  If you find that the testimony of the employees of Corry Manufacturing is based on their personal knowledge and such testimony is helpful to you in understanding the subject upon which they testified, you may consider such testimony in determining the facts relating to this witness' testimony.  Remember that the employees of Corry Manufacturing must have personal knowledge of the facts and circumstances on which their opinions are based.

Pa. Suggested Standard Civil Jury Instruction § 5.25.

Given _____ Refused _____

13.     In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weight the opinion of one expert against that of another.  In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

Pa. Suggested Standard Civil Jury Instructions § 5.33.

Given _____ Refused _____

14.    You will hear testimony containing opinions from Ralph L. Barnett, Gary Hutter, William Switalski, Dennis R. Cloutier, John M. Hood, Donal F. Kirwan, Andrew C. Verzilli, Andrew G. Verzilli and David A. Zak.  In weighing this opinion testimony, you may consider each witness's qualifications, the reasons for his opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinions of these witnesses should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of one or more of these witnesses, for each such witness you may consider any bias that the witness may have, including any bias that may arise from evidence that the witness has been or will be paid for reviewing the case and testifying or from evidence that the witness testifies regularly and makes a large portion of his income from testifying in court.

Adapted from Third Circuit Model Civil Jury Instruction 2.11.

Given _____ Refused _____

15.     In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, or they come from his or her personal knowledge, from some other proper source, or from some combination of these.

Pennsylvania Suggested Standard Civil Jury Instructions 5.31.

Given _____ Refused _____

16.     Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions.  If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question.  By material fact, we mean one that was important to the expert in forming his opinion.


Similarly, if the expert has made it clear that his opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

Pennsylvania Suggested Standard Civil Jury Instructions 5.32.

Given _____ Refused _____

17.    Not every accident subjects someone to liability.  The mere occurrence of an injury or an accident does not prove liability.  In other words, the fact that Tina Lindquist was involved in an accident on September 25, 2002 does not mean that Heim is in some way liable and that does not mean that the plaintiff is entitled to recover a verdict against Heim

Hamil v. Bashline, 481 Pa. 256, 392 A.2d 1280 (1978);

Laubach v. Haigh, 433 Pa. 487, 252 A.2d 682 (1969);

Schofield v. King, 388 Pa. 132, 130 A.2d 93 (1961).

Given _____ Refused _____

18.    This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.  A corporation, such as Heim,  is entitled to the same fair trial at your hands as a private individual.  That is, all parties, including corporations, are to be dealt with as equals in a court of justice.

Adapted from Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 71.04 (4th Edition, 1987).

Given _____ Refused _____

19.     The only claim of defect existing in this lawsuit is that the foot control did not contain a gate, and this is the only claim of defect which you are to consider in this case.

Given _____ Refused _____

20.    Tina Lindquist must establish each of the following elements in order to recover on her claim that the foot control she was using at the time of her accident was defective.

First, the plaintiff must establish that the foot control was defective when it left the control of Heim.  The foot control can only be determined to be defective if it left Heim's control in 1978 lacking an element necessary to make it safe for its intended use.  A product is not defective merely because it is possible to be injured while using it;

Second, the plaintiff must establish that a defect in the foot control which existed at the time it left Heim's control in 1978 proximately caused her injuries.  A defective condition proximately causes an injury if the defect directly and in a natural and continuous sequence produces or contributes substantially to producing such injury, so that it reasonably can be said that the injury would not have occurred without the defective condition.

If you find that the plaintiff has not established each of these elements by a preponderance of the evidence, your verdict must be for Heim.

Azzarello v. Black Bros. Co., Inc., 480 Pa. 547, 391 A.2d 1020 (1978);

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §§ 82.02, 82.03, 82.04 (4th Edition, 1987).

Given _____ Refused _____

21.    In order for the plaintiff to recover, she also must prove that Heim distributed the foot control which she was using at the time of her accident.  If you find that the plaintiff has failed to meet her burden of proving that the foot control she was using at the time of the accident was not distributed by Heim, the plaintiff cannot recover, and you must enter a verdict in favor of Heim.

Payton v. Pennsylvania Sling Co., 710 A.2d 1221, 1225 (Pa. Super. 1998);

DeWeese v. Anchor Hocking Consumer and Industrial Products Group, 427 Pa. Super. 47, 51-52, 628 A.2d 421, 423 (1993);

Lee v. Boyle-Midway Household Products, Inc., 792 F.Supp. 1001, 1006, fn4 (W.D. Pa. 1992);

Stephens v. Paris Cleaners, Inc., 2005 Pa. Super. 315, 885 A.2d 59, 63 (Pa. Super. 2005);

Berkebile v. Brantly Helicopter, 462 Pa. 83, 337 A.2d 893 (1975);

Eckenrode v. GAF Corp., 375 Pa. Super. 187, 191, 544 A.2d 50, 52 (1988), alloc. denied, 520 Pa. 605, 553 A.2d 968 (1989);

Lee v. Boyle-Midway Household Products, Inc., 792 F.Supp. 1001, 1006, fn4 (W.D. Pa. 1992);

Stephens v. Paris Cleaners, Inc., 2005 Pa. Super. 315, 885 A.2d 59, 63 (Pa. Super. 2005).

Given _____  Refused _____

22.    A manufacturer of a machine which is used in industry is only legally obligated to produce a reasonably safe machine, and not a machine which is wholly incapable of doing harm.  A manufacturer cannot be asked to pay damages merely because its product caused an injury.

Ellis v. Chicago Bridge & Iron Co., 376 Pa. Super. 220, 544 A.2d 906 (1988), appeal denied, 524 Pa. 620, 571 A.2d 383 (1989);

Serpiello v. Yoder Co., 418 F.Supp. 70, aff'd, 556 F.2d 568, aff'd, Yoder Co. v. Westmoreland Metal Co., 556 F.2d 70.

Given _____ Refused _____

23.     A manufacturer or seller of a mechanical press brake or foot control is not a guarantor that no one will get hurt in using these articles.  What the manufacturer or seller is required to do is to make or sell a product which is not defective.

Adapted from Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 82.08 (4th Edition, 1987).

<u>Stitt v. Phillip Morris, Inc.</u>, 245 F.Supp.2d 686 (W.D. Pa. 2002).


Given _____ Refused _____

24.    An issue exists as to whether the plaintiff assumed the risk of injury from the dangers which plaintiff contends caused her injury.  In order to establish this defense the defendant must prove:

First, that the dangerous situation or condition was open and obvious, or that the plaintiff knew of the dangerous situation, and;

Second, that the plaintiff voluntarily exposed herself to the danger and was injured by doing so.

Adapted from Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 82.11 (4th Edition, 1987).

Given _____ Refused _____

25.    A seller is responsible only for defects that exists at the time the product leaves his or her control.  The seller is not liable for defective conditions created by substantial changes in the product occurring after the product has been sold.

Pa. Suggested Standard Civil Jury Instructions § 8.08.

Given \_\_\_\_\_ Refused \_\_\_\_\_

26.    If the plaintiff knew of the specific defect eventually causing her injury and voluntarily proceeded to use the product with knowledge of the danger caused by this specific defect, she is barred from recovery.  She is not barred from recovery, however, if she herself did not actually discover the defect prior to the accident or failed to recognize and appreciate its danger, regardless of what other persons might have done in the same circumstances.  Nor is she barred from recovery by any negligence on her part.  Voluntary exposure to a dangerous situation does not bar recovery, unless the danger known and recognized by the plaintiff was that caused by the specific defect eventually causing her injury.  It is the defendant's burden to prove that the plaintiff actually knew of the defect, appreciated its danger, and voluntarily chose to encounter it.

Pa. Suggested Standard Civil Jury Instructions, § 8.09.

Given _____ Refused _____

27.    Reckless conduct is intentional acting or failing to act in reckless disregard of a risk of harm to others that is known or should be known to be highly probable and with a conscious indifference to the consequences.  Reckless conduct is also acting or failing to act when existing danger is actually known and with an awareness that harm is reasonably certain to result.

Pa. Suggested Standard Civil Jury Instructions, § 3.10.

Given _____ Refused _____

28.    An OSHA regulation was in effect at the time this accident occurred, which provided that the plaintiff's employer was required to utilize a point-of-operation safety device on the press brake which Tina Lindquist was using at the time of her injury.  This OSHA regulation was developed to protect a person in the position of the plaintiff and dictates the duty of care required by her employer when utilizing the press brake.  There is no dispute that the plaintiff's employer violated this regulation, and this violation must be considered by you in considering whether or not the press brake was being misused at the time of this accident.

Adapted Pennsylvania Standard Civil Jury Instruction 3.30A.

Given _____ Refused _____

29.     You have heard testimony that the plaintiff's employer, Corry Manufacturing, was issued a citation by OSHA for its failure to utilize the required point-of-operation safety device at the time of the plaintiff's injury.  You also must consider this evidence when considering whether or not the press brake was being misused at the time of the plaintiff's accident.

Given _____ Refused _____

30.     Where a manufacturer supplies warnings which instruct against a particular use of the product, the manufacturer is entitled to presume that those warnings will be obeyed.

Davis v. Berwind Corp., 547 Pa. 260, 690 A.2d 186 (1997).

Given _____ Refused _____

31.     A product cannot be considered defective when its design and performance meet the requirements necessary for that product's intended use.

Pennsylvania Dept. of General Services v. U.S. Mineral Products Co., 587 Pa. 236, 898 A.2d 590, 600-01 (2006).

Given _____ Refused _____

32.    You also must consider the plaintiff's use of the product, and the employer's use of the product in deciding whether or not those uses, or the alleged defect in the product, caused the plaintiff's injuries.

Wilson v. Vermont Castings, Inc., 170 F.3d 391 (3d Cir. 1999).

Given _____ Refused _____

33.    The plaintiff is arguing that Heim defectively designed the press brake because of the plaintiff's contention that the press brake was sold in 1978 with an ungated foot control.  A manufacturer such as Heim is only charged with the information and knowledge regarding the design of a product available at the time the product was designed, that is in this case 1978.

Christner v. E.W. Bliss Co., 524 F.Supp. 1122 (M.D. Pa. 1981).


Given _____ Refused _____

34.    An unintended use of a product, even if foreseeable, will not render a product defective.  In other words, the manufacturer will not be liable for damages resulting from an unintended use of the product, even if that unintended use, as well as the danger inherent in such an unintended use, was foreseeable.  A product manufacturer is not liable for unsafe conditions caused by unintended uses of its product, no matter how foreseeable that unintended use may have been.

Pennsylvania Department of General Services v. United States Mineral Products Co., 587 Pa. 236, 898 A.2d 590, 600 (2006).

Phillips v. Cricket Lighters, 576 Pa. 644, 656-56, 841 A.2d 1000, 1007 (2003).

Given _____ Refused _____

35.    The only issue for you to decide is whether the condition of the press brake was defective at the time it left the control of Heim in 1978.  The conduct of Heim is completely irrelevant to that determination, and your focus must solely be on whether the press brake was safe for its intended use when it left Heim's control in 1978.

Moyer v. United Dominion Industries, Inc., 473 F.3d 532, 539 (3d Cir. 2006);

Lewis v. Coffing Hoist, 515 Pa. 334, 528 A.3d 590, 593 (1987).


Given _____ Refused _____

36.     A manufacturer cannot be liable if a safe product is made unsafe by subsequent changes.

Davis v. Berwind, 547 Pa. 260, 267, 690 A.2d 186, 190 (1997).

Given _____ Refused _____

37.     If you find that the plaintiff's conduct was the sole cause of her accident, then your verdict must be in favor of Heim.

<u>Madonna v. Harley-Davidson, Inc.</u>, 708 A.2d 507, 509 (Pa. Super. 1998).

Given _____ Refused _____

38.    A superceding cause is an act by a third person such as Corry Manufacturing, which, by its intervention, prevents the defendant from being liable for harm caused to a plaintiff.

Restatement (Second) of Torts § 440;

Trude v. Martin, 442 Pa. Super. 614, 627, 660 A.2d 626, 632 (1995).

Given _____ Refused _____

39.     If you find that the press brake was being misused by the plaintiff's employer at the time of the plaintiff's accident, your verdict must be for Heim.

Given _____ Refused _____

40.    If you find that the plaintiff acted in a highly reckless fashion at the time of her injury, you must consider that evidence in determining whether or not the plaintiff misused at the press brake at the time of her injury.

Nesbitt v. Sears Roebuck & Co., 415 F.Supp.2d 530 (E.D. Pa. 2005).

Given _____ Refused _____

41.     An issue exists as to whether the plaintiff's injury occurred as a proximate result of the misuse of the product.  A manufacturer or seller is entitled to expect the intended use of its product.  If you find that the press brake was safe for its intended use, your verdict must be for Heim.

Adapted from Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 82.12 (4th Edition, 1987).

Pennsylvania Dept. of General Services v. U.S. Mineral Products Co., 587 Pa. 236, 898 A.2d 590, 600-01 (2006).

Given _____ Refused _____

42.    A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

The depositions of Matthew Ulmenstine, John M. Hood, and David A. Zak, which were taken on various dates over the last few months, have been presented to you by a video.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Adapted from Third Circuit Model Civil Jury Instruction 2.5.

Given _____ Refused _____

43.    You have heard answers that Tina Lindquist gave in response to written questions submitted by the other side.  The written questions are called "interrogatories." The written answers were given in writing and under oath, before the trial.

You must consider Tina Lindquist's answers to interrogatories in the same manner as if the answers were made from the witness stand.

Third Circuit Model Civil Jury Instruction 2.6.

Given _____ Refused _____

44.     The mere fact that I am charging you on damages is no indication that, in fact, you must award some damages.  Your verdict must not be supported by speculation, conjecture or sympathy for the plaintiff.

Magar v. Lifetime, Inc., 187 Pa. Super. 143, 144 A.2d 747 (1958);

Maxwell v. Schafer, 381 Pa. 13, 112 A.2d 69 (1955);

Schofield v. King, 388 Pa. 132, 130 A.2d (1993) (1957).

Given _____ Refused _____

45.    The purpose of awarding damages in cases involving personal injury claims is to be compensatory and compensatory alone.  The purpose in awarding damages is not to punish the defendant or to make the injured party wealthy.

Incollingo v. Hewing, 444 Pa. 229, 282 A.2d 206 (1971).

Given _____ Refused _____

46.      I have invited your attention to various factors which you may consider in evaluating the evidence for the plaintiff and defendant.  In doing so, I have not attempted to indicate any opinion on my part concerning the weight which you should give to the evidence or to any part of it and I would not want you to think that I had.  In any event, it is for you and you alone to determine the credibility of each witness.

Pa. Suggested Standard Civil Jury Instruction § 5.40.

Given _____ Refused _____

47.     When you retire to the jury room to deliberate, you may take with you these instructions, your notes and the exhibits that the Court has admitted into evidence.  You should select one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after

a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it  in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

Third Circuit Model Civil Jury Instruction 3.1.

Given _____ Refused _____

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.


By:   /s/ Paul. R. Robinson
    PAUL R. ROBINSON, ESQUIRE
    Attorney for Heim, L.P.
    PA I.D. No. 65581

    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA 15219
    (412) 261-6600

# PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| ___X___ | Electronic Transmission |

at the following address:

Dallas W. Hartman, Esquire
Dallas W. Hartman, P.C.
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiff)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date: August 10, 2007          ___/s/ Paul. R. Robinson_____
                               PAUL R. ROBINSON, ESQUIRE

P0742309.1